HON. BENJAMIN H. SETTLE

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

| | |
|---|---|
| ANGELA LEWIS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CYTODYN, INC., NADER Z. POURHASSAN, and MICHAEL MULHOLLAND,<br><br>Defendants. | No. 3:21-cv-05190-BHS<br><br>**MOTION OF ANGELA LEWIS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD AND LIAISON COUNSEL; CONSOLIDATION OF RELATED ACTIONS**<br><br>NOTE ON MOTION CALENDAR: JUNE 4, 2021<br><br>ORAL ARGUMENT REQUESTED |
| JAMEY CHRIS GOODWIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CYTODYN, INC., NADER Z. POURHASSAN, and MICHAEL MULHOLLAND,<br><br>Defendants. | No. 3:21-cv-05260 |

MOTION OF ANGELA LEWIS FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF LEAD
AND LIAISON COUNSEL; CONSOLIDATION OF RELATED ACTIONS
NO. 3:21-CV-05190-BHS

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

**QUESTIONS PRESENTED**

1.      Should the Court appoint Angela Lewis ("Lewis" or "Movant"), investor in CytoDyn, Inc. ("CytoDyn" or the "Company"), as lead plaintiff pursuant to the Private Securities Litigation Reform Act ("PSLRA")?

2.      Should the Court appoint Lewis' selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") and Tousley Brain Stephens PLLC ("Tousley Brain") as lead and liaison counsel, respectively, pursuant to the PSLRA?

3.      Should the Court consolidate the above-captioned *Lewis* and *Goodwin* actions, which allege identical facts against the same defendants?

## I.      PRELIMINARY STATEMENT

Putative class members and Lead Plaintiff movant Lewis, by and through her counsel, respectfully submits Motion pursuant to §27 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §77z-1(a)(3)(B), as amended by the PSLRA, for an order: (i) appointing Lewis as Lead Plaintiff on behalf of all persons who purchased or otherwise acquired CytoDyn securities and suffered losses between March 27, 2020 and March 9, 2021 (the "Class Period"); (ii) approving her selection of Scott+Scott as Lead Counsel for the class and Tousley Brain as liaison counsel for the class; (iii) consolidating the action with the above captioned *Goodwin* action, a case that alleges identical facts; and (iv) granting such other and further relief as the Court may deem just and proper.

Lewis should be appointed to serve as Lead Plaintiff for this action because: (1) her motion for appointment as Lead Plaintiff is timely filed; (2) she has the largest financial interest in this litigation; and (3) she will adequately represent the interests of the class. *See* 15 U.S.C. §77z-1(a)(3)(B)(iii).  In addition, Lewis' selection of Scott+Scott to serve as Lead Counsel for the putative class should be approved.  *See* 15 U.S.C. §77z-1(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.").  As set forth herein, Scott+Scott has a long history of successfully litigating securities

MOTION OF ANGELA LEWIS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD AND LIAISON COUNSEL; CONSOLIDATION OF RELATED ACTIONS
NO. 3:21-CV-05190-BHS

fraud class actions and possesses the necessary resources to aggressively prosecute this action on behalf of the putative class. Tousley Brain is similarly qualified to act as liaison counsel.

## II.     FACTUAL BACKGROUND

This action was filed on March 17, 2021, on behalf of a class of all persons who purchased or otherwise acquired CytoDyn common stock, between March 27, 2020 and March 9, 2021. Lewis brought this action under the Securities Exchange Act of 1934 (the "1934 Act") against Defendants CytoDyn, CEO Nader Pourhassan, and CFO Michael Mullholland. ¶¶1, 53.[1] CytoDyn is a publicly-traded biotechnology company. CytoDyn is focused on the development and commercialization of a drug named "Leronlimab." After long promoting Leronlimab as a treatment for HIV, the Complaint alleges that Defendants made false and misleading statements hyping Leronlimab as a treatment for COVID-19 while selling significant numbers of CytoDyn shares. After the untrue statements of fact and omissions came to light, CytoDyn's stock dropped to the detriment of investors like plaintiff and movants. ¶5.

Following the filing of the instant action, a substantially identical complaint was filed in this Court on April 9, 2021. *See Goodwin v. CytoDyn*, Case No. 3:21-cv-05260-MLP (W.D. Wash.).

## III.    ARGUMENT

### A.     Lewis Should Be Appointed Lead Plaintiff

The 1934 Act, as amended by the PSLRA, establishes a specific procedure governing the appointment of a lead plaintiff in private securities fraud class actions. *See* 15 U.S.C. §77z-1(a)(1)-(3)(B)(ii). First, the plaintiff who files the first-filed action must publish a notice of the class action informing class members of their right to file a motion for appointment as lead plaintiff (the "Early Notice"). 15 U.S.C. §77z-1(a)(3)(A)(i). Second, within 60 days after publication of the notice, members of the proposed class may apply to the court to be appointed

---

[1]     All "¶__" and "¶¶__" citations refer to the Class Action Complaint for Violation of the Federal Securities Laws, filed in this action on March 17, 2021 (ECF No. 1) (the "Complaint").

MOTION OF ANGELA LEWIS FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF LEAD
AND LIAISON COUNSEL; CONSOLIDATION OF RELATED ACTIONS - 3
NO. 3:21-CV-05190-BHS

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §77z-1(a)(3)(A)(i)(II)-(B)(iii)(I).

Finally, within 90 days after publication of the Early Notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the movant that the court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §77z-1(a)(3)(B). The "PSLRA establishes a 'rebuttable presumption' that 'the most adequate plaintiff' to serve as lead plaintiff is 'the person or group of persons' that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . [who](bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Shotwell v. Zillow Grp.*, No. C17-1387-JCC, 2018 WL 309776, at \*2 (W.D. Wash. Jan. 5, 2018) (quoting 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)).[2]

As demonstrated below, Lewis meets these requirements and should be appointed to serve as Lead Plaintiff.

### 1. Lewis' Motion Is Timely

On March 18, 2021, Scott+Scott issued an Early Notice. The Notice was published on *Business Wire*, a national, business-oriented newswire service. *See* Declaration of John T. Jasnoch ("Jasnoch Decl."), Ex. A, filed herewith. The notice stated that all putative class members seeking to be appointed lead plaintiff were required to move for appointment by May 17, 2021. *Id.*

Lewis' motion for appointment as Lead Plaintiff is thus timely filed. Moreover, Lewis submits herewith, her certification stating her willingness to serve as a representative party on behalf of the class. *See* Jasnoch Decl., Ex. B.

---

[2] Unless otherwise indicated, citations are omitted and emphasis is added.

MOTION OF ANGELA LEWIS FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF LEAD
AND LIAISON COUNSEL; CONSOLIDATION OF RELATED ACTIONS - 4
NO. 3:21-CV-05190-BHS

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

**2.      Lewis Has the Largest Financial Interest in the Relief Sought**

"To determine which plaintiff has the largest financial interest in the relief sought by the class, the court 'must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit' based on 'accounting methods that are both rationally and consistently applied.'" *Shotwell*, 2018 WL 309776, at *2 (quoting *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002)).  Based on the information available, Lewis believes she has the largest financial interest in the relief sought in this litigation based on the four factors that courts consider at the lead plaintiff stage: (1) total shares purchased; (2) net shares purchased; (3) net funds expended; and (4) approximate loss suffered.  *See Frias v. Dendreon Corp.*, 835 F. Supp. 2d 1067, 1075 (W.D. Wash. 2011); *see also In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at * 5 (N.D. Ill. Aug. 11, 1997).  Many courts refer to these factors as the *Lax* or *Olsten* factors.  Courts generally regard the fourth factor, approximate loss, as the most important.  *See, e.g.*, *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 117 (E.D.N.Y. 2012); *Robb v. Fitbit, Inc.*, No. 16-cv-00151, 2016 WL 2654351, at *3 (N.D. Cal. May 10, 2016) (citing *In re Diamond Foods, Inc., Sec. Litig.*, 281 F.R.D. 405, 408 (N.D. Cal. 2012)); *Reinschmidt v. Zillow, Inc.*, No. C12-2084-RSM, 2013 WL 1092129, at *3 (W.D. Wash. Mar. 14, 2013).

Lewis purchased 300 CytoDyn shares and suffered losses of $155.98 as a result of the misconduct alleged in the complaint.  *See* Jasnoch Decl., Exs. B, C.  Given that Lewis has the largest financial interest in this litigation and, as discussed below, satisfies all of the PSLRA's prerequisites for appointment as lead plaintiff, the Court should appoint her Lead Plaintiff under 15 U.S.C. §77z-1(a)(3)(B).

**3.      Lewis Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure**

Pursuant to §27(a)(3)(B) of the Securities Act, proposed lead plaintiffs must also "otherwise satisf[y] the requirements of Rule 23."  15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc).

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Of the four prerequisites, only two—typicality and adequacy—directly address the personal characteristics of a class representative. Consequently, in deciding a motion to serve as lead plaintiff, the court need only make findings as to the typicality and adequacy of the proposed lead plaintiff and, at this stage, those findings need only be "preliminary." *See, e.g.*, *Westley v. Oclaro, Inc.*, No. C-11-2448, 2011 WL 4079178, at *2 (N.D. Cal. Sept. 12, 2011) (noting that only a "preliminary showing" of typicality and adequacy satisfies Rule 23 at the lead plaintiff stage).

"The typicality requirement is satisfied where a plaintiff has suffered the same injuries as other class members as a result of the same conduct by defendants and has claims based on the same legal issues." *Id.* Here, the claims asserted by Lewis are typical of the claims of the other members of the putative class because, like all other class members, she: (a) purchased CytoDyn common stock during the Class Period; (b) was adversely affected by Defendants' allegedly false and misleading statements; and (c) suffered damages as a result. Since Lewis' claims are based on the same legal theories and arise from the same event, practice, or course of conduct that gives rise to the claims of other class members, typicality is satisfied. *See* Newberg, *et al.*, NEWBERG ON CLASS ACTIONS, §3:13 (4th ed. 2008).

With respect to adequacy, plaintiffs are adequate class representatives when they possess common interests and an absence of conflict with fellow class members and the plaintiffs' attorneys are qualified, experienced, and vigorously able to conduct the litigation. *See Westley*, 2011 WL 4079178, at *2 (explaining that, with regard to the adequacy requirement, a court must evaluate "whether: (1) the lead plaintiff's claims conflict with those of the class; and (2)

MOTION OF ANGELA LEWIS FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF LEAD
AND LIAISON COUNSEL; CONSOLIDATION OF RELATED ACTIONS - 6
NO. 3:21-CV-05190-BHS

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

class counsel is qualified, experienced, and generally able to conduct the litigation"). Lewis is "adequate" to serve as class representative in this litigation because her interests are clearly aligned with the interests of the putative class. Lewis, like all other members of the class, suffered losses as a result of purchasing CytoDyn stock at prices that were artificially inflated due to Defendants' alleged misconduct. Lewis will, therefore, benefit from the same relief as other class members. Under these circumstances, there is no evidence of antagonism between Lewis and the putative class.

Lewis has also demonstrated that she is an adequate representative in this matter by retaining competent and experienced counsel. As shown below, Scott+Scott is highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Accordingly, Lewis has made a *prima facie* showing that she satisfies all of the requirements of Rule 23 for the purposes of her Motion.

### B.    The Court Should Approve Lewis' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §77z-1(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734-35. As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §77z-1(a)(3)(B)(iii)(II)(aa); *see also In re Cohen*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)); *Cavanaugh*, 306 F.3d at 733.

Lewis has selected the law firm of Scott+Scott to represent the class. Scott+Scott has substantial experience in the prosecution of securities fraud class actions and possesses the necessary resources to efficiently conduct this litigation. *See* Jasnoch Decl., Ex. D.

MOTION OF ANGELA LEWIS FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF LEAD
AND LIAISON COUNSEL; CONSOLIDATION OF RELATED ACTIONS - 7
NO. 3:21-CV-05190-BHS

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Specifically, Scott+Scott has served as lead or co-lead counsel in many high-profile class actions and recovered hundreds of millions of dollars for victims of corporate fraud.[3]

Scott+Scott's efforts have not gone unnoticed by the courts. For instance, in *Cornwell v. Credit Suisse Group*, a case in which Scott+Scott served as co-lead counsel and recovered $70 million for the class, the Court stated:

> Lead Plaintiffs' counsel demonstrated that notwithstanding the barriers erected by the PSLRA, they would develop evidence to support a convincing case. Based upon Lead Plaintiffs' counsel's diligent efforts on behalf of the Settlement Class, as well as their skill and reputations, Lead Plaintiffs' counsel were able to negotiate a very favorable result for the Settlement Class. Lead Plaintiffs' counsel are among the most experienced and skilled practitioners in the securities litigation field, and have unparalleled experience and capabilities as preeminent class action specialists.

No. 08-cv-03758, slip op., 2011 WL 13263367, at *2 (S.D.N.Y. July 20, 2011).

Scott+Scott is also currently serving as lead or co-lead counsel in many securities fraud class actions in this Circuit and others, including *Abadilla v. Precigen, Inc.*, No. 5:20-cv-06936 (N.D. Cal.); *Hill v. MacroGenics, Inc.*, No. 8:19-cv-02713 (D. Md.); *Visser v. Energy Recovery, Inc.*, No. 1:20-cv-05647 (S.D.N.Y.); *Kanugonda v. Funko, Inc.,* No. 2:18-cv-00812 (W.D.

---

[3]     Recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *In re Priceline.com, Inc. Sec. Litig.*, No. 00-cv-01884 (D. Conn. July 19, 2007) ($80 million settlement); *Alaska Elec. Pension Fund v. Pharmacia Corp.*, No. 03-cv-01519 (D.N.J. Oct. 5, 2012) ($164 million settlement); *Irvine v. ImClone Sys., Inc.*, No. 02-cv-00109 (S.D.N.Y. July 29, 2005) ($75 million settlement); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 02-cv-2133 (D. Conn. June 13, 2008) ($26.5 million settlement); *St. Lucie Cty. Fire District Firefighter's Pension Tr. Fund v. Oilsands Quest Inc.*, No. 11-cv-1288-JSR (S.D.N.Y. Dec 6, 2013) ($10.23 million settlement); *In re NQ Mobile Sec. Litig.*, No. 13-cv-07608 (S.D.N.Y. Oct. 8, 2015) ($5.1 million settlement); *Weston v. RCS Capital Corp.*, No. 14-10136 (S.D.N.Y. June 20, 2017) ($31 million settlement); *In re FireEye Inc. Sec. Litig.*, No. 1-14-CV-266866 (Cal. Super. Ct. Mar. 10, 2017) ($10.25 million settlement); *Birmingham Ret. & Relief Sys. v. S.A.C. Capital Advisors*, No. 1:13-cv-02459 (S.D.N.Y. Dec. 16, 2016) ($10 million settlement); *In re Wash. Mut. Mortg.-Backed Sec. Litig.*, No. 09-cv-0037 (W.D. Wash. Jan. 7, 2014) ($26 million settlement); *In re Pac. Bioscis. Sec. Litig.*, No. CIV509210 (Cal. Super. Ct., San Mateo County, Oct. 31, 2013) ($7.68 million settlement); *W. Palm Beach Police Pension Fund v. CardioNet, Inc.*, No. 37-2010-00086836-CU-SL-CTL (Cal. Super. Ct., San Diego County, 2010) ($7.25 million settlement); *Parker v. Nat'l City Corp.*, No. CV-08-657360 (Ohio Ct. Com. Pl., Cuyahoga County, June 23, 2010) ($5.25 million settlement); *Hamel v. GT Solar Int'l, Inc.*, No. 217-2010-CV-05004 (N.H. Super. Ct., Merrimack County, May 10, 2011) ($10.25 million settlement).

MOTION OF ANGELA LEWIS FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF LEAD
AND LIAISON COUNSEL; CONSOLIDATION OF RELATED ACTIONS - 8
NO. 3:21-CV-05190-BHS

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Wash.); *Corwin v. ViewRay, Inc.*, No. 1:19-cv-02115 (N.D. Ohio); *Mo-Kan Iron Workers Pension Fund v. Teligent, Inc.*, No. 1:19-cv-03354 (S.D.N.Y.); *In re Weight Watchers Int'l, Inc. Sec. Litig.,* No. 1:19-cv-02005 (S.D.N.Y.); *Mustafin v. GreenSky, Inc.*, No. 1:18-cv11071 (S.D.N.Y.); *In re Evoqua Water Techs. Corp. Sec. Litig.,* No. 1:18-cv-10320 (S.D.N.Y.); *Silverberg v. DryShips Inc.*, No. 2:17-cv-04547 (E.D.N.Y.); and *Robinson v. Diana Containerships Inc.*, No. 2:17-cv-06160 (E.D.N.Y.).

Tousley Brain, based in Seattle, is similarly well-qualified to serve as Liaison Counsel, having successfully litigated numerous cases related to securities law and collective action in Washington state and federal courts. *See* Jasnoch Decl., Ex. E. For example, Tousley Brain acted as lead, co-lead, or liaison class counsel in *In re Premera Blue Cross Custody Data Security Breach Litigation*, No. 15-md-2633 (D. Or.) (appointed lead counsel in multidistrict litigation; settlement was valued at over $43 million); *In re Washington Mutual Mortgage-Backed Securities Litigation*, No. C09-0037 (W.D. Wash.) (liaison counsel; the case settled for $26 million shortly before trial); *Cole v. Wells Fargo Bank N.A.*, No. C07-0916 (W.D. Wash.) (co-lead counsel); and *Grays Harbor Adventist Christian School v. Carrier Corporation*, No. 05-05437 (W.D. Wash.) (co-lead counsel representing national class; settlement valued at over $300 million), among many others. Tousley Brain has consistently been commended for its advocacy and the results it achieves. This Court, for example, applauded TBS's work as sole class counsel settling *Ikuseghan v. Multicare Health System*, No. C14-5539, 2016 WL 4363198, at *2 (W.D. Wash. Aug. 16, 2016): "As the Court noted during the final settlement hearing, class counsel obtained an extraordinarily good result for the class following an arm's-length negotiation."

In light of the foregoing, the Court should approve Lewis' selection of Scott+Scott as Lead Counsel and Tousley Brain as Liaison Counsel. The Court can be assured that, by approving Lewis' choice of counsel, the putative class will receive the highest caliber of representation.

MOTION OF ANGELA LEWIS FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF LEAD
AND LIAISON COUNSEL; CONSOLIDATION OF RELATED ACTIONS - 9
NO. 3:21-CV-05190-BHS

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

### C.    The Court Should Consolidate the *Lewis* and *Goodwin* Actions

Under Rule 42(a), consolidation is appropriate when actions involve common questions of law or fact. See Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). Class action shareholder suits are ideally suited for consolidation pursuant to Rule 42(a). See *Weltz v. Lee,* 199 F.R.D 129, 131 (S.D.N.Y. 2001). "'In securities actions where the complaints are based on the same "public statements and reports," consolidation is appropriate if there are common questions of law and fact and the [parties] will not be prejudiced.'" *Id*.; *see also Dolan v. Axis Capital Holdings Ltd.*, No. 04-cv-8564, 2005 WL 883008, at *1 (S.D.N.Y. Apr. 13, 2005).

The *Lewis* and *Goodwin* actions present very similar factual and legal issues and allege similar violations of the federal securities laws against the same Defendants and on behalf of the same Class. Because the Actions are based on the same facts and involve the same subject matter, discovery obtained in one lawsuit will undoubtedly be relevant to all others, and common questions of law and fact will predominate in the Actions. Accordingly, consolidation under Rule 42(a) is appropriate here.

## IV.    CONCLUSION

For all the foregoing reasons, Lewis respectfully requests that the Court: (a) appoint Lewis as Lead Plaintiff; (b) approve Lewis' selection of Scott+Scott to serve as Lead Counsel and Tousley Brain to serve as Liaison Counsel; and (c) order such other relief as the Court may deem just and proper.

DATED:  May 17, 2021

**TOUSLEY BRAIN STEPHENS PLLC**

*s/ Kim D. Stephens*
Kim D. Stephens, P.S., WSBA #11984
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
Telephone: 206-682-5600
Facsimile: 206-682-3993
Email: kstephens@tousley.com

MOTION OF ANGELA LEWIS FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF LEAD
AND LIAISON COUNSEL; CONSOLIDATION OF RELATED ACTIONS - 10
NO. 3:21-CV-05190-BHS

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
John T. Jasnoch, *pro hac vice*
600 West Broadway Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile:  619-233-0508
Email: jjasnoch@scott-scott.com

*Counsel for Putative Class Members and*
*Lead Plaintiff Movant Angela Lewis*

4835-3426-4298, v. 1

MOTION OF ANGELA LEWIS FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF LEAD
AND LIAISON COUNSEL; CONSOLIDATION OF RELATED ACTIONS - 11
NO. 3:21-CV-05190-BHS

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992