The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGELA LEWIS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CYTODYN, INC., NADER Z. POURHASSAN, and MICHAEL MULHOLLAND,<br><br>Defendants. | CLASS ACTION<br><br>Case No.: 3:21-cv-05190-BHS<br><br>MOTION OF KENNETH KIRSCHENBAUM AND CANDRA EVANS FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS, AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br>NOTE ON MOTION CALENDAR: FRIDAY, JUNE 4, 2021 |

MOTION TO CONSOLIDATE, APPOINT CO-LEAD
PLAINTIFFS, & APPROVE COUNSEL
(Case No. 3:21-CV-05190-BHS)

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA 98040
PH.: 206 625-1326

| | |
|---|---|
| JAMEY CHRIS GOODWIN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>CYTODYN, INC., NADER Z. POURHASSAN, and MICHAEL MULHOLLAND,<br><br>    Defendants. | CLASS ACTION<br><br>Case No.: 3:21-cv-05260-MLP |

MOTION TO CONSOLIDATE, APPOINT CO-LEAD PLAINTIFFS, & APPROVE COUNSEL
(Case No. 3:21-CV-05190-BHS)

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA 98040
PH.: 206 625-1326

# TABLE OF CONTENTS

MOTION ............................................................................................................................1
MEMORANDUM OF POINTS AND AUTHORITIES............................................................1
    I.    PRELIMINARY STATEMENT........................................................................1
    II.   STATEMENT OF FACTS ................................................................................3
    III.  ARGUMENT .....................................................................................................4
        A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED ..............4
        B.    KIRSCHENBAUM AND EVANS SHOULD BE APPOINTED CO-LEAD PLAINTIFFS..................................................................................5
            1.   Kirschenbaum and Evans Are Willing to Serve as Class Representatives ........................................................................6
            2.   Kirschenbaum and Evans Have the Largest Financial Interest in the Relief Sought by the Class .......................................................6
            3.   Kirschenbaum and Evans Otherwise Satisfy Rule 23's Requirements ..................................................................................7
            4.   Kirschenbaum and Evans Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses .........................................................................................10
        C.    CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED..................................................................................11
    IV.  CONCLUSION ................................................................................................12

MOTION TO CONSOLIDATE, APPOINT CO-LEAD
PLAINTIFFS, & APPROVE COUNSEL - i
(Case No. 3:21-CV-05190-BHS)

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA 98040
PH.: 206 625-1326

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Barnet v. Elan Corp., PLC*,
   236 F.R.D. 158 (S.D.N.Y. 2005) .................................................................................... 10

*Bruce v. Suntech Power Holdings Co., Ltd.*,
   No. CV 12-04061 RS, 2012 U.S. Dist. LEXIS 167702 (N.D. Cal. Nov. 13,
   2012) .............................................................................................................................. 10

*Cook v. Atossa Genetics, Inc.*,
   No. C13- 1836 RSM, 2014 U.S. Dist. LEXIS 19218 (W.D. Wash. Feb. 14,
   2014) ........................................................................................................................ *passim*

*Hanon v. Dataproducts Corp.*,
   976 F.2d 497 (9th Cir. 1992) ............................................................................................ 8

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
   , No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513 (E.D.N.Y. Dec. 15,
   2017) ................................................................................................................................ 9

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ............................................................................................ 8

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d. Cir. 2001) ............................................................................................ 9

*In re Comverse Technology, Inc. Securities Litigation*,
   No. 06-CV-1825 (E.D.N.Y.) .......................................................................................... 12

*Knox v. Yingli Green Energy Holding Co.*,
   136 F. Supp. 3d 1159 (C.D. Cal. 2015) ........................................................................... 7

*Lax v. First Merchants Acceptance Corp.*,
   , Nos. 97 C 2715 et al., 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6,
   1997) ................................................................................................................................ 6

*Nicolow v. Hewlett Packard Co.*,
   Nos. 12-05980 CRB, *et al*., 2013 U.S. Dist. LEXIS 29876 (N.D. Cal. Mar. 4,
   2013) ................................................................................................................................ 7

*Osher v. Guess?, Inc.*,
   No. CV 01-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057 (C.D. Cal.
   Apr. 26, 2001) ................................................................................................................ 11

MOTION TO CONSOLIDATE, APPOINT CO-LEAD
PLAINTIFFS, & APPROVE COUNSEL - ii
(Case No. 3:21-CV-05190-BHS)

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA 98040
PH.: 206 625-1326

*Perrin v. Southwest Water Co.*,
   No. 2:08-cv-7844-FMC-AGRx, 2009 U.S. Dist. LEXIS 134154 (C.D. Cal.
   Feb. 12, 2009) ................................................................................................................ 9, 10

*Reinschmidt v. Zillow, Inc.*,
   No. C12-2084 RSM, 2013 U.S. Dist. LEXIS 36793 (W.D. Wash. Mar. 14,
   2013) ..................................................................................................................................... 7

*Richardson v. TVIA, Inc.*,
   No. C-06-06304 RMW, 2007 U.S. Dist. LEXIS 28406 (N.D. Cal. Apr. 16,
   2007) .................................................................................................................................. 4, 8

*Robb v. Fitbit Inc.*,
   No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457 (N.D. Cal. May 10,
   2016) ................................................................................................................................ 9, 10

*Sgalambo v. McKenzie*,
   268 F.R.D. 170 (S.D.N.Y. 2010) .......................................................................................... 8

*Shotwell v. Zillow Grp.*,
   No. C17-1387-JCC, 2018 U.S. Dist. LEXIS 2495 (W.D. Wash. Jan. 5, 2018) ..................... 4

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) ................................................................................................ 8

*Weltz v. Lee*,
   199 F.R.D. 129 (S.D.N.Y. 2001) .......................................................................................... 9

**Statutes**

Private Securities Litigation Reform Act of 1995 ............................................................. *passim*

Securities Exchange Act of 1934 ....................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 23 ............................................................................................................... *passim*

Fed. R. Civ. P. 42 ............................................................................................................... 1, 4, 5

MOTION TO CONSOLIDATE, APPOINT CO-LEAD
PLAINTIFFS, & APPROVE COUNSEL - iii
(Case No. 3:21-CV-05190-BHS)

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA 98040
PH.: 206 625-1326

# MOTION

Kenneth Kirschenbaum and Candra Evans (together, "Kirschenbaum and Evans"), by and through their undersigned counsel, hereby respectfully move this Court pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Federal Rule of Civil Procedure 42 ("Rule 42"), for the entry of an Order:

(1) consolidating the above-captioned related actions (the "Related Actions");

(2) appointing Kirschenbaum and Evans as Co-Lead Plaintiffs in the Related Actions on behalf of a class consisting of all persons and entities that purchased or otherwise acquired CytoDyn, Inc. ("CytoDyn" or the "Company") common stock between March 27, 2020 and March 9, 2021, inclusive (the "Class Period") (the "Class"); and

(3) approving Kirschenbaum and Evans's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel and Ide Law Office ("ILO") as Liaison Counsel for the Class.

In support of their motion, Kirschenbaum and Evans submit herewith the accompanying memorandum of law, the Declaration of J. Alexander Hood II ("Hood Decl."), and all exhibits thereto.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    PRELIMINARY STATEMENT**

The Complaints in the Related Actions allege that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act. CytoDyn investors, including Kirschenbaum and Evans, incurred significant losses following the disclosure of the Company's alleged fraud, which caused CytoDyn's stock price to fall sharply, damaging Kirschenbaum and Evans and other CytoDyn investors.

Consolidation is appropriate under Rule 42(a) where actions involve common questions of law or fact. Here, the Related Actions are putative class actions alleging violations of the federal securities laws by the same group of defendants arising from the same alleged wrongful

MOTION TO CONSOLIDATE, APPOINT CO-LEAD
PLAINTIFFS, & APPROVE COUNSEL - 1
(Case No. 3:21-cv-05190-BHS)

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA 98040
PH.: 206 625-1326

misconduct. As such, the Related Actions involve common questions of both law *and* fact, and consolidation is plainly warranted.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiffs the movant or group of movants that possesses the largest financial interest in the outcome of the action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In connection with their purchases of CytoDyn securities during the Class Period, Kirschenbaum and Evans collectively incurred losses of approximately $453,596. *See* Declaration of J. Alexander Hood II in Support of Motion ("Hood Decl."), Exhibit ("Ex.") A. Accordingly, Kirschenbaum and Evans believe that they have the largest financial interest in the relief sought in the Related Actions.

Beyond their considerable financial interest, Kirschenbaum and Evans also meet the applicable requirements of Rule 23 because their claims are typical of absent Class members and because they will fairly and adequately represent the interests of the Class.

To fulfill their obligations as Co-Lead Plaintiffs and vigorously prosecute the Related Actions on behalf of the Class, Kirschenbaum and Evans have selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. Kirschenbaum and Evans have also selected ILO, which has significant experience in complex and class action litigation, including matters concerning claimed violations of the federal securities laws, to serve as Liaison Counsel for the Class.

Accordingly, Kirschenbaum and Evans respectfully request that the Court enter an order consolidating the Related Actions, appointing Kirschenbaum and Evans as Co-Lead Plaintiffs for the Class, and approving their selection of Pomerantz as Lead Counsel and ILO as Liaison Counsel for the Class.

MOTION TO CONSOLIDATE, APPOINT CO-LEAD
PLAINTIFFS, & APPROVE COUNSEL - 2
(Case No. 3:21-CV-05190-BHS)

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA 98040
PH.: 206 625-1326

## II. STATEMENT OF FACTS

As alleged in the Complaint of the first-filed of the Related Actions, CytoDyn is a publicly-traded biotechnology company. Dkt. # 1 at p. 2. Headquartered in Vancouver, Washington, and incorporated in Delaware, CytoDyn is focused on the development and commercialization of a drug named "Leronlimab" which has long been promoted as a potential therapy for HIV patients. *Id.*

Since the beginning of the global COVID-19 pandemic, however, CytoDyn has made an about-face and has begun to aggressively tout Leronlimab as a treatment for COVID-19. *Id.*

After CytoDyn's pivot to hyping Leronlimab as a treatment for COVID-19, CytoDyn's stock price rose exponentially. *Id.* Throughout 2019, CytoDyn's stock traded for less than $1.00 per share. *Id.* Upon the pivot to hyping Leronlimab as a COVID-19 treatment, however, CytoDyn's stock price skyrocketed. *Id.* The hype hit its peak when CytoDyn shares reached over $10 per share on June 30, 2020. *Id.*

CytoDyn issued numerous press releases, conducted conference calls, participated in interviews, and aggressively utilized several third-party investor relations and stock newsletter services to tout Leronlimab as a potential treatment for COVID-19 and to pump up the stock price of CytoDyn while executives aggressively sold shares. *Id.* at p. 3.

Indeed, while CytoDyn's stock price was sufficiently pumped with the COVID-19 cure hype, long-term shareholders, including Defendants Nader Z. Pourhassan ("Pourhassan") and Michael Mulholland ("Mulholland" and, together with Pourhassan, the "Individual Defendants"), dumped millions of shares. *Id.* For example, on April 30, 2020, after exercising options to purchase millions of CytoDyn shares at prices less than $1.00 per share, Defendant Pourhassan sold over 4.8 million shares of CytoDyn stock, for over $15.7 million in total proceeds. *Id.* Defendant Pourhassan's sale was approximately 85% of his total holdings of CytoDyn stock. *Id.* In addition, on December 21, 2020, Defendant Mullholland sold over 1.1 million shares for over

MOTION TO CONSOLIDATE, APPOINT CO-LEAD
PLAINTIFFS, & APPROVE COUNSEL - 3
(Case No. 3:21-CV-05190-BHS)

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA 98040
PH.: 206 625-1326

$5.8 million in total proceeds. *Id.* Thereafter, on December 28, 2020, Defendant Mullholland sold over 711,000 shares for over $4.4 million in total proceeds. *Id.*

In addition to overstating the viability of Leronlimab as a COVID-19 treatment, CytoDyn also engaged in a wrongful scheme with its lender, Iliad Research and Trading L.P. ("Iliad"), and its principal John Fife ("Fife"), whereby Iliad and other Fife entities operated as an unregistered securities dealer for CytoDyn. *Id.* In connection with Iliad lending funds to CytoDyn, Iliad obtained a convertible promissory note from CytoDyn and converted the note into newly issued shares of CytoDyn and sold those shares into the public market at a profit, in violation of the dealer registration requirements of the federal securities laws. *Id.*

Following the Individual Defendants' cash-out of CytoDyn shares at artificially inflated prices, the price of CytoDyn shares dropped precipitously to the detriment of Plaintiff and the class. *Id.* The market has learned that CytoDyn's development and marketing of Leronlimab as a treatment for COVID-19 was not commercially viable for CytoDyn. *Id.*

### III.   ARGUMENT

#### A.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a); *see also Shotwell v. Zillow Grp.*, No. C17-1387-JCC, 2018 U.S. Dist. LEXIS 2495, at *3-*4 (W.D. Wash. Jan. 5, 2018); *Richardson v. TVIA, Inc.*, No. C-06-06304 RMW, 2007 U.S. Dist. LEXIS 28406, at *6 (N.D. Cal. Apr. 16, 2007).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this title is filed." 15 U.S.C. 78u-

MOTION TO CONSOLIDATE, APPOINT CO-LEAD
PLAINTIFFS, & APPROVE COUNSEL - 4
(Case No. 3:21-CV-05190-BHS)

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA 98040
PH.: 206 625-1326

4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Rule 42(a).

Each of the Related Actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder by the United States Securities and Exchange Commission, by the Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the Related Actions should be consolidated pursuant to Rule 42(a) for all purposes.

### B.  KIRSCHENBAUM AND EVANS SHOULD BE APPOINTED CO-LEAD PLAINTIFFS

Kirschenbaum and Evans should be appointed Co-Lead Plaintiffs because, to their knowledge, they have the largest financial interest in the Related Actions and otherwise satisfy the requirements of Rule 23. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Specifically, the Court "shall" appoint the presumptively "most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

MOTION TO CONSOLIDATE, APPOINT CO-LEAD PLAINTIFFS, & APPROVE COUNSEL - 5
(Case No. 3:21-CV-05190-BHS)

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA 98040
PH.: 206 625-1326

As set forth below, Kirschenbaum and Evans satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Co-Lead Plaintiffs for the Class.

### 1. Kirschenbaum and Evans Are Willing to Serve as Class Representatives

On March 18, 2021, counsel for plaintiff in the first-filed of the Related Actions caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "Notice"), which announced that a securities fraud class action had been filed against, *inter alia*, CytoDyn, and which advised investors in CytoDyn securities that they had until May 17, 2021 to file a motion to be appointed as lead plaintiff. *See* Hood Decl., Ex. B. Kirschenbaum and Evans have filed the instant motion pursuant to the Notice, and have attached sworn Certifications attesting that they are willing to serve as representatives for the Class, and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. Accordingly, Kirschenbaum and Evans satisfy the first requirement to serve as Co-Lead Plaintiffs of the Class.

### 2. Kirschenbaum and Evans Have the Largest Financial Interest in the Relief Sought by the Class

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of their knowledge, Kirschenbaum and Evans have the largest financial interest of any CytoDyn investor or investor group seeking to serve as Lead Plaintiffs based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased; (2) the number of net shares purchased (also referred to as "retained shares"); (3) the total net funds expended; and (4) the approximate losses suffered. Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866, at *17-*18 (N.D. Ill. Aug. 6, 1997). In accord with courts nationwide, these so-called *Lax* factors have been adopted by courts in the Ninth Circuit, including in this District. *See, e.g.*, *Cook v. Atossa Genetics, Inc.*, No. C13- 1836 RSM, 2014 U.S. Dist. LEXIS

MOTION TO CONSOLIDATE, APPOINT CO-LEAD
PLAINTIFFS, & APPROVE COUNSEL - 6
(Case No. 3:21-CV-05190-BHS)

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA 98040
PH.: 206 625-1326

19218, at *8 (W.D. Wash. Feb. 14, 2014); *Reinschmidt v. Zillow, Inc.*, No. C12-2084 RSM, 2013 U.S. Dist. LEXIS 36793, at *5 (W.D. Wash. Mar. 14, 2013); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015); *Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*, 2013 U.S. Dist. LEXIS 29876, at *18 (N.D. Cal. Mar. 4, 2013). Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA. *See, e.g., Knox*, 135 F. Supp. 3d. at 1163; *Nicolow*, 2013 U.S. Dist. LEXIS 29876, at *18-*19.

During the Class Period, Kirschenbaum and Evans collectively: (1) purchased 281,806 shares of CytoDyn common stock; (2) expended $1,314,148 on their purchases of CytoDyn common stock; (3) retained 200,000 of their shares of CytoDyn common stock; and (4) as a result of the disclosures of the fraud, suffered a loss of $453,596 in connection with their purchases of CytoDyn common stock. *See* Hood Decl., Ex. A. Because Kirschenbaum and Evans possess the largest financial interest in the outcome of this litigation, they may be presumed to be the "most adequate" plaintiffs. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Kirschenbaum and Evans Otherwise Satisfy Rule 23's Requirements

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

"'At the lead plaintiff stage of the litigation, in contrast to the class certification stage, a proposed lead plaintiff need only make a preliminary showing that it will satisfy the typicality and adequacy requirements of Rule 23.'" *Cook*, 2014 U.S. Dist. LEXIS 19218, at *9-*10 (quoting

MOTION TO CONSOLIDATE, APPOINT CO-LEAD
PLAINTIFFS, & APPROVE COUNSEL - 7
(Case No. 3:21-CV-05190-BHS)

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA 98040
PH.: 206 625-1326

*Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010)); *see also In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson*, 2007 U.S. Dist. LEXIS 28406, at *16 (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

The claims of Kirschenbaum and Evans are typical of those of the Class. Kirschenbaum and Evans allege, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning CytoDyn, or by omitting to state material facts necessary to make the statements they did make not misleading. Kirschenbaum and Evans, as did all Class members, purchased CytoDyn securities during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

In determining whether the adequacy of representation requirement of Rule 23(a)(4) is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

Kirschenbaum and Evans are adequate representatives for the Class. Here, Kirschenbaum and Evans have submitted signed Certifications declaring their commitment to protecting the interests of the Class. *See* Hood Decl., Ex. C. There is no antagonism between the interests of Kirschenbaum and Evans and those of the Class, and Kirschenbaum and Evans's significant financial interest demonstrates that they have a sufficient interest in the outcome of this litigation

MOTION TO CONSOLIDATE, APPOINT CO-LEAD PLAINTIFFS, & APPROVE COUNSEL - 8
(Case No. 3:21-CV-05190-BHS)

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA 98040
PH.: 206 625-1326

that gives them an incentive to vigorously prosecute fraud claims on behalf of the Class. Moreover, Kirschenbaum and Evans have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as these Related Actions, and submit their choices of Pomerantz and ILO to the Court for approval as Lead Counsel and Liaison Counsel for the Class, respectively, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). In addition to Pomerantz and ILO, Kirschenbaum and Evans are also represented by the Bronstein, Gewirtz & Grossman, LLC law firm in this litigation.

Further, Kirschenbaum and Evans constitute an appropriate group of the type routinely appointed to serve as Co-Lead Plaintiffs. *See, e.g.*, *Cook*, 2014 U.S. Dist. LEXIS 19218, at *14-*18 (appointing group of "three individual investors who lack a pre-existing relationship" as co-lead plaintiffs); *Perrin v. Southwest Water Co.*, No. 2:08-cv-7844-FMC-AGRx, 2009 U.S. Dist. LEXIS 134154, at *13 (C.D. Cal. Feb. 12, 2009) ("[C]ourts have generally held that small and manageable groups serving as lead plaintiffs do not frustrate Congress' desire to ensure that investors, rather than lawyers, control securities litigation."); *Robb v. Fitbit Inc.*, No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at *13-*14 (N.D. Cal. May 10, 2016) (appointing five-person investor group as lead plaintiff); *In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d. Cir. 2001) ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff") (citation omitted); *In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as co-lead plaintiffs is allowable under the PSLRA" and finding that a group of seven shareholders with the greatest loss was "presumptively the most adequate plaintiff"); *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding that "there can be no doubt" that the PSLRA permits appointment of groups and appointing group consisting of six members with the largest financial interest as lead plaintiff).

Kirschenbaum and Evans likewise have demonstrated their adequacy because they are a small and cohesive group of two investors who have submitted a Joint Declaration attesting to,

MOTION TO CONSOLIDATE, APPOINT CO-LEAD
PLAINTIFFS, & APPROVE COUNSEL - 9
(Case No. 3:21-CV-05190-BHS)

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA 98040
PH.: 206 625-1326

*inter alia*, their backgrounds, their investing experience, their understanding of the responsibilities of a lead plaintiff pursuant to the PSLRA, their decision to seek appointment jointly as Co-Lead Plaintiffs, and the steps that each of them are prepared to take to cooperatively prosecute this litigation on behalf of the Class.  *See* Hood Decl., Ex. D.  Courts routinely appoint investor groups as Co-Lead Plaintiffs under such circumstances.  *See, e.g.*, *Cook*, 2014 U.S. Dist. LEXIS 19218, at *14-*18 (appointing as co-lead plaintiffs a group of three unrelated investors that submitted a joint declaration showing they are "a small, cohesive group that will endeavor to act in the best interests of the putative class members and manage the course of future litigation"); *Fitbit*, 2016 U.S. Dist. LEXIS 62457, at *13-*14 (appointing as co-lead plaintiffs a group of five unrelated investors that submitted a joint declaration "stat[ing] that the individual members have discussed the responsibilities of acting as lead plaintiff, will stay in regular communication with counsel and with each other, and will make decisions by consensus, using a majority vote as a back-stop"); *Bruce v. Suntech Power Holdings Co., Ltd.*, No. CV 12-04061 RS, 2012 U.S. Dist. LEXIS 167702, at *9 (N.D. Cal. Nov. 13, 2012) (appointing as co-lead plaintiffs a group of three unrelated investors that "submitted a joint declaration attesting that each is knowledgeable about the litigation, that they are working together, and that they are committed to protecting the interests of the Class"); *Perrin*, 2009 U.S. Dist. LEXIS 134154, at *13 (appointing as co-lead plaintiffs a group of four investors that "submitted a Joint Declaration agreeing to 'work together to ensure the maximum recovery on behalf of the proposed class'").

### 4. Kirschenbaum and Evans Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing Kirschenbaum and Evans as Co-Lead Plaintiffs may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

MOTION TO CONSOLIDATE, APPOINT CO-LEAD PLAINTIFFS, & APPROVE COUNSEL - 10
(Case No. 3:21-CV-05190-BHS)

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA 98040
PH.: 206 625-1326

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The ability and desire of Kirschenbaum and Evans to fairly and adequately represent the Class has been discussed above. Kirschenbaum and Evans are not aware of any unique defenses Defendants could raise that would render them inadequate to represent the Class.

### C. CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in Lead Plaintiffs to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cook*, 2014 U.S. Dist. LEXIS 19218, at *11-*12; *Osher v. Guess?, Inc.*, No. CV 01-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001). The Court should not interfere with Lead Plaintiffs' selection unless it is necessary to do so to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *Cook*, 2014 U.S. Dist. LEXIS 19218, at *11.

Kirschenbaum and Evans have selected Pomerantz to serve as Lead Counsel for the Class. Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80+ year history, as detailed in its firm resume. *See* Hood Decl., Ex. E. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *Id*. Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See id.* Additionally, proposed Liaison Counsel ILO has significant experience in complex and class action litigation, including matters concerning claimed violations of the federal securities laws. *See id.*, Ex. F. As a result of their extensive experience in similar litigation, Kirschenbaum and Evans's choices of counsel have the skill, knowledge, expertise, and experience that will enable

MOTION TO CONSOLIDATE, APPOINT CO-LEAD PLAINTIFFS, & APPROVE COUNSEL - 11
(Case No. 3:21-CV-05190-BHS)

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA 98040
PH.: 206 625-1326

them to prosecute the Related Actions effectively and expeditiously. Thus, the Court may be assured that by approving the selection of counsel by Kirschenbaum and Evans, with Pomerantz as Lead Counsel and ILO as Liaison Counsel, the members of the Class will receive the best legal representation available.

## IV.   CONCLUSION

For the foregoing reasons, Kirschenbaum and Evans respectfully request that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Kirschenbaum and Evans as Co-Lead Plaintiffs for the Class; and (3) approving their selection of Pomerantz as Lead Counsel and ILO as Liaison Counsel for the Class.

Dated:  May 17, 2021

Respectfully submitted,

IDE LAW OFFICE

s/Matthew J. Ide, WSBA No. 26002
Matthew J. Ide, WSBA No. 26002
7900 SE 28th Street, Suite 500
Mercer Island, WA 98050
Tel. (206) 625-1326
mjide@yahoo.com

*Counsel for Movants Kenneth Kirschenbaum and Candra Evans and Proposed Liaison Counsel for the Class*

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Movants Kenneth Kirschenbaum and Candra Evans and Proposed Lead Counsel for the Class*

MOTION TO CONSOLIDATE, APPOINT CO-LEAD
PLAINTIFFS, & APPROVE COUNSEL - 12
(Case No. 3:21-CV-05190-BHS)

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
PH.: 206 625-1326

|   |   |
|---|---|
| 1 |   |
| 2 | BRONSTEIN, GEWIRTZ & GROSSMAN, LLC |
| 3 | Peretz Bronstein (*pro hac vice* application forthcoming) |
| 4 | 60 East 42nd Street, Suite 4600 New York, New York 10165 |
| 5 | Telephone: (212) 697-6484 Facsimile: (212) 697-7296 |
| 6 | peretz@bgandg.com |
| 7 | *Additional Counsel for Movants Kenneth Kirschenbaum and Candra Evans* |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MOTION TO CONSOLIDATE, APPOINT CO-LEAD
PLAINTIFFS, & APPROVE COUNSEL - 13
(Case No. 3:21-CV-05190-BHS)

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA 98040
PH.: 206 625-1326