THE HONORABLE BENJAMIN SETTLE

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| ANGELA LEWIS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CYTODYN, INC., NADER Z. POURHASSAN, and MICHAEL MULHOLLAND,<br><br>Defendants. | Civil Action No. 3:21-cv-05190-BHS<br><br>**MOTION OF MICHAEL O'DONNELL FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL**<br><br>NOTED ON MOTION CALENDAR: June 4, 2021<br><br><u>ORAL ARGUMENT REQUESTED</u> |
| JAMEY CHRIS GOODWIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CYTODYN, INC., NADER Z. POURHASSAN, and MICHAEL MULHOLLAND,<br><br>Defendants. | Civil Action No. 3:21-cv-05260-MLP |

MOTION OF MICHAEL O'DONNELL FOR APPOINTMENT AS
LEAD PLAINTIFF (3:21-cv-05190-BHS) - 1

ROSSI VUCINOVICH, P.C.
1000 Second Avenue, Suite 1780
Seattle, WA 98104
425.646.8003

# MOTION

Lead Plaintiff Movant Michael O'Donnell ("O'Donnell") respectfully moves this court, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for entry of an order: (i) consolidating the above-captioned actions; (ii) appointing O'Donnell as Lead Plaintiff; (iii) approving O'Donnell's selection of Glancy Prongay & Murray LLP as Lead Counsel and Rossi Vucinovich, P.C. as Liaison Counsel for the Class; and (iv) granting such other and further relief as the Court may deem just and proper. This motion is noted on the Court's motion calendar for June 4, 2021, before the Honorable Benjamin H. Settle, located at the United States Courthouse, 1717 Pacific Avenue, Tacoma, WA 98402. O'Donnell respectfully requests oral argument.

This Motion is made on the grounds that O'Donnell believes that he is the "most adequate plaintiff" under the PSLRA and should therefore be appointed Lead Plaintiff. Specifically, O'Donnell believes that he has the "largest financial interest" in the relief sought by the Class in this action by virtue of, among other things, the significant losses that he incurred on his investments in the common stock of CytoDyn, Inc. ("CytoDyn" or the "Company"). O'Donnell also otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because his claims are typical of other Class members' claims and because it will fairly and adequately represent the interests of the Class.

In support of this Motion, O'Donnell submits the accompanying memorandum of law submitted herewith, the Declaration of Benjamin T.G. Nivison ("Nivison Decl.") and the exhibits attached thereto, and all of the prior pleadings and other files in this matter, and such other written or oral arguments as may be permitted by the Court.

MOTION OF MICHAEL O'DONNELL FOR APPOINTMENT AS
LEAD PLAINTIFF (3:21-cv-05190-BHS) - 2

ROSSI VUCINOVICH, P.C.
1000 Second Avenue, Suite 1780
Seattle, WA 98104
425.646.8003

# MEMORANDUM OF LAW

## I. PRELIMINARY STATEMENT

The above-captioned actions are securities class actions brought on behalf of all persons who purchased or otherwise acquired CytoDyn common stock between March 27, 2020 and March 9, 2021, inclusive ("Class Period").

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of Class members—as lead plaintiff. Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the Class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the most adequate plaintiff. This motion is made on the grounds that O'Donnell is the "most adequate plaintiff" as defined by the PSLRA.

O'Donnell has "the largest financial interest in the relief sought by the class" as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, O'Donnell satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims, and he is committed to fairly and adequately representing the interests of the Class. Thus, pursuant to the PSLRA's lead plaintiff provision, O'Donnell respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the Class. Additionally, O'Donnell's selection of GPM as Lead Counsel for the Class should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II. FACTUAL BACKGROUND[1]

CytoDyn is a biotechnology company focused on the development and commercialization of a drug named "Leronlimab," which has long been promoted as a potential therapy for HIV

---

[1] This section has been adapted from the complaints filed in the above-captioned actions.

MOTION OF MICHAEL O'DONNELL FOR APPOINTMENT AS
LEAD PLAINTIFF (3:21-cv-05190-BHS) - 3

ROSSI VUCINOVICH, P.C.
1000 Second Avenue, Suite 1780
Seattle, WA 98104
425.646.8003

patients. Since the beginning of the COVID-19 pandemic, the Company has aggressively touted Leronlimab as a treatment for COVID-19.

On August 26, 2020, *The Wall Street Journal* reported that CytoDyn was not being considered for Operation Warp Speed, the federal government's program aimed at fast-tracking virus treatments. According to a senior administration official, "CytoDyn had only completed a preliminary qualification for being included in the initiative."

On this news, the Company's share price fell $0.66, or 17%, over two consecutive trading sessions to close at $3.15 per share.

On September 3, 2020, the U.S. Securities & Exchange Commission ("SEC") filed suit against Illiad Research and Trading L.P. ("Iliad"), which is CytoDyn's lender, Iliad's principal John Fife ("Fife"), and certain Fife-related entities. Specifically, the SEC alleged that Iliad and its related entities operated as unregistered securities dealers in violation of the federal securities laws by buying convertible promissory notes, converting the notes into newly issued shares of stock, then rapidly selling those shares into the public at a profit.

On November 10, 2020, CytoDyn entered into an amended $28.5 million Secured Convertible Promissory Note with Fife's company, Streeterville Capital LLC, a related entity that was not specifically named in the SEC action against Iliad and Fife.

On this news, the Company's stock price closed at $2.02, representing an 80% decline from the Class Period high.

On March 5, 2020, after the market closed, CytoDyn began issuing press releases that described the results of Phase IIb/III testing data for Leronlimab for the treatment of COVID-19. Masked by positive titles, these releases disclosed that the primary endpoint for the study (lowering all-cause mortality at Day 28) was not statistically significant.

On this news, the Company's share price fell $1.14, or 28%, to close at $2.91 per share on March 8, 2021. On March 9, 2021, CytoDyn shares dropped an additional 19% to close at $2.35 per share.

MOTION OF MICHAEL O'DONNELL FOR APPOINTMENT AS
LEAD PLAINTIFF (3:21-cv-05190-BHS) - 4

ROSSI VUCINOVICH, P.C.
1000 Second Avenue, Suite 1780
Seattle, WA 98104
425.646.8003

Throughout the Class Period, Defendants made materially false and/or misleading statements, touting Leronlimab as a potential treatment for COVID-19 to pump up the Company's stock price while executives aggressively sold their shares. The above-captioned actions also allege that CytoDyn engaged in a wrongful scheme whereby Iliad and other Fife entities operated as an unregistered securities dealer for CytoDyn.

### III.  PROCEDURAL HISTORY

On March 17, 2021, plaintiff Angela Lewis commenced a securities fraud class action against CytoDyn and certain of its officers, captioned *Lewis v. CytoDyn, Inc.*, Case No. 3:21-cv-05190 (the "*Lewis* Action"). It is brought on behalf of persons who purchased or otherwise acquired CytoDyn common stock during the Class Period.

On April 9, 2021, plaintiff Jamey Chris Goodwin filed a substantially similar class action, captioned *Goodwin v. CytoDyn, Inc.*, Case No. 3:21-cv-05260 (the "*Goodwin* Action" and together with the *Lewis* Action, the "Related Actions"). It is brought on behalf of persons and entities that purchased or otherwise acquired CytoDyn common stock during the Class Period.

### IV.  ARGUMENT

#### A.  The Related Actions Should Be Consolidated

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore, consolidation would avoid unnecessary cost, delay, and overlap in adjudication. *See* Fed. R. Civ. P. 42(a); *see also Russo v. Finisar Corp.*, No. 11-cv-1252-EJD, 2011 WL 5117560, at *3 (N.D. Cal. Oct. 27, 2011) (noting that "actions [that] present virtually identical factual and legal issues . . . should be consolidated").

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Weisz v. Calpine Corp.*, No. 4:02-cv-1200, 2002

MOTION OF MICHAEL O'DONNELL FOR APPOINTMENT AS
LEAD PLAINTIFF (3:21-cv-05190-BHS) - 5

ROSSI VUCINOVICH, P.C.
1000 Second Avenue, Suite 1780
Seattle, WA 98104
425.646.8003

WL 32818827, at *2-3 (N.D. Cal. Aug. 19, 2002) (consolidating cases alleging claims under the Securities Act of 1933 and the Exchange Act).

### B.  O'Donnell Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" – *i.e.*, the plaintiff most capable of adequately representing the interests of the Class – is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or
>
> (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, O'Donnell has complied with all of the PSLRA's requirements and satisfies all of the PSLRA criteria to be appointed lead plaintiff.  O'Donnell, to the best of his knowledge, has the largest financial interest in this litigation, satisfies the relevant requirements of Federal Rule of Civil Procedure 23, and is not aware of any unique defenses defendants could raise against him that would render him inadequate to represent the Class. Accordingly, O'Donnell respectfully submits that he should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

MOTION OF MICHAEL O'DONNELL FOR APPOINTMENT AS
LEAD PLAINTIFF (3:21-cv-05190-BHS) - 6

ROSSI VUCINOVICH, P.C.
1000 Second Avenue, Suite 1780
Seattle, WA 98104
425.646.8003

### 1. O'Donnell's Motion Is Timely

On March 18, 2021, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Nivison Decl., Ex. A. Therefore, O'Donnell had sixty days (i.e., until May 17, 2021), to file a motion to be appointed as Lead Plaintiff. As a purchaser of CytoDyn common stock during the Class Period, O'Donnell is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, O'Donnell attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. Nivison Decl., Ex. B. Accordingly, O'Donnell satisfies the first requirement to serve as Lead Plaintiff for the class.

### 2. O'Donnell Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, O'Donnell believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."

O'Donnell purchased CytoDyn common stock during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm. See Nivison Decl., Ex. C. To the best of his knowledge, O'Donnell is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, O'Donnell believes he has the "largest financial interest in the relief sought by the Class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class.

MOTION OF MICHAEL O'DONNELL FOR APPOINTMENT AS
LEAD PLAINTIFF (3:21-cv-05190-BHS) - 7

ROSSI VUCINOVICH, P.C.
1000 Second Avenue, Suite 1780
Seattle, WA 98104
425.646.8003

### 3. O'Donnell Satisfies The Requirement Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, "[a]t the lead plaintiff stage, . . . all that is required is a prima facie showing that the lead plaintiff's claims are typical and adequate." *In re Coinstar Inc. Sec. Litig.*, 2011 WL 13233156, at *2 (W.D. Wash. Apr. 19, 2011).

#### a) O'Donnell's Claims Are Typical

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." A proposed lead plaintiff's claims are typical of the class when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See id*. Under Rule 23 a lead plaintiff's, claims are typical "if he is reasonably coextensive with those of the absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

Here, O'Donnell's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, O'Donnell purchased CytoDyn common stock during the Class Period and suffered losses as a result of his transactions. Like all members of the Class, O'Donnell alleges that defendants violated federal securities laws by disseminating materially misleading statements

MOTION OF MICHAEL O'DONNELL FOR APPOINTMENT AS
LEAD PLAINTIFF (3:21-cv-05190-BHS) - 8

ROSSI VUCINOVICH, P.C.
1000 Second Avenue, Suite 1780
Seattle, WA 98104
425.646.8003

concerning CytoDyn's operations and financial prospects. O'Donnell's losses, like the losses suffered by all other members of the Class, arise from the artificial inflation of CytoDyn common stock caused by defendants' alleged misrepresentations and omissions. Accordingly, O'Donnell's interests and claims are typical of the interests and claims of the Class.

### b) O'Donnell is an Adequate Representative

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)); *see also Schonfield v. Dendreon Corp.*, 2007 WL 2916533, at *4 (W.D. Wash. Oct. 4, 2007) (Adequacy requires a demonstration that: "(1) the proposed lead plaintiff's interests are in common with, and not antagonistic to, those of the class; and (2) proposed lead plaintiff's counsel are qualified, experienced and generally able to conduct the litigation.").

Here, O'Donnell easily satisfies the adequacy requirements. O'Donnell's financial interest demonstrates that he has sufficient incentive to ensure vigorous advocacy, and "no evidence exists to suggest that [O'Donnell is] antagonistic to other members of the class or their attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). Moreover, O'Donnell has retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Nivison Decl., Ex. D (the firm's résumé). In addition, O'Donnell is not aware of any conflict between his claims and those asserted on behalf of the Class.

### C. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the class." 15 U.S.C.

MOTION OF MICHAEL O'DONNELL FOR APPOINTMENT AS
LEAD PLAINTIFF (3:21-cv-05190-BHS) - 9

ROSSI VUCINOVICH, P.C.
1000 Second Avenue, Suite 1780
Seattle, WA 98104
425.646.8003

§ 78u-4(a)(3)(B)(iii)(II)(aa). Here, O'Donnell selected Glancy Prongay & Murray LLP as lead counsel for the class and Rossi Vucinovich, P.C. as liaison counsel. Glancy Prongay & Murray LLP possesses extensive experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See* Nivison Decl., Ex. D. GPM will consult Rossi Vucinovich, P.C. regarding compliance with local rules. Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation. Accordingly, the Court should approve O'Donnell's selection of counsel.

## V.   CONCLUSION

For the foregoing reasons, Michael O'Donnell respectfully asks the Court to grant his motion and enter an Order: (1) consolidating the Related Actions; (2) appointing O'Donnell as Lead Plaintiff; (3) approving Glancy Prongay & Murray LLP as Lead Counsel and Rossi Vucinovich, P.C. as Liaison Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

MOTION OF MICHAEL O'DONNELL FOR APPOINTMENT AS
LEAD PLAINTIFF (3:21-cv-05190-BHS) - 10

ROSSI VUCINOVICH, P.C.
1000 Second Avenue, Suite 1780
Seattle, WA 98104
425.646.8003

| | | |
|---|---|---|
| 1 | DATED this 17th day of May, 2021 | **ROSSI VUCINOVICH, P.C.** |

                                                  */s/ Benjamin T. G. Nivison*
Benjamin T.G. Nivison, WSBA No. 39797
1000 Second Avenue, Suite 1780
Seattle, WA 98104
Phone (425) 646-8003
Fax (425) 646-8004

*Liaison Counsel for Movant Michael O'Donnell and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Phone (310) 201-9150
Fax (310) 201-9160

*Counsel for Movant Michael O'Donnell and Proposed Lead Counsel for the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*

MOTION OF MICHAEL O'DONNELL FOR APPOINTMENT AS
LEAD PLAINTIFF (3:21-cv-05190-BHS) - 11

ROSSI VUCINOVICH, P.C.
1000 Second Avenue, Suite 1780
Seattle, WA 98104
425.646.8003

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old.  On May 17, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Western District of Washington, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 17, 2021, at Seattle, Washington.

*/s/ Benjamin T.G. Nivison*
Benjamin T.G. Nivison