THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANGELA LEWIS, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br> vs.<br><br>CYTODYN, INC., et al.,<br><br>        Defendants. | Case No. 3:21-cv-05190-BHS<br><br>**HO "MATT" CHUN'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL AND MEMORANDUM IN SUPPORT** |
| JAMEY CHRIS GOODWIN, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br> vs.<br><br>CYTODYN, INC., et al.,<br><br>        Defendants. | NOTE ON MOTION CALENDAR:<br>June 4, 2021<br><br><br>Case No. 3:21-cv-05260-MLP |

Putative class member Ho "Matt" Chun will, and hereby does, move this Court for an order: (1) consolidating the Related Actions pursuant to Federal Rule of Civil Procedure 42(a);[1] (2) appointing Mr. Chun as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (3) approving Mr. Chun's selection of Robbins Geller Rudman & Dowd LLP as lead counsel pursuant to the PSLRA.

## I.    INTRODUCTION

Presently pending before this Court are two securities class action lawsuits (the "Related Actions") brought on behalf of investors who purchased or otherwise acquired shares of CytoDyn, Inc. ("CytoDyn" or the "Company") common stock between March 27, 2020, and March 9, 2021, inclusive (the "Class Period"), against the Company and certain of its officers for alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act").  Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class. *See* 15 U.S.C. §78u- 4(a)(3)(B)(ii).  As discussed herein, consolidation is appropriate under Rule 42 because the Related Actions involve common questions of law and fact.

Further, the PSLRA directs courts to appoint as lead plaintiff the class member it "determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Here, Ho "Matt" Chun is the "most adequate plaintiff" to represent the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition to timely filing his motion, Mr. Chun has a significant financial interest – an interest believed to be greater than that of any competing movant. And Mr. Chun meets the typicality and adequacy requirements set out in Rule 23 of the Federal Rules of Civil Procedure, because his claims are typical of those of absent class members and Mr. Chun will fairly and adequately represent the interests of the proposed class.

Mr. Chun has also selected Robbins Geller Rudman & Dowd LLP to serve as lead counsel for the putative class in the event his motion is granted.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  Mr.

---

[1]    The Related Actions are *Lewis v. CytoDyn, Inc.*, No. 3:21-cv-05190-BHS, filed on March 17, 2021, and *Goodwin v. CytoDyn, Inc.*, No. 3:21-cv-05260, filed on April 9, 2021.

Chun Motion for Consolidation and Appointment of
Lead Plaintiff and Counsel - 1

KELLER ROHRBACK LLP
1201 Third Avenue, Suite 3200
Telephone: 206/623-1900 • Fax: 206/623-3384

Chun's chosen counsel has extensive experience in the prosecution of complex securities class actions and the Court may be assured that by granting this motion and approving Mr. Chun's choice of counsel, the class will receive the highest caliber of legal representation. *See, e.g.*, §III.C, *infra*.

Accordingly, Mr. Chun's motion should be granted.

## II.      SUMMARY OF THE ACTION

CytoDyn is a biotechnology company focused on the development and commercialization of a drug named "Leronlimab" which has long been promoted as a potential therapy for HIV patients.

The complaints allege that since the beginning of the global COVID-19 pandemic, CytoDyn has made an about-face and has begun to aggressively tout Leronlimab as a treatment for COVID-19. Consequently, after CytoDyn's pivot to hyping Leronlimab as a treatment for COVID-19, CytoDyn's stock price rose exponentially.  The complaints further allege that while CytoDyn's stock price was sufficiently pumped with the COVID-19 cure hype, defendants dumped millions of shares at artificially inflated prices. Moreover, the complaints allege that CytoDyn also engaged in a wrongful scheme with its lender, Iliad Research and Trading L.P., and its principal John Fife, whereby Iliad and other Fife entities operated as an unregistered securities dealer for CytoDyn. In connection with Iliad lending funds to CytoDyn, Iliad obtained a convertible promissory note from CytoDyn and converted the note into newly issued shares of CytoDyn and sold those shares into the public market at a profit, in violation of the dealer registration requirements of the federal securities laws.

On August 26, 2020, *The Wall Street Journal* reported that, despite earlier representations, CytoDyn was not being considered for Operation Warp Speed.  According to a senior administration official interviewed by *The Wall Street Journal*, "CytoDyn had only completed a preliminary qualification for being included in the initiative."  ECF No. 1 at ¶39.  On this news, the price of CytoDyn shares dropped over 17% over the next two trading days.

Then, on September 3, 2020, the U.S. Securities and Exchange Commission ("SEC") filed a suit against Iliad, Fife, and related entities, calling Fife a "recidivist violator of the federal securities

laws." ECF No. 1 at ¶42.  Specifically, the SEC alleged that Iliad and its related entities operated as unregistered securities dealers in violation of the federal securities laws by buying convertible promissory notes, converting the notes into newly issued shares of stock, then rapidly selling those shares into the public at a profit.

On November 10, 2020, CytoDyn entered into an amended $28.5 million Secured Convertible Promissory Note with Fife's company, Streeterville Capital LLC, a related entity that was not specifically named in the SEC action against Iliad and Fife.  On this news, the price of CytoDyn's shares fell.

Finally, on March 5, 2021, and continuing over the weekend, CytoDyn issued a flurry of press releases describing the results of Phase IIb/III data on Leronlimab.  Hidden in press releases with titles like "Cytodyn to File Accelerated Rolling Review with MHRA and Interim Order (IO) with Health Canada for COVID-19" and "Cytodyn's Phase 3 Trial Demonstrates Safety, a 24% Reduction in Mortality and Faster Hospital Discharge for Mechanically Ventilated Critically Ill COVID-19 Patients Treated with Leronlimab," however, was a disclosure that the primary endpoint of the study – lowering all-cause mortality at Day 28 – was not statistically significant.  Following the flurry of press releases, CytoDyn was accused of "massaging the data" and squeezing good news out of a failed study, the results of which CytoDyn reportedly sat on pending regulatory discussions. ECF No. 1 at ¶¶49–50.  On this news, the price of CytoDyn's shares fell more than 28%, further damaging investors.

As a result of defendants' violations of the federal securities laws, Mr. Chun and other putative class members have suffered significant damages.

### III.    ARGUMENT

**A.    The Related Actions Should Be Consolidated**

The Court may consolidate actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a).  Here, the Related Actions present nearly identical factual and legal issues, allege

identical claims in an identical class period, and name identical defendants. *Compare* ECF No. 1 *with Goodwin* ECF No. 1. Accordingly, the Related Actions should be consolidated.

**B.      Mr. Chun Should Be Appointed Lead Plaintiff**

The PSLRA establishes a procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1).  First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint.  15 U.S.C. §78u-4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  Mr. Chun meets each of these requirements and should therefore be appointed Lead Plaintiff.

**1.      Mr. Chun's Motion Is Timely**

On March 18, 2021, notice of the first-filed *Lewis* action was published on *Globe Newswire* advising class members of the pendency of the action, its alleged claims, its class definition, and the option of moving the Court to be appointed as lead plaintiff within 60 days.  *See* Declaration of Juli Farris in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel ("Farris Decl."), Ex. A.  Because Mr. Chun's motion was timely filed by the statutory deadline, Mr. Chun is entitled to be considered for appointment as lead plaintiff.

## 2.    Mr. Chun Possesses a Substantial Financial Interest

During the Class Period, Mr. Chun purchased 17,849 shares of CytoDyn common stock and suffered approximately $27,505 in losses.  *See* Farris Decl., Exs. B, C.  To the best of his counsel's knowledge, there are no other plaintiffs with a larger financial interest.

## 3.    Mr. Chun Satisfies the Rule 23 Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  "On a motion to serve as Lead Plaintiff, 'the inquiry shall focus solely on the "typicality" and "adequacy" aspects of' Rule 23."  *Frias v. Dendreon Corp.*, 835 F. Supp. 2d 1067, 1075 (W.D. Wash. 2011) (quoting *In re Cavanaugh*, 306 F.3d 726, 730 n.5, 732 (9th Cir. 2002)).

"'Typicality" in the class action context is measured by whether the applicant's claims arise from the same event or course of conduct which gave rise to the claims of the class members, and are founded on the same legal theory.'" *Id.* (citation omitted).  Mr. Chun's claims in this action arise from the same events and alleged course of conduct as the other putative class members' claims and are founded on the same legal theories as the other putative class members.

To "'satisfy the FRCP 23 conditions of "adequacy," it must be demonstrated that: (1) the proposed lead plaintiff's interests are in common with, and not antagonistic to, those of the class; and (2) proposed lead plaintiff's counsel are qualified, experienced and generally able to conduct the litigation.'"  *Id.* at 1076 (citation omitted).  As his Certification and loss chart evidence, Mr. Chun purchased shares of CytoDyn common stock and suffered harm when defendants' alleged misconduct was revealed.  *See* Farris Decl., Exs. B, C.  In addition, Mr. Chun's substantial stake in the outcome of the case indicates that he has the requisite incentive to vigorously represent the class's claims.  Mr. Chun is not aware of any conflicts between his claims and those asserted on behalf of the putative class and is not subject to any unique defenses.  Further evidencing his ability to fairly and competently represent the interests of the class, Mr. Chun has submitted a declaration affirming his ability and willingness to serve as, and to assume the responsibilities of, lead plaintiff.

*See* Farris Decl., Ex. D.  Finally, as discussed below, Mr. Chun has selected and proposed qualified counsel experienced in securities litigation as lead counsel.

Accordingly, Mr. Chun's common interests shared with the class, substantial financial interest in the litigation, and selection of qualified counsel confirm his satisfaction of the Rule 23 requirements.

**C.     Mr. Chun's Selection of Counsel Should Be Approved**

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Here, Mr. Chun has selected Robbins Geller to serve as lead counsel for the proposed class.[2]

Robbins Geller, a 200-attorney nationwide law firm regularly practices complex securities litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.  Courts throughout the country, including in this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See, e.g.*, *In re Outerwall Inc. S'holder Litig.*, No. C16-1275JLR, 2017 WL 881382, at \*10 (W.D. Wash. Mar. 6, 2017) (characterizing Robbins Geller as "well-qualified" and appointing the firm as lead counsel); *In re LendingClub Sec. Litig.*, No. 3:16-cv-02627-WHA, ECF No. 383 (N.D. Cal. Sept 24, 2018) (finalizing the $125 million settlement Robbins Geller achieved – a settlement that ranks among the top ten largest securities recoveries ever in the district); *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (concerning Robbins Geller's role as lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller].  At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous.").

---

[2]   For a detailed description of the Firm's track record, resources, and attorneys, please see generally https://www.rgrdlaw.com.  A hard copy of the Firm's resume is available upon the Court's request, if preferred.

Notably, in 2020, Robbins Geller recovered more than $1.4 billion on behalf of investors in securities class action cases, including $1.02 billion in *Am. Realty* and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.).  And, in 2021, Robbins Geller has secured final approval of a $1.21 billion recovery for investors in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.).  Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[3]

Thus, the Court can be assured that by approving Mr. Chun's choice of Robbins Geller as lead counsel, the putative class will receive the highest caliber of representation.

## IV.   CONCLUSION

The Related Actions are nearly identical in facts and issues, and should be consolidated for all purposes. Additionally, Mr. Chun has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, Mr. Chun respectfully requests that the Court consolidate the Related Actions, appoint him as Lead Plaintiff, and approve his selection of Lead Counsel.

\* \* \* \*

---

[3]   *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

Chun Motion for Consolidation and Appointment of
Lead Plaintiff and Counsel - 7

KELLER ROHRBACK LLP
1201 Third Avenue, Suite 3200
Telephone: 206/623-1900 • Fax: 206/623-3384

Dated: May 17, 2021

Respectfully Submitted,

KELLER ROHRBACK L.L.P.

By: *s/ Juli E. Farris*
    Juli E. Farris
    Derek Loeser
    1201 Third Avenue, Suite 3200
    Seattle, WA  98101-3052
    Telephone: (206) 623-1900
    Facsimile: (206) 623-3384
    jfarris@kellerrohrback.com
    dloeser@kellerrohrback.com

*Local Counsel for [Proposed] Lead Plaintiffs*

Tricia L. McCormick
Juan Carlos Sanchez
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
triciam@rgrdlaw.com
jsanchez@rgrdlaw.com

*[Proposed] Lead Counsel for [Proposed] Lead Plaintiffs*