The Honorable Benjamin H. Settle

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

| | |
|---|---|
| ANGELA LEWIS, Individually and on Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>   v.<br><br>CYTODYN, INC., NADER Z. POURHASSAN, and MICHAEL MULHOLLAND,<br><br>              Defendants. | No. 3:21-cv-05190-BHS<br><br>**MOTION OF BRIAN JOE COURTER AND COURTER AND SONS LLC FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**<br><br>NOTE ON MOTION CALENDAR: June 11, 2021<br><br>ORAL ARGUMENT REQUESTED |
| JAMEY CHRIS GOODWIN, Individually and on Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>   v.<br><br>CYTODYN, INC., NADER Z. POURHASSAN, and MICHAEL MULHOLLAND,<br><br>              Defendants. | No. 3:21-cv-05260-MLP |

MOTION OF BRIAN JOE COURTER AND COURTER AND SONS LLC FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS. 3:21-CV-05190-BHS, ET AL.

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...................................................................................................1

II.     FACTUAL BACKGROUND.................................................................................3

III.    ARGUMENT.........................................................................................................5

        A.      The Related Actions Should Be Consolidated........................................5

        B.      Courter Is the Most Adequate Plaintiff ..................................................6

               1.      Courter's Motion Is Timely ........................................................7

               2.      Courter Has the Largest Financial Interest in the Relief
                       Sought by the Class......................................................................7

               3.      Courter Satisfies the Relevant Requirements of Rule 23............8

                      a.      Courter Is Typical ...............................................................8

                      b.      Courter Is Adequate ...........................................................9

        C.      Courter's Selection of Counsel Should Be Approved ...........................10

IV.     CONCLUSION....................................................................................................11

MOTION OF BRIAN JOE COURTER AND COURTER
AND SONS LLC FOR CONSOLIDATION OF RELATED
ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND
APPROVAL OF SELECTION OF COUNSEL
CASE NOS. 3:21-CV-05190-BHS, *ET AL*.

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arciaga v. Barrett Business Services, Inc.*,
    Nos. C14-5884 BHS, *et al.*,
    2015 WL 791768 (W.D. Wash. Feb. 25, 2015) ...................................................... 5-6, 8, 9, 10

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ....................................................................................... *passim*

*In re Cohen v. United States District Court for the Northern District of
    California*,
    586 F.3d 703 (9th Cir. 2009) ....................................................................................................10

*Frias v. Dendreon Corp.*,
    835 F. Supp. 2d 1067 (W.D. Wash. 2011) ............................................................................8, 9

**Statutes**

15 U.S.C. § 78u-4(a) ....................................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 23(a) ....................................................................................................................8, 9

MOTION OF BRIAN JOE COURTER AND COURTER
AND SONS LLC FOR CONSOLIDATION OF RELATED
ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND
APPROVAL OF SELECTION OF COUNSEL
CASE NOS. 3:21-CV-05190-BHS, *ET AL.*

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

ii

Brian Joe Courter and Courter and Sons LLC (collectively, "Courter") respectfully move this Court for entry of an Order: (1) consolidating the above-captioned actions (the "Related Actions") pursuant to Federal Rule of Civil Procedure 42(a) ("Rule 42(a)"); (2) appointing Courter as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); (3) approving Courter's selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as Lead Counsel for the class and Byrnes Keller Cromwell LLP ("Byrnes Keller") as Liaison Counsel for the class; and (4) any such further relief as the Court may deem just and proper.[1]

This Motion is made on the grounds that Courter timely filed this motion and is the "most adequate plaintiff" pursuant to the PSLRA. Specifically, Courter has the largest financial interest in the relief sought by the class, and meets the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), as Courter's claims are typical of the claims of the class and Courter will fairly and adequately represent the interests of the class. Moreover, Courter has selected and retained Kessler Topaz, a law firm with substantial experience in prosecuting securities class actions, to serve as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## I.    INTRODUCTION

The Related Actions are two securities class lawsuits similarly brought under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), against CytoDyn Inc. ("CytoDyn" or the "Company") and certain of the Company's executive officers (collectively, "Defendants"). The Related Actions assert claims on behalf of a proposed class of all persons or

---

[1] This Motion has been filed under Section 21D(a)(3)(A) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the PSLRA. Section 21D(a)(3)(A) of the Exchange Act provides that within sixty days after publication of the required notice, any member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the underlying action. Consequently, counsel for Courter has no way of knowing who the competing lead plaintiff candidates are, if any, at this time. As a result, counsel for Courter is unable to confer with opposing counsel as prescribed in Local Civil Rule 42(b), and respectfully requests that the conference requirements of Local Civil Rule 42(b) be waived for this Motion.

| | |
|---|---|
| MOTION OF BRIAN JOE COURTER AND COURTER AND SONS LLC FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL CASE NOS. 3:21-CV-05190-BHS, *ET AL*. | BYRNES KELLER CROMWELL LLP 1000 Second Avenue, 38th Floor Seattle, Washington 98104 (206) 622-2000 |

entities who purchased or otherwise acquired CytoDyn common stock between March 27, 2020, and March 9, 2021, inclusive (the "Class Period"). As detailed below, the Related Actions involve common issues of law and fact and should be consolidated pursuant to Rule 42(a). *See* Section III.A., *infra*.

After consolidation, the PSLRA allows any member of the purported class to move for appointment as lead plaintiff and sets forth the process for determining which movant is the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(A)-(B); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). Under the PSLRA, the Court must appoint as lead plaintiff the movant who: (1) makes a timely motion under the PSLRA's sixty-day deadline; (2) asserts the largest financial interest in the litigation; and (3) otherwise satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Courter respectfully submits that it is the presumptive "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff. Courter's Motion is timely and its losses of approximately $489,007 on a last-in, first-out ("LIFO") basis in connection with its transactions in CytoDyn common stock during the Class Period represent the largest known financial interest in the relief sought by the class. *See* Declaration of Bradley S. Keller ("Keller Decl."), Exs. A-B. In addition to asserting the largest financial interest, Courter easily satisfies the relevant requirements of Rule 23 because its claims are typical of all members of the class and because it will fairly and adequately represent the class. Further, as set forth in the Declaration of Brian Joe Courter, Courter fully understands the Lead Plaintiff's obligations to the class under the PSLRA, and is willing and able to undertake those responsibilities to guarantee vigorous prosecution of this litigation. *See* Keller Decl., Ex. C.

Lastly, Courter has retained experienced and competent counsel to represent the class. As the "most adequate plaintiff" under the PSLRA, Courter's selection of Kessler Topaz as Lead Counsel and Byrnes Keller as Liaison Counsel for the class should be approved. *See* 15 U.S.C. §

| MOTION OF BRIAN JOE COURTER AND COURTER AND SONS LLC FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL CASE NOS. 3:21-CV-05190-BHS, *ET AL.* | BYRNES KELLER CROMWELL LLP 1000 Second Avenue, 38th Floor Seattle, Washington 98104 (206) 622-2000 |
|---|---|

2

78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff") (citations omitted).

## II.     FACTUAL BACKGROUND

CytoDyn, a Delaware corporation with principal executive offices in Vancouver, Washington, is a biotechnology company focused on the development of leronlimab, a drug intended for a variety of indications, including the treatment of HIV.  As relevant here, since the onset of the COVID-19 pandemic, CytoDyn has touted leronlimab as a treatment for COVID-19.

The Related Actions allege that, throughout the Class Period, Defendants made materially false and misleading statements and failed to disclose material adverse facts about the Company's business and operations.  Specifically, Defendants misrepresented and/or failed to disclose that: (1) CytoDyn had overstated the viability of leronlimab as a COVID-19 treatment; (2) CytoDyn had engaged in a wrongful scheme with its lender, Iliad Research and Trading, L.P. ("Iliad"), and Iliad's principal, John Fife ("Fife"), in violation of the dealer registration requirements of the federal securities laws; and (3) CytoDyn had not actually requested emergency use authorization ("EUA") from the Food and Drug Administration ("FDA") for leronlimab as a COVID-19 treatment.

Investors began to learn the truth on August 26, 2020, when *The Wall Street Journal* reported that CytoDyn was not being considered for funding through Operation Warp Speed— established to accelerate COVID-19 drug and vaccine development and manufacturing—that the Company "had only completed a preliminary qualification for being included in the initiative," and that "[t]echnical experts reviewed the submission and opted not to proceed further at this time." *The Wall Street Journal* further reported that "[t]he team responsible for reviewing the materials makes clear to companies that submissions are for informational purposes only and don't lead to funding on their own"; rather, "[c]ompanies must apply to specific grant programs to receive funding . . . which CytoDyn hasn't done at this time."  On this news, the price of Company stock

MOTION OF BRIAN JOE COURTER AND COURTER AND SONS LLC FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS. 3:21-CV-05190-BHS, *ET AL.*

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

3

declined $0.66 per share over two trading days, or more than 17%, from a close of $3.81 per share on August 25, 2020, to close at $3.15 per share on August 27, 2020.

Then, on September 3, 2020, the U.S. Securities and Exchange Commission (the "SEC") announced that it had filed a complaint (the "SEC Complaint") against Fife,—described by the SEC as a "recidivist violator of the federal securities laws" —Iliad, and certain other Fife-affiliated entities (the "SEC Defendants"). According to the press release announcing the SEC Complaint, between 2015 and 2020, the SEC Defendants had "regularly engaged in the business of purchasing convertible notes from penny stock issuers, converting those notes into shares of stock at a large discount from the market price, and selling the newly issued shares into the market at a significant profit." Despite reaping $61 million in profits from this conduct, the SEC Defendants "were not registered with the SEC as dealers, in violation of the mandatory registration provisions of the federal securities laws."

Less than two weeks later, after the market closed on September 16, 2020, Defendants revealed that—contrary to prior statements—the Company "did not submit a formal letter to FDA saying we want to get the emergency use authorization" for leronlimab as a treatment for COVID-19. Rather, Defendants had "ask[ed] [the FDA] for their opinion and they were not positive about it and their reasoning . . . made a lot of sense to us."

On March 6, 2021, CytoDyn announced certain findings from its Phase 2b/3 trial of leronlimab as a COVID-19 treatment, revealing that the primary endpoint of all-cause mortality at day 28 was "not statistically significant" in the modified intent-to-treat population; in addition, none of the Phase 3 trial's secondary endpoints approached statistical significance.

Then, on March 8, 2021, media outlets commented that CytoDyn was attempting to "squeeze positive news out of a failed Covid-19 study," highlighting how the Company had "zoomed in on a subgroup that accounted for 62 out of 384 patients enrolled in the CD12 trial and declared a survival benefit" and observing that CytoDyn was "massaging the data" by

MOTION OF BRIAN JOE COURTER AND COURTER AND SONS LLC FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL CASE NOS. 3:21-CV-05190-BHS, *ET AL.*

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

4

"conduct[ing] a post hoc 'age adjustment' analysis." After the market closed that day, the Company also disclosed an executive summary of the data from its Phase 2b/3 trial of leronlimab as a COVID-19 treatment. On this news, the price of Company stock declined $1.70 per share over two trading days, or approximately 42%, from a close of $4.05 per share on March 5, 2021, to close at $2.35 per share on March 9, 2021.

## III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under [the Exchange Act] has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Here, there are at least two related securities class actions asserting claims under the federal securities laws on behalf of investors:

| Case Caption | Date Filed | Claims/Class Period |
|---|---|---|
| *Lewis v. CytoDyn, Inc., et al.*, No. 3:21-cv-05190-BHS | March 17, 2021 | Sections 10(b) and 20(a) of the Exchange Act; March 27, 2020 through March 9, 2021 |
| *Goodwin v. CytoDyn, Inc., et al.*, No. 3:21-cv-05260-MLP | April 9, 2021 | Sections 10(b) and 20(a) of the Exchange Act; March 27, 2020 through March 9, 2021 |

Consolidation is appropriate under Rule 42(a) where the actions involve common questions of law or fact. *See Arciaga v. Barrett Bus. Servs., Inc.*, Nos. C14-5884 BHS, *et al.*, 2015 WL 791768, at *2 (W.D. Wash. Feb. 25, 2015). Here, the Related Actions assert claims under the Exchange Act against identical defendants, across identical class periods, and concerning the same conduct. Accordingly, consolidation is appropriate. *See id.* (consolidating actions that "involve[d] common factual and legal questions under the Exchange Act, including whether Defendants made

MOTION OF BRIAN JOE COURTER AND COURTER
AND SONS LLC FOR CONSOLIDATION OF RELATED
ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND
APPROVAL OF SELECTION OF COUNSEL
CASE NOS. 3:21-CV-05190-BHS, *ET AL.*

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

5

false statements and omissions and whether those actions caused the stock price to drop as alleged").

### B.    Courter Is the Most Adequate Plaintiff

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws.  15 U.S.C. § 78u-4(a)(1)-(3)(B)(i); *see also Cavanaugh*, 306 F.3d at 729 (discussing the process for selecting a lead plaintiff under the PSLRA).

First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within sixty days of the publication of the notice.  15 U.S.C. § 78u-4(a)(3)(A)(i). Within sixty days after publication of the notice, any member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  *Id*. § 78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the movant that the court determines to be most capable of adequately representing the interests of class members.  *See id*. § 78u-4(a)(3)(B)(i); *see also Cavanaugh*, 306 F.3d at 729-32.  In selecting the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under the PSLRA is the movant that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

MOTION OF BRIAN JOE COURTER AND COURTER AND SONS LLC FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL CASE NOS. 3:21-CV-05190-BHS, *ET AL*.

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

6

(cc) otherwise satisfies the requirements of Rule 23 of the Federal

Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, Courter is the "most adequate plaintiff" because it: (1) timely moved for appointment as Lead Plaintiff; (2) possesses the "largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23" for purposes of this Motion. *Id.*

### 1.    Courter's Motion Is Timely

The PSLRA allows any member of the class to move for appointment as lead plaintiff within sixty days of the publication of notice that the first action has been filed. *See id*. § 78u-4(a)(3)(A)(i)(II).  Here, in connection with the filing of the first-filed action, *Lewis v. CytoDyn, Inc., et al.*, No. 3:21-cv-05190-BHS, notice was published on March 18, 2021, in *Globe Newswire*, alerting investors to the pendency of the action and informing them of the May 17, 2021 deadline to seek appointment as Lead Plaintiff.  *See* Keller Decl., Ex. D.  Therefore, Courter's Motion is timely.

### 2.    Courter Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA presumes that the movant asserting the largest financial interest in the relief sought by the class and who otherwise satisfies the requirements of Rule 23 is the most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Cavanaugh*, 306 F.3d at 729-32.  Here, Courter suffered losses of approximately $489,007 on a LIFO basis in connection with its Class Period transactions in CytoDyn common stock.  *See* Keller Decl., Exs. A-B.  To the best of Courter's knowledge, there are no other lead plaintiff movants asserting a larger financial interest in this litigation.  Accordingly, Courter has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

MOTION OF BRIAN JOE COURTER AND COURTER
AND SONS LLC FOR CONSOLIDATION OF RELATED
ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND
APPROVAL OF SELECTION OF COUNSEL
CASE NOS. 3:21-CV-05190-BHS, *ET AL.*

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

7

### 3.    Courter Satisfies the Relevant Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure" in order to trigger the presumption of adequacy. *See id.* § 78u-4(a)(3)(B)(iii)(I)(cc); *see also Barrett*, 2015 WL 791768, at *2.

Rule 23(a) provides that a party may serve as a class representative if:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). However, at this stage of litigation, a presumptive lead plaintiff need only make "a prima facie showing of typicality and adequacy." *Cavanaugh*, 306 F.3d at 731.

### a.    Courter Is Typical

The typicality requirement is satisfied where the movant's claims "arise from the same event or course of conduct which gave rise to the claims of the class members, and are founded on the same legal theory." *Frias v. Dendreon Corp.*, 835 F. Supp. 2d 1067, 1075 (W.D. Wash. 2011) (citation omitted). Courter satisfies the typicality requirement because, just like all other proposed class members, Courter seeks recovery for the losses on its investments in CytoDyn common stock that it incurred as a result of Defendants' misrepresentations and omissions. Thus, Courter's claims arise from the same conduct as those of the other class members and Courter satisfies Rule 23's typicality requirement. *See id.*

---

MOTION OF BRIAN JOE COURTER AND COURTER
AND SONS LLC FOR CONSOLIDATION OF RELATED
ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND
APPROVAL OF SELECTION OF COUNSEL
CASE NOS. 3:21-CV-05190-BHS, *ET AL.*

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

8

### b.      Courter Is Adequate

The adequacy element of Rule 23 requires that the Lead Plaintiff "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  Thus, the adequacy element is satisfied where: "(1) the proposed lead plaintiff's interests are in common with, and not antagonistic to, those of the class; and (2) proposed lead plaintiff's counsel are qualified, experienced and generally able to conduct the litigation." *Dendreon*, 835 F. Supp. 2d at 1076 (citation omitted).

Here, Courter is adequate because its interest in aggressively pursuing claims against Defendants is aligned with the interests of other class members who were similarly harmed as a result of Defendants' false and misleading statements.  There is no antagonism or potential conflict between Courter's interests and those of the other members of the class, and Courter is fully committed to vigorously pursuing the claims on behalf of the class.  Moreover, as set forth in the Declaration of Brian Joe Courter, Courter fully understands the Lead Plaintiff's responsibilities and obligations to the class under the PSLRA, which include acting as a fiduciary for all class members, staying informed about the litigation, participating in court proceedings, depositions, settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents, and is willing and able to undertake these responsibilities to ensure the vigorous prosecution of this litigation. *See* Keller Decl., Ex. C.  Moreover, since Brian Joe Courter is the operator and co-owner of Courter and Sons LLC, *see id.*, none of the concerns expressed by the Court in *Barrett* are present with Courter's appointment. *See* 2015 WL 791768, at \*3 (rejecting movant group "composed of unrelated persons").

Further, Courter has demonstrated its adequacy through its selection of Kessler Topaz to serve as Lead Counsel for the class and Byrnes Keller as Liaison Counsel for the class.  As discussed more fully below, Kessler Topaz is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to prosecute complex

MOTION OF BRIAN JOE COURTER AND COURTER
AND SONS LLC FOR CONSOLIDATION OF RELATED
ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND
APPROVAL OF SELECTION OF COUNSEL
CASE NOS. 3:21-CV-05190-BHS, *ET AL*.

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

9

actions in an efficient, effective, and professional manner. Similarly, Byrnes Keller is well qualified to represent the class as Liaison Counsel.

### C. Courter's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel for the class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff") (citations omitted). Courts should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *See In re Cohen v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice") (citations omitted); *Barrett*, 2015 WL 791768, at *4 (finding "no reason to disturb the [lead plaintiff's] selection of . . . lead counsel").

Here, Courter has selected and retained Kessler Topaz to serve as Lead Counsel for the class. Kessler Topaz specializes in prosecuting complex class action litigation and is one of the leading law firms in its field. *See* Keller Decl., Ex. E. The firm is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors and has obtained record recoveries in those cases, including: *In re Tyco International, Ltd. Securities Litigation*, No. 02-md-1335 (PB) (D.N.H.) ($3.2 billion recovery); *In re Bank of America Corp. Securities, Derivative, & Employee Retirement Income Security Act (ERISA) Litigation*, No. 09-md-2058 (PKC) (S.D.N.Y.) ($2.425 billion recovery); *In re Wachovia Preferred Securities & Bond/Notes Litigation*, No. 09-cv-6351 (RJS) (S.D.N.Y.) ($627 million recovery); and *In re Lehman Bros. Equity/Debt Securities Litigation*, No. 08-cv-5523 (LAK) (S.D.N.Y.) ($615 million recovery). Kessler Topaz is also currently serving as lead or co-lead counsel in several high profile securities class actions across the country, including: *Sjunde AP-Fonden v. The Goldman Sachs Group, Inc.*, No. 18-cv-12084 (VSB) (S.D.N.Y.); *In re Kraft Heinz*

MOTION OF BRIAN JOE COURTER AND COURTER AND SONS LLC FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL CASE NOS. 3:21-CV-05190-BHS, *ET AL.*

BYRNES KELLER CROMWELL LLP 1000 Second Avenue, 38th Floor Seattle, Washington 98104 (206) 622-2000

10

*Securities Litigation*, No. 19-cv-1339 (RMD) (N.D. Ill.); and *Sjunde AP-Fonden v. General Electric Co.*, No. 17-cv-8457 (JMF) (S.D.N.Y.).

Kessler Topaz's commitment to zealous representation is also evident from its trial experience under the PSLRA.  Specifically, the firm obtained a rare jury verdict in the class's favor after a week-long trial held in 2014 in *In re Longtop Financial Technologies Ltd. Securities Litigation*, No. 11-cv-3658 (SAS) (S.D.N.Y.)—one of just thirteen securities class actions to reach a verdict since enactment of the PSLRA in 1995 (based on post-enactment conduct).  The firm also obtained the largest damage award in Delaware Chancery Court history following a trial before Chancellor Leo E. Strine, Jr.  *See In re S. Peru Copper Corp. S'holder Derivative Litig.*, No. 961-CS (Del. Ch.), *aff'd Ams. Mining Corp. v. Theriault*, 51 A.3d 1213, 1262-63 (Del. 2012) (affirming final judgment, with interest, of $2 billion).

Finally, Byrnes Keller has substantial experience litigating complex actions and is well qualified to represent the class as Liaison Counsel.  *See* Keller Decl., Ex. F.

Thus, the Court can be assured that the class will receive the highest caliber of legal representation should it approve Courter's selection of Kessler Topaz as Lead Counsel for the class and Byrnes Keller as Liaison Counsel for the class.

## IV.    CONCLUSION

For the reasons set forth above, Courter respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint Courter as Lead Plaintiff; (3) approve Courter's selection of Kessler Topaz as Lead Counsel for the class and Byrnes Keller as Liaison Counsel for the class; and (4) grant such other relief as the Court may deem just and proper.

| MOTION OF BRIAN JOE COURTER AND COURTER AND SONS LLC FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL CASE NOS. 3:21-CV-05190-BHS, *ET AL.* | BYRNES KELLER CROMWELL LLP 1000 Second Avenue, 38th Floor Seattle, Washington 98104 (206) 622-2000 |

Dated: May 17, 2021

Respectfully submitted,

**BYRNES KELLER CROMWELL LLP**

By: *s/ Bradley S. Keller*

Bradley S. Keller, WSBA #10665
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
Telephone: (206) 622-2000
Facsimile: (206), 622-2522
Email: bkeller@byrneskeller.com

*Proposed Liaison Counsel for the Class*

**KESSLER TOPAZ
  MELTZER & CHECK, LLP**
NAUMON A. AMJED
RYAN T. DEGNAN
KARISSA J. SAUDER
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
Emails: namjed@ktmc.com
         rdegnan@ktmc.com
         ksauder@ktmc.com

*Attorneys for Brian Joe Courter and Courter and Sons LLC, and Proposed Lead Counsel for the Class*

---

MOTION OF BRIAN JOE COURTER AND COURTER
AND SONS LLC FOR CONSOLIDATION OF RELATED
ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND
APPROVAL OF SELECTION OF COUNSEL
CASE NOS. 3:21-CV-05190-BHS, *ET AL*.

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

12

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on the 17th day of May, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel on record in the matter.

/s/ Bradley S. Keller
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA  98104
Telephone:  (206) 622-2000
Facsimile:  (206) 622-2522
bkeller@byrneskeller.com

MOTION OF BRIAN JOE COURTER AND COURTER AND SONS LLC FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS. 3:21-CV-05190-BHS, *ET AL.*

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

13