The Honorable Benjamin H. Settle

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

| | |
|---|---|
| ANGELA LEWIS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CYTODYN, INC., NADER Z. POURHASSAN, and MICHAEL MULHOLLAND,<br><br>Defendants. | No. 3:21-cv-05190-BHS<br><br>**MEMORANDUM IN FURTHER SUPPORT OF THE MOTION OF BRIAN JOE COURTER AND COURTER AND SONS LLC FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS**<br><br>NOTED ON MOTION CALENDAR: June 11, 2021<br><br>COMPETING RELATED MOTIONS NOTED ON MOTION CALENDAR: June 4, 2021<br><br>ORAL ARGUMENT REQUESTED |
| JAMEY CHRIS GOODWIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CYTODYN, INC., NADER Z. POURHASSAN, and MICHAEL MULHOLLAND,<br><br>Defendants. | No. 3:21-cv-05260-MLP |

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ....................................................................................................................1

II.   ARGUMENT .........................................................................................................................3

    A.    The Related Actions Should Be Consolidated............................................................3

    B.    Courter Should Be Appointed Lead Plaintiff............................................................4

        1.    Courter Has the Largest Financial Interest ...................................................4

        2.    Courter Satisfies the Relevant Requirements of Rule 23.............................5

    C.    Courter's Selection of Counsel Should Be Approved ...............................................7

    D.    The Competing Motions Should Be Denied..............................................................7

III.  CONCLUSION......................................................................................................................7

---

MEMORANDUM IN FURTHER SUPPORT OF THE MOTION
OF BRIAN JOE COURTER AND COURTER AND SONS LLC
CASE NOS. 3:21-CV-05190-BHS, *ET AL.*

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Arciaga v. Barrett Business Services*, *Inc.*,
  Nos. C14-5884 BHS, *et al.*,
  2015 WL 791768 (W.D. Wash. Feb. 25, 2015) ................................................................ 3-4, 5

*Bo Young Cha v. Kinross Gold Corp.*,
  No. 12 Civ. 1203(PAE),
  2012 WL 2025850 (S.D.N.Y. May 31, 2012) ................................................................... 2, 4-5

*In re Cavanaugh v. United States District Court for the Northern District of
  California*,
  306 F.3d 726 (9th Cir. 2002) ......................................................................................... *passim*

*In re Cohen v. United States District Court for the Northern District of
  California*,
  586 F.3d 703 (9th Cir. 2009) ...............................................................................................3, 7

*Frias v. Dendreon Corp.*,
  835 F. Supp. 2d 1067 (W.D. Wash. 2011) ...........................................................................6

*Knox v. Yingli Green Energy Holding Co.*
  136 F. Supp. 3d 1159 (C.D. Cal. 2015) ...............................................................................4

*Nicolow v. Hewlett Packard Co.*,
  Nos. 12-05980 CRB,  *et al.*,
  2013 WL 792642 (N.D. Cal. Mar. 4, 2013)...................................................................2, 4, 6

**Statutes**

15 U.S.C. § 78u-4(a) ..................................................................................................... *passim*

MEMORANDUM IN FURTHER SUPPORT OF THE MOTION
OF BRIAN JOE COURTER AND COURTER AND SONS LLC
CASE NOS. 3:21-CV-05190-BHS, *ET AL.*

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

ii

Brian Joe Courter and Courter and Sons LLC (collectively, "Courter") respectfully submit this memorandum in further support of Courter's motion (ECF No. 26) and in opposition to the competing motions.[1]

## I.   INTRODUCTION

On May 17, 2021, Courter filed a timely motion under the PSLRA for an Order: (1) consolidating the above-captioned Related Actions; (2) appointing Courter as Lead Plaintiff; (3) approving Courter's selection of Kessler Topaz as Lead Counsel for the class and Byrnes Keller as Liaison Counsel for the class; and (4) granting any such further relief as the Court may deem just and proper.

In addition to Courter's motion, motions seeking appointment as Lead Plaintiff were also filed by: (1) Kenneth Kirschenbaum and Candra Evans (the "Kirschenbaum-Evans Group") (ECF No. 17); (2) Dr. Smila Kodali (ECF No. 22); (3) Dr. Charles Huang (ECF No. 14); (4) Michael O'Donnell (ECF No. 19); (5) Ho "Matt" Chun (ECF No. 21); and (6) Angela Lewis (ECF No. 12). The Kirschenbaum-Evans Group, Dr. Charles Huang, Michael O'Donnell, and Ho "Matt" Chun have subsequently withdrawn their respective motions or filed notices of non-opposition. *See* ECF Nos. 44, 43, 41 & 42.

A straightforward application of the PSLRA provides that the "most adequate plaintiff"—the plaintiff entitled to appointment as lead plaintiff—is the movant asserting the largest financial interest that also makes a *prima facie* showing of typicality and adequacy. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 306 F.3d 726, 729-30 (9th Cir. 2002) (discussing the process for selecting a lead plaintiff under the PSLRA).  Here, Courter is the presumptive Lead Plaintiff under the analysis required by the PSLRA and the Ninth Circuit.

---

[1]   Unless otherwise noted, all references to "ECF No. __" are to docket entries in the first-filed *Lewis* action.  All capitalized terms are defined in Courter's motion, unless otherwise indicated.  *See* ECF No. 26.

MEMORANDUM IN FURTHER SUPPORT OF THE MOTION OF BRIAN JOE COURTER AND COURTER AND SONS LLC CASE NOS. 3:21-CV-05190-BHS, *ET AL.*

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

1

*First*, as detailed below, Courter has the "largest financial interest" in this litigation:

| Movant | Claimed LIFO Losses[2] |
|---|---|
| **Courter** | **$489,007** |
| ~~Kirschenbaum-Evans Group~~ | ~~$453,596~~ |
| *[Kirschenbaum only]* | *$240,929* |
| *[Evans only]* | *$212,667* |
| Dr. Smila Kodali | $259,929 |
| ~~Dr. Charles Huang~~ | ~~$247,894~~ |
| ~~Michael O'Donnell~~ | ~~$99,302~~ |
| ~~Ho "Matt" Chun~~ | ~~$27,505~~ |
| Angela Lewis | $156 |

*Second*, in addition to asserting the dominant financial interest, Courter satisfies the typicality and adequacy requirements of Rule 23 and is perfectly situated to represent all class members.  Indeed, as set forth in the Declaration of Brian Joe Courter, Courter fully understands the Lead Plaintiff's responsibilities and obligations to the class under the PSLRA, which include acting as a fiduciary for all class members, staying informed about the litigation, participating in court proceedings, depositions, settlement mediations, and hearings as needed, and communicating regularly with counsel, including reviewing and authorizing the filing of important litigation

---

[2]    LIFO is the preferred and most-widely-accepted methodology for calculating movants' losses.  *See Bo Young Cha v. Kinross Gold Corp.*, No. 12 Civ. 1203(PAE), 2012 WL 2025850, at *3 (S.D.N.Y. May 31, 2012) (observing that "the overwhelming trend . . . nationwide has been to use LIFO") (citations omitted); *Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB, *et al.*, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) ("The weight of authority puts the most emphasis on the competing movants' estimated losses, using a last in, first out (LIFO) methodology.") (internal quotation marks and citations omitted).  The movants' LIFO losses are taken from their respective filings.

MEMORANDUM IN FURTHER SUPPORT OF THE MOTION
OF BRIAN JOE COURTER AND COURTER AND SONS LLC
CASE NOS. 3:21-CV-05190-BHS, *ET AL*.

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

2

documents.  *See* ECF No. 27, Ex. C.  Courter is willing and able to undertake these responsibilities to ensure the vigorous prosecution of this litigation.  *See id.*

*Third*, because there is no "proof" to rebut Courter's presumptive status as the most adequate plaintiff under the PSLRA, Courter is entitled to appointment as Lead Plaintiff and the competing motions must be denied.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (requiring "proof" to rebut presumption); *Cavanaugh*, 306 F.3d at 741 ("[B]y statute, the presumption of most adequate plaintiff may be overcome only upon proof that the presumptively most adequate plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'") (citation omitted).

*Fourth*, Courter has selected Kessler Topaz as Lead Counsel.  Kessler Topaz is a nationally recognized securities class action litigation firm that has recovered billions of dollars in damages for injured shareholders.  Thus, Kessler Topaz is highly qualified to prosecute this case and should be appointed Lead Counsel for the class.  *See In re Cohen v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 586 F.3d 703, 709 (9th Cir. 2009) ("The statute expressly provides that lead plaintiff has the power to select lead counsel . . . .") (citations omitted).  Byrnes Keller is similarly well-qualified to serve as Liaison Counsel for the class.

Accordingly, Courter respectfully requests that the Court grant its motion it its entirety and deny the competing motions.

## II.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

All movants agree that consolidation of the above-captioned actions is appropriate. Accordingly, the above-captioned Related Actions, which present identical factual and legal issues arising out of the same alleged course of misconduct and involve the purchase of CytoDyn common stock, during identical class periods, at artificially inflated prices, should be consolidated pursuant to Rule 42(a).  *See Arciaga v. Barrett Bus. Servs.*, *Inc.*, Nos. C14-5884 BHS, *et al.*, 2015 WL 791768, at *2 (W.D. Wash. Feb. 25, 2015) (Settle, J.) (consolidating actions that "involve[d]

MEMORANDUM IN FURTHER SUPPORT OF THE MOTION
OF BRIAN JOE COURTER AND COURTER AND SONS LLC
CASE NOS. 3:21-CV-05190-BHS, *ET AL.*

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

3

common factual and legal questions under the Exchange Act, including whether Defendants made false statements and omissions and whether those actions caused the stock price to drop as alleged").

### B.    Courter Should Be Appointed Lead Plaintiff

Under the PSLRA, the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23" is the presumptively most adequate plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Cavanaugh*, 306 F.3d at 729 ("While [the PSLRA] contains a number of requirements, it is neither overly complex nor ambiguous . . . .") (citation omitted).  The process is sequential and the Court must appoint the presumptively "most adequate plaintiff" unless a competing movant can provide "***proof***" that the movant will not fairly and adequately represent the class or is subject to unique defenses.   15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added); *see also Cavanaugh*, 306 F.3d at 729 n.2 (explaining that the "[PSLRA] sets up a rebuttable presumption that the plaintiff with the largest stake in the controversy will be the lead plaintiff" and requires "proof" to rebut the presumption) (citations omitted).  Because Courter is the presumptively most adequate plaintiff to represent the class and no "proof" exists that could rebut that presumption, Courter is entitled to appointment as Lead Plaintiff.

### 1.    Courter Has the Largest Financial Interest

Courts in the Ninth Circuit and across the country primarily look to the movant's asserted losses, as calculated under the LIFO methodology, when assessing financial interest under the PSLRA.  *See, e.g.*, *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) ("[C]ourts consider . . . the approximate losses suffered[] as most determinative in identifying the plaintiff with the largest financial loss.") (citations omitted); *Hewlett Packard*, 2013 WL 792642, at *4 ("The weight of authority puts the most emphasis on the competing movants' estimated losses, using a last in, first out (LIFO) methodology.") (internal quotation marks and citations omitted); *Kinross Gold*, 2012 WL 2025850, at *3("[T]he overwhelming trend . . .

MEMORANDUM IN FURTHER SUPPORT OF THE MOTION OF BRIAN JOE COURTER AND COURTER AND SONS LLC CASE NOS. 3:21-CV-05190-BHS, *ET AL*.

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

4

nationwide has been to use LIFO to calculate such losses.") (citations omitted). Consistent with the prevailing view, each of the movants acknowledge that "courts in this Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA," ECF No. 17 at 7, or have equated loss with "financial interest."[3]

Based on the movants' respective submissions to the Court, it is clear that Courter suffered the largest loss in connection with its Class Period transactions in CytoDyn common stock, and thus, possesses the largest financial interest of any movant before the Court:



### 2. Courter Satisfies the Relevant Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the class, Courter also satisfies the applicable requirements of Rule 23—adequacy and typicality. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *Barrett*, 2015 WL 791768, at *2.

As demonstrated in its opening brief, Courter's claims are typical of the class's claims. *See generally* ECF No. 26. Like all other class members, Courter: (1) purchased CytoDyn common

---

[3] *See e.g.*, ECF No. 22 at 6 (equating loss with financial interest); ECF No. 14 at 9 (same); ECF No. 20-3 (providing loss chart); ECF No. 21 at 5 (referencing movant's losses and noting total shares purchased); ECF No. 12 at 5 (same).

MEMORANDUM IN FURTHER SUPPORT OF THE MOTION OF BRIAN JOE COURTER AND COURTER AND SONS LLC CASE NOS. 3:21-CV-05190-BHS, *ET AL.*

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

5

stock during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) was damaged thereby. *See, e.g.*, *Frias v. Dendreon Corp.*, 835 F. Supp. 2d 1067, 1075 (W.D. Wash. 2011) (explaining that a movant's claims are typical where they "arise from the same event or course of conduct which gave rise to the claims of the class members, and are founded on the same legal theory") (citation omitted). Courter also satisfies Rule 23's adequacy requirement because it is capable of "fairly and adequately protect[ing] the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Courter, by asserting the largest loss of any movant before the Court, has more than a sufficient interest in this case to ensure the vigorous prosecution of this litigation. Moreover, as demonstrated in the Declaration of Brian Joe Courter, ECF No. 27, Ex. C, Courter is fully committed to prosecuting this action efficiently and in the best interests of the class. Thus, Courter's interests are clearly aligned with other class members and there is no evidence of any conflicts. *See Dendreon*, 835 F. Supp. 2d at 1076 (explaining that a movant is adequate if "(1) the proposed lead plaintiff's interests are in common with, and not antagonistic to, those of the class; and (2) proposed lead plaintiff's counsel are qualified, experienced and generally able to conduct the litigation") (citation omitted).

Moreover, no "proof" exists to rebut Courter's presumptive status as the most adequate plaintiff under the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (requiring "proof" to rebut presumption); *Cavanaugh*, 306 F.3d at 741 ("by statute, the presumption of most adequate plaintiff may be overcome only upon proof that the presumptively most adequate plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class'") (citation omitted).

Because it possesses the largest financial interest in the relief sought by the class and otherwise satisfies the relevant requirements of Rule 23, Courter should be appointed as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *see also Hewlett Packard*, 2013 WL 792642, at *8 (appointing movant with largest LIFO losses).

MEMORANDUM IN FURTHER SUPPORT OF THE MOTION
OF BRIAN JOE COURTER AND COURTER AND SONS LLC
CASE NOS. 3:21-CV-05190-BHS, *ET AL.*

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

6

## C.    Courter's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Cohen*, 586 F.3d at 712 ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citations omitted). Accordingly, Courter's selection of Kessler Topaz and Byrnes Keller—firms with significant experience prosecuting complex securities class actions—as Lead Counsel and Liaison Counsel, respectively, should be approved.

## D.    The Competing Motions Should Be Denied

The remaining competing movants—Dr. Smila Kodali and Angela Lewis—each claim a smaller loss than that suffered by Courter. *See supra* Section II.B.1. This, without more, is sufficient to deny the competing motions under the PSLRA's "straightforward" lead plaintiff selection process. *See Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status[.]").

## III.    CONCLUSION

For the reasons set forth above, Courter respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint Courter as Lead Plaintiff; (3) approve Courter's selection of Kessler Topaz as Lead Counsel for the class and Byrnes Keller as Liaison Counsel for the class; and (4) grant such other relief as the Court may deem just and proper.

Dated: June 1, 2021                                    Respectfully submitted,

                                                       **BYRNES KELLER CROMWELL LLP**

                                                       By: s/ Bradley S. Keller
                                                       Bradley S. Keller, WSBA #10665
                                                       1000 Second Avenue, 38th Floor
                                                       Seattle, Washington 98104
                                                       Telephone: (206) 622-2000
                                                       Facsimile: (206), 622-2522
                                                       Email: bkeller@byrneskeller.com

MEMORANDUM IN FURTHER SUPPORT OF THE MOTION          BYRNES KELLER CROMWELL LLP
OF BRIAN JOE COURTER AND COURTER AND SONS LLC        1000 Second Avenue, 38th Floor
CASE NOS. 3:21-CV-05190-BHS, *ET AL.*                Seattle, Washington 98104
                                                     (206) 622-2000

7

*Proposed Liaison Counsel for the Class*

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
NAUMON A. AMJED (*Pro Hac Vice*)
RYAN T. DEGNAN (*Pro Hac Vice*)
KARISSA J. SAUDER (*Pro Hac Vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
Emails: namjed@ktmc.com
        rdegnan@ktmc.com
        ksauder@ktmc.com

*Attorneys for Brian Joe Courter and Courter and Sons LLC, and Proposed Lead Counsel for the Class*

MEMORANDUM IN FURTHER SUPPORT OF THE MOTION OF BRIAN JOE COURTER AND COURTER AND SONS LLC CASE NOS. 3:21-CV-05190-BHS, *ET AL.*

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

8

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that on the 1st day of June, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel on record in the matter.

/s/ Bradley S. Keller
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA  98104
Telephone:  (206) 622-2000
Facsimile:  (206) 622-2522
bkeller@byrneskeller.com

MEMORANDUM IN FURTHER SUPPORT OF THE MOTION OF BRIAN JOE COURTER AND COURTER AND SONS LLC CASE NOS. 3:21-CV-05190-BHS, *ET AL.*

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

9