The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANGELA LEWIS, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>       v.<br><br>CYTODYN, INC., NADER Z. POURHASSAN, and MICHAEL MULHOLLAND,<br><br>                    Defendants. | No. 3:21-cv-05190-BHS<br><br>**REPLY IN FURTHER SUPPORT OF THE MOTION OF BRIAN JOE COURTER AND COURTER AND SONS LLC FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS**<br><br>NOTED ON MOTION CALENDAR: June 11, 2021<br><br>COMPETING RELATED MOTIONS NOTED ON MOTION CALENDAR: June 4, 2021<br><br>ORAL ARGUMENT REQUESTED |
| JAMEY CHRIS GOODWIN, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>       v.<br><br>CYTODYN, INC., NADER Z. POURHASSAN, and MICHAEL MULHOLLAND,<br><br>                    Defendants. | No. 3:21-cv-05260-MLP |

REPLY IN FURTHER SUPPORT OF THE MOTION
OF BRIAN JOE COURTER AND COURTER AND SONS LLC
CASE NOS. 3:21-CV-05190-BHS, *ET AL.*

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

## TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ......................................................................................................1

II.  COURTER POSSESSES THE LARGEST FINANCIAL INTEREST...............................2

III. DR. KODALI CONFLATES "NET SELLERS" WITH "NET GAINERS" .....................5

IV.  CONCLUSION.......................................................................................................6

REPLY IN FURTHER SUPPORT OF THE MOTION
OF BRIAN JOE COURTER AND COURTER AND SONS LLC
CASE NOS. 3:21-CV-05190-BHS, *ET AL.*

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

i

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Born v. Quad/Graphics, Inc.*,
2020 WL 994427 (S.D.N.Y. Mar. 2, 2020) ...............................................................................5

*In re Cardinal Health, Inc. Securities Litigation*,
226 F.R.D. 298 (S.D. Ohio 2005) .............................................................................................5

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ....................................................................................................1

*In re Coinstar Inc. Securities Litigation*,
2011 WL 13233156 (W.D. Wash. Apr. 19, 2011) ..................................................................2, 6

*In re Comdisco Securities Litigation*,
150 F. Supp. 2d 943 (N.D. Ill. 2001) ......................................................................................5

*Deering v. Galena Biopharma, Inc.*,
2014 WL 4954398 (D. Or. Oct. 3, 2014) .................................................................................5

*Ellenburg v. JA Solar Holdings Co.*,
262 F.R.D. 262 (S.D.N.Y. 2009) .............................................................................................3

*In re eSpeed, Inc. Securities Litigation*,
232 F.R.D. 95 (S.D.N.Y. 2005) ...............................................................................................2

*Foley v. Transocean Ltd.*,
272 F.R.D. 126 (S.D.N.Y. 2011) ..................................................................................... *passim*

*Frank v. Dana Corp.*,
237 F.R.D. 171 (N.D. Ohio 2006) ...........................................................................................5

*Glavan v. Revolution Lighting Technologies., Inc.*,
2019 WL 3406582 (S.D.N.Y. July 29, 2019) .........................................................................3

*Hodges v. Immersion Corp.*,
2009 WL 5125917 (N.D. Cal. Dec. 21, 2009) ............................................................... 5, 5-6

*Malriat v. QuantumScape Corp.*,
2021 WL 1550454 (N.D. Cal. Apr. 20, 2021) ......................................................................2, 4

*In re McKesson HBOC, Inc. Securities Litigation*,
97 F. Supp. 2d 993 (N.D. Cal. 1999) .......................................................................................5

REPLY IN FURTHER SUPPORT OF THE MOTION
OF BRIAN JOE COURTER AND COURTER AND SONS LLC
CASE NOS. 3:21-CV-05190-BHS, *ET AL*.

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

ii

*In re Molson Coors Brewing Co. Securities Litigation*,
  2019 WL 10301639 (D. Colo. Oct. 3, 2019) .......................................................................5

*Nicolow v. Hewlett Packard Co.*,
  2013 WL 792642 (N.D. Cal. Mar. 4, 2013)...................................................................1, 2, 4

*OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*,
  63 F. Supp. 3d 394 (D. Del. 2014).....................................................................................2

*Perlmutter v. Intuitive Surgical, Inc.*,
  2011 WL 566814 (N.D. Cal. Feb. 15, 2011) ...................................................................5, 6

*Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Systems, Inc.*,
  2004 WL 5326262 (N.D. Cal. May 27, 2004) ....................................................................5

*Richardson v. TVIA, Inc.*,
  2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) ....................................................................5

*Richman v. Goldman Sachs Grp., Inc.*,
  274 F.R.D. 473 (S.D.N.Y. 2011) ...............................................................................1, 5, 6

*In re Schering-Plough Corp. Securities Litigation*,
  2003 WL 25547564 (D.N.J. Oct. 10, 2003)........................................................................3

**Statutes**

15 U.S.C. § 78u-4(a)(2)(A)(iv) ........................................................................................4

REPLY IN FURTHER SUPPORT OF THE MOTION
OF BRIAN JOE COURTER AND COURTER AND SONS LLC
CASE NOS. 3:21-CV-05190-BHS, *ET AL.*

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

iii

Presumptive Lead Plaintiff Brian Joe Courter and Courter and Sons LLC (collectively, "Courter") respectfully submit this reply in response to the lone competing movant—Dr. Kodali.[1]

## I.    INTRODUCTION

With losses of approximately $489,007 in connection with their Class Period transactions under a last-in, first-out ("LIFO") analysis, Courter is entitled to appointment as Lead Plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 729, 741 (9th Cir. 2002) (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).  Faced with this plain truth, Dr. Kodali lobs a series of speculative arguments and attempted misdirection to falsely claim that Courter "did not suffer *any* cognizable loss" and that Courter also must be disqualified as a "net seller."  *See* ECF No. 45 at 1-2 (emphasis in original).  Neither argument is correct.  First, Courter's LIFO loss calculation is consistent with dozens upon dozens of cases that have utilized the LIFO methodology to determine a movant's financial interest *and* how *Dr. Kodali's counsel* has presented losses in other cases.  *See, e.g.*, *Nicolow v. Hewlett Packard Co.*, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) ("The weight of authority puts the most emphasis on the competing movants' estimated losses, using a last in, first out (LIFO) methodology."); Reply Declaration of Bradley S. Keller ("Reply Decl."), Exs. A & B.  In a proper LIFO analysis, "sales matched with pre-class period purchases are *not included* in the calculation of class period losses." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 129 (S.D.N.Y. 2011).  Indeed, the federal securities laws focus on gains and losses during a class period—not purchases made (perhaps decades) before the class period begins.  Second, Dr. Kodali's misdirection continues as she repeatedly conflates courts' rejection of "net gainers" (which Courter is not) with "net sellers."  *See, e.g.*, *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 479 (S.D.N.Y. 2011) ("While there is wisdom in the rule that net sellers who are *also net gainers* should not be lead plaintiffs; there is no good reason not to recognize losses which a net seller has incurred.").  In the end, Dr. Kodali's arguments are devoid of the "proof" demanded by the PSLRA

---

[1] Unless otherwise noted, all references to "ECF No. __" are to docket entries in the first-filed *Lewis* action, all emphasis is added, all internal citations and quotation marks are omitted, and all capitalized terms are defined in Courter's motion and opposition (ECF Nos. 26 & 47).

REPLY IN FURTHER SUPPORT OF THE MOTION
OF BRIAN JOE COURTER AND COURTER AND SONS LLC
CASE NOS. 3:21-CV-05190-BHS, *ET AL.*

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

1

to rebut Courter's presumptive Lead Plaintiff status.[2]

## II.   COURTER POSSESSES THE LARGEST FINANCIAL INTEREST

"Courts typically look to four factors in determining" which movant has "the largest financial interest: (1) the numbers of shares of the subject securities purchased, (2) the number of net shares purchased, (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs." *In re Coinstar Inc. Sec. Litig.*, 2011 WL 13233156, at *2 (W.D. Wash. Apr. 19, 2011).  However, "[n]ot all factors are created equal: the weight of authority puts the most emphasis on the competing movants' estimated losses, ***using a [LIFO] methodology***." *Malriat v. QuantumScape Corp.*, 2021 WL 1550454, at *3 (N.D. Cal. Apr. 20, 2021); *see also Hewlett Packard*, 2013 WL 792642, at *4 (same); *Coinstar*, 2011 WL 13233156, at *2 (appointing movant with largest LIFO losses); ECF No. 45 at 3 (Dr. Kodali's opposition brief citing *Hewlett Packard* and *Coinstar* for the proposition that losses are the most important factor but, curiously, omitting language referencing LIFO as the preferred method).

The LIFO methodology is simple: it "matches the last purchases made ***during the class period*** with the first sales made ***during the class period***." *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *see also Transocean*, 272 F.R.D. at 129 (explaining LIFO).  Since LIFO focuses on ***class period*** transactions, "sales matched with pre-class period purchases are ***not***

---

[2] Throwing in the kitchen sink, Dr. Kodali—in a footnote—also speculates whether Mr. Courter has standing to bring claims on behalf of Courter and Sons LLC.  *See* ECF No. 45 at 5 n.2.  Despite Dr. Kodali's attempts to muddy the waters, Mr. Courter does not "seek[] to bring claims and assert losses on behalf of himself and a limited liability company."  *Id.*  Rather, as is evident from their motion and certification, Mr. Courter and Courter and Sons LLC are seeking to ***jointly*** serve as lead plaintiff and ***each*** authorized the filing of the motion.  *See* ECF No. 26 at 1 ("Brian Joe Courter ***and*** Courter and Sons LLC . . . respectfully move this Court"); ECF No. 27 at 7 ("authoriz[ing] the filing of a motion for appointment as Lead Plaintiff on behalf of ***both*** [Mr. Courter] ***and*** Courter and Sons LLC").  Unlike the case law questioning the standing of investment managers to bring claims in connection with shares owned by clients, the certification and accompanying documents establish that Courter and Sons LLC owns the stock upon which its claims are based.  *See* ECF No. 27.  Dr. Kodali's speculation—without any evidence—that Courter and Sons LLC's stock is actually owned by other persons is false and falls well short of the "actual proof" demanded by the PSLRA.  *OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 402-03 (D. Del. 2014) (explaining that challengers to movant's standing "must produce more than speculation").

REPLY IN FURTHER SUPPORT OF THE MOTION
OF BRIAN JOE COURTER AND COURTER AND SONS LLC
CASE NOS. 3:21-CV-05190-BHS, *ET AL.*

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

2

*included* in the calculation of class period losses." *Transocean*, 272 F.R.D. at 129; *see also Glavan v. Revolution Lighting Techs., Inc.*, 2019 WL 3406582, at \*4 n.7 (S.D.N.Y. July 29, 2019) ("[The movant] has excluded all gains and losses from [class period sales of stock acquired before the class period] in arriving at his [loss] figure . . . *and he was right to do so*."). Courter suffered losses ($498,007) that are nearly *double* those suffered by Dr. Kodali ($259,929) under a proper LIFO analysis. In fact, none of the five other movants—each represented by experienced securities class action counsel—have taken exception to Courter's use of LIFO.

Ignoring case law applying LIFO (and its focus on class period trading), Dr. Kodali now proposes a fringe analysis incorporating the cost basis of *pre*-class period purchases into movants' losses. *See* ECF No. 45 at 4-5.[3] Not only is this claim inconsistent with the proper application of LIFO, *see, e.g.*, *Transocean*, 272 F.R.D. at 129, it is also inconsistent with purpose of the federal securities laws, which seek to recover losses suffered in connection with *class period* purchases. *See In re Schering-Plough Corp. Sec. Litig.*, 2003 WL 25547564, at \*9 (D.N.J. Oct. 10, 2003) ("Section 10(b) claim is based on losses that resulted from *purchases* of [company] stock made *during* the Class Period [and] [a]ny capital gains made with respect to the *sale* of shares purchased *before* the Class Period are irrelevant") (emphasis in original).[4] Dr. Kodali's counsel knows how LIFO loses are properly calculated when investors—like Courter—sell pre-class period purchases during the class period. Indeed, they have previously presented losses using the very LIFO analysis Dr. Kodali now criticizes as "manipulative accounting." For example, in *In re Twitter*

---

[3] Dr. Kodali cites two non-binding, out-of-District cases in support of her alternative loss methodology. *See* ECF No. 45 at 7 (citing *Ferreira v. Funko, Inc.*, 2020 WL 3246328 (C.D. Cal. June 11 2020), and *Cambridge Ret. Sys. v. Mednax, Inc.*, 2018 WL 8804814 (S.D. Fla. Dec. 6, 2018)). These cases, in turn, rely on a third case—*Ellenburg v. JA Solar Holdings Co.*, 262 F.R.D. 262 (S.D.N.Y. 2009)—which is seemingly the first and only other lead plaintiff decision embracing this non-standard methodology. The paucity of case law supporting Dr. Kodali's loss methodology further demonstrates that it is nothing more than a lawyer-driven attempt to wrest control of this litigation from the presumptive Lead Plaintiff: Courter.

[4] Just as gains from the sale of pre-class period shares are excluded under LIFO, so too are losses. However, under Dr. Kodali's method, sales of pre-class period shares resulting in losses would *artificially* inflate a movant's financial interest. There is no justification for a radical shift in assessing a movant's financial interest. *See Revolution*, 2019 WL 3406582, at \*4 n.7.

REPLY IN FURTHER SUPPORT OF THE MOTION
OF BRIAN JOE COURTER AND COURTER AND SONS LLC
CASE NOS. 3:21-CV-05190-BHS, *ET AL.*

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

*Inc. Securities Litigation*, Dr. Kodali's counsel correctly **excluded** proceeds from the sale of pre-class period purchases sold during the class period:

| Purchase Date | Shares | Purchase Price | Cost | Sale Date | Sale Price | Proceeds | Loss/Gain |
|---|---|---|---|---|---|---|---|
| | 4,204 | pre-Class Period Holdings | | 2/12/2015 | $47.92 | n/a | n/a |
| 2/18/2015 | 4,231 | $47.90 | $202,664.90 | 2/23/2015 | $48.50 | $205,203.50 | $2,538.60 |
| 2/27/2015 | 4,217 | $48.10 | $202,837.70 | 3/9/2015 | $48.00 | $202,416.00 | ($421.70) |

Reply Decl., Ex. A. The same (proper) approach also was used by Dr. Kodali's counsel in *In re Weight Watchers International, Inc. Securities Litigation*, where counsel explicitly noted that "[u]nder the LIFO method, these class period sales would be matched against pre-Class Period holdings" but excluded gains and losses from such transactions because courts in that district "typically do[] not consider losses or gains on pre-class period holdings, holding they are not the focus when determining which movant has the 'largest financial interest.'" *Id.*, Ex. B (citing *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.*, 269 F.R.D. 291, 295 (S.D.N.Y. 2010)).[5] Counsel's "shifting" position arose "only after [Courter] came forward with larger LIFO losses." *Hewlett Packard*, 2013 WL 792642, at *4.

Dr. Kodali has provided no basis—let alone a compelling one—to deviate from the gold standard for calculating movants' losses: LIFO. *See, e.g.*, *QuantumScape*, 2021 WL 1550454, at *3.[6] Accordingly, Courter has the largest financial interest in this litigation.

---

[5] Dr. Kodali's speculation that Courter would have no losses under her alternative methodology, *see, e.g.,* ECF No. 45 at 6 (claiming that "it is a virtual certainty" that Courter generated a gain when factoring in the sale of pre-Class Period purchases), is false. When factoring in the cost-basis of Courter's pre-Class Period shares—as suggested in *Funko* and *Mednax*—Courter still has substantial losses of approximately $196,450. *See* Reply Decl., Ex. C. Dr. Kodali's claim that Courter's "counsel should have provided the cost basis for his pre-Class Period holdings in the first instance," ECF No. 45 at 8, is disingenuous. Courter and their counsel could not have anticipated that an unknown movant would make arguments based on non-binding outliers when the cost-basis of pre-class period transactions is both: (1) not required by the PSLRA's certification requirement, *see* 15 U.S.C. § 78u-4(a)(2)(A)(iv) (requiring movant to list "all of the transactions . . . **during the class period**"); and (2) irrelevant to a proper LIFO loss analysis and the three other financial interest factors frequently utilized by courts.

[6] Further solidifying Courter's dominant financial interest, Courter also purchased more total shares (330,761) and had larger net expenditures ($416,195) than Dr. Kodali (41,000 total shares and $373,470 net expenditures). *See* Reply Decl., Ex. D. Thus, Courter prevails under three of the four relevant financial interest factors (including the most important one: LIFO losses) **and** has a significant loss even under Dr. Kodali's alternative methodology. *See supra* note 5.

REPLY IN FURTHER SUPPORT OF THE MOTION
OF BRIAN JOE COURTER AND COURTER AND SONS LLC
CASE NOS. 3:21-CV-05190-BHS, *ET AL.*

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

4

## III.   DR. KODALI CONFLATES "NET SELLERS" WITH "NET GAINERS"

Dr. Kodali also misleadingly claims that Courter must be disqualified because Courter is a "net seller"—*i.e.*, sold more shares than purchased during the Class Period.  ECF No. 45 at 5-7.  Dr. Kodali provides no support for this proposition.  Courts across the country have routinely held that, "[w]hile there is wisdom in the rule that net sellers who are ***also net gainers*** should not be lead plaintiffs; there is no good reason not to recognize losses which a net seller has incurred." *Goldman Sachs*, 274 F.R.D. at 479; *see also Frank v. Dana Corp.*, 237 F.R.D. 171, 173 (N.D. Ohio 2006) ("though the [proposed class representative] may have been a net seller, it should have no trouble proving damages and, therefore, is qualified to serve as lead plaintiff").[7]  Indeed, the handful of cases cited by Dr. Kodali that purportedly disqualify "net sellers" actually disqualified movants because they were ***both*** net sellers ***and*** net gainers.[8]  As explained in *Intuitive Surgical*, the "presumption" that a "net seller arguably profits more from the fraud than suffers from it" would "appl[y] only when a net seller is ***also a net gainer***."  2011 WL 566814, at *8.[9]

---

[7] *See also, e.g.*, *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Sys., Inc.*, 2004 WL 5326262, at *3 (N.D. Cal. May 27, 2004) (rejecting net seller argument because "every time Plaintiffs purchased stock at an allegedly inflated price during the Class Period, they were arguably injured at the moment of the purchase, notwithstanding earlier or later sales"); *In re Molson Coors Brewing Co. Sec. Litig.*, 2019 WL 10301639, at *2-3 (D. Colo. Oct. 3, 2019) (appointing as lead plaintiff a net seller who was also a net loser); *Transocean*, 272 F.R.D. at 132 (same).

[8] *See In re Comdisco Sec. Litig.*, 150 F. Supp. 2d 943, 945 (N.D. Ill. 2001) (rejecting net seller who also had a "***net gain***" during class period); *Born v. Quad/Graphics, Inc.*, 2020 WL 994427, at *2 (S.D.N.Y. Mar. 2, 2020) (disqualifying movant that "sold more shares than he purchased ***and earned more in proceeds than he spent***" during class period); *Deering v. Galena Biopharma, Inc.*, 2014 WL 4954398, at *11 (D. Or. Oct. 3, 2014) ("courts around the country consistently have rejected applications for lead plaintiff made by net sellers ***and net gainers***, recognizing the difficulty of proving damages at trial"); *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 308 (S.D. Ohio 2005) ("courts usually reject these so-called ***net gainers*** as lead plaintiffs, opting instead for ***net losers***"); *Perlmutter v. Intuitive Surgical, Inc.*, 2011 WL 566814, at *8 (N.D. Cal. Feb. 15, 2011) (rejecting net seller that was also a net gainer); *In re McKesson HBOC, Inc. Sec. Litig.*, 97 F. Supp. 2d 993, 996-97 (N.D. Cal. 1999) (rejecting movant that had "***net receipts***" rather than net expenditures during class period).

[9] Dr. Kodali incorrectly claims that *Richardson v. TVIA, Inc.*, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007), and *Hodges v. Immersion Corp.*, 2009 WL 5125917 (N.D. Cal. Dec. 21, 2009), "reject[ed] net gainer[s] as lead plaintiff[s]."  ECF No. 45 at 8.  Both cases actually appointed movants that were net sellers and net gainers because the movants nevertheless asserted the largest LIFO losses.  *See TVIA*, 2007 WL 1129344, at *3-4 (appointing net seller/gainer that "ha[d] a greater financial loss than the net purchaser"); *Immersion*, 2009 WL 5125917, at *2 (appointing

---

REPLY IN FURTHER SUPPORT OF THE MOTION
OF BRIAN JOE COURTER AND COURTER AND SONS LLC
CASE NOS. 3:21-CV-05190-BHS, *ET AL.*

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

**Courter Is Not a Net Gainer**.  As the four-factor financial interest test makes clear, the "net gainer"/"net loser" analysis is predicated on "the total net funds expended by the plaintiffs during the class period."  *Coinstar*, 2011 WL 13233156, at \*2; *see also Intuitive Surgical*, 2011 WL 566814, at \*8 ("A net gainer is a party who profited from the purchase and sale of a defendant's stock *during the class period*.").  During the Class Period, Courter spent $1,868,759 purchasing shares of CytoDyn stock and received $1,452,564 in proceeds selling shares of CytoDyn stock—a net loss of $416,195.  *See* Reply Decl., Ex. D.  As noted above, Courter's net loss is greater than Dr. Kodali's net loss of $373,470 during the Class Period.[10]  Accordingly, the concerns set forth in the cases rejecting net gainers are plainly not applicable to Courter—a net loser.  *See Goldman Sachs*, 274 F.R.D. at 479 ("there is no good reason not to recognize losses which a net seller has incurred"); *Intuitive Surgical*, 2011 WL 566814, at \*8 (explaining that concerns about net sellers "appl[y] only when a net seller is *also a net gainer*").

## IV.    CONCLUSION

For the reasons set forth above, Courter respectfully requests that the Court grant their motion in its entirety and deny all competing motions.

Dated: June 4, 2021                          Respectfully submitted,

**BYRNES KELLER CROMWELL LLP**

By: *s/ Bradley S. Keller*
Bradley S. Keller, WSBA #10665
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
Telephone: (206) 622-2000

net seller/gainer that "ha[d] a higher alleged loss . . . and, consequently, has a greater financial interest").

[10] At various points in her opposition brief, Dr. Kodali conflates the "net gainer" analysis with a calculation of Courter's losses.  *See, e.g.*, ECF No. 45 at 6-7, 8 (citing "net gainer" case law but referencing Courter's loss calculation).  To be clear, a movant's losses (the fourth financial interest factor) are completely distinct from a movant's net expenditures (the second financial interest factor).  *See, e.g.*, *Intuitive Surgical*, 2011 WL 566814, at \*9 (explaining that "[t]he purpose of isolating the calculation of net sales and net gains to the Class Period . . . . is not the same as determining whether a party lost or earned money trading in a particular stock").  Here, the $560,000 in proceeds from Courter's Class Period sale of pre-Class Period stock *is* included in his net expenditures and does not alter the result—Courter is not a net gainer.

REPLY IN FURTHER SUPPORT OF THE MOTION                          BYRNES KELLER CROMWELL LLP
OF BRIAN JOE COURTER AND COURTER AND SONS LLC        1000 Second Avenue, 38th Floor
CASE NOS. 3:21-CV-05190-BHS, *ET AL.*                               Seattle, Washington 98104
                                                                                               (206) 622-2000

6

Facsimile: (206), 622-2522
Email: bkeller@byrneskeller.com

*Proposed Liaison Counsel for the Class*

**KESSLER TOPAZ
MELTZER & CHECK, LLP**
NAUMON A. AMJED (*Pro Hac Vice*)
RYAN T. DEGNAN (*Pro Hac Vice*)
KARISSA J. SAUDER (*Pro Hac Vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
Emails: namjed@ktmc.com
          rdegnan@ktmc.com
          ksauder@ktmc.com

*Attorneys for Brian Joe Courter and Courter and Sons LLC, and Proposed Lead Counsel for the Class*

REPLY IN FURTHER SUPPORT OF THE MOTION
OF BRIAN JOE COURTER AND COURTER AND SONS LLC
CASE NOS. 3:21-CV-05190-BHS, *ET AL.*

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

7

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on the 4th day of June, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel on record in the matter.

/s/ Bradley S. Keller
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA  98104
Telephone:  (206) 622-2000
Facsimile:  (206) 622-2522
bkeller@byrneskeller.com

REPLY IN FURTHER SUPPORT OF THE MOTION
OF BRIAN JOE COURTER AND COURTER AND SONS LLC
CASE NOS. 3:21-CV-05190-BHS, *ET AL.*

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

8