UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANGELA LEWIS, individually and on behalf of all others similarly situated | CASE NO. C21-5190 BHS |
| Plaintiff, | ORDER REQUESTING SURREPLY |
| v. | |
| CYTODYN, INC., | |
| Defendant. | |

This matter comes before the Court on Movant Dr. Smila Kodali's motion to consolidate actions, appoint lead plaintiff, and approve her selection of lead and liaison counsel, Dkt. 22, and Movant Brian Joe Courter and Courter and Sons LLC's (collectively "Courter") motion for consolidation of related actions, appointment as lead plaintiff, and approval of selection of counsel, Dkt. 26.

This action is a putative securities class action lawsuit against Defendant CytoDyn, Inc. and two of its executive officers, Defendants Nader Pourhassen and Michael Mulholland. Dkt. 1. The action asserts claims on behalf of a proposed class of all persons or entities who purchased or otherwise acquired CytoDyn common stock

between March 27, 2020 and March 9, 2021 (the "Class Period"). *Id.* ¶ 1. On March 18, 2021, Plaintiff Angela Lewis (the first-filed Plaintiff) published notice pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(1)–(3)(B)(i), over *Globe Newswire*, a widely circulated national business-oriented wire service. *See* Dkt. 24-4. Members of the purported class have 60 days after the date on which the notice is published to move the court to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

On May 17, 2021, motions to consolidate cases and to appoint lead plaintiff and approve selection of counsel were filed by Plaintiff Lewis, Dkt. 12, Movant Charles Huang, Dkt. 14, Movants Candra Evans and Kenneth Kirschenbaum, Dkt. 17, Movant Michael O'Donnell, Dkt. 19, Movant Ho "Matt" Chun, Dkt. 21, Movant Dr. Smila Kodali, Dkt. 22, and Movants Brian Joe Courter and Courter and Sons, LLC, Dkt. 26. Notices of non-opposition to competing lead plaintiff motions were then filed by O'Donnell, Dkt. 41, Huang, Dkt. 43, Evans and Kirschenbaum, Dkt. 44, and Chun withdrew his motion to appoint, Dkt. 42. Lewis did not file a response or a notice of non-opposition.[1]

Thus, the remaining two movants for lead plaintiff are Kodali and Courter. On June 1, 2021, both Kodali and Courter responded to the other Movants' motions. Dkts.

---

[1] "Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rules, W.D. Wash. LCR 7(b)(2). The Court construes Lewis's failure to respond as an admission that she does not oppose the Court's appointment of Kodali or Courter as lead plaintiff.

45, 47. On June 4, 2021, Kodali and Courter replied to the others' responses. Dkts. 50, 51. On June 9, 2021, Kodali filed a surreply, requesting that the Court strike footnote 6 of Courter's reply brief and Exhibit D to the Reply Declaration of Bradley S. Keller. Dkt. 54. Kodali and Courter contest who suffered the greater loss and therefore has the largest financial interest in the relief sought by the class.

Kodali argues for the first time in reply that the Courter's losses do not comply with *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005).[2] She asserts that Courter's losses are incalculable as required by *Dura* because Courter's losses were incurred prior to the disclosures about the alleged misrepresentations.

Courter has not had the opportunity to respond to this new argument, and the Court therefore requests a surreply from Courter as to whether his losses are proximately caused by CytoDyn's misrepresentations as required by *Dura*. Courter shall file a surreply no later than **July 30, 2021**, and the surreply shall be no longer than five pages. The Clerk shall renote the pending motions to consolidate actions, appoint lead plaintiff, and approve selection of lead and liaison for the Court's July 30, 2021 calendar.

**IT IS SO ORDERD.**

Dated this 22nd day of July, 2021.

BENJAMIN H. SETTLE
United States District Judge

---

[2] Kodali cites *Dura* in passing in her response, *see* Dkt. 45 at 3–4, but does not make the explicit arguments that Courter's losses are not *Dura*-compliant.