The Honorable Benjamin H. Settle

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

| | |
|---|---|
| ANGELA LEWIS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CYTODYN, INC., NADER Z. POURHASSAN, and MICHAEL MULHOLLAND,<br><br>Defendants. | No. 3:21-cv-05190-BHS<br><br>**SURREPLY DECLARATION OF BRADLEY S. KELLER** |

SURREPLY DECLARATION OF BRADLEY S. KELLER

CASE NO. 3:21-CV-05190-BHS

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

I, Bradley S. Keller, declare as follows:

1.    I am a member in good standing of the bar of the State of Washington and of this Court.  I am a partner at the law firm Byrnes Keller Cromwell LLP.  I submit this Surreply Declaration in support of the motion filed by Brian Joe Courter and Courter and Sons LLC (collectively, "Courter") for consolidation of related actions, appointment as Lead Plaintiff, and approval of the selection of Kessler Topaz Meltzer & Check, LLP to serve as Lead Counsel for the class and Byrnes Keller Cromwell LLP to serve as Liaison Counsel for the class.  Unless otherwise indicated, I have personal knowledge of the facts stated in this Declaration, and if called upon to do so, could and would competently testify thereto.

2.    Attached hereto are true and correct copies of the following exhibits:

Exhibit A:    Settlement Notice in *In re Barrett Business Services Securities Litigation*, No. 14-cv-5884-BHS (W.D. Wash.);

Exhibit B:    Declaration of Kenneth N. Kotz;

Exhibit C:    Loss chart submitted by Kahn Swick & Foti, LLC in *In re PG&E Corp. Securities Litigation*, No. 18-cv-3509 (N.D. Cal. filed Aug. 13, 2018), ECF No. 26-2;

Exhibit D:    Loss chart submitted by Kahn Swick & Foti, LLC in *Vigorito v. Health Insurance Innovations, Inc.*, No. 17-cv-6962 (S.D.N.Y. filed Nov. 13, 2017), ECF No. 12-2;

Exhibit E:    Loss chart submitted by Kahn Swick & Foti, LLC in *Shanawaz v. Intellipharmaceutics Int'l Inc.*, No. 17-cv-5761 (S.D.N.Y. filed Sept. 29, 2017), ECF No. 17-2; and

Exhibit F:    Loss chart submitted by Kahn Swick & Foti, LLC in *Nguyen v. NewLink Genetics Corp.*, No. 16-cv-3545 (S.D.N.Y. filed July 11, 2016), ECF No. 19-2.

SURREPLY DECLARATION OF BRADLEY S. KELLER

CASE NO. 3:21-CV-05190-BHS

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

1

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

DATED this 30th day of July 2021, at Seattle, Washington.

By: *s/ Bradley S. Keller*
Bradley S. Keller, WSBA #10665
**BYRNES KELLER CROMWELL** LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
Telephone: (206) 622-2000
Facsimile: (206), 622-2522
Email: bkeller@byrneskeller.com

SURREPLY DECLARATION OF BRADLEY S. KELLER

CASE NO. 3:21-CV-05190-BHS

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

2

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on the 30th day of July, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel on record in the matter.

/s/ Bradley S. Keller
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA  98104
Telephone:  (206) 622-2000
Facsimile:  (206) 622-2522
bkeller@byrneskeller.com

SURREPLY DECLARATION OF BRADLEY S. KELLER

CASE NO. 3:21-CV-05190-BHS

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IN RE BARRETT BUSINESS SERVICES SECURITIES LITIGATION<br><br>This Document Relates To:<br><br><br><br>ALL ACTIONS. | Case No. 14-cv-5884-BHS<br><br>**CLASS ACTION** |

### NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Western District of Washington (the "Court"), if, during the period between February 12, 2013, and March 9, 2016, inclusive (the "Settlement Class Period"), you purchased or otherwise acquired Barrett common stock, and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiff Painters & Allied Trades District Council No. 35 Pension and Annuity Funds ("Lead Plaintiff" or "Painters Funds"), and named plaintiff Bakers Local No. 433 Pension Fund (together with Lead Plaintiff, "Plaintiffs'"), on behalf of themselves and the Settlement Class (as defined in ¶24 below), have reached a proposed settlement of the Action for $12 million in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Barrett, any other Defendants in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶82 below).**

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement (the "Stipulation"), which is available at www.BarrettSecuritiesSettlement.com.

QUESTIONS? CALL TOLL-FREE (866) 224-5076 OR VISIT WWW.BARRETTSECURITIESSETTLEMENT.COM

1

1.     **Description of the Action and the Settlement Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendant Barrett Business Services, Inc. ("Barrett"), and defendants Michael L. Elich ("Elich") and James D. Miller ("Miller") (collectively, the "Defendants")[2] violated the federal securities laws by making false and misleading statements regarding Barrett. A more detailed description of the Action is set forth in ¶¶11-23 below.  The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in ¶24 below.

2.     **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $12 million in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.  The proposed plan of allocation (the "Plan of Allocation") is set forth in ¶¶50-66 below.

3.     **Estimate of Average Amount of Recovery Per Share:**  Based on Plaintiffs' damages expert's estimates of the number of Barrett common stock purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per damaged common stock share is $1.27.  Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate.  Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Barrett common stock, and the total number of valid Claim Forms submitted.  Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* ¶¶50-66 below) or such other plan of allocation as may be ordered by the Court.

4.     **Average Amount of Damages Per Share:**  The Parties do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to prevail in the Action.  Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of Defendants' conduct.

5.     **Attorneys' Fees and Expenses Sought:**  Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action.  Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 22% of the Settlement Fund.  In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred by Plaintiffs' Counsel in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $400,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.  The estimate of the average cost per damaged share of Barrett common stock, if the Court approves Lead Counsel's fee and expense application, is $0.33 per damaged share.

6.     **Identification of Attorneys' Representatives:**  Plaintiffs and the Settlement Class are represented by Timothy A. DeLange, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 12481 High Bluff Drive, Suite 300, San Diego, CA 92130, (866) 648-2524, blbg@blbglaw.com.

---

[2] Defendants Elich and Miller are referred to herein as the "Individual Defendants."

7.    **Reasons for the Settlement:**    Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial.  This process could be expected to last several years.  Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN MARCH 21, 2017.** | This is the only way to be potentially eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶33 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶34 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN FEBRUARY 1, 2017.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN FEBRUARY 1, 2017.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON FEBRUARY 22, 2017, AT 1:30 P.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN FEBRUARY 1, 2017.** | Filing a written objection and notice of intention to appear by February 1, 2017, allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

QUESTIONS? CALL TOLL-FREE (866) 224-5076 OR VISIT WWW.BARRETTSECURITIESSETTLEMENT.COM

| WHAT THIS NOTICE CONTAINS |
|---|

WHY DID I GET THIS NOTICE?...............................................................................................PAGE 5

WHAT IS THIS CASE ABOUT?.................................................................................................PAGE 5

HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
WHO IS INCLUDED IN THE SETTLEMENT CLASS?................................................................PAGE 7

WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT? ................................................PAGE 7

WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? ..................................................PAGE 8

HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION
AND THE SETTLEMENT?..........................................................................................................PAGE 8

HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?......................PAGE 10

HOW MUCH WILL MY PAYMENT BE? ..................................................................................PAGE 10

WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?
HOW WILL THE LAWYERS BE PAID?.....................................................................................PAGE 15

WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS?
HOW DO I EXCLUDE MYSELF? ..............................................................................................PAGE 15

WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?
DO I HAVE TO COME TO THE HEARING?
MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?................................PAGE 15

WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?.............................................PAGE 17

CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?.........PAGE 18

## WHY DID I GET THIS NOTICE?

8.      The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Barrett common stock during the Settlement Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Plaintiffs and Lead Counsel, and approved by the Court, will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.      The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  *See* paragraph 73 below for details about the Settlement Hearing, including the date and location of the hearing.

10.      The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.      Beginning on November 6, 2014, three class action complaints were filed in the United States District Court for the Western District of Washington, styled *Arciaga v. Barrett Business Services, Inc.,* Case No. C14-5884 BHS; *Carnes v. Barrett Business Services, Inc.*, Case No. C14-5903 BHS; and *Stein v. Barrett Business Services, Inc.*, Case No. C14-5912 BHS.

12.      By Order dated February 25, 2015, the Court ordered that the cases be consolidated and recaptioned as *In re Barrett Business Services Securities Litigation*, Cause No. C14-5884BHS; appointed the Painters Funds as Lead Plaintiff for the consolidated action; and approved Lead Plaintiff's selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the class.

13.      On April 29, 2015, Plaintiffs filed the Consolidated Amended Complaint ("Consolidated Complaint") asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act, on behalf of a class of persons who purchased or acquired Barrett common stock between February 12, 2013, and October 28, 2014, inclusive.  Among other things, the Consolidated Complaint alleged that Defendants made materially false and misleading statements about Barrett's workers' compensation reserve.  The Consolidated Complaint further alleged that the price of Barrett common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

14.      On June 12, 2015, Defendants filed a motion to dismiss the Consolidated Complaint and a motion for judicial notice.  On July 29, 2015, Plaintiffs filed their papers in opposition and, on August 21, 2015, Defendants filed their reply papers.

15.      On November 23, 2015, the Court granted Plaintiffs' unopposed motion for leave to file an amended complaint in light of new information disclosed in the Company's Form 8-K filed with the SEC on November 9, 2015.  On November 23, 2015, Plaintiffs filed the First Amended Consolidated Class Action Complaint ("First Amended

Complaint"). The First Amended Complaint, like the Consolidated Complaint, asserted claims against all Defendants under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act. The Complaint alleged claims substantially similar to those alleged in the Consolidated Complaint but also included allegations based on new information revealed after the filing of the Consolidated Complaint.

16.     On February 16, 2016, Defendants filed motions to dismiss the First Amended Complaint and a motion for judicial notice.

17.     On March 21, 2016, the Court granted Plaintiffs' unopposed motion for leave to file an amended complaint in light of new information alleged, including that Barrett would have to restate three years of financial statements, that its Chief Financial Officer had made a series of unsupported journal entries in 2013 that affected Barrett's reported workers' compensation expense, and that it had terminated its Chief Financial Officer. The same day, March 21, 2016, Plaintiffs filed the Second Amended Consolidated Class Action Complaint (the "Second Amended Complaint" or "Complaint"), alleging Section 10(b) claims against all Defendants and Section 20(a) claims against the Individual Defendants, on behalf of a class of persons who purchased or otherwise acquired Barrett common stock between February 12, 2013, and March 9, 2016, inclusive.

18.     On May 23, 2016, Defendants filed motions to dismiss the Complaint and a motion for judicial notice. Plaintiffs filed their opposition on June 27, 2016, and Defendants filed their reply briefs on July 25, 2016. The motions to dismiss were fully briefed when the Settlement was reached.

19.     On January 5, 2016, and June 30, 2016, the Parties participated in in-person all-day mediation sessions before an experienced and nationally-recognized mediator, Jed D. Melnick, Esq. of JAMS ADR. As a professional mediator, Mediator Melnick has been involved in the mediation and successful resolution of thousands of complex litigation disputes. He has directly mediated over one thousand disputes, published articles on mediation, founded a nationally ranked dispute resolution journal and taught other mediators. He is a managing partner for Weinstein Melnick LLC, and partners with the Honorable Daniel Weinstein (Ret.) on some of the largest complex commercial disputes, both in the United States and abroad. For additional information regarding Mediator Melnick's qualifications and experience, please see his curriculum vitae posted on the Settlement website at www.BarrettSecuritiesSettlement.com.

20.     In advance of each session, the Parties exchanged and submitted to Mediator Melnick detailed mediation statements and exhibits, which addressed the issues of liability and damages. Both sessions ended without any agreement being reached. Over the course of the next few months following the second mediation, Mediator Melnick conducted further discussions with the Parties in attempts to reach a resolution. Mediator Melnick ultimately made a Mediator's Recommendation to settle the case for $12 million in cash, which the Parties separately accepted on September 2, 2016, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

21.     Based upon their investigation, prosecution and mediation of the case, Plaintiffs and Lead Counsel have concluded that the terms and conditions of the Stipulation are fair, reasonable and adequate to Plaintiffs and the other members of the Settlement Class, and in their best interests. Based on Plaintiffs' oversight of the prosecution of this matter and with the advice of their counsel, Plaintiffs have agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things: (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

22.     Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Defendants' Releasees (defined in ¶34 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the

part of Plaintiffs or of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit. Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed and prosecuted by Plaintiffs in good faith and defended by Defendants in good faith, that the Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate and reasonable.

23.    On or about November 4, 2016, the Court preliminarily certified the Action as a class action for settlement purposes only; preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

---

### HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

---

24.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> all persons and entities who purchased or otherwise acquired Barrett common stock between February 12, 2013, and March 9, 2016, inclusive (the "Settlement Class Period"), and were damaged thereby.

Excluded from the Settlement Class are Defendants; members of the Immediate Family of each of the Individual Defendants; the Officers and/or directors of Barrett during the Settlement Class Period; any person, firm, trust, corporation, Officer, director or other individual or entity in which any Defendant has or had a controlling interest during the Settlement Class Period or which is or was related to or affiliated with any of the Defendants during the Settlement Class Period; and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page 15 below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE POTENTIALLY ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN MARCH 21, 2017.**

---

### WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT?

---

25.    Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the remaining Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages. Plaintiffs would have to prevail at several stages – the motion to dismiss that was pending at the time of settlement, motions for summary judgment, trial, and if they prevailed on those, on the appeals that were likely to follow. Thus, there were very significant risks attendant to the continued prosecution of the Action.

26.    In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $12 million in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after the motion to dismiss, summary judgment, trial and appeals, possibly years in the future.

QUESTIONS? CALL TOLL-FREE (866) 224-5076 OR VISIT WWW.BARRETTSECURITIESSETTLEMENT.COM

27.    Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

28.    If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in establishing any of their defenses, either at the motion to dismiss, summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

29.    As a Settlement Class Member, you are represented by Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

30.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," below.

31.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

32.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (as defined in ¶33 below) against each of the Defendants and all of the Defendants' Releasees (as defined in ¶34 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants or Defendants' Releasees.

33.    "Released Plaintiffs' Claims" means all Causes of Action that Plaintiffs or any other member of the Settlement Class: (i) asserted in the Complaint or in any petition or complaint filed in any action consolidated into the Action as of the Effective Date; or (ii) could have asserted in any forum against any of the Defendants or other Defendants' Releasees that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase of Barrett common stock during the Settlement Class Period. Released Plaintiffs' Claims do not include (i) any claims relating to the enforcement of the Settlement; (ii) any Excluded Claims; and (iii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court. "Causes of Action" means all claims and causes of action of every nature and description, including all proceedings, judgments, suits, damages, demands (whether written or oral), agreements, promises, liabilities, controversies, costs, expenses, attorneys' fees and losses of any sort whatsoever, whether

in law or in equity, and whether based on any federal, state or foreign statutory or common-law right of action or otherwise, foreseen or unforeseen, matured or unmatured, known or Unknown Claims, accrued or not accrued, including without limitation claims for violations of the Securities Exchange Act (including but not limited to Sections 10(b), violations of Securities and Exchange Commission rules (including but not limited to Rule 10b-5), and negligence. "Excluded Claims" means (i) any ERISA or derivative claims, including claims asserted in *Salinas v. Barrett Business Services, Inc.*, Case No. 24C15003178 (Md. Cir. Ct.), and (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

34.    "Defendants' Releasees" means (i) each of the Defendants, (ii) each Defendant's current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such, (iii) each Individual Defendant's Immediate Family members, estates, heirs, executors, beneficiaries, trusts and trustees, in their capacities as such, and (iv) any insurance carriers of any or all of the foregoing, in their capacities as such.

35.    "Unknown Claims" means any Released Plaintiffs' Claims which any Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

36.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (as defined in ¶37 below) against Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶38 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

37.    "Released Defendants' Claims" means all Causes of Action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

38.    "Plaintiffs' Releasees" means Plaintiffs, their respective attorneys, and all other Settlement Class Members, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

39.     To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than March 21, 2017**.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.BarrettSecuritiesSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-866-224-5076.  Please retain all records of your ownership of and transactions in Barrett common stock, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

40.     At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

41.     Pursuant to the Settlement, Barrett shall pay or cause to be paid twelve million dollars ($12,000,000) in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

42.     The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

43.     Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

44.     Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

45.     Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before March 21, 2017, shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶33 above) against the Defendants' Releasees (as defined in ¶34 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

46.     Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Barrett common stock held through the ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan.  Claims based on any ERISA Plan's purchases or acquisitions of Barrett common stock during the

Settlement Class Period may be made by the Plan's trustees.  To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

47.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

48.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

49.    Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired Barrett common stock during the Settlement Class Period and were damaged as a result of such purchases or acquisitions will be potentially eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.  The only security that is included in the Settlement is Barrett common stock.

## **PROPOSED PLAN OF ALLOCATION**

50.    The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. In developing the Plan of Allocation, Plaintiff's damages expert calculated the potential amount of estimated alleged artificial inflation in Barrett's common stock which allegedly was proximately caused by Defendants' alleged false and misleading statements and material omissions.  In calculating the estimated alleged artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Plaintiff's damages expert considered the market and industry adjusted price changes in Barrett's stock price following certain corrective disclosures.  The estimated potential alleged artificial inflation in Barrett's common stock is shown in Table A set forth at the end of this Notice.

51.    The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

52.    In order to have recoverable damages, disclosure of the alleged misrepresentations must be the cause of the decline in the price of the Barrett common stock.  In this case, Plaintiffs allege that Defendants made false statements and omitted material facts during the Settlement Class Period, which had the effect of artificially inflating the prices of Barrett common stock.  Alleged corrective disclosures that removed the artificial inflation from the stock price occurred on the following dates:  (a) September 16, 2014; (b) October 28, 2014, after the market closed; and (c) March 9, 2016, after the market closed.[3]  The estimated inflation removed by each of these alleged corrective disclosures, and used as the basis for reducing the artificial inflation in Table A, is:

September 16, 2014 price decline:

$9.22 per share

September 16, 2014, market adjusted price decline

---

[3] The artificial inflation in Table A was also adjusted for one inflationary event.  On February 3, 2015, after the market closed, financial results were announced that should not have been relied upon, resulting in a statistically significant market adjusted $5.01 per share increase in the stock price, and inflation, on February 4, 2015.

October 29, 2014 price decline:

$23.88 per share

October 29-30, 2014, market adjusted price decline

March 10, 2016 price decline:

$9.59 per share

March 10-11, 2016, market adjusted price decline

53.    Only shares purchased prior to, and held after, one or more of the alleged corrective disclosures are potentially eligible for recovery under this Plan of Allocation.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

54.    Based on the formula set forth below, a "Recognized Loss Amount" shall be calculated for each purchase or acquisition of Barrett common stock during the Settlement Class Period that is listed in the Proof of Claim Form and for which adequate documentation is provided.  In the calculations below, if a Recognized Loss Amount calculates to a negative number, that Recognized Loss Amount shall be zero.

For each Barrett common stock purchased or otherwise acquired from February 12, 2013, through and including March 9, 2016, and:

(a)    Sold between February 12, 2013, and March 9, 2016, inclusive, the Recognized Loss Amount shall be *the lesser of*:

(i)    the amount of artificial inflation per share as set forth in Table A on the date of purchase, minus the amount of artificial inflation per share as set forth in Table A on the date of the sale; or

(ii)    purchase/acquisition price minus the sale price.

(b)    Sold between March 10, 2016, and June 7, 2016, inclusive, the Recognized Loss Amount shall be *the lesser of*:

(i)    the amount of artificial inflation per share as set forth in Table A on the date of purchase;

(ii)    the purchase/acquisition price minus the sale price; or

(iii)    the purchase price/acquisition price minus the average closing price between March 10, 2016, and the date of sale as shown on Table B set forth at the end of this Notice.

(c)    Held as of the close of trading on June 7, 2016, the Recognized Loss Amount shall be *the lesser of*:

(i)    the amount of artificial inflation per share as set forth in Table A on the date of purchase; or

(ii)   the purchase/acquisition price minus $30.21 per share, the average closing price for Barrett common stock between March 10, 2016, and June 7, 2016 (the last entry on Table B).[4]

## ADDITIONAL PROVISIONS

55.   The Net Settlement Fund will be allocated among all Authorized Claimants based on each Authorized Claimant's Recognized Claim (defined below), subject to a $10 minimum as discussed below.

56.   If a Settlement Class Member has more than one purchase/acquisition or sale of Barrett common stock, purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis.  Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

57.   A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts for all of the Barrett common stock.

58.   The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

59.   Purchases or acquisitions and sales of Barrett common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of Barrett common stock during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of Barrett common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any Barrett common stock unless (i) the donor or decedent purchased or otherwise acquired such Barrett common stock during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Barrett common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

60.   The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Barrett common stock.  The date of a "short sale" is deemed to be the date of sale of the Barrett common stock.  Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a Claimant has an opening short position in Barrett common stock, the earliest Settlement Class Period purchases or acquisitions of that security shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

61.   Option contracts are not securities eligible to participate in the Settlement.  With respect to Barrett common stock purchased or sold through the exercise of an option, the purchase/sale date of the Barrett common stock is the exercise date of the option and the purchase/sale price of the Barrett common stock is the exercise price of the option.

---

[4]  Pursuant to PSLRA Section 21D(e)(1) "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  Consistent with the requirements of the PSLRA, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Barrett common stock during the 90-day look-back period. The mean (average) closing price for Barrett common stock during this 90-day look-back period was $30.21 per share.

62.     To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Barrett common stock during the Settlement Class Period, the value of the Claimant's Recognized Claim shall be zero.  Such Claimants shall in any event be bound by the Settlement.  To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Barrett common stock during the Settlement Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

63.     For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in Barrett common stock during the Settlement Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[5] and (ii) the sum of the Total Sales Proceeds[6] and Total Holding Value.[7]  This difference shall be deemed a Claimant's market gain or loss with respect to his, her, or its overall transactions in Barrett common stock during the Settlement Class Period.

64.     After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

65.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.  Plaintiffs, Defendants and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

66.     The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Plaintiffs after consultation with their damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.BarrettSecuritiesSettlement.com.

---

[5] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all Barrett common stock purchased or acquired during the Settlement Class Period.

[6] The Claims Administrator shall match any sales of Barrett common stock during the Settlement Class Period, first against the Claimant's opening position in the stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of Barrett common stock sold during the Settlement Class Period shall be the "Total Sales Proceeds."

[7] The Claims Administrator shall ascribe a holding value of $30.21 per share for Barrett common stock purchased or acquired during the Settlement Class Period and still held as of the close of trading on June 7, 2016 (the "Holding Value").

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

67.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 22% of the Settlement Fund.  At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $400,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class.  The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

68.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *In re Barrett Business Services Securities Litigation*, EXCLUSIONS, c/o Garden City Group LLC, P.O. Box 35133, Seattle, WA 98124-5133. The exclusion request must be *received* no later than February 1, 2017.  You will not be able to exclude yourself from the Settlement Class after that date.  Each Request for Exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *In re Barrett Business Services Securities Litigation*, Case No. C14-5884-BHS"; (c) identify and state the number of each Barrett common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between February 12, 2013, and March 9, 2016, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

69.    If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

70.    If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

71.    Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Plaintiffs and Defendants.

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

72.    **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

QUESTIONS? CALL TOLL-FREE (866) 224-5076 OR VISIT WWW.BARRETTSECURITIESSETTLEMENT.COM

73.     The Settlement Hearing will be held on February 22, 2017, at 1:30 p.m., before the Honorable Benjamin H. Settle at the United States District Court for the Western District of Washington, United States Courthouse, Courtroom E, 1717 Pacific Avenue, Tacoma, WA 98402-3200.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

74.     Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Western District of Washington at the address set forth below on or before February 1, 2017.  You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before February 1, 2017**.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| **United States District Court** | **Bernstein Litowitz Berger** | **Miller Nash Graham** |
| Western District of Washington | **& Grossmann LLP** | **& Dunn LLP** |
| Clerk of the Court | Timothy A. DeLange, Esq. | Thomas C. Sand, Esq. |
| United States Courthouse | 12481 High Bluff Drive | 111 S.W. Fifth Avenue |
| 1717 Pacific Avenue | Suite 300 | Suite 3400 |
| Seattle, WA 98402-3200 | San Diego, CA 92130-3582 | Portland, OR 97204 |

75.     Any objection (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of each Barrett common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between February 12, 2013, and March 9, 2016, inclusive), as well as the dates and prices of each such purchase/acquisition and sale.  You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

76.     You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

77.     If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before February 1, 2017**.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

78.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶74 above so that the notice is *received* **on or February 1, 2017**.

QUESTIONS? CALL TOLL-FREE (866) 224-5076 OR VISIT WWW.BARRETTSECURITIESSETTLEMENT.COM

79.     The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

80.     **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

81.     If you purchased or otherwise acquired any of the Barrett common stock between February 12, 2013, and March 9, 2016, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *In re Barrett Business Services Securities Litigation*, c/o Garden City Group LLC, P.O. Box 35133, Seattle, WA 98124-5133.  If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.BarrettSecuritiesSettlement.com, or by calling the Claims Administrator toll-free at 1-866-224-5076.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

82.     This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Western District of Washington, United States Courthouse, 1717 Pacific Avenue, Seattle, WA 98402-3200. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.BarrettSecuritiesSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

| | | |
|---|---|---|
| *In re Barrett Business Services Securities Litigation*<br>c/o Garden City Group LLC<br>P.O. Box 35133<br>Seattle, WA 98124-5133<br>(866) 224-5076<br>www.BarrettSecuritiesSettlement.com | and/or | Timothy A. DeLange, Esq.<br>Niki L. Mendoza, Esq.<br>BERNSTEIN LITOWITZ BERGER<br>& GROSSMANN LLP<br>12481 High Bluff Drive, Suite 300<br>San Diego, CA 92130-3582<br>(866) 648-2524<br>blbg@blbglaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: November 7, 2016

By Order of the Court
United States District Court
Western District of Washington

## **TABLE A**

| Purchase or Sale Date | Inflation |
|---|---|
| February 12, 2013 through September 15, 2014 | $37.68 |
| September 16, 2014 through October 28, 2014 | $28.46 |
| October 29, 2014 through February 3, 2015 | $4.58 |
| February 4, 2015 through March 9, 2016 | $9.59 |

## TABLE B

| Date | Closing Price | Average Closing Price from March 10, 2016 through Date Shown | Date | Closing Price | Average Closing Price from March 10, 2016 through Date Shown |
|------|---------------|---------------------------------------------------------------|------|---------------|---------------------------------------------------------------|
| 3/10/2016 | $24.36 | $24.36 | 4/25/2016 | $31.69 | $28.49 |
| 3/11/2016 | $27.54 | $25.95 | 4/26/2016 | $32.39 | $28.61 |
| 3/14/2016 | $28.14 | $26.68 | 4/27/2016 | $32.06 | $28.71 |
| 3/15/2016 | $27.82 | $26.97 | 4/28/2016 | $31.72 | $28.80 |
| 3/16/2016 | $27.99 | $27.17 | 4/29/2016 | $31.01 | $28.86 |
| 3/17/2016 | $27.07 | $27.15 | 5/2/2016 | $31.07 | $28.92 |
| 3/18/2016 | $28.06 | $27.28 | 5/3/2016 | $31.15 | $28.98 |
| 3/21/2016 | $27.36 | $27.29 | 5/4/2016 | $31.02 | $29.03 |
| 3/22/2016 | $27.64 | $27.33 | 5/5/2016 | $30.77 | $29.07 |
| 3/23/2016 | $27.25 | $27.32 | 5/6/2016 | $30.10 | $29.10 |
| 3/24/2016 | $27.78 | $27.36 | 5/9/2016 | $30.72 | $29.14 |
| 3/28/2016 | $27.31 | $27.36 | 5/10/2016 | $30.39 | $29.17 |
| 3/29/2016 | $28.02 | $27.41 | 5/11/2016 | $29.80 | $29.18 |
| 3/30/2016 | $28.66 | $27.50 | 5/12/2016 | $29.27 | $29.18 |
| 3/31/2016 | $28.75 | $27.58 | 5/13/2016 | $29.21 | $29.18 |
| 4/1/2016 | $28.24 | $27.62 | 5/16/2016 | $29.06 | $29.18 |
| 4/4/2016 | $27.67 | $27.63 | 5/17/2016 | $28.52 | $29.17 |
| 4/5/2016 | $27.26 | $27.61 | 5/18/2016 | $28.71 | $29.16 |
| 4/6/2016 | $27.01 | $27.58 | 5/19/2016 | $28.10 | $29.14 |
| 4/7/2016 | $26.90 | $27.54 | 5/20/2016 | $28.08 | $29.12 |
| 4/8/2016 | $27.23 | $27.53 | 5/23/2016 | $28.26 | $29.10 |
| 4/11/2016 | $27.55 | $27.53 | 5/24/2016 | $28.59 | $29.09 |
| 4/12/2016 | $27.92 | $27.54 | 5/25/2016 | $29.13 | $29.09 |
| 4/13/2016 | $28.43 | $27.58 | 5/26/2016 | $36.50 | $29.22 |
| 4/14/2016 | $28.92 | $27.64 | 5/27/2016 | $36.47 | $29.35 |
| 4/15/2016 | $29.68 | $27.71 | 5/31/2016 | $37.36 | $29.49 |
| 4/18/2016 | $29.62 | $27.78 | 6/1/2016 | $38.94 | $29.66 |
| 4/19/2016 | $29.68 | $27.85 | 6/2/2016 | $38.74 | $29.81 |
| 4/20/2016 | $34.57 | $28.08 | 6/3/2016 | $37.61 | $29.94 |
| 4/21/2016 | $32.98 | $28.25 | 6/6/2016 | $38.39 | $30.08 |
| 4/22/2016 | $32.64 | $28.39 | 6/7/2016 | $38.30 | $30.21 |

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| ANGELA LEWIS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CYTODYN, INC., NADER Z. POURHASSAN, and MICHAEL MULHOLLAND,<br><br>Defendants. | No. 3:21-cv-05190-BHS |

**DECLARATION OF KENNETH N. KOTZ**

I, Kenneth N. Kotz, declare as follows:

1.    I have been retained by Kessler Topaz Meltzer & Check, LLP ("Counsel") to calculate the approximate market losses during the Class Period (defined herein) for two movants: (i) Brian Joe Courter and Courter and Sons LLC (collectively, "Courter"); and Dr. Smila Kodali ("Dr. Kodali").  For this calculation, I have been asked to exclude market losses (or profits) from in-and-out transactions that were not held over any of the dates on which there are pled stock price declines due to alleged corrective disclosures, consistent with the methodology I used in *In re Comverse Tech., Inc. Securities Litigation*, No. 06-CV-1825 (NGG)(RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ("*Comverse*").  The calculated market losses are for the various movants' purchases of the common stock of CytoDyn, Inc. ("CytoDyn") during the period March 27, 2020 through March 9, 2021 (the "Class Period").[1]

**OVERVIEW**

2.    The calculation of market losses (or profits) is based on the prices at which purchase and subsequent sale transactions are made.  The first step in the analysis is to match purchases with subsequent sales or consider such purchases as still held.  For this first step, I have been asked to employ the Last-In-First-Out ("LIFO") share-matching methodology.[2]  Once matched, I can calculate the market loss or profit for each matched transaction.

---

[1] *Lewis v. CytoDyn, Inc.*, No. 3:21-cv-05190-BHS, ECF. 1 (W.D. Wash. filed March 17, 2021) (the "Complaint"), ¶1.  Although the Class Period ends on March 9, 2021, the alleged price effect from the disclosure occurs on March 8, 2021 and March 9, 2021 (Complaint, ¶51), and therefore I would not consider any securities purchased on March 9, 2021 as potentially damaged for this analysis.   Nevertheless, the movants' data did not contain any purchase transactions for either March 8, 2021 or March 9, 2021.  A second, now-dismissed complaint has the same Class Period and alleged stock price declines due to alleged corrective disclosures (*Goodwin v. CytoDyn, Inc.*, No. 3:21-cv-05260, ECF. 1 (W.D. Wash. filed April 9, 2021)).

[2] I note that the *Comverse*-based market loss results for Courter and Dr. Kodali are the same under the First-In-First-Out ("FIFO") share-matching methodology.

1

3.      The second step in the analysis is to determine which purchases and subsequent

sales are "in-and-out" transactions and which are not.  For this Declaration, an in-and-out

transaction is one in which a purchase is subsequently sold prior to one of the pled corrective

disclosures, *i.e.*, the security purchased is not held past at least one of the pled corrective

disclosures.  The alleged price effects from the pled corrective disclosures occurred on August

26-27, 2020,[3] and March 8-9, 2021.[4,5]  Thus, for example, a security purchased in the Class

Period prior to August 26, 2020, and subsequently sold prior to August 26, 2020, would be

considered an in-and-out transaction because it was not held through the first alleged stock price

decline on August 26, 2020.[6]  Likewise, a security purchased between August 26, 2020, and

subsequently sold prior to March 8, 2021,[7] would be considered an in-and-out transaction

because it was purchased after the first alleged stock price decline window due to a corrective

disclosure and was not held through the alleged stock price decline due to the second alleged

---

[3] The Complaint states: "…on August 25, 2020, CytoDyn shares were closed at $3.81 per share.  Following the publication of this article, CytoDyn shares dropped over 17% to $3.15 over the next two trading days."  Complaint ¶41.

[4] The Complaint states: "In the trading days that followed the release of the data, the price of CytoDyn shares plummeted.  After closing at $4.05 on March 5, 2021, CytoDyn shares dropped over 28% to close at $2.91 on March 8, 2021.  On March 9, 2021, CytoDyn shares dropped an additional 19% to close at $2.35."  Complaint ¶51.

[5] I note that the Complaint also states that: "On November 10, 2020, the day of CytoDyn's further agreement with the Fife entity Streeterville Capital LLC, CytoDyn shares closed at $2.02 per share, representing an approximate 80% decline from the Class Period high."  Complaint, ¶47.  The Complaint does not specify a specific decline and I have been asked to not include this date as a date where CytoDyn's stock price declined due to an alleged corrective disclosure.

[6] I note that neither movant purchased or sold shares on August 26 or August 27, 2020.

[7] I have been asked to assume that a security purchased on August 26, 2020 and sold on August 27, 2020 would be considered an in-and-out transaction, though this assumption is not relevant for either movant.

2

stock price decline window.[8]  Given the determination of which matched transactions are in-and-out and which are not, I then provide the market loss (or profit) attributable to each type of transaction.

4.      The following table provides the market losses for those Class Period purchases that were held over an alleged price decline due to a corrective disclosure (and thus excludes in-and-out transactions):

**Market Losses for Purchases Held Over a Pled Corrective Disclosure**

*Courter*

| | |
|---|---|
| Brian Joe Courter Roth IRA | ($43,628) |
| Brian Joe Courter IRA | ($241,560) |
| Brian Joe Courter | ($2,490) |
| Courter and Sons LLC | ($183,524) |
| *TOTAL* | *($471,201)* |
| | |
| *Dr. Kodali* | *($261,080)* |

5.      A detailed description of my analysis of market losses is contained in the remainder of this Declaration.

## QUALIFICATIONS, COMPENSATION, AND MATERIALS REVIEWED

6.      I am a Vice President of Forensic Economics, located in Rochester, New York.  I have been employed by Forensic Economics since 1999.  I have consulted on issues pertaining to financial valuations, financial-economic analysis, and the analysis of stock price reactions to public information in securities fraud lawsuits during this time period.  Forensic Economics has been retained by both plaintiffs and defendants in such securities cases.

---

[8] I note that neither movant purchased or sold shares on March 8, 2021 or March 9, 2021. I have been asked to assume that a security purchased on March 8, 2021 and sold on March 9, 2021 would be considered an in-and-out transaction, though this assumption is not relevant for either movant.

7.     I hold an M.S. in Applied Economics (1999) from the University of Rochester's William E. Simon Graduate School of Business Administration.  I hold an M.B.A. in Finance (1996) from the Loyola University Chicago Graduate School of Business, where I also received an Outstanding Student award.  I have co-taught a corporate finance class and served as a teaching assistant at the University of Rochester.  I have also served as a research assistant to the finance faculty of the Loyola University Chicago Graduate School of Business.  I was awarded the CFA® Charter and the right to use the Chartered Financial Analyst® designation as authorized by the CFA Institute in 2006.  My resume is attached to this Declaration as Exhibit 1, which includes a listing of class action securities cases and other cases on which I have consulted.  My calculation of approximate losses for lead plaintiff movants was cited by the Court in *Comverse*, and I have provided calculations of approximate losses for lead plaintiff movants in other securities class actions over the past 13 years.

8.     My compensation is based on the number of hours worked plus out-of-pocket expenses.  Forensic Economics is compensated at an hourly rate of $495 for my work in this matter.  I was assisted by employees of Forensic Economics, who worked under my supervision and direction in connection with this assignment.  Forensic Economics' hourly rates for employees range from $155 to $600.

9.     For this Declaration, I relied on, among other things: documents on the various movants' transactions provided; and daily stock data for CytoDyn during the Class Period asserted in the Complaint, as well as through the 90-day period following the Class Period.  I have attempted to cite in the text of this Declaration or Exhibits specific documents and information on which I relied in my analysis.

4

**ANALYSIS**

**Data**

10.     I first detail the source of the transaction data I used and certain assumptions that I made in order to perform the analysis.  I reserve the right to amend my analysis pending revisions in either the data or assumptions underlying the analysis.

11.     For Courter, I used data as listed in loss charts for Courter provided by Counsel (labeled as Exhibit B).  For the order of transactions, I assumed if two transactions were on the same date that the purchases were before sales and the order would be as listed in Schedule A to Courter's certification.  For transactions not included in Schedule A (opening balances and sales made after the Class Period), I assumed the order as per the provided loss chart.[9]  I have also been asked to assume a "sale" price of $2.8122 per share for any purchases that were unsold at the May 17, 2021 lead plaintiff deadline.[10]  A summary of the data is provided in Exhibits 2A-2D.

12.     For Dr. Kodali, I have used the purchases and sales contained in her Schedule A in ECF No. 24-1, p. 3.  I have been asked to assume the same "sale" price of $2.8122 per share for any purchases that were unsold at the May 17, 2021 lead plaintiff deadline.[11]  A summary of the data is provided in Exhibit 2E.

---

[9] I note that Schedule A includes two transfers from Brian Joe Courter IRA to the Brian Joe Courter Roth IRA.  I have been requested by Counsel to use the same purchase/sale assumptions that were used in the loss charts, which treats the transfers as transactions occurring on the date of transfer at a price of $0.00 per share.

[10] $2.8122 is the average closing price from March 9, 2021 through May 17, 2021.

[11] Dr. Kodali uses a price of $2.84 (based on the date range provided in Dr. Kodali's filings, March 10, 2021 through May 16, 2021, the average price expands to $2.8385, which is $0.0263 higher than the $2.8122 sale price I have been asked to assume).  Using Dr. Kodali's sale price would result in a reduction of losses for unsold shares of $0.0263 per share.

**Share-Matching Methodology**

13.    Most methods of calculating approximate losses require the matching of purchase and subsequent sale transactions.  This is generally done because sales of securities sold during the class period in question that were purchased prior to the start of the class period are normally excluded from the assessment of approximate losses.  In addition, the timing of the purchase and subsequent sale can be a factor in whether a transaction is included in calculations of approximate losses.  I have been asked to apply the LIFO share-matching methodology.  Under the LIFO method, a sale is matched to the <u>most recent</u> (last-in) purchase occurring prior to the sale.[12]  Purchases unmatched to sales are considered held.

14.    The transaction-by-transaction results are contained in Exhibit 3.

**Calculating Market Losses**

15.    Given the LIFO transaction-by-transaction results, I calculate the market losses (or profit) for each matched transaction based on the purchase and sale prices.  For those transactions with losses, I apply a further limitation to the losses for securities that were held past the end of the Class Period by calculating losses using the higher of the sale price and the rolling average closing price of the security from March 9, 2021, through the date of sale.[13]  In order to

---

[12] Assuming securities have not been sold "short."  In a short sale, an investor first sells the security and then later repurchases the security (called "covering the short").  In the data provided, there are no apparent instances of short sales.

[13] This is similar to the limitation on damages required under the Private Securities Litigation Reform Act of 1995 ("PSLRA") that places an upper limit on the maximum amount of recoverable damages, which is the difference between the purchase price paid and the mean trading price of the security for the 90-day period beginning on the day on which the information correcting the misrepresentations or omissions was fully disclosed. A rolling average mean price is used for sales made within the 90-day period.  In the data provided in the movants' filings (which due to the filing date does not encompass the full 90-day period, but only through the May 17, 2021 lead plaintiff deadline), Courter had sales on April 14, 2021 (after the end of the Class Period) at prices higher than the rolling average price through that date, and Dr. Kodali did

6

provide a uniform comparison of losses, for purchases not sold (*i.e.*, still retained), at the instruction of Counsel, I assign a sale price equal to the rolling average price from March 9, 2021, through May 17, 2021, the lead plaintiff deadline.[14]  *See* Exhibit 4 for daily CytoDyn common stock price data and rolling average prices during the 90-day period.[15]  I was able to calculate similar losses for each movant as those listed in their respective initial loss charts.[16]  The market losses by movant are provided in Exhibit 3, which also contains the quantity of securities traded.

16.     Exhibit 3 also provides a breakdown of the market losses (or profits) and securities traded for each sub-period within the Class Period.  This breakdown enables the separation of those matched transactions that are in-and-out and those which are held over a pled corrective disclosure.  The following table provides a summary of market losses broken down by in-and-out transactions and those transactions held over an alleged stock price decline due to a corrective disclosure:

---

not have any sales after the end of the Class Period through the May 17, 2021 lead plaintiff deadline.

[14] I note that the full 90-day period beginning on March 9, 2021 would include closing prices through June 4, 2021 (the 90-day period ends on Sunday, June 6, 2021).  The average closing price over this period is approximately $2.64, approximately $0.17 lower than the average closing price through the May 17, 2021 lead plaintiff deadline.

[15] Source: Bloomberg.

[16] The difference between my calculation for Dr. Kodali and her initial loss chart is due to a slight difference in the assumed sale price under the PSLRA for held shares.

**Summary of Market Losses/(Profits)**

| Movant | Held Over a Corrective Disclosure | In-and-Out | Total with In-and-Out |
|---|---|---|---|
| *Courter* | | | |
| Brian Joe Courter Roth IRA | ($43,628) | $6,047 | ($37,581) |
| Brian Joe Courter IRA | ($241,560) | ($41,534) | ($283,093) |
| Brian Joe Courter | ($2,490) | ($18) | ($2,508) |
| Courter and Sons LLC | ($183,524) | $17,700 | ($165,824) |
| *TOTAL* | *($471,201)* | *($17,805)* | *($489,007)* |
| | | | |
| *Dr. Kodali* | *($261,080)* | *$100* | *($260,980)* |

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 29th day of July 2021
at Rochester, New York

Kenneth N. Kotz

**Exhibit 1**                                                                **July 2021**

## KENNETH N. KOTZ, CFA

| Business Address: | Home Address: |
|---|---|
| Forensic Economics, Inc. | 85 Coral Way |
| 95 Allens Creek Road | Rochester, New York 14618 |
| Building 2, Suite 303 | (585) 241-3230 |
| Rochester, New York 14618 | |
| (585) 385-7440 | |
| (585) 385-7441 FAX | |
| ken@forensiceconomics.com | |

## Employment and Education

8/99-present    **Forensic Economics, Inc.**, Rochester, NY.
Vice President (3/05-present); Senior Economist (5/00-3/05); Consultant (8/99-4/00).  Consulting in financial-economic analysis in securities litigation and business disputes.

6/96-12/99    **M.S. in Applied Economics, Finance and Accounting**, William E. Simon Graduate School of Business Administration, University of Rochester, Rochester, NY.

9/97-12/99    **William E. Simon Graduate School of Business Administration, University of Rochester**, Rochester, NY.
Instructor and Teaching Assistant.

1994-1996    **M.B.A., Finance**, Loyola University Chicago, Chicago, IL.

1994-1996    **Loyola University Chicago**, Chicago, IL.
Research Assistant, Finance Department.

1995-1996    **Financial and Economics Strategies Corporation**, Chicago IL.
Research Assistant.

1991-1994    **Midwest European Publications, Inc.**, Evanston, IL.
Assistant Manager.

1986-1989    **B.A., History**, University of Pennsylvania, Philadelphia, PA.

**Exhibit 1**                                                                    **July 2021**

## Publications

Automation versus intermediation: Evidence from treasuries going off the run (with M. Barclay and T. Hendershott), *The Journal of Finance*, vol. 61 no. 5, October 2006, 2395-2414.

## Working Papers

Stock price effects of changes in the accounting procedure set, October 1999.

IPO underpricing, information asymmetry, and dividend policy, June 1999.

Determinants of payout policy choice: Stock repurchases versus dividend initiations, October 1998.

The stock price reaction to shareholder proposals, June 1998.

The investment opportunity set and the stock price reaction to dividend changes, January 1998.

## Awards

Awarded the CFA® Charter and the right to use the Chartered Financial Analyst (CFA)® designation as authorized by the CFA Institute (2006).

Fellowship, William E. Simon Graduate School of Business Administration, University of Rochester (1996-1999).

Outstanding Student Award, Loyola University Chicago (1996).

Phi Beta Kappa, Loyola University Chicago (1996).

Graduate Scholarship, Loyola University Chicago (1994-1996).

**Exhibit 1**                                                                                    **July 2021**

## Testimonial and Expert Report Experience

<u>Megan Lundy et a. v. Ideanomics, Inc. et al. and Andrew Kim v. Ideanomics, Inc. et al.</u> in the United States District Court Southern District of New York, Case Nos. 1:20-cv-04944-GBD-OTW and 1:20-cv-05203-GBD-OTW (Declaration, September 16, 2020).

<u>George Hedrick Jr. et al. v. The Kraft Heinz Company et al., Iron Workers District Council (Philadelphia and Vicinity) Retirement and Pension Plan et al. v. The Kraft Heinz Company et al.</u> in United States District Court Northern District of Illinois, Case Nos. 1:19-cv-01339 and 1:19-CV-01845 (Declaration, May 15, 2019; Supplemental Declaration, May 22, 2019; Second Supplemental Declaration, May 24, 2019).

<u>Daniel Plaut et al. v. The Goldman Sachs Group, Inc. et al.</u> in United States District Court Southern District of New York, Case No. 1:18-cv-12084-VSB (Declaration, March 4, 2019; Supplemental Declaration, March 11, 2019).

<u>In the Matter of the Accounting by David Ott as Trustee of the Ott Living Trust Under Instrument Dated March 4, 1997</u> in State of New York, Surrogate's Court, County of Ontario, File No. 2014-264/A (Affidavit, January 29, 2018).

<u>Movses Marjanian et al. v. Allied Nevada Gold Corp. et al. and Janet Martinez et al. v. Allied Nevada Gold Corp. et al.</u> in United States District Court District of Nevada, Case Nos. 3:14-CV-0175-LRG-WCG and 2:14-cv-0650-JCM-VCF (Declaration, November 21, 2014).

<u>Last Atlantis Capital LLC et al. vs AGS Specialist Partners et al.</u> in the United States District Court Northern District of Illinois, Case Nos. 04 C 0397, 05 C 5600, and 05 C 5671 (Expert Report, June 16, 2014; Deposition, September 5, 2014).

<u>George Pio et al. v. General Motors Company et al.</u> in the United States District Court Eastern District of Michigan, Case No. 14-cv-11191-LVP-MKM (Declaration, June 16, 2014).

<u>Brandon Muhammad et al. v. China Sky One Medical, Inc. et al.</u> in the United States District Court Central District of California, Case No. 2:12-cv-02552-DMG-CW (Declaration, May 21, 2014).

<u>In Re Fannie Mae Securities Litigation</u> in the United States District Court District of Columbia, Consolidated Civil Action No. 1:04-CV-01639 (Declaration with Frank C. Torchio, October 11, 2013).

<u>Nancy George et al. v. China Automotive Systems, Inc. et al.</u> in the United States District Court Southern District of New York, Civil Action No. 11-7533 (Declaration, January 14, 2013; Deposition, February 12, 2013; Reply Declaration, April 8, 2013; Testimony at Hearing, May 30, 2013).

<u>Morad Godooshim et al. v. Qiao Xing Mobile Communication Company, Ltd. et al.</u> in the United States District Court Southern District of New York, Civil Action No.: 12 Civ. 9264 (JSR) (Declaration, May 3, 2013).

**Exhibit 1**                                                               **July 2021**

Chris Basnett et al. v. Longwei Petroleum Investment Holding Ltd. et al., Jun Ma et al. v. Longwei Petroleum Investment Holding Ltd. et al., Charlie Muniz et al. v. Longwei Petroleum Investment Holding Ltd. et al., and Paul Howard et al. v. Longwei Petroleum Investment Holding Ltd. et al. in the United States District Court Southern District of New York, Nos. 13 Civ. 00214 (HB), 13 Civ. 00229 (HB), 13 Civ. 00278 (HB), and 13 Civ. 00442 (HB) (Declaration, March 28, 2013).

Lawrence Blitz et al. v. AgFeed Industries, Inc. et al. and Joseph Felcher et al. v. AgFeed Industries, Inc. et al. in the United States District Court Middle District of Tennessee, Nashville Division, Nos. 3:11-cv-0992 and 3:11-cv-01184 (Declaration, January 16, 2012).

Franz Schleicher et al. vs. Gary C. Wendt et al. in the United States District Court Southern District of Indiana, Indianapolis Division, No. 02 CV 1332 TWP-TAB (Declaration, January 13, 2011).

City of Monroe Employees' Retirement System et al. vs. The Hartford Financial Services Group, Inc. et al. in the United States District Court Southern District of New York, Civil Action No. 10 cv 2835 (NRB) (Declaration, June 28, 2010).

Harry Stackhouse et al. vs. Toyota Motor Corporation et al., Tom Mustric et al. vs. Toyota Motor Corporation et al., Kathryn A. Squires et al. vs. Toyota Motor Corporation et al., Robert M. Moss et al. vs. Toyota Motor Corporation et al., Philip Gelenberg et al. vs. Toyota Motor Corporation et al., and L. Patricia Sampoli et al. vs. Toyota Motor Corporation et al. in the United States District Court Central District of California, Nos. 2:10-cv-00922-DSF-AJW, 2:10-cv-01429-DSF-AJW, 2:10-cv-01452-DSF-AJW, 2:10-cv-01911-DSF-AJW, 2:10-cv-02196-DSF-AJW, and 2:10-cv-02253-DSF-AJW (Declaration, April 19, 2010).

EBC I, Inc. f/k/a eToys, Inc., by the Post-Effective Date Committee against Goldman, Sachs & Co. in the Supreme Court of the State of New York, County of New York, Index No. 601805/02 (Expert Report, October 27, 2009; Deposition, January 7, 2010; Expert Rebuttal Report, February 8, 2010; Affidavit, April 14, 2010).

**Exhibit 1**                                                                                            **July 2021**

Aekta Ben Patel et al. vs. Satyam Computer Services Ltd. et al., Hossein Momenzadeh et al. vs. Satyam Computer Services Ltd. et al., Cynthia Freeman vs. Satyam Computer Services Ltd. et al., Naveen Chander Jepu vs. Satyam Computer Services Ltd. et al., Bert H. Sturgis, II et al. vs. Satyam Computer Services Ltd. et al., Larry R. Pennington et al. vs. Satyam Computer Services Ltd. et al., James Hamblin et al. vs. Satyam Computer Services Ltd. et al., Hillel Raymon et al. vs. Satyam Computer Services Ltd. et al., Brian Faber et al. vs. Satyam Computer Services Ltd. et al, Taylor Jamrok et al. vs. Satyam Computer Services Ltd. et al., William M. Hebert et al. vs. Satyam Computer Services Ltd. et al., and Ashit M. Mehta et al. vs. Satyam Computer Services Ltd. et al. in the United States District Court Southern District of New York, Civil Action Nos. 1:09-cv-00093-BSJ-DFE, 1:09-cv-00161-CM, 1:09-cv-00330-BSJ, 1:09-cv-00337-BSJ, 1:09-cv-08353-BSJ, 1:09-cv-08488-BSJ, 1:09-cv-08491-VM, 1:09-cv-00512-BSJ, 1:09-cv-00569-LTS, 1:09-cv-00655-BSJ, 1:09-cv-01124-UA, and 1:09-cv-01789-UA (Declaration, March 26, 2009).

Jacksonville Police and Fire Pension Fund et al. v. American International Group, Inc. et al., James Connolly v. American International Group, Inc. et al., Maine Public Employees Retirement System et al. v. American International Group, Inc. et al., and Ontario Teachers' Pension Plan Board et al. v. American International Group, Inc. et al. in the United States District Court Southern District of New York, Civil Action Nos. 08 Civ. 4772 (RJS), 08 Civ. 5072 (RJS), 08 Civ. 5464 (RJS), and 08 Civ. 5560 (RJS) (Declaration, August 18, 2008).

Plumbers and Pipefitters Local 51 Pension Fund et al. vs. Darden Restaurants, Inc. et al. and Robert Kalkstein et al. vs. Darden Restaurants, Inc. et al. in the United States District Court Middle District of Florida, Orlando Division, Case Nos. 6:08-CV-00388-PCF-DAB and 6:08-CV-00507-GAP-DAB (Declaration, June 19, 2008; Supplemental Declaration, June 27, 2008).

Life Enrichment Foundation et al. against Merrill Lynch & Co., Inc. et al., Michael J. Savena et al. against Merrill Lynch & Co., Inc. et al., Gary Kosseff et al. against Merrill Lynch & Co., Inc. et al., Robert R. Garber et al. against Merrill Lynch & Co., Inc. et al., and James Conn et al. against Merrill Lynch & Co., Inc. et al. in the United States District Court Southern District of New York, Civil Action Nos. 07 Civ. 09633 (LBS), 07 Civ. 09837 (LBS), 07 Civ. 10984 (LBS), 07 Civ. 11080 (LBS), and 07 Civ. 11626 (LBS) (Declaration, January 17, 2008).

Eugene Kratz vs. Beazer Homes USA, Inc. et al., New Jersey Building Laborers Pension Fund vs. Beazer Homes USA, Inc. et al., and IBEW Local 1579 Pension Plan vs. Beazer Homes USA, Inc. et al. in the United States District Court Southern District of Georgia, Civil Action Nos. 1:07-CV-00725, 1:07-CV-1139, and 1:07-CV-1151 (Declaration, June 15, 2007; Supplemental Declaration, July 2, 2007).

**Exhibit 1**                                                                 **July 2021**

Tully Nadel et al. against Comverse Technology Inc. et al., David Thomas et al. against
     Comverse Technology, Inc. et al., and Lance Moore et al. against Comverse Technology,
     Inc. et al. in the United States District Court Southern District of New York, Civil Action
     Nos. 06 Civ. 3190 (LAK), 06 Civ. 3445 (LAK), and 06 Civ. 4418 (LAK) (Declaration,
     July 6, 2006).

Anthony Caiafa et al. against Comverse Technology Inc. et al. and James M. Gorman et al.
     against Comverse Technology, Inc. et al. in the United States District Court Eastern
     District of New York, Civil Action Nos. 06 CV 1825 (NGG) and 06 CV2738 (NGG)
     (Declaration, July 6, 2006).

**Selected Consulting Experience**

*Securities Litigation*

Consultant in In Re Myriad Genetics, Inc. Securities Litigation in the United States District
     Court, District of Utah, Central Division, Case No. 2-19-cv-00707DBB (April 2021 –
     present).

Consultant in Cambridge Retirement System, et al. v. Amneal Pharmaceuticals, Inc., et al. in the
     Superior Court of New Jersey, Somerset County: Law Division, Dkt. No. SOM-L-1701-
     19 (July 2020 – present).

Consultant in In Re Tesla, Inc. Securities Litigation in the United States District Court, Northern
     District of California, Case No. 18-cv-04865-EMC (June 2020 – present).

Consultant in Patricia A. Shenk et al. v. Mallinckrodt PLC et al. in the United States District
     Court, District of Columbia, Case No. 1:17-CV-001450DLF (December 2019 – present).

Consultant in SEB Investment Management AB, et al. v. Symantec Corp. and G. Clark in the
     United States District Court, Northern District of California, Case No. 3:18-cv-02902-
     WHA (December 2019 – present).

Consultant in In Re CenturyLink Sales Practices and Securities Litigation in the United States
     District Court, District of Minnesota, MDL No. 17-2795 (MJD/KMM) (September 2019
     – present).

Consultant in In Re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products
     Liability Litigation in the United States District Court, Northern District of California,
     MDL No. 2672 CRB (JSC) (September 2019 – present).

Consultant in Lord Abbett Affiliated Fund, Inc., et al. v. Navient Corporation, et al. in the United
     States District Court, District of Delaware, C.A. No. 16-cv-112-MN (July 2019 –
     present).

**Exhibit 1**                                                                                           **July 2021**

Consultant in <u>Lawrence Rougier, et al. v. Applied Optoelectronics, Inc., et al.</u> in the United
    States District Court, Southern District of Texas, Houston Division, Case No. 4:17-cv-
    02399 (April 2019 – present).

Consultant in <u>Christakis Vrakas, et al. v. United States Steel Corporation, et al.</u> in the United
    States District Court, Western District of Pennsylvania, C.A. No. 17-579 (January 2019 –
    present).

Consultant in <u>Pedro Ramirez, Jr., et al. v. Exxon Mobil Corporation, et al.</u> in the United States
    District Court, Northern District of Texas, Case No. 3:16-cv-3111-K (September 2018 –
    present).

Consultant in <u>Howard Green and Anne Bell v. Canadian Imperial Bank of Commerce, et al.</u> in
    the Superior Court of Justice Canada, Ontario, Court File No. CV-08-359335 (March
    2018 – present).

Consultant in <u>In Re Signet Jewelers Limited Securities Litigation</u> in the United States District
    Court, Southern District of New York, Case No. 1:16-cv-06728-CM (January 2019 –
    April 2020).

Consultant in <u>Oklahoma Law Enforcement Retirement System, et al. v. Adeptus Health Inc., et
    al.</u> in the United States District Court, Eastern District of Texas, Case No. 4:18-cv-0449-
    ALM (November 2018 – November 2019).

Consultant in <u>In Re HD Supply Holdings, Inc. Securities Litigation</u> in the United States District
    Court, Northern District of Georgia, Case No. 1:17-cv-02587-ELR (January 2019 –
    August 2019).

Consultant in <u>In Re Illumina, Inc. Securities Litigation</u> in the United States District Court,
    Southern District of California, Case No. 3:16-cv-03044-L-KSC (August 2018 – May
    2019).

Consultant in <u>In Re Cobalt International Energy, Inc. Securities Litigation</u> in the United States
    District Court, Southern District of Texas, Case No.  4:14-cv-3428 (June 2016 – January
    2019).

Consultant in <u>In Re Finisar Corporation Securities Litigation</u> in the United States District Court,
    Northern District of California, Case No. 5:11-cv-01252-EJD (June 2017 – December
    2018).

Consultant in <u>In Re CommVault Systems, Inc. Securities Litigation</u> in the United States District
    Court, District of New Jersey, Master File No. 14-5628 (November 2016 – November
    2017).

Consultant in <u>James Gormley, et al. v. magicJack VocalTec Ltd.</u>, et al. in the United States
    District Court, Southern District of New York, Case No. 1:16-cv-1869 (March 2017 –
    June 2017).

**Exhibit 1**                                                                                              **July 2021**

Consultant in <u>Caason Investments Pty Ltd. et al. v. Simon Xiao Fan Cao & Ors et al.</u> in the Federal Court of Australia, New South Wales District Registry, General Division, No. NDS 1558 of 2012 (April 2016 – May 2017).

Consultant in <u>Celso Catucci and Nicole Aubin v. Valeant Pharmaceuticals International Inc. et al.</u> in the Superior Court Canada, Province of Quebec, District of Montreal, No. 500-06-000783-163 (June 2016 – April 2017).

Consultant in <u>In Re Altisource Portfolio Solutions, S.A. Securities Litigation</u> in the United States District Court, Southern District of Florida, Case 14-81156 CIV-WPD (June 2016 – March 2017).

Consultant in <u>In Re DFC Global Corp. Securities Litigation</u> in the United States District Court, Eastern District of Pennsylvania, C.A. No. 2:13-cv-06731-BMS (September 2015 – February 2017).

Consultant in <u>Blairgowrie Trading Ltd v. Allco Finance Group Ltd</u> in the Federal Court of Australia, New South Wales District Registry, General Division, No. NSD 1609 of 2013 (September 2014 – October 2016).

Consultant in <u>Tobias Mitic v. Oz Minerals Limited</u> in the Federal Court of Australia, Victoria Registry, General Division, No. VID114/2014 (May 2014 – June 2016).

Consultant in <u>William B. Wallace et al. v. IntraLinks Holdings, Inc. et al.</u> in the United States District Court, Southern District of New York, No. 08-Civ.-8861-TPG (November 2013 – October 2015).

Consultant in <u>In Re ITT Educational Services, Inc. Securities Litigation</u> in the United States District Court, Southern District of New York, C.A. No. 13-cv-1620-JPO (January 2015 – October 2015).

Consultant in <u>In Re MF Global Holdings Limited Securities Litigation</u> in the United States District Court, Southern Division New York, C. A. No. 1:11-cv-07866-VM (August 2014 – September 2015).

Consultant in <u>Pawel I. Kmiec vs. Powerwave Technologies, Inc., et al.</u> in the United States District Court, Central District of California Southern Division, No: 8:12-cv-00222CJC(JPRx) (November 2013 – September 2015).

Consultant in <u>Jacqueline Coffin and Sandra Lowry v. Atlantic Power Corp. et al.</u> in the Superior Court of Justice, Ontario, Canada, Court File No.: CV-13-480939 -00CP (September 2013 – March 2015).

Consultant in <u>The Trustees of the Labourers' Pension Fund of Central and Eastern Canada et al. v. Sino-Forest Corporation, et al.</u> in the Superior Court of Justice, Ontario, Canada, Court File No.: CV-11-431153-00CP (October 2011 – September 2014).

**Exhibit 1**                                                    **July 2021**

Consultant in <u>Lehman Brothers Equity/Debt Securities Litigation</u> in the United States District Court, Southern District of New York, No. 08 Civ. 5523 (LAK) (August 2011 – November 2013).

Consultant in <u>Fannie Mae Securities Litigation</u> in the United States District Court, District of Columbia, No. 1:04-CV-01639 (December 2004 – October 2013).

Consultant in <u>In Re Bank of America Corp. Securities, Derivative, and Employment Retirement Income Security Act (Erisa) Litigation</u> in the United States District Court, Southern District of New York, Master File No. 09 MDL 2058 (PKC), relating to Nos. 10-CV-2284 (PKC), 10-CV-5563 (PKC), 11-CV-7070 (PKC), and 11-CV-7779 (PKC) (June 2012 – September 2013).

Consultant in <u>Merck & Co., Inc. Vytorin/Zetia Securities Litigation</u> in the United States District Court, District of New Jersey, Civil Action No. 2:08-cv-2177 (DMC) (JAD) (April 2010 – May 2013).

Consultant in <u>In Re Winstar Communications Securities Litigation</u> in the United States District Court, Southern District of New York, Master File No. 01 Civ. 3014 (GBD) (March 2008 – May 2013).

Consultant in <u>Citigroup Inc. Securities Litigation</u> in the United States District Court Southern District of New York, Master File No. 07 Civ. 9901 (SHS) (May 2011 – April 2013).

Consultant in <u>Fairfax Financial Holdings Limited and Crum & Forster Holdings Corp., v. S.A.C. Capital Management, LLC et al.</u> in the Superior Court of New Jersey, Law Division: Morris County, Docket No. MRS-L-2032-06 (January 2009 – July 2012).

Consultant in <u>SLM Corporation Securities Litigation</u> in the United States District Court, Southern District of New York, Case No. 08 Civ. 1029 (WHP) (February 2011 – April 2012).

Consultant in <u>Vivendi Universal, S.A. Securities Litigation</u> in the United States District Court for the Southern District of New York, No. 02 Civ. 5571 (RJH) (HBP) (March 2008 – April 2012).

Consultant in <u>Countrywide Financial Corporation Securities Litigation</u> in the United States District Court, Central District of California, Western Division, No. CV 07-05295 MRP (MANx) (October 2007 – December 2011).

Consultant in <u>Scientific-Atlanta, Inc. Securities Litigation</u> in the United States District Court, Northern District of Georgia, Atlanta Division, Civil Action No. 1:01-CV-1950-RWS (June 2007 – November 2011).

Consultant in <u>Franz Schliecher et al. vs. Gary C. Wendt et al.</u> in the United States District Court for the Southern District of Indiana, Indianapolis Division, No. 02 CV 1332 TWP-TAB (May 2010 – January 2011).

**Exhibit 1**                                                                                            **July 2021**

Consultant in <u>Alstom SA Securities Litigation</u> in the United States District Court, Southern
        District of New York, Master File No. 03-CV-6595(VM) (January 2007 – October 2010).

Consultant in <u>Marsh & McLennan Companies, Inc. Securities Litigation</u> in the United States
        District Court for the Southern District of New York, Civil Action No. 04-CV-08144
        (SWK) (June 2007 – November 2009).

Consultant in <u>HealthSouth Corporation Securities Litigation, HealthSouth Corporation
        Stockholder Litigation, and HealthSouth Corporation Bondholder Litigation</u> in the United
        States District Court Northern District of Alabama, Southern Division, Master File No.
        CV-03-BE-1500-S, Consolidated Case No. CV-03-BE-1501–S and Consolidated Case
        No. CV-03-BE-1502-S (September 2007 – May 2009).

Consultant in <u>State of New Jersey et al. v. Tyco International, Ltd. et al.</u> in the United States
        District Court for the State of New Hampshire, Civil No. 03-1337-B, MDL No. 1335
        (January 2007 – January 2009).

Consultant in <u>Vesta Insurance Group, Inc. Securities Litigation</u> in the United States District
        Court for the Northern District of Alabama, Southern Division, Case No. CV 98-AR-
        1407KOB (May 2002 – September 2008).

Consultant in <u>Clifford C. Marsden et al. v. Select Medical Corp. et al.</u> in the United States
        District Court for the Eastern District of Pennsylvania, Case No. 2:04-cv-4020 (JCJ)
        (January 2008 – March 2008).

Consultant in <u>Hans A. Quaak et al. v. Dexia Bank Belgium</u> in the United States District Court,
        District of Massachusetts, Civil Action No. 03-CIV-11566(PBS) (July 2006 – April
        2007).

Consultant in <u>Bristol-Myers Squibb Securities Litigation</u> in the United States District Court
        District of New Jersey, Civil Action No. 00-1990 (SRC) (February 2003 – May 2006).

Consultant in <u>Enron Corporation Securities Litigation</u> in the United States District Court,
        Southern District of Texas, Houston Division, MDL-1446, Consolidated Civil Action No.
        H-01-3624 (February 2006 – May 2006).

Consultant in <u>FirstWorld Communications, Inc. Securities Litigation</u> in the United States District
        Court, District of Colorado, Civil Action No. 00-K-1376 (April 2003 – May 2004).

Consultant in <u>Lucent Technologies, Inc. Securities Litigation</u> in the United States District Court
        for the District of New Jersey, Case No. 00-CV-621 (JAP) (April 2002 – November
        2003).

Consultant in <u>DaimlerChrysler AG Securities Litigation</u> in the United States District Court,
        District of Delaware, Civil Action Nos. 00-993/00-984 01-004-JJF (March 2000 – April
        2003)

Consultant in <u>Assisted Living Concepts, Inc. Securities Litigation</u> (May 2000 – December 2002).

**Exhibit 1**                                                          **July 2021**

Consultant in <u>Sykes Enterprises, Inc. Securities Litigation</u> in the United States District Court, Middle District of Florida, Tampa Division, Case No.:8:00-CV212-T-26F (May 2002 – December 2002).

Consultant in <u>Camden Asset Management, LP et al. v. Sunbeam Corporation et al.</u> in the United States District Court Southern District of Florida Miami Division, 99-8275-Civ-Middlebrooks MDL No. 1297 (October 2000 – December 2002).

Consultant in <u>Conseco Inc. Securities Litigation</u> in the United States District Court, Southern District of Indiana, Indianapolis Division, IP00-0585-C Y/S (January 2001 – October 2002).

Consultant in <u>Buxbaum, et al. v. Deutsche Bank AG, et al.</u> in the United States District Court Southern District of New York, 98-Civ-8460 (JGK) (March 2000 – May 2002).

Consultant in <u>Zila, Inc. Securities Litigation</u> in the United States District Court for the Southern District of Arizona, No. Civ. 99-0155-PHX-EHC (OMP) (October 2000 – March 2002).

Consultant in <u>IKON Office Solutions, Inc. Securities Litigation</u> in the United States District Court for the Eastern District of Pennsylvania, File No. 98-CV-4286 (MK) (May 2000 – February 2002).

Consultant in <u>Hamilton Bancorp, Inc. Securities Litigation</u> in the United States District Court Southern District of Florida, Miami Division, Case No. 01-CIV-0156 GOLD/SIMONTON (2002).

Consultant in <u>Cendant Corporation Litigation</u> in the United States District Court for the District of New Jersey, Master File No. 98-1664 (WHW) (May 2000 – July 2000).

Consultant in <u>Harvey Greenfield v. Compuserve Corp. et al.</u> in the Court of Common Pleas, Franklin County, Ohio, Civil Division, Case No. 96CVG06-4810 (May 2000 – June 2000).

Consultant in <u>Pegasystems Securities Litigation</u> in the United States District Court for the District of Massachusetts, C.A. No. 97-12570 (WGY) (May 2000 – June 2000).


*Other*

Consultant in <u>Securities and Exchange Commission v. Chad C. McGinnis, et al.</u> in the United States District Court, District of Vermont (Rutland), Civil Action No. 5:14-cv-00006-CR (October 2013 – March 2019).

Consultant in <u>John Cumming, derivatively on behalf of New Senior Investment Group, Inc. v Wesley R. Edens, et al.</u> in the Court of Chancery of the State of Delaware, Case No. 13007-VCS (October 2018 – December 2018).

**Exhibit 1**                                                                                         **July 2021**

Consultant in <u>Obsidian Management, LLC, v. Xura, Inc.</u> in the Court of Chancery of the State of
    Delaware, C.A. No. 12698-VCS (May 2017 – January 2018).

Consultant in <u>In Re Lehman Brothers Holdings, Inc</u>., et al. in the United States Bankruptcy
    Court, Southern District of New York, Case No. 08-13555 (March 2017 – January 2018).

Consultant in <u>United States of America v. Ashish Aggarwal et al.</u> in the United States District
    Court, Central District of California, Criminal Action No. CR 15-00465 (April 2016 –
    June 2017).

Consultant in <u>David E. Kaplan et al., vs. S.A.C. Capital Advisors, LP., et al.</u> in the United States
    District Court Southern District of New York, Case No. 12 Civ. 9350 (April 2015 –
    November 2016).

Consultant in <u>Public School Teachers' Pension and Retirement Fund of Chicago v. Gary S.
    Guthart, et al.</u> in the Superior Court of California, County of San Mateo, Case No. CV
    526930 (August 2015 – September 2016).

Consultant in <u>Louisiana Firefighters' Retirement System et al. v. Northern Trust Investments,
    N.A. and Northern Trust Company</u> in the United States District Court, Northern District
    of Illinois, C.A. No. 09-cv-7203 (April 2015 – March 2016).

Consultant in <u>Ipay Express Pte Limited & Ors v Macquarie Equities Limited </u>in the Federal Court
    of Australia, New South Wales District Registry, NSD508/2012 (January 2014 – August
    2015).

Consultant in In Re Northstar Lotter Group, LLC and the Illinois Department of the Lottery,
    Reference No. 1340010453 (April 2014 – August 2014).

Consultant in <u>United States of America v. David Riley and Matthew Teeple</u> in the United States
    District Court, Southern District of New York, S1 13 Cr. 339 (RPP) (February 2014 –
    May 2014).

Consultant in <u>The City of Farmington Hills Employees Retirement System et al. v. Wells Fargo
    Bank, N.A.</u> in the United States District Court, Northern District of Minnesota, Court File
    No. 0:10-CV-04372-DWF/JJG (November 2012 – April 2014).

Consultant in <u>United States of America v. Todd Newman et al</u>., in the United States District
    Court, Southern District of New York, S2 12 Cr. 121 (RJS) (June 2012 – December
    2012).

Consultant in <u>In Re MoneyGram International, Inc. Securities Litigation</u> in the Court of
    Chancery of the State of Delaware, C.A. No. 6387-VCL (April 2011 – April 2012).

Consultant in <u>Securities and Exchange Commission v. Galleon Management, LP et al.</u> in the
    United States District Court, Southern District of New York, No. 09-CV-8811-JSR
    (January 2010 – October 2011).

**Exhibit 1**                                                                              **July 2021**

Consultant in <u>United States of America v. Raj Rajaratnam</u> in the United States District Court, Southern District of New York, S2-09-CR-1184 (RJH) (January 2010 – October 2011).

Consultant in <u>Douglas M. Brown, et al. v. Oppenheimerfunds, Inc. et al. and Edward Lowinger, et al.v. Oppenheimerfunds, Inc. et al. and New Mexico Education Plan Trust</u> in the State of New Mexico, County of Santa Fe, First Judicial District Court, Case Nos. D-0101-CV-2009-02815 and D-0101-CV-2009-02657 (January 2010 – January 2011).

Consultant in <u>New York State Electric & Gas Corporation v. FirstEnergy Corp.</u> in the United States District Court for the Northern District of New York, Civil Action No. 3:03-CV-0438 (DEP) (May 2006 – December 2010).

Consultant in <u>George L. Miller, Chapter 7 Trustee of the Bankruptcy Estates of American Business Financial Services, Inc. and Subsidiaries v. Anthony J. Santilli, et al.</u> in the Court of Common Pleas, Philadelphia County, Pennsylvania, July Term, No. 001225 (January 2009 – May 2009).

Consultant in <u>GPC XLI L.L.C., et al. v. Loral Space and Communications, Inc., et al.</u> in the Court of Chancery of the State of Delaware in and for New Castle County, Civil No. 3022-VCS (January 2008 – March 2008).

Consultant in <u>Richard A. Williamson, et al. v. Cox Communications, Inc. et al.</u> in the Court of Chancery of the State of Delaware in and for New Castle County, Civil Action No. 1663-N (May 2007 – October 2007).

Consultant in <u>Rochester Gas and Electric Corporation v. FirstEnergy Corp.</u> in the United States District Court for the Western District of New York, Civil Action 00 CV 6369 (Fe) (April 2007 – October 2007).

Consultant in <u>United States of America v. Jeffrey K. Skilling and Kenneth L. Lay</u> in the United States District Court, Southern District of Texas, Houston Division, Criminal No. H-04-25 (January 2003 – August 2006)

Consultant in <u>Valeant Pharmaceuticals International v. Milan Panic and Adam Jerney</u> in the Court of Chancery of the State of Delaware in and for New Castle County, Civil Action No. 19947-NC (January 2006 – March 2006).

Consultant in <u>FSA Investigation of GLG Partners LP and Mr Philippe Jabre</u> (November 2005 – December 2005).

Consultant in <u>The Matter of the Ruth Lilly Charitable Remainder Annuity Trust #1 U/A/ January 18, 2002, National City Bank of Indiana, Trustee and in The Matter of the Ruth Lilly Charitable Remainder Annuity Trust #1 U/A/ January 18, 2002, National City Bank of Indiana, Trustee</u> in the Marion Superior Court Probate Division, Cause No. 49D08 0211 TR002770 (November 2004 – September 2005).

**Exhibit 1**                                                                                    **July 2021**

Consultant in <u>Bruce J. Colburn et al. v. eResearch Technology, Inc.</u> in the Philadelphia County Court of Common Pleas Commerce Program, Case No. 02521 (January 2005 – March 2005).

Consultant in <u>Elizabeth Frazer et al. v. Richard L. Klass et al.</u> in the United States District Court, Southern District of New York, Docket No. 03 CIV 6725 (CLB) (September 2004).

Consultant in <u>Mark Levy v. Sterling Holding Company, LLC et al.</u> in the Unites States District Court for the District of Delaware, Civil Action No. 00-994 (September 2003 – August 2004).

Consultant in <u>Edward W. Laves v. ISCO International Inc. (f/k/a Illinois Superconductor Corporation), George Calhoun, Samuel Perlman, and Mark Brodsky</u> in the Circuit Court of Cook County, Illinois County Department, Law Division, No. 00 L 8111 (August 2003 – October 2003).

Consultant in <u>Telecorp PCS, Inc. Shareholders Litigation</u> in the Court of Chancery of the State of Delaware in and for New Castle County, Consolidated C.A. No. 19260-NC (January 2003 – May 2003).

Consultant in <u>United States Securities and Exchange Commission v. Scott K. Ginsburg, Mark J. Ginsburg, and Jordan E. Ginsburg</u> in the United States District Court Southern District of Florida West Palm Beach Division, Case No. 99-8694-CIV-RYSKAMP/VITUNAC (April 2002 – October 2002).

Consultant in <u>Consolidated Edison, Incorporated v. Northeast Utilities</u> in the United States District Court Southern District of New York Case No. 01 CIV 1893 (JGK) (April 2002 – September 2002).

Consultant in <u>Research International, LTD. v. Numico Investment Corp. and Koninklijke N.V.</u> in the United States District Court for the Western District of Pennsylvania, Civil Action No. 99-1264 (November 2000 – April 2002).

Consultant in <u>Robert Brennan, Debtor</u> in the United States Bankruptcy Court for the District of New Jersey, case No. 95-35502 (KCF) (March 2000 – September 2000)

.

**Exhibit 2A**
**Courter:  Brian Joe Courter Roth IRA**

| Date | Buy/Sell | Quantity | Price | Cost/ Proceeds | Share Balance |
|---|---|---|---|---|---|
| | OPEN | 30,000 | | | 30,000 |
| 6/19/2020 | Sell | 30,000 | $3.7500 | $112,500.00 | 0 |
| 6/24/2020 | Buy | 5,000 | $4.9999 | $24,999.50 | 5,000 |
| 6/25/2020 | Buy | 24,000 | $5.9500 | $142,800.00 | 29,000 |
| 7/2/2020 | Buy | 29,400 | $6.8600 | $201,684.00 | 58,400 |
| 7/2/2020 | Sell | 29,000 | $6.9600 | $201,840.00 | 29,400 |
| 7/13/2020 | Buy | 318 | $3.6400 | $1,157.52 | 29,718 |
| 7/17/2020 | Buy | 2,300 | $5.0000 | $11,500.00 | 32,018 |
| 7/20/2020 | Sell | 600 | $5.8200 | $3,492.00 | 31,418 |
| 7/20/2020 | Sell | 31,418 | $5.8201 | $182,855.90 | 0 |
| 7/21/2020 | Buy | 32,000 | $5.4100 | $173,120.00 | 32,000 |
| 7/29/2020 | Buy | 2,700 | $5.0000 | $13,500.00 | 34,700 |
| 12/17/2020 | Trans IN | 8,000 | | | 42,700 |
| 2/1/2021 | Trans IN | 8,300 | | | 51,000 |
| 4/14/2021 | Sell | 2,000 | $2.8300 | $5,660.00 | 49,000 |
| 4/14/2021 | Sell | 6,600 | $2.8200 | $18,612.00 | 42,400 |
| 4/14/2021 | Sell | 42,400 | $2.8000 | $118,720.00 | 0 |

Source: Courter Schedule A and loss chart (Exhibit  B).

FORENSIC ECONOMICS, INC.

**Exhibit 2B**
**Courter:  Brian Joe Courter IRA**

| Date | Buy/Sell | Quantity | Price | Cost/ Proceeds | Share Balance |
|---|---|---|---|---|---|
| | OPEN | 30,000 | | | 30,000 |
| 4/2/2020 | Buy | 10,000 | $2.2400 | $22,400.00 | 40,000 |
| 6/19/2020 | Sell | 40,000 | $3.7500 | $150,000.00 | 0 |
| 6/24/2020 | Buy | 5,000 | $5.0000 | $25,000.00 | 5,000 |
| 6/25/2020 | Buy | 50,000 | $6.0000 | $300,000.00 | 55,000 |
| 6/30/2020 | Buy | 1,418 | $9.7950 | $13,889.31 | 56,418 |
| 6/30/2020 | Buy | 5,002 | $9.7900 | $48,969.58 | 61,420 |
| 6/30/2020 | Buy | 7,080 | $9.8000 | $69,384.00 | 68,500 |
| 7/13/2020 | Buy | 270 | $3.7500 | $1,012.50 | 68,770 |
| 7/17/2020 | Buy | 2,230 | $5.0000 | $11,150.00 | 71,000 |
| 7/20/2020 | Sell | 1,166 | $5.8000 | $6,762.80 | 69,834 |
| 7/20/2020 | Sell | 9,588 | $5.8300 | $55,898.04 | 60,246 |
| 7/20/2020 | Sell | 17,509 | $5.7900 | $101,377.11 | 42,737 |
| 7/20/2020 | Sell | 42,737 | $5.8201 | $248,733.61 | 0 |
| 7/21/2020 | Buy | 3,100 | $5.3500 | $16,585.00 | 3,100 |
| 7/21/2020 | Buy | 23,994 | $5.3000 | $127,168.20 | 27,094 |
| 7/21/2020 | Buy | 47,906 | $5.3499 | $256,292.31 | 75,000 |
| 7/29/2020 | Buy | 2,670 | $5.0000 | $13,350.00 | 77,670 |
| 12/17/2020 | Trans OUT | 8,000 | | | 69,670 |
| 2/1/2021 | Trans OUT | 8,300 | | | 61,370 |
| 4/14/2021 | Sell | 61,370 | $2.8000 | $171,836.00 | 0 |

Source: Courter Schedule A and loss chart (Exhibit  B).

FORENSIC ECONOMICS, INC.

**Exhibit 2C**
**Courter:  Brian J. Courter**

| Date | Buy/Sell | Quantity | Price | Cost/ Proceeds | Share Balance |
|---|---|---|---|---|---|
|  | OPEN | 874 |  |  | 874 |
| 6/25/2020 | Buy | 61 | $6.0800 | $370.88 | 935 |
| 7/20/2020 | Sell | 935 | $5.7800 | $5,404.30 | 0 |
| 7/21/2020 | Buy | 1000 | $5.2900 | $5,290.00 | 1000 |
| 4/14/2021 | Sell | 1000 | $2.8000 | $2,800.00 | 0 |

Source: Courter Schedule A and loss chart (Exhibit  B).

**Exhibit 2D**
**Courter:  Courter and Sons LLC**

| Date | Buy/Sell | Quantity | Price | Cost/ Proceeds | Share Balance |
|---|---|---|---|---|---|
| | OPEN | 160,000 | | | 160,000 |
| 3/27/2020 | Sell | 100,000 | $1.0500 | $105,000.00 | 60,000 |
| 4/2/2020 | Buy | 15,000 | $2.4000 | $36,000.00 | 75,000 |
| 6/12/2020 | Sell | 5,000 | $3.2400 | $16,200.00 | 70,000 |
| 6/19/2020 | Sell | 70,000 | $3.7500 | $262,500.00 | 0 |
| 6/24/2020 | Buy | 5,000 | $4.9900 | $24,950.00 | 5,000 |
| 6/25/2020 | Buy | 55,000 | $5.9500 | $327,250.00 | 60,000 |
| 9/30/2020 | Buy | 312 | $3.0000 | $936.00 | 60,312 |
| | HELD | 60,312 | $2.8122 | $169,612.11 | 0 |

Source: Courter Schedule A and loss chart (Exhibit  B).

FORENSIC ECONOMICS, INC.

**Exhibit 2E**
**Dr. Kodali**

| Date | Buy/Sell | Quantity | Price | Cost/ Proceeds | Share Balance |
|---|---|---|---|---|---|
| 6/29/2020 | Buy | 1,000 | $7.8500 | $7,850.00 | 1,000 |
| 6/29/2020 | Sale | 1,000 | $7.9500 | $7,950.00 | 0 |
| 6/30/2020 | Buy | 10,000 | $9.5000 | $95,000.00 | 10,000 |
| 6/30/2020 | Buy | 10,000 | $9.5000 | $95,000.00 | 20,000 |
| 6/30/2020 | Buy | 9,900 | $9.3800 | $92,862.00 | 29,900 |
| 6/30/2020 | Buy | 100 | $9.3900 | $939.00 | 30,000 |
| 6/30/2020 | Buy | 1,040 | $8.9500 | $9,308.00 | 31,040 |
| 6/30/2020 | Buy | 8,960 | $8.9800 | $80,460.80 | 40,000 |
| | HELD | 40,000 | $2.8122 | $112,489.80 | 0 |

Source: Dr. Kodali Schedule A, ECF No. 24-1, p. 3.
HELD shares price set to $2.8122 per share

FORENSIC ECONOMICS, INC.

**Exhibit 3 - LIFO Share Matching Results**

| Movant | Account | Purchase Date | Sale Date | Purchase Price | Sale Price | Shares | Profit/ (Loss) | Held Over | Profit/ (Loss) Held Over | Profit/ (Loss) In-Out | Shares Held Over | Shares In-Out |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Courter | Brian Joe Courter Roth IRA | OPEN | 6/19/2020 | --- | $3.7500 | 30,000 | --- | N | --- | --- | --- | --- |
| | Brian Joe Courter Roth IRA | 6/24/2020 | 7/20/2020 | $4.9999 | $5.8201 | 5,000 | $4,101 | N | --- | $4,101 | --- | 5,000 |
| | Brian Joe Courter Roth IRA | 6/25/2020 | 7/20/2020 | $5.9500 | $5.8201 | 24,000 | ($3,118) | N | --- | ($3,118) | --- | 24,000 |
| | Brian Joe Courter Roth IRA | 7/2/2020 | 7/2/2020 | $6.8600 | $6.9600 | 29,000 | $2,900 | N | --- | $2,900 | --- | 29,000 |
| | Brian Joe Courter Roth IRA | 7/2/2020 | 7/20/2020 | $6.8600 | $5.8201 | 400 | ($416) | N | --- | ($416) | --- | 400 |
| | Brian Joe Courter Roth IRA | 7/13/2020 | 7/20/2020 | $3.6400 | $5.8201 | 318 | $693 | N | --- | $693 | --- | 318 |
| | Brian Joe Courter Roth IRA | 7/17/2020 | 7/20/2020 | $5.0000 | $5.8200 | 600 | $492 | N | --- | $492 | --- | 600 |
| | Brian Joe Courter Roth IRA | 7/17/2020 | 7/20/2020 | $5.0000 | $5.8201 | 1,700 | $1,394 | N | --- | $1,394 | --- | 1,700 |
| | Brian Joe Courter Roth IRA | 7/21/2020 | 4/14/2021 | $5.4100 | $2.8000 | 32,000 | ($83,520) | Y | ($83,520) | --- | 32,000 | --- |
| | Brian Joe Courter Roth IRA | 7/29/2020 | 4/14/2021 | $5.0000 | $2.8000 | 2,700 | ($5,940) | Y | ($5,940) | --- | 2,700 | --- |
| | Brian Joe Courter Roth IRA | 12/17/2020 | 4/14/2021 | $0.0000 | $2.8200 | 300 | $846 | Y | $846 | --- | 300 | --- |
| | Brian Joe Courter Roth IRA | 12/17/2020 | 4/14/2021 | $0.0000 | $2.8000 | 7,700 | $21,560 | Y | $21,560 | --- | 7,700 | --- |
| | Brian Joe Courter Roth IRA | 2/1/2021 | 4/14/2021 | $0.0000 | $2.8300 | 2,000 | $5,660 | Y | $5,660 | --- | 2,000 | --- |
| | Brian Joe Courter Roth IRA | 2/1/2021 | 4/14/2021 | $0.0000 | $2.8200 | 6,300 | $17,766 | Y | $17,766 | --- | 6,300 | --- |
| | *TOTAL CLASS PERIOD PURCHASES* | | | | | *142,018* | *($37,581)* | | *($43,628)* | *$6,047* | *51,000* | *61,018* |
| | | | | | | | | | | | | |
| Courter | Brian Joe Courter IRA | OPEN | 6/19/2020 | --- | $3.7500 | 30,000 | --- | N | --- | --- | --- | --- |
| | Brian Joe Courter IRA | 4/2/2020 | 6/19/2020 | $2.2400 | $3.7500 | 10,000 | $15,100 | N | --- | $15,100 | --- | 10,000 |
| | Brian Joe Courter IRA | 6/24/2020 | 7/20/2020 | $5.0000 | $5.8201 | 5,000 | $4,101 | N | --- | $4,101 | --- | 5,000 |
| | Brian Joe Courter IRA | 6/25/2020 | 7/20/2020 | $6.0000 | $5.7900 | 12,263 | ($2,575) | N | --- | ($2,575) | --- | 12,263 |
| | Brian Joe Courter IRA | 6/25/2020 | 7/20/2020 | $6.0000 | $5.8201 | 37,737 | ($6,789) | N | --- | ($6,789) | --- | 37,737 |
| | Brian Joe Courter IRA | 6/30/2020 | 7/20/2020 | $9.7950 | $5.7900 | 1,418 | ($5,679) | N | --- | ($5,679) | --- | 1,418 |
| | Brian Joe Courter IRA | 6/30/2020 | 7/20/2020 | $9.7900 | $5.8300 | 1,174 | ($4,649) | N | --- | ($4,649) | --- | 1,174 |
| | Brian Joe Courter IRA | 6/30/2020 | 7/20/2020 | $9.7900 | $5.7900 | 3,828 | ($15,312) | N | --- | ($15,312) | --- | 3,828 |
| | Brian Joe Courter IRA | 6/30/2020 | 7/20/2020 | $9.8000 | $5.8300 | 7,080 | ($28,108) | N | --- | ($28,108) | --- | 7,080 |
| | Brian Joe Courter IRA | 7/13/2020 | 7/20/2020 | $3.7500 | $5.8300 | 270 | $562 | N | --- | $562 | --- | 270 |
| | Brian Joe Courter IRA | 7/17/2020 | 7/20/2020 | $5.0000 | $5.8000 | 1,166 | $933 | N | --- | $933 | --- | 1,166 |
| | Brian Joe Courter IRA | 7/17/2020 | 7/20/2020 | $5.0000 | $5.8300 | 1,064 | $883 | N | --- | $883 | --- | 1,064 |
| | Brian Joe Courter IRA | 7/21/2020 | 4/14/2021 | $5.3500 | $2.8000 | 3,100 | ($7,905) | Y | ($7,905) | --- | 3,100 | --- |
| | Brian Joe Courter IRA | 7/21/2020 | 4/14/2021 | $5.3000 | $2.8000 | 23,994 | ($59,985) | Y | ($59,985) | --- | 23,994 | --- |
| | Brian Joe Courter IRA | 7/21/2020 | 12/17/2020 | $5.3499 | $0.0000 | 5,330 | ($28,515) | Y | ($28,515) | --- | 5,330 | --- |
| | Brian Joe Courter IRA | 7/21/2020 | 2/1/2021 | $5.3499 | $0.0000 | 8,300 | ($44,404) | Y | ($44,404) | --- | 8,300 | --- |
| | Brian Joe Courter IRA | 7/21/2020 | 4/14/2021 | $5.3499 | $2.8000 | 34,276 | ($87,400) | Y | ($87,400) | --- | 34,276 | --- |
| | Brian Joe Courter IRA | 7/29/2020 | 12/17/2020 | $5.0000 | $0.0000 | 2,670 | ($13,350) | Y | ($13,350) | --- | 2,670 | --- |
| | *TOTAL CLASS PERIOD PURCHASES* | | | | | *188,670* | *($283,093)* | | *($241,560)* | *($41,534)* | *77,670* | *81,000* |

**Exhibit 3 - LIFO Share Matching Results**

| Movant | Account | Purchase Date | Sale Date | Purchase Price | Sale Price | Shares | Profit/ (Loss) | Held Over | Profit/ (Loss) Held Over | Profit/ (Loss) In-Out | Shares Held Over | Shares In-Out |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Courter | Brian J. Courter | OPEN | 7/20/2020 | --- | $5.7800 | 874 | --- | N | --- | --- | --- | --- |
| | Brian J. Courter | 6/25/2020 | 7/20/2020 | $6.0800 | $5.7800 | 61 | ($18) | N | --- | ($18) | --- | 61 |
| | Brian J. Courter | 7/21/2020 | 4/14/2021 | $5.2900 | $2.8000 | 1,000 | ($2,490) | Y | ($2,490) | --- | 1,000 | --- |
| | *TOTAL CLASS PERIOD PURCHASES* | | | | | *1,935* | *($2,508)* | | *($2,490)* | *($18)* | *1,000* | *61* |
| | | | | | | | | | | | | |
| Courter | Courter and Sons LLC | OPEN | 3/27/2020 | --- | $1.0500 | 100,000 | --- | N | --- | --- | --- | --- |
| | Courter and Sons LLC | OPEN | 6/19/2020 | --- | $3.7500 | 60,000 | --- | N | --- | --- | --- | --- |
| | Courter and Sons LLC | 4/2/2020 | 6/12/2020 | $2.4000 | $3.2400 | 5,000 | $4,200 | N | --- | $4,200 | --- | 5,000 |
| | Courter and Sons LLC | 4/2/2020 | 6/19/2020 | $2.4000 | $3.7500 | 10,000 | $13,500 | N | --- | $13,500 | --- | 10,000 |
| | Courter and Sons LLC | 6/24/2020 | HELD | $4.9900 | $2.8122 | 5,000 | ($10,889) | Y | ($10,889) | --- | 5,000 | --- |
| | Courter and Sons LLC | 6/25/2020 | HELD | $5.9500 | $2.8122 | 55,000 | ($172,577) | Y | ($172,577) | --- | 55,000 | --- |
| | Courter and Sons LLC | 9/30/2020 | HELD | $3.0000 | $2.8122 | 312 | ($59) | Y | ($59) | --- | 312 | --- |
| | *TOTAL CLASS PERIOD PURCHASES* | | | | | *235,312* | *($165,824)* | | *($183,524)* | *$17,700* | *60,312* | *15,000* |
| | | | | | | | | | | | | |
| Dr. Kodali | | 6/29/2020 | 6/29/2020 | $7.8500 | $7.9500 | 1,000 | $100 | N | --- | $100 | --- | 1,000 |
| | | 6/30/2020 | HELD | $9.5000 | $2.8122 | 10,000 | ($66,878) | Y | ($66,878) | --- | 10,000 | --- |
| | | 6/30/2020 | HELD | $9.5000 | $2.8122 | 10,000 | ($66,878) | Y | ($66,878) | --- | 10,000 | --- |
| | | 6/30/2020 | HELD | $9.3800 | $2.8122 | 9,900 | ($65,021) | Y | ($65,021) | --- | 9,900 | --- |
| | | 6/30/2020 | HELD | $9.3900 | $2.8122 | 100 | ($658) | Y | ($658) | --- | 100 | --- |
| | | 6/30/2020 | HELD | $8.9500 | $2.8122 | 1,040 | ($6,383) | Y | ($6,383) | --- | 1,040 | --- |
| | | 6/30/2020 | HELD | $8.9800 | $2.8122 | 8,960 | ($55,263) | Y | ($55,263) | --- | 8,960 | --- |
| | *TOTAL CLASS PERIOD PURCHASES* | | | | | *41,000* | *($260,980)* | | *($261,080)* | *$100* | *40,000* | *1,000* |

**Notes:**

Transactions are matched based on the Last-In-First-Out ("LIFO") share matching methodology as described in the text of the Declaration based on data in Exhibits 2A-2E.

Purchase Date of "OPEN" denotes balance of shares held as of start of the Class Period.

Sale Date of HELD denotes shares not sold as of lead plaintiff filing deadline of May 17, 2021.

Sale Price for HELD shares set equal to $2.1822 per share.

Profit/(Loss) is equal to Shares multiplied by (Sales Price less Purchase Price, if purchase date is not denoted as "OPEN."

Held Over is set to Y if share is:

   (i) purchased within Class Period prior to August 26, 2020 and sold on or after August 26, 2020; or

   (ii) purchased between August 26, 2020 through March 8, 2021 and sold on or after March 8, 2021.

   Otherwise, set to "N".

Profit/(Loss) Held Over and Shares Held Over set equal to Profit/(Loss) or Shares, respectively, if Held Over equals "Y".

Profit/(Loss) In-Out and Shares In-Out set equal to Profit/(Loss) or Shares, respectively, if Held Over equals "N" and Purchase Date not equal to "OPEN".

**Exhibit 4: Daily CytoDyn Closing Prices and Rolling Average Closing Price**
**March 9, 2021 - June 4, 2021**

| Date | Closing Price | Rolling Average Price | Date | Closing Price | Rolling Average Price |
|---|---|---|---|---|---|
| 3/9/2021 | $2.35 | $2.3500 | 4/23/2021 | $3.21 | $2.8133 |
| 3/10/2021 | $2.14 | $2.2450 | 4/26/2021 | $3.17 | $2.8238 |
| 3/11/2021 | $2.46 | $2.3167 | 4/27/2021 | $3.05 | $2.8303 |
| 3/12/2021 | $2.29 | $2.3100 | 4/28/2021 | $2.91 | $2.8325 |
| 3/15/2021 | $2.49 | $2.3460 | 4/29/2021 | $2.79 | $2.8314 |
| 3/16/2021 | $2.44 | $2.3617 | 4/30/2021 | $3.14 | $2.8395 |
| 3/17/2021 | $2.33 | $2.3571 | 5/3/2021 | $3.12 | $2.8467 |
| 3/18/2021 | $2.35 | $2.3563 | 5/4/2021 | $2.94 | $2.8490 |
| 3/19/2021 | $2.46 | $2.3678 | 5/5/2021 | $2.79 | $2.8476 |
| 3/22/2021 | $2.41 | $2.3720 | 5/6/2021 | $2.69 | $2.8438 |
| 3/23/2021 | $2.30 | $2.3655 | 5/7/2021 | $2.91 | $2.8453 |
| 3/24/2021 | $2.19 | $2.3508 | 5/10/2021 | $2.80 | $2.8443 |
| 3/25/2021 | $2.19 | $2.3385 | 5/11/2021 | $2.73 | $2.8418 |
| 3/26/2021 | $2.12 | $2.3229 | 5/12/2021 | $2.46 | $2.8335 |
| 3/29/2021 | $2.13 | $2.3100 | 5/13/2021 | $2.62 | $2.8289 |
| 3/30/2021 | $2.82 | $2.3419 | 5/14/2021 | $2.80 | $2.8283 |
| 3/31/2021 | $2.70 | $2.3629 | 5/17/2021 | $2.04 | $2.8122 |
| 4/1/2021 | $3.19 | $2.4089 | 5/18/2021 | $2.00 | $2.7960 |
| 4/5/2021 | $3.98 | $2.4916 | 5/19/2021 | $1.81 | $2.7767 |
| 4/6/2021 | $3.94 | $2.5640 | 5/20/2021 | $2.05 | $2.7627 |
| 4/7/2021 | $3.50 | $2.6086 | 5/21/2021 | $2.17 | $2.7515 |
| 4/8/2021 | $3.09 | $2.6305 | 5/24/2021 | $2.12 | $2.7398 |
| 4/9/2021 | $3.13 | $2.6522 | 5/25/2021 | $2.01 | $2.7265 |
| 4/12/2021 | $3.11 | $2.6713 | 5/26/2021 | $2.02 | $2.7139 |
| 4/13/2021 | $2.99 | $2.6840 | 5/27/2021 | $1.99 | $2.7012 |
| 4/14/2021 | $2.85 | $2.6904 | 5/28/2021 | $1.90 | $2.6874 |
| 4/15/2021 | $3.05 | $2.7037 | 5/31/2021 | $1.90 | $2.6741 |
| 4/16/2021 | $3.28 | $2.7243 | 6/1/2021 | $2.05 | $2.6637 |
| 4/19/2021 | $3.50 | $2.7510 | 6/2/2021 | $2.06 | $2.6538 |
| 4/20/2021 | $3.33 | $2.7703 | 6/3/2021 | $2.11 | $2.6450 |
| 4/21/2021 | $3.24 | $2.7855 | 6/4/2021 | $2.10 | $2.6363 |
| 4/22/2021 | $3.28 | $2.8009 | | | |

Source for closing price: Bloomberg, PX_LAST rounded to the nearest cent.

# EXHIBIT C

**PG&E Corporation (NYSE: PCG)**
**Loss Chart (LIFO BASIS) For Ali Vafai**
**Class Period Begins:**     4/29/2015
**Class Period Ends:**       6/8/2018

| Date Purchased | Action | Security | Price | Quantity | Amount | Sale Date: | Sale Price: | Proceeds: | GAIN/(LOSS) | |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/13/2017 | Buy | PCG | 58.7922 | 1000 | $ (58,792.20) | 10/13/2017 | 59.89143 | $ 59,891.43 | $ 1,099.23 | |
| 10/13/2017 | Buy | PCG | 57.5 | 1000 | $ (57,500.00) | 10/13/2017 | 59.89143 | $ 59,891.43 | $ 2,391.43 | |
| 10/13/2017 | Buy | PCG | 58 | 1000 | $ (58,000.00) | 10/13/2017 | 59.89143 | $ 59,891.43 | $ 1,891.43 | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| 10/13/2017 | Buy | PCG | 59.0693 | 1000 | $ (59,069.30) | 10/13/2017 | 57.97508 | $ 57,975.08 | $ (1,094.22) | |
| 10/13/2017 | Buy | PCG | 57.0136 | 1000 | $ (57,013.60) | 10/13/2017 | 57.97508 | $ 57,975.08 | $ 961.48 | |
| 10/13/2017 | Buy | PCG | 56.535 | 1000 | $ (56,535.00) | 10/13/2017 | 57.97508 | $ 57,975.08 | $ 1,440.08 | |
| 10/13/2017 | Buy | PCG | 58.65 | 1000 | $ (58,650.00) | 10/13/2017 | 57.97508 | $ 57,975.08 | $ (674.92) | |
| 10/13/2017 | Buy | PCG | 60.619 | 1000 | $ (60,619.00) | 10/13/2017 | 57.97508 | $ 57,975.08 | $ (2,643.92) | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| 10/13/2017 | Buy | PCG | 59.9336 | 1000 | $ (59,933.60) | 10/13/2017 | 61.7301 | $ 61,730.10 | $ 1,796.50 | |
| | | | | | | | | | | |
| 10/16/2017 | Buy | PCG | 51.0171 | 2000 | $ (102,034.20) | 10/16/2017 | 53.46323 | $ 106,926.46 | $ 4,892.26 | |
| 10/16/2017 | Buy | PCG | 54.1471 | 2000 | $ (108,294.20) | 10/16/2017 | 53.46323 | $ 106,926.46 | $ (1,367.74) | |
| 10/16/2017 | Buy | PCG | 52.9179 | 2000 | $ (105,835.80) | 10/16/2017 | 53.46323 | $ 106,926.46 | $ 1,090.66 | |
| | | | | | | | | | | |
| 11/29/2017 | Buy | PCG | 55.04 | 1000 | $ (55,040.00) | 12/21/2017 | 44.07333 | $ 44,073.33 | $ (10,966.67) | PD |
| 11/30/2017 | Buy | PCG | 54.1876 | 1000 | $ (54,187.60) | 12/21/2017 | 44.07333 | $ 44,073.33 | $ (10,114.27) | PD |
| 11/30/2017 | Buy | PCG | 54.69 | 1000 | $ (54,690.00) | 12/21/2017 | 44.07333 | $ 44,073.33 | $ (10,616.67) | PD |
| 12/4/2017 | Buy | PCG | 53.63 | 2000 | $ (107,260.00) | 12/21/2017 | 44.07333 | $ 88,146.66 | $ (19,113.34) | PD |
| 12/5/2017 | Buy | PCG | 52.70432 | 2000 | $ (105,408.64) | 12/21/2017 | 44.07333 | $ 88,146.66 | $ (17,261.98) | PD |
| 12/7/2017 | Buy | PCG | 52.59709 | 2000 | $ (105,194.18) | 12/21/2017 | 44.07333 | $ 88,146.66 | $ (17,047.52) | PD |
| 12/8/2017 | Buy | PCG | 53.1376 | 2000 | $ (106,275.20) | 12/11/2017 | 53.6116 | $ 107,223.20 | $ 948.00 | |
| | | | | | | | | | | |
| 12/11/2017 | Buy | PCG | 52.915 | 2000 | $ (105,830.00) | 12/21/2017 | 44.07333 | $ 88,146.66 | $ (17,683.34) | PD |
| 12/13/2017 | Buy | PCG | 53.0756 | 3000 | $ (159,226.80) | 12/21/2017 | 44.07333 | $ 132,219.99 | $ (27,006.81) | PD |
| 12/14/2017 | Buy | PCG | 52.71707 | 1000 | $ (52,717.07) | 12/21/2017 | 44.07333 | $ 44,073.33 | $ (8,643.74) | PD |
| | | | 52.71707 | 2000 | $ (105,434.14) | | 43.71217 | $ 87,424.34 | $ (18,009.80) | PD |
| 12/18/2017 | Buy | PCG | 52.6177 | 3000 | $ (157,853.10) | 12/21/2017 | 43.71217 | $ 131,136.51 | $ (26,716.59) | PD |
| 12/18/2017 | Buy | PCG | 52.51633 | 3000 | $ (157,548.99) | 12/21/2017 | 43.71217 | $ 131,136.51 | $ (26,412.48) | PD |
| 12/18/2017 | Buy | PCG | 52.57331 | 2000 | $ (105,146.62) | 12/21/2017 | 43.71217 | $ 87,424.34 | $ (17,722.28) | PD |
| | | | 52.57331 | 1000 | $ (52,573.31) | | 43.63912 | $ 43,639.12 | $ (8,934.19) | PD |
| 12/19/2017 | Buy | PCG | 52.0776 | 4000 | $ (208,310.40) | 12/21/2017 | 43.63912 | $ 174,556.48 | $ (33,753.92) | PD |
| 12/19/2017 | Buy | PCG | 52.16759 | 3000 | $ (156,502.77) | 12/21/2017 | 43.63912 | $ 130,917.36 | $ (25,585.41) | PD |
| 12/20/2017 | Buy | PCG | 51.29 | 2000 | $ (102,580.00) | 12/21/2017 | 43.63912 | $ 87,278.24 | $ (15,301.76) | PD |

$ (300,160.50) **TOTAL OVERALL LOSSES**
$ (310,890.77) **DURA LOSSES**

**PD** = This case is a partial disclosure case, with disclosures occurring on:
- October 11, 2017 (Not applicable because no purchases made prior to October 11, 2017)
- December 20, 2017
- May 25, 2018 (Not applicable because no purchases made after December 20, 2017 and sold in response to this disclosure or held past this date)
- June 8, 2018 (Not applicable because no purchases made after December 20, 2017 and sold in response to this disclosure or held past this date)
Therefore, losses on trades purchased between October 12, 2017 and December 20, 2017, and sold after December 20, 2017 are attributable to a partial disclosure and are included in the "Dura Losses" figure. *See* Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 125 S. Ct. 1627 (2005).

# **EXHIBIT D**

**Health Insurance Innovations, Inc.**
**Loss Chart for Robert Rector**
Start CP:      8/2/2017
End CP:        9/11/2017

| DATE: | QUANTITY | PRICE: | TOTAL COST: | DATE: | SOLD/HELD: | QUANTITY: | PRICE: | PROCEEDS: | GAIN/LOSS: |
|---|---|---|---|---|---|---|---|---|---|
| 8/10/2017 buy | 1000 | $30.2500 | $ 30,250.00 | | | | | | |
| 8/10/2017 buy | 1000 | $31.0500 | $ 31,050.00 | | | | | | |
| | | | | 8/14/2017 SELL | | 2000 | $32.7500 | $ 65,500.00 | $ 4,200.00 |
| 8/17/2017 buy | 1000 | $33.1000 | $ 33,100.00 | | HELD*** | | $ 20.3614 | $ 20,361.36 | $ (12,738.64) |
| 8/17/2017 buy | 1000 | $33.1000 | $ 33,100.00 | | HELD*** | | $ 20.3614 | $ 20,361.36 | $ (12,738.64) |
| 8/17/2017 buy | 1000 | $33.1000 | $ 33,100.00 | | HELD*** | | $ 20.3614 | $ 20,361.36 | $ (12,738.64) |
| 8/25/2017 buy | 2000 | $34.8000 | $ 69,600.00 | | | | | | |
| | | | | 8/28/2017 SELL | | 2000 | $34.8100 | $ 69,620.00 | $ 20.00 |
| 8/28/2017 buy | 1300 | $34.7500 | $ 45,175.00 | | HELD*** | | $ 20.3614 | $ 26,469.77 | $ (18,705.23) |
| 8/28/2017 buy | 700 | $34.7450 | $ 24,321.50 | | HELD*** | | $ 20.3614 | $ 14,252.95 | $ (10,068.55) |
| 8/29/2017 buy | 1170 | $36.1000 | $ 42,237.00 | | HELD*** | | $ 20.3614 | $ 23,822.80 | $ (18,414.20) |
| 8/29/2017 buy | 830 | $36.1000 | $ 29,963.00 | | | | | | |
| | | | | 8/31/2017 SELL | | 830 | $35.9500 | $ 29,838.50 | $ (124.50) |
| 8/31/2017 buy | 1000 | $34.9500 | $ 34,950.00 | | | | | | |
| | | | | 8/31/2017 SELL | | 1000 | $34.9500 | $ 34,950.00 | $ - |
| 8/31/2017 buy | 1000 | $34.6000 | $ 34,600.00 | | HELD*** | | $ 20.3614 | $ 20,361.36 | $ (14,238.64) |
| 8/31/2017 buy | 1000 | $33.7500 | $ 33,750.00 | | HELD*** | | $ 20.3614 | $ 20,361.36 | $ (13,388.64) |
| 8/31/2017 buy | 1000 | $33.7500 | $ 33,750.00 | | HELD*** | | $ 20.3614 | $ 20,361.36 | $ (13,388.64) |
| 9/1/2017 buy | 2000 | $31.7500 | $ 63,500.00 | | HELD*** | | $ 20.3614 | $ 40,722.73 | $ (22,777.27) |
| 9/1/2017 buy | 2000 | $28.3200 | $ 56,640.00 | | HELD*** | | $ 20.3614 | $ 40,722.73 | $ (15,917.27) |
| 9/11/2017 buy | 2000 | $26.7000 | $ 53,400.00 | | HELD*** | | $ 20.3614 | $ 40,722.73 | $ (12,677.27) |

$ (177,916.11) TOTAL LOSSES
$ (173,696.11) NET LOSSES
$ (177,791.61) DURA LOSSES
15,170  NUMBER OF RETAINED SHARES

*** = For those shares held at the end of the Class Period and not sold during the 90-day lookback period, the holding value is equal to the average closing price from September 12, 2017 through November 10, 2017 (last available date as of this calculation, when the 90-day lookback period has not yet expired). See 15 U.S.C. § 78u-4(e)(1).  The mean closing price was $20.3614.

LIFO method was used to determine losses on held shares.

# EXHIBIT E

Case 2:17-cv-00506-RJS Document 47-2 Filed 03/02/17 Page 63 of 67

## Losses of Sam Snyder, Julia Ann Snyder and David Ducharme in Securities of ICPI

### Sam and Julia Ann Snyder
**Account 1**

| Purchase Date | Shares | Purchase Price | Cost | Sale Date | Sale Price | Proceeds | Loss/Gain |
|---|---|---|---|---|---|---|---|
| 6/21/2016 | 5000 | $1.55 | -$7,750.00 | 8/9/2017 | $1.04 | $5,189.57 | -$2,560.44 |
| 6/21/2016 | 5000 | $1.55 | -$7,748.59 | 8/9/2017 | $1.04 | $5,189.57 | -$2,559.03 |
| 6/22/2016 | 4900 | $1.58 | -$7,763.62 | 8/9/2017 | $1.04 | $5,085.77 | -$2,677.85 |
| 6/22/2016 | 100 | $1.58 | -$158.00 | 8/9/2017 | $1.04 | $103.79 | -$54.21 |
| 6/22/2016 | 5000 | $1.58 | -$7,899.50 | 8/9/2017 | $1.04 | $5,189.57 | -$2,709.94 |
| 6/23/2016 | 4600 | $1.63 | -$7,498.00 | 8/9/2017 | $1.04 | $4,774.40 | -$2,723.60 |
| 6/23/2016 | 400 | $1.60 | -$640.00 | 8/9/2017 | $1.04 | $415.17 | -$224.83 |
| 6/23/2016 | 600 | $1.64 | -$983.94 | 8/9/2017 | $1.04 | $622.75 | -$361.19 |
| 6/23/2016 | 4400 | $1.60 | -$7,040.00 | 8/9/2017 | $1.04 | $4,566.82 | -$2,473.18 |
| 6/24/2016 | 1200 | $1.56 | -$1,871.88 | 8/9/2017 | $1.04 | $1,245.50 | -$626.38 |
| 7/29/2016 | 2250 | $1.78 | -$4,005.00 | 8/9/2017 | $1.04 | $2,335.30 | -$1,669.70 |
| 7/29/2016 | 900 | $1.76 | -$1,584.00 | 8/9/2017 | $1.04 | $934.12 | -$649.88 |
| 7/29/2016 | 1722 | $1.71 | -$2,944.57 | 8/9/2017 | $1.04 | $1,787.29 | -$1,157.28 |
| 3/2/2017 | 2000 | $2.43 | -$4,860.00 | 8/9/2017 | $1.04 | $2,075.83 | -$2,784.17 |
| 3/6/2017 | 28 | $2.58 | -$72.24 | 8/9/2017 | $1.04 | $29.06 | -$43.18 |
| | 38100 | | -$62,819.34 | | | $39,544.49 | -$23,274.85 |

| | |
|---|---|
| Total Losses: | -$23,274.85 |
| *Dura* Losses: | -$23,274.85 |

**Account 2**

| Purchase Date | Shares | Purchase Price | Cost | Sale Date | Sale Price* | Proceeds | Loss/Gain |
|---|---|---|---|---|---|---|---|
| 1/5/2016 | 3000 | $2.04 | -$6,120.00 | 8/9/2017 | $1.01 | $3,025.66 | -$3,094.34 |
| 3/7/2016 | 3000 | $2.15 | -$6,450.00 | 8/9/2017 | $1.01 | $3,025.66 | -$3,424.34 |
| 3/17/2016 | 1000 | $2.00 | -$2,000.00 | 8/9/2017 | $1.01 | $1,008.55 | -$991.45 |
| 6/21/2016 | 51 | $1.54 | -$78.54 | 8/9/2017 | $1.01 | $51.44 | -$27.10 |
| 6/21/2016 | 2800 | $1.53 | -$4,284.00 | 8/9/2017 | $1.01 | $2,823.95 | -$1,460.05 |
| 6/21/2016 | 5000 | $1.55 | -$7,750.00 | 8/9/2017 | $1.01 | $5,042.77 | -$2,707.23 |
| 6/21/2016 | 5000 | $1.57 | -$7,850.00 | 8/9/2017 | $1.01 | $5,042.77 | -$2,807.23 |
| 6/22/2016 | 256 | $1.58 | -$404.48 | 8/9/2017 | $1.01 | $258.19 | -$146.29 |

| Purchase Date | Shares | Purchase Price | Cost | Sale Date | Sale Price* | Proceeds | Loss/Gain |
|---|---|---|---|---|---|---|---|
| 6/22/2016 | 4600 | $1.58 | -$7,268.00 | 8/9/2017 | $1.01 | $4,639.35 | -$2,628.65 |
| 6/22/2016 | 400 | $1.55 | -$620.00 | 8/9/2017 | $1.01 | $403.42 | -$216.58 |
| 6/23/2016 | 3693 | $1.64 | -$6,042.52 | 8/9/2017 | $1.01 | $3,724.59 | -$2,317.93 |
| 6/23/2016 | 10000 | $1.63 | -$16,298.51 | 8/9/2017 | $1.01 | $10,085.54 | -$6,212.97 |
| 8/3/2016 | 190 | $1.88 | -$357.18 | 8/9/2017 | $1.01 | $191.63 | -$165.56 |
| 8/3/2016 | 10 | $1.87 | -$18.70 | 8/9/2017 | $1.01 | $10.09 | -$8.61 |
| | 39000 | | -$65,541.93 | | | $39,333.61 | -$26,208.32 |

| | |
|---|---|
| Total Losses: | -$25,761.93 |
| *Dura* Losses: | -$25,761.93 |

**Account 3**

| Purchase Date | Shares | Purchase Price | Cost | Sale Date | Sale Price* | Proceeds | Loss/Gain |
|---|---|---|---|---|---|---|---|
| 1/5/2016 | 3000 | $2.04 | -$6,120.00 | 8/9/2017 | $1.00 | $3,000.22 | -$3,119.78 |
| 3/7/2016 | 3000 | $2.15 | -$6,450.00 | 8/9/2017 | $1.00 | $3,000.22 | -$3,449.78 |
| 3/17/2016 | 1200 | $2.00 | -$2,400.00 | 8/9/2017 | $1.00 | $1,200.09 | -$1,199.91 |
| 5/24/2016 | 8000 | $1.76 | -$14,080.00 | 8/9/2017 | $1.00 | $8,000.58 | -$6,079.42 |
| | 15200 | | -$29,050.00 | | | $15,201.09 | -$13,848.91 |

| | |
|---|---|
| Total Losses: | -$13,546.00 |
| *Dura* Losses: | -$13,546.00 |

**David Ducharme**

**Account 1**

| Purchase Date | Shares | Purchase Price | Cost | Sale Date | Sale Price* | Proceeds | Loss/Gain |
|---|---|---|---|---|---|---|---|
| 4/11/2016 | 6000 | $2.25 | -$13,500.00 | 4/19/2016 | $2.23 | $13,369.20 | -$130.80 |
| 6/24/2016 | 8700 | $1.54 | -$13,397.13 | held | $1.02 | $8,874.00 | -$4,523.13 |
| 6/24/2016 | 1000 | $1.50 | -$1,500.00 | held | $1.02 | $1,020.00 | -$480.00 |
| 11/11/2016 | 1740 | $2.87 | -$4,985.97 | held | $1.02 | $1,774.80 | -$3,211.17 |
| 3/9/2017 | 1173 | $2.52 | -$2,961.71 | held | $1.02 | $1,196.46 | -$1,765.25 |
| | 18613 | | -$36,344.81 | | | $26,234.46 | -$10,110.35 |

| | |
|---|---|
| Total Losses: | -$10,110.35 |
| *Dura* Losses: | -$9,979.55 |

**Account 2**

| Purchase Date | Shares | Purchase Price | Cost | Sale Date | Sale Price | Proceeds | Loss/Gain |
|---|---|---|---|---|---|---|---|

Case 2:17-cv-05018-BHJ-SO Document 47-2 Filed 03/02/17 Page 64 of 67

Case 2:17-cv-05095-BRJO Document 47-2 Filed 09/29/17 Page 65 of 67

| Date | Shares | Price | Amount | Held | Lookback | Value | Loss |
|---|---|---|---|---|---|---|---|
| 1/29/2016 | 350 | $2.23 | -$780.15 | held | $1.02 | $357.00 | -$423.15 |
| 7/7/2016 | 13100 | $1.61 | -$21,089.99 | held | $1.02 | $13,362.00 | -$7,727.99 |
| 8/3/2016 | 11900 | $1.87 | -$22,253.00 | held | $1.02 | $12,138.00 | -$10,115.00 |
| 8/3/2016 | 2600 | $1.84 | -$4,774.00 | held | $1.02 | $2,652.00 | -$2,122.00 |
| 8/3/2016 | 10000 | $1.87 | -$18,734.50 | held | $1.02 | $10,200.00 | -$8,534.50 |
| | 37950 | | -$67,631.64 | | | $38,709.00 | -$28,922.64 |

| | |
|---|---|
| Total Losses: | -$28,922.64 |
| *Dura* Losses: | -$28,922.64 |

| | |
|---|---|
| Total Losses: | -$101,615.77 |
| *Dura* Losses: | -$101,484.97 |

\* Pursuant to 15 U.S.C. § 78u–4(e)(1),  the 90-day lookback price of $1.02 is used for the value of held shares and any shares sold for less than $1.02.

# **EXHIBIT F**

**Loss Chart of Michael and Kelly Nguyen in Common Stock of NewLink Genetics**

**Michael Nguyen 401K Account**

| Purchase Date | Shares | Purchase Price | Cost | Sale Date | Sale Price | Proceeds | Loss/Gain |
|---|---|---|---|---|---|---|---|
| 11/11/2014 | 3,600 | $32.24 | $116,064.00 | 11/20/2014 | $33.69 | $121,284.00 | $5,220.00 |
| 11/11/2014 | 700 | $32.24 | $22,568.00 | 11/20/2014 | $33.58 | $23,506.00 | $938.00 |
| 11/11/2014 | 300 | $32.24 | $9,672.00 | 11/20/2014 | $33.66 | $10,098.00 | $426.00 |
| 11/11/2014 | 100 | $32.24 | $3,224.00 | 11/20/2014 | $33.70 | $3,370.00 | $146.00 |
| 11/25/2014 | 5,100 | $34.45 | $175,695.00 | 11/25/2014 | $35.15 | $179,265.00 | $3,570.00 |
| 12/2/2014 | 5,150 | $35.15 | $181,022.50 | 12/19/2014 | $39.30 | $202,395.00 | $21,372.50 |
| 1/6/2015 | 2,100 | $38.44 | $80,724.00 | 2/17/2015 | $40.10 | $84,210.00 | $3,486.00 |
| 1/15/2015 | 1,000 | $37.83 | $37,830.00 | 2/17/2015 | $40.10 | $40,100.00 | $2,270.00 |
| 4/1/2015 | 400 | $52.90 | $21,160.00 | 4/8/2015 | $56.00 | $22,400.00 | $1,240.00 |
| 4/2/2015 | 3,900 | $52.78 | $205,842.00 | 4/8/2015 | $56.00 | $218,400.00 | $12,558.00 |
| 4/2/2015 | 500 | $52.50 | $26,250.00 | 4/8/2015 | $56.00 | $28,000.00 | $1,750.00 |
| 4/2/2015 | 300 | $52.75 | $15,825.00 | 4/8/2015 | $56.00 | $16,800.00 | $975.00 |
| 4/2/2015 | 100 | $52.56 | $5,256.00 | 4/8/2015 | $56.00 | $5,600.00 | $344.00 |
| 4/2/2015 | 100 | $52.61 | $5,261.00 | 4/8/2015 | $56.00 | $5,600.00 | $339.00 |
| 4/15/2015 | 5,500 | $53.10 | $292,050.00 held | | $10.96 | $60,272.14 | -$231,777.87 |
| 8/6/2015 | 215 | $48.66 | $10,461.90 held | | $10.96 | $2,356.09 | -$8,105.81 |
| 11/16/2015 | 200 | $35.70 | $7,140.00 held | | $10.96 | $2,191.71 | -$4,948.29 |
| 11/16/2015 | 225 | $35.26 | $7,933.50 held | | $10.96 | $2,465.68 | -$5,467.82 |

**Michael & Kell Nguyen Account**

| Purchase Date | Shares | Purchase Price | Cost | Sale Date | Sale Price | Proceeds | Loss/Gain |
|---|---|---|---|---|---|---|---|
| 11/10/2014 | 1,400 | $33.60 | $47,040.00 | 11/10/2014 | $34.30 | $48,020.00 | $980.00 |
| 11/11/2014 | 2,700 | $32.80 | $88,560.00 | 11/21/2014 | $33.75 | $91,125.00 | $2,565.00 |
| 11/21/2014 | 145 | $34.41 | $4,989.45 | 11/21/2014 | $35.60 | $5,162.00 | $172.55 |
| 11/21/2014 | 2,671 | $34.41 | $91,909.11 | 11/21/2014 | $35.70 | $95,354.70 | $3,445.59 |
| 11/21/2014 | 400 | $34.25 | $13,700.00 | 11/21/2014 | $35.70 | $14,280.00 | $580.00 |
| 11/21/2014 | 400 | $34.32 | $13,728.00 | 11/21/2014 | $35.70 | $14,280.00 | $552.00 |
| 11/21/2014 | 200 | $34.22 | $6,844.00 | 11/21/2014 | $35.70 | $7,140.00 | $296.00 |
| 11/21/2014 | 200 | $34.32 | $6,864.00 | 11/21/2014 | $35.70 | $7,140.00 | $276.00 |
| 11/21/2014 | 100 | $34.18 | $3,418.00 | 11/21/2014 | $35.70 | $3,570.00 | $152.00 |
| 11/21/2014 | 100 | $34.22 | $3,422.00 | 11/21/2014 | $35.70 | $3,570.00 | $148.00 |
| 11/21/2014 | 100 | $34.32 | $3,432.00 | 11/21/2014 | $35.70 | $3,570.00 | $138.00 |
| 11/21/2014 | 100 | $34.31 | $3,431.00 | 11/21/2014 | $35.70 | $3,570.00 | $139.00 |
| 11/21/2014 | 84 | $34.21 | $2,873.64 | 11/21/2014 | $35.70 | $2,998.80 | $125.16 |
| 12/5/2014 | 4,500 | $36.52 | $164,340.00 | 12/18/2014 | $37.11 | $166,995.00 | $2,655.00 |
| 12/23/2014 | 300 | $36.80 | $11,040.00 | 12/26/2014 | $40.00 | $12,000.00 | $960.00 |
| 1/6/2015 | 3,500 | $38.43 | $134,505.00 | 2/13/2015 | $38.85 | $135,975.00 | $1,470.00 |
| 1/6/2015 | 100 | $38.37 | $3,837.00 | 2/13/2015 | $38.85 | $3,885.00 | $48.00 |
| 1/6/2015 | 100 | $38.39 | $3,839.00 | 2/13/2015 | $38.85 | $3,885.00 | $46.00 |
| 8/6/2015 | 360 | $48.75 | $17,550.00 | 9/11/2015 | $51.20 | $18,432.00 | $882.00 |
| 11/6/2015 | 500 | $35.72 | $17,860.00 held | | $10.96 | $5,479.29 | -$12,380.72 |

| | |
|---|---|
| **Total Loss:** | **-$192,415.70** |
| **Dura Loss:** | **-$262,680.50** |

*Holding Value calculated using the average closing price for the 90-day period beginning on May 10, 2016