The Honorable Benjamin H. Settle

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

| | |
|---|---|
| ANGELA LEWIS, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CYTODYN, INC, et al. <br><br> Defendants. | Case No. 3:21-cv-05190-BHS <br><br> **DR. SMILA KODALI'S MOTION TO RECONSIDER ORDER APPOINTING LEAD PLAINTIFF** <br><br> NOTE ON MOTION CALENDAR: **August 25, 2021** |

SMILA KODALI'S MTN TO RECONSIDER ORDER
APPOINTING LEAD PLAINTIFF
CASE NO. 3:21-cv-5190-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

Dr. Kodali respectfully seeks reconsideration of the Order on Motions to Consolidate Actions, Appoint Lead Plaintiff, and Approve Selection of Lead and Liaison Counsel (ECF No. 65, "Order") pursuant to W.D. Wash. LCR 7(h).[1] While Dr. Kodali recognizes that such motions are disfavored, they should be granted upon a showing of manifest error in the prior ruling—including, as here, one involving misconstrued comparative losses. *See Frank v. Dana Corp.*, 237 F.R.D. 171, 172 (N.D. Ohio 2006) (granting reconsideration at lead plaintiff stage, finding Court had in fact "mistakenly misconstrued those figures to reach my decision."). An incorrect interpretation of the caselaw satisfies that standard. *See Port of Tacoma v. Todd Shipyards Corp.*, 2009 U.S. Dist. LEXIS 5884, at *8-9 (W.D. Wash. 2009) (granting motion for reconsideration) (Settle, J.).

Dr. Kodali respectfully submits that the caselaw supporting the Order was not correctly applied here because none of those authorities hold that courts should disregard windfall LIFO gains during the Class Period. *See* p. 3-5, *infra*. As set forth herein, Courter successfully urged the Court to commit error by having it ***apply LIFO only when it increased*** his losses but to ***ignore LIFO when it decreased*** his losses. This undermined LIFO's long-recognized advantages—ones which the Order itself adopted. *Compare* Order at 9 *with Ellenburg v. JA Solar Holdings Co.*, 262 F.R.D. 262, 266 (S.D.N.Y. 2009) (rejecting argument that gains on pre-class period holdings, as with Courter here, should be ignored); *see also In re Cavanaugh*, 306 F.3d 726, 730 n.4 (9th Cir. 2002) (methods used to compare movants must be "rational" and "consistently applied"). Mr. Courter cannot and will not credibly deny this, which is precisely why he was initially unwilling to reveal the cost basis for his pre-Class Period purchases until after Dr. Kodali raised the issue.  *See* ECF No. 65 at 10 ("Courter's loss (*i.e.*, including the pre-Class period purchases in Courter's losses), Courter would still have a loss of $196,450.").

It is undisputed that, were the Court to consistently apply LIFO to ***all*** of Mr. Courter's Class Period sales, his losses are $196,450—less than Dr. Kodali's losses. *See* ECF No. 51 at n.5 (Courter's acknowledgment); *see also Mersho v. United States Dist. Court*, 2021 U.S. App. LEXIS 21887, at *11 (9th Cir. 2021) ("[T]he district court must identify which movant has the largest alleged losses[.]").

---

[1]    All emphasis added and internal citations/quotations omitted unless otherwise indicated.

SMILA KODALI'S MTN TO RECONSIDER ORDER    1
APPOINTING LEAD PLAINTIFF
CASE NO. 3:21-cv-5190-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

The Order correctly notes that "LIFO calculates losses by assuming that the first stocks to be sold are the stocks purchased most recently prior to that sale." Order at 8.[2]  Dr. Kodali agrees. The Court is also correct that "'[t]he main advantage of LIFO is that, unlike FIFO, it takes into account gains that might have accrued to plaintiffs during the class period due to the inflation of the stock price[.]'" *Id.*, quoting *In re eSpeed, Inc.*, *Sec. Litig.*, 232 F.R.D. 95, 101 (S.D.N.Y. 2005). The Court again reiterated the advantages of LIFO as "'the most accurate measure of actual losses . . . in that it takes into account any gains accrued from sales during the class period.'" Order at 9, quoting *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.*, 269 F.R.D. 291, 296 (S.D.N.Y. 2010). Dr. Kodali also agrees that this is the proper approach.

But if an investor's ***earliest*** class period transactions are ***sales*** of stock rather than purchases under LIFO, as with Courter here, then those earlier sales must be matched against the most-recently purchased shares—even when those shares were purchased, as with Courter again here, prior to the Class Period. *See Cambridge Ret. Sys. v. Mednax, Inc.*, 2018 U.S. Dist. LEXIS 207064, at *12 (S.D. Fla. 2018) (specifically adopting LIFO, noting "[t]he Court finds that the criticism of the FIFO method has merit, and therefore has relied solely on the parties' calculations of losses under the LIFO method."); *see also id.* at *13 (criticizing movant who failed to properly match excess class period sales against pre-class period holdings when LIFO is consistently applied to all class period sales); *see also Ferreira v. Funko, Inc.*, 2020 U.S. Dist. LEXIS 106515, at *13 (C.D. Cal. 2020) (accepting LIFO as preferred approach); *id.* at *18-19 (criticizing failure to offset excess class period sales against pre-class period holdings).

Doing so ensures both that: (i) sales are still matched against the most recent earlier purchases under LIFO; and (ii) windfall LIFO gains are rationally and consistently accounted for. *See Ellenburg*, 262 F.R.D. at 266 ("The most accurate and realistic way to account for the gain realized from the August 20 sale is to subtract the purchase price of the shares sold from the proceeds of their sale, and to offset the resulting gain against [the] class period losses."). Doing otherwise "ignore[s] the reality

---

[2]   The Court seemingly also rejects the first-in-first-out ("FIFO") method of accounting—but Dr. Kodali does not, and has not, argued in favor of the FIFO method in these proceedings.

SMILA KODALI'S MTN TO RECONSIDER ORDER      2
APPOINTING LEAD PLAINTIFF
CASE NO. 3:21-cv-5190-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

of the financial transactions in this case." *Id.* The aforementioned cases are not, as Courter suggested, "fringe" opinions; they correctly apply LIFO and would further its advantages here by considering Courter's windfall LIFO *gains* due to artificial inflation in CytoDyn's share price when he sold his pre-Class Period shares. *See eSpeed*, 232 F.R.D. at 101. Indeed, Courter concedes that—when LIFO is consistently applied to all his Class Period sales—his windfall LIFO gains reduce his losses to $196,450 (less than Dr. Kodali's losses of approximately $260,000). ECF No. 51 at n.5; *see also* Order at 10.

The Court therefore erred by adopting Courter's mischaracterization of *Mednax* and *Funko* as deviations from LIFO. Indeed, Courter incorrectly urged the Court to consider LIFO *exclusively* when it increased his losses and to ignore LIFO when it produced a gain. This defeats the recognized advantages of LIFO. *Cf.* ECF No. 51 (Courter describing consistent application of LIFO as a "fringe analysis") *with eSpeed*, 232 F.R.D. at 101 (accounting for windfall gains is the main advantage of LIFO); *City of Monroe*, 236 F.R.D. at 296 (same); *Mednax*, 2018 U.S. Dist. LEXIS 207064, at *12-13 (under LIFO, class period sales must be matched against pre-class period holdings to account for windfalls); *Funko*, 2020 U.S. Dist. LEXIS 106515, at *13; *id.* at *18-19 (same). Courter's argument misled the Court to ignore *all* his windfall LIFO gains from selling his initial holdings and led it to wrongly conclude that "Courter's total losses using LIFO methodology are $489,006.64[.]" Order at 9.

Ignoring Courter's windfall LIFO gains subverts LIFO's advantages (*i.e.*, considering the degree that a movant may have benefitted from the fraud). In doing so here, the Court erred. The Order's cited authorities do not support Courter's appointment or the conclusion that "[w]hen using LIFO to calculate the class period, courts do not typically offset the loss with pre-class period purchases and sales." Order at 9. For example, in *In re Comdisco Sec. Litig.*, 2004 U.S. Dist. LEXIS 7230 (N.D. Ill. 2004) the court justified its earlier decision to use LIFO instead of FIFO. Tellingly, that earlier decision had rejected FIFO *because FIFO would not account for windfall gains* resulting from—as Courter did here—an excess of class period sales over class period purchases:

SMILA KODALI'S MTN TO RECONSIDER ORDER     3
APPOINTING LEAD PLAINTIFF
CASE NO. 3:21-cv-5190-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

> In fact PASERS was an active trader during the Class Period, with 15 separate sales that more than matched its purchases during that time frame: Its Class Period purchases of Comdisco common stock aggregated 213,800 shares, while its sales during the same period totaled 218,400 shares. And when those transactions are properly matched, rather than by the impermissible application of a FIFO methodology (which by definition brings into play PASERS' pre-Class-Period holdings as the purported measure of its claimed loss), PASERS' Class Period sales at inflated prices caused it to derive unwitting benefits rather than true losses from the alleged securities fraud. . . .

*In re Comdisco Sec. Litig.*, 150 F. Supp. 2d 943, 945 (N.D. Ill. 2001). Here, while Courter did not use FIFO, he indulged its shortcomings by applying LIFO *only* to transactions that inflated his losses, ***and not to those that reduced them***. ECF No. 27, Ex's. A & B.[3] The Order adopted and repeated that error. *See* Order at 9. Consequently, the Order overlooked the "unwitting benefits" Courter derived by selling more CytoDyn shares than he purchased during the Class Period. *See Comdisco*, 150 F. Supp. 2d at 945. The Order is therefore contrary to *Comdisco's* stated reasons for rejecting FIFO in favor of LIFO—namely, LIFO's matching of excess sales and accounting for "unwitting benefits." *Id.* (". . . and when those transactions are properly matched. . . .").

Johnson v. Dana Corp. also did not disregard windfall LIFO gains—it simply rejected FIFO on ***causation*** grounds, reasoning that "***losses*** with respect to pre-existing shares stem not from defendant's misconduct, but from the failure of defendant's business . . . . Therefore, to determine which party has the largest financial interest for the purposes of appointing a lead plaintiff, this court endorses the use of LIFO over FIFO." 236 F.R.D. 349, 353.[4] But FIFO is not at issue here, nor are ***losses*** on Class Period sales of pre-Class Period holdings. Courter's windfall LIFO ***gains***, however, are relevant because they were incurred due to Defendants' material misstatements. It is wholly appropriate under LIFO to consider those windfall LIFO gains when determining Courter's financial

---

[3] The Declaration of Kenneth N. Kotz and its supporting exhibits are unpersuasive, as they simply maintain the pretense of Courter's initial loss chart that *any* proceeds or profits on his opening sales transactions simply didn't happen. *See* ECF No. 64 at 55-56 (transactions labeled "open" in the purchase date column). Moreover, the declaration itself does not address *why* windfall LIFO gains from sales of pre-Class Period holdings should be disregarded when calculating the movants' financial interest. This approach "ignore[s] the reality of the financial transactions in this case." *See Ellenburg*, 262 F.R.D. at 266.

[4] The decision was further amended on reconsideration because that court's initial ruling on the submitted LIFO calculations erroneously "misconstrued" and "effectively understat[ed] those figures." *Frank*, 237 F.R.D. at 172.

SMILA KODALI'S MTN TO RECONSIDER ORDER    4
APPOINTING LEAD PLAINTIFF
CASE NO. 3:21-cv-5190-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

interest. *See Comdisco*, 150 F. Supp. 2d at 945; *Mednax*, 2018 U.S. Dist. LEXIS 207064, at *12-13; *Funko*, 2020 U.S. Dist. LEXIS 106515, at *13; *id.* at *18-19.

Like *Comdisco* and *Johnson*, *City of Monroe* did not call for the wholesale disregard of windfall LIFO gains. *See* 269 F.R.D. at 295-96. To the contrary—as this Court noted—it held that LIFO is "the most accurate measure of actual losses suffered by stockholders in that it takes into account **any gains accrued** from sales during the class period." *Id.* at 296; Order at 9. "Any gains accrued" can and should include windfall LIFO gains from selling pre-Class Period holdings at artificially inflated prices during the Class Period. *See Comdisco*, 150 F. Supp. 2d at 945. If they are not, then the benefits of using LIFO over FIFO are lost. *Bristol Cty. Ret. Sys. v. Allscripts Healthcare Sols., Inc.*, 2012 U.S. Dist. LEXIS 161441, at *8-9 (N.D. Ill. 2012) (the FIFO method is "disfavored" due to its tendency to give movants "a windfall by **not taking into consideration gains** they obtained from sales of stock during the class period **at a price that was inflated by fraud**.").

Although the Court has considerable discretion to determine how it will measure a proposed lead plaintiff's financial interest, the Ninth Circuit holds that any method used must be both "rational" and "consistently applied." *Cavanaugh*, 306 F.3d at 730 n.4. The piecemeal application of LIFO to certain of Courter's transactions but not others, resulting in the wholesale disregard of Courter's LIFO gains, is inconsistent. Accordingly, reconsideration is warranted. *See Tacoma*, 2009 U.S. Dist. LEXIS 5884, at *8-9 (incorrect application of on-point authority justifies reconsideration). For the foregoing reasons, Dr. Kodali respectfully requests that the Court reconsider its earlier ruling, and that after due consideration, that it (i) appoint her as Lead Plaintiff; and (ii) approve her selection of KSF as Lead Counsel and Breskin Johnson & Townsend, PLLC as Liaison Counsel for the putative Class.

Dated: August 25, 2021                          Respectfully submitted,

                                                **BRESKIN JOHNSON & TOWNSEND, PLLC**

                                                By:  *s/ Roger M. Townsend*
                                                    Roger M. Townsend
                                                    1000 Second Avenue, Suite 3670
                                                    Seattle, Washington 98104
                                                    Telephone: (206) 652-8660
                                                    Facsimile: (206) 652-8290

SMILA KODALI'S MTN TO RECONSIDER ORDER          5
APPOINTING LEAD PLAINTIFF
CASE NO. 3:21-cv-5190-BHS

rtownsend@bjtlegal.com

*Proposed Liaison Counsel for Movant, Dr. Smila Kodali*

-and-

Ramzi Abadou (admitted *pro hac vice*)
KAHN SWICK & FOTI, LLP
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

*Proposed Lead Counsel and Counsel for Movant, Dr. Smila Kodali*

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660