The Honorable Benjamin H. Settle

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

| | |
|---|---|
| BRIAN JOE COURTER, *et al*.,<br><br>               Plaintiff,<br><br>   v.<br><br>CYTODYN, INC., NADER Z. POURHASSAN, and MICHAEL MULHOLLAND,<br><br>               Defendants. | No. 3:21-cv-05190-BHS<br><br>**LEAD PLAINTIFF BRIAN JOE COURTER AND COURTER AND SONS LLC'S RESPONSE IN OPPOSITION TO DR. SMILA KODALI'S MOTION TO RECONSIDER ORDER APPOINTING LEAD PLAINTIFF**<br><br>NOTED ON MOTION CALENDAR: September 10, 2021 |

LEAD PLAINTIFF BRIAN JOE COURTER AND COURTER AND SONS LLC'S RESPONSE IN OPPOSITION TO DR. SMILA KODALI'S MOTION TO RECONSIDER
CASE NO. 3:21-CV-05190-BHS

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

Lead Plaintiff Brian Joe Courter and Courter and Sons LLC (collectively, "Courter") respectfully submit this memorandum in opposition to Dr. Kodali's motion for reconsideration (ECF No. 66, the "Motion") of the Court's August 19, 2021 order (ECF No. 65, the "Order").[1]

## I.    INTRODUCTION

Following full briefing and two surreplies, the Court issued a detailed opinion granting Courter's motion for appointment as Lead Plaintiff and denying Dr. Kodali's motion. *See* Order at 16.  In doing so, the Court expressly "conclude[d] that Courter has the largest financial interest" as required under the PSLRA, *id*. at 12, and rejected Dr. Kodali's claim that Courter's LIFO losses should be offset by any gains from sales of Courter's pre-Class Period holdings. *Id.* at 8-9; *see also* ECF No. 45 at 7 (Dr. Kodali's opposition arguing that Courter's losses "omitted . . . gains from sales matched against his opening ***pre-Class Period*** position").  Specifically, the Court explained that, when calculating LIFO losses, "courts do not typically offset the loss with pre-class period purchases and sales" because "losses or gains on pre-class period holdings are typically not compensable." Order at 9 (quoting *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 295 (S.D.N.Y. 2010)).  The Court's holding accords with the vast majority of case law applying LIFO when appointing lead plaintiffs under the PSLRA.  Dr. Kodali's Motion does not identify any contrary controlling law ignored by the Order—because there is none.

Unsatisfied, Dr. Kodali's Motion mistakenly claims the Court committed "manifest error" based primarily on two ***non-binding, out-of-District trial court*** opinions—which this Court ***expressly discussed and rejected***—to again rehash her argument that "if an investor's earliest class period transactions are sales of stock rather than purchases under LIFO, . . . then those earlier sales must be matched against the most-recently purchased shares—even when those shares were purchased . . . prior to the Class Period." Motion at 1-2 (citing *Cambridge Ret. Sys. v. Mednax, Inc.*, CASE NO. 18-61572-CIV-DIMITROULEAS/SNOW, 2018 WL 8804814 (S.D. Fla. Dec. 6,

---

[1] Unless otherwise noted, all references to "ECF No. __" are to docket entries in *Courter*, all emphasis is added, all internal citations and quotation marks are omitted, and all capitalized terms are defined in Courter's opening, opposition, reply, and surreply briefs (ECF Nos. 26, 47, 51, & 63).

LEAD PLAINTIFF BRIAN JOE COURTER AND COURTER AND SONS LLC'S RESPONSE IN OPPOSITION TO DR. SMILA KODALI'S MOTION TO RECONSIDER CASE NO. 3:21-CV-05190-BHS

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

1

2018), and *Ferreira v. Funko, Inc.*, No. 2:20-cv-02319-VAP-PJWx, 2020 WL 3246328 (C.D. Cal. June 11, 2020)); *see also* ECF No. 45 at 7 (same).  There is no basis for reconsideration.  The Order correctly states how LIFO is calculated.  Dr. Kodali's "[m]ere disagreement" with the Order "is an insufficient basis for reconsideration." *Am. Gen. Life Ins. Co. v. Nelson*, CASE NO. C19-5095BHS, 2021 WL 75252, at *1 (W.D. Wash. Jan. 8, 2021) (Settle, J.).  Accordingly, her Motion must be denied.

## II.   ARGUMENT

### A.   Dr. Kodali Fails to Meet the Extraordinary Standard for Reconsideration

This Court has, on multiple occasions, articulated the exacting standard applied to motions for reconsideration.  *See, e.g.*, *id*.  As stated in *Am. Gen.*:

> Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence.  The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the ***controlling law*** or the credible evidence in the record."  Black's Law Dictionary 622 (9th ed. 2009).
>
> Reconsideration is an "***extraordinary remedy***, to be ***used sparingly*** . . . ."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  "[A] motion for reconsideration should not be granted, absent ***highly unusual circumstances***, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).  Neither the Local Civil Rules nor the Federal Rule of Civil Procedure . . . is intended to provide litigants with a second bite at the apple.  A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).

*Id*. (second alteration in original).  Dr. Kodali does not cite any "controlling law" ignored by the Order.  *See, e.g.,* Motion at 2-3 (relying on *Funko* and *Mednax*—which the Order addressed). Rather, her motion restates previously raised arguments and takes exception with the Court's agreement with the many cases that undercut her position.  This is far from the "highly unusual circumstances" where reconsideration is permissible.  *See Am. Gen.*, 2021 WL 75252, at *1

LEAD PLAINTIFF BRIAN JOE COURTER AND COURTER AND SONS LLC'S RESPONSE IN OPPOSITION TO DR. SMILA KODALI'S MOTION TO RECONSIDER CASE NO. 3:21-CV-05190-BHS

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

2

(stating that a reconsideration motion cannot "be used to ask a court to rethink what the court had already thought through").  Dr. Kodali's Motion should be summarily denied.  *See id.*

Dr. Kodali's counsel's penchant for filing reconsideration motions that do not come anywhere close to meeting the exacting standards that govern such motions is not new.  Despite the limited situations where such motions are appropriate, in the last three years alone, Dr. Kodali's counsel has moved for reconsideration four times (including here) challenging lead plaintiff appointments and accusing courts of committing errors.  Unsurprisingly, the three previous efforts were denied.  *See In re the Boeing Co. Aircraft Sec. Litig.*, No. 19-cv-02394, 2020 WL 476658, at *1, *3 (N.D. Ill. Jan. 28, 2020) (denying reconsideration finding no "manifest errors" and noting that filings by Dr. Kodali's counsel "cast doubt on both their judgment and their fealty to the duty of candor to the Court");[2] *Batte v. Hecla Mining Co.*, Nos. 19-CV-4883 (ALC), *et al.*, 2021 WL 516546, at *3 (S.D.N.Y. Feb. 11, 2021) (denying reconsideration where arguments were "already considered and rejected"); *In re Tesla, Inc. Sec. Litig.*, Case No. 18-cv-04865-EMC, 2018 WL 6609569, at *4-5 (N.D. Cal. Dec. 18, 2018) (denying reconsideration).  The same result is warranted here.

**B.      Dr. Kodali's Motion Repeats Arguments Previously Considered and Rejected**

Dr. Kodali argues that the Court committed "manifest error" because it applied LIFO without accounting for the cost basis of ***pre-Class Period*** purchases sold during the class period.  *See* Motion at 1.  The Order specifically considered and rejected this exact argument.  *See* Order at 9 ("courts do not typically offset the loss with pre-class period purchases and sales").

Consistent with the Order, the LIFO methodology "matches the last purchases made ***during the class period*** with the first sales made ***during the class period***."  *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005).  Under LIFO, "sales matched with pre-class period purchases are ***not included*** in the calculation of class period losses."  *Foley v. Transocean Ltd.*, 272 F.R.D.

---

[2] In *Boeing,* as here, Dr. Kodali's counsel accused the court of violating *In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).  *Compare* Motion at 5 *with Boeing*, 2020 WL 476658, at *2.  *Boeing* rejected this accusation.  2020 WL 476658, at *3 n.1 ("[t]his Court's ruling was therefore entirely consistent with *Cavanaugh*").

LEAD PLAINTIFF BRIAN JOE COURTER AND COURTER AND SONS LLC'S RESPONSE IN OPPOSITION TO DR. SMILA KODALI'S MOTION TO RECONSIDER CASE NO. 3:21-CV-05190-BHS

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

3

126, 129 (S.D.N.Y. 2011); *see also Glavan v. Revolution Lighting Techs., Inc.*, Nos. 19-CV-980 (JPO), *et al.*, 2019 WL 3406582, at \*4 n.7 (S.D.N.Y. July 29, 2019) (stating that the movant "was right" to exclude all gains and losses from pre-class period purchases sold during the class period). The reason courts exclude pre-class period purchases is straightforward: only purchases ***during the class period*** trigger claims under the Exchange Act. *See, e.g.*, ECF No. 50 at 4 (acknowledging that any losses suffered on the sale of pre-Class Period holdings "are not . . . recoverable").

Notwithstanding the Order's proper application of LIFO, Dr. Kodali misleadingly claims that "Courter incorrectly urged the Court to consider LIFO exclusively when it increased his losses and to ignore LIFO when it produced a gain." Motion at 3. This is false. Consistent with LIFO's exclusion of all "sales matched with pre-class period purchases," *Transocean*, 272 F.R.D. at 129, Courter did not include either losses or gains from sales of pre-Class Period purchases when presenting its losses. *Compare* ECF No. 27, Ex. B (Courter's LIFO calculation) *with* ECF No. 52, Ex. C (showing Courter's pre-Class Period purchases were sold at both gains and losses). Moreover, the Order directly analyzed Dr. Kodali's arguments concerning the accounting for ***pre***-Class Period purchases before agreeing with case law concluding that "losses or gains on pre-class period holdings are typically not compensable, so should not be a focus of this determination." Order at 9 (quoting *City of Monroe*, 269 F.R.D. at 295). Courter's LIFO loss is again confirmed.[3]

As previously noted, the Court's approach is not only consistent with other courts' application of LIFO, but it is also consistent with how Dr. Kodali's counsel has calculated LIFO losses in other lead plaintiff applications. Indeed, Dr. Kodali's counsel has expressly relied upon *City of Monroe*'s pronouncement that courts "typically do[] not consider ***losses or gains*** on pre-class period holdings" to exclude gains from pre-class period purchases. *See* ECF No. 51 at 4 (summarizing Dr. Kodali's counsel's prior application of LIFO). Dr. Kodali remains conspicuously silent regarding this glaring hypocrisy. *See Cavanaugh*, 306 F.3d at 730 n.4 ("the

[3] Courter's accounting expert, Kenneth N. Kotz, is the same expert whose LIFO analysis was adopted in *City of Monroe*. *See* 269 F.R.D. at 295. Mr. Kotz has confirmed that Courter's LIFO calculation ($489,007) is consistent with his LIFO methodology cited in *City of Monroe*. *See* Reconsideration Declaration of Bradley S. Keller, Ex. A.

LEAD PLAINTIFF BRIAN JOE COURTER AND COURTER AND SONS LLC'S RESPONSE IN OPPOSITION TO DR. SMILA KODALI'S MOTION TO RECONSIDER CASE NO. 3:21-CV-05190-BHS

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

4

court may select accounting methods that are both rational and consistently applied").[4]  Dr. Kodali's claim that this Court committed "manifest error" is disingenuous.  *See Am. Gen*, 2021 WL 75252, at \*1; ECF No. 51 at 4; ECF No. 52, Ex. B.[5]

### C.    Dr. Kodali's New Arguments Should Be Rejected

Dr. Kodali—like her previous conflation of net sellers and net gainers, and erroneous claims about Courter's lack of losses under *Dura*—attempts to muddy the waters again by suggesting for the first time that Courter's LIFO calculation "subverts LIFO's advantages" over FIFO.  *Compare* Motion at 3 *with* ECF No. 45 (not mentioning FIFO); ECF No. 50 (same); ECF No. 54 (same).  This untimely argument cannot support reconsideration.  *See Am. Gen*, 2021 WL 75252, at \*1 ("reconsideration may not be based on . . . legal arguments that could have been [previously] presented").  Also, Dr. Kodali is wrong.

Dr. Kodali's argument is predicated on, *inter alia*, the language in *eSpeed*, that "[t]he main advantage of LIFO is that, unlike FIFO, it takes into account gains that might have accrued to plaintiffs during the class period due to the inflation of the stock price."  Motion at 2 (quoting *eSpeed*, 232 F.R.D. at 101).  However, Dr. Kodali ignores that *eSpeed* explains, just three paragraphs later, that "LIFO reflects offsetting 'gains' that were attained through the sale of stock during the class period" by "match[ing] the last purchases made ***during the class period*** with the first sales made during the class period."  *eSpeed*, 232 F.R.D. at 102.  *eSpeed **never*** suggested that gains or losses from pre-class period purchases should be included in a movant's LIFO calculation.  Indeed, it is this very approach—matching class period sales with class period purchases (like Courter did) rather than matching class period sales with ***pre***-class period purchases (like FIFO does)—that makes LIFO the preferred methodology.  *See* Order at 8-9; *see also* ECF No. 51 at 4.[6]

---

[4] Counsel's previous reliance on *City of Monroe* to **exclude gains** from pre-class period purchases, *see* ECF No. 52, Ex. B, further undercuts Dr. Kodali's suggestion that *City of Monroe* and the Order conflict, *see* Motion at 3.

[5] Courter also prevails under *Dura* and three of the four *Lax* factors—including "net expenditures" which explicitly analyzes all class period proceeds and expenditures.  *See* Order at 10-12; ECF No. 51 at 4 n.6 (analyzing *Lax* factors).

[6] Take, for example, a hypothetical investor that purchased one share before the class period at $1, purchased one share on the first day of the class period at $10, sold one share on the second day of the class period at $10, and sold one share immediately after the class period at $5.  Under FIFO, the share sold during the class period would match

LEAD PLAINTIFF BRIAN JOE COURTER AND COURTER
AND SONS LLC'S RESPONSE IN OPPOSITION TO DR.
SMILA KODALI'S MOTION TO RECONSIDER
CASE NO. 3:21-CV-05190-BHS

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

5

Much like her distortion of *eSpeed*, Dr. Kodali's attempted rewrite of *City of Monroe*, *Johnson v. Dana Corp.*, 236 F.R.D. 349 (N.D. Ohio 2006), and *In re Comdisco Securities Litigation*, No. 01 C 2110, 2004 WL 905938 (N.D. Ill. Apr. 26, 2004), also fails. *See* Motion at 3-5. While these courts rejected FIFO due to its failure to account for gains associated with class period sales of class period purchases, none endorse Dr. Kodali's alternative calculation. As the Court recognized, *see* Order at 9, *City of Monroe* expressly held that "losses or gains on pre-class period holdings . . . should not be a focus of [a LIFO] determination." 269 F.R.D. at 295. Likewise, *Comdisco* explained that the inquiry begins "with purchases or sales-or both-*during* that class period [a]nd in turn that focus calls for a primary concentration on ***class period transactions***, which is consistent with LIFO rather than FIFO." 2004 WL 905938, at *3 (first emphasis in original). Similarly, *Johnson* relied upon LIFO calculations excluding proceeds from the sale of pre-class period shares. *See generally* 236 F.R.D. at 352.

Dr. Kodali's Motion is an improper "second bite at the apple" that rehashes previously rejected arguments, and raises unpersuasive "legal arguments that could have been presented at the time of the challenged decision." *Am. Gen.*, 2021 WL 75252, at *1. As such, Dr. Kodali fails to meet her burden of establishing that it "is plain and indisputable" that the Order's reasoning "amounts to a complete disregard of the controlling law or the credible evidence." *Id.*

Dated: September 7, 2021                     Respectfully submitted,

**BYRNES KELLER CROMWELL LLP**

By: *s/ Bradley S. Keller*
Bradley S. Keller, WSBA #10665
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
Telephone: (206) 622-2000

---

with the share purchased ***before*** the class period, and would ***exclude*** those gains. This leaves the one share purchased during the class period at $10 to match with the share sold after the class period at $5—generating <u>FIFO losses of $5</u>. Under LIFO, the share sold during the class period would match with the share purchased ***during*** the class period— generating <u>LIFO losses of $0</u> and leaving no class period purchases held at the end of the class period. As this demonstrates, LIFO's avoidance of windfall losses is by ***minimizing*** the number of impacted shares—not by including gains or losses from pre-class period purchases. This is why LIFO is preferred over FIFO. *See* Order at 8; *Johnson*, 236 F.R.D. at 352.

LEAD PLAINTIFF BRIAN JOE COURTER AND COURTER AND SONS LLC'S RESPONSE IN OPPOSITION TO DR. SMILA KODALI'S MOTION TO RECONSIDER CASE NO. 3:21-CV-05190-BHS

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

6

Facsimile: (206), 622-2522
Email: bkeller@byrneskeller.com

*Liaison Counsel for the Class*

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
NAUMON A. AMJED (*Pro Hac Vice*)
RYAN T. DEGNAN (*Pro Hac Vice*)
KARISSA J. SAUDER (*Pro Hac Vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
Emails: namjed@ktmc.com
          rdegnan@ktmc.com
          ksauder@ktmc.com

*Attorneys for Lead Plaintiff Brian Joe Courter and Courter and Sons LLC, and Lead Counsel for the Class*

LEAD PLAINTIFF BRIAN JOE COURTER AND COURTER AND SONS LLC'S RESPONSE IN OPPOSITION TO DR. SMILA KODALI'S MOTION TO RECONSIDER CASE NO. 3:21-CV-05190-BHS

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

7

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on the 7th day of September 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel on record in the matter.

<div style="margin-left:50%;">

*s/ Bradley S. Keller*
Bradley S. Keller, WSBA #10665
**BYRNES KELLER CROMWELL LLP**
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
Telephone: (206) 622-2000
Facsimile: (206), 622-2522
Email: bkeller@byrneskeller.com

</div>

LEAD PLAINTIFF BRIAN JOE COURTER AND COURTER AND SONS LLC'S RESPONSE IN OPPOSITION TO DR. SMILA KODALI'S MOTION TO RECONSIDER CASE NO. 3:21-CV-05190-BHS

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

8