# EXHIBIT A

The Honorable Benjamin H. Settle

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

BRIAN JOE COURTER, et al.,                  )    Case No. C21-cv-05190-BHS
                                            )
                            Plaintiff,      )
                                            )
                    v.                      )
                                            )
CYTODYN, INC, et al.                        )    **DECLARATION OF GREG REGAN**
                                            )
                            Defendants.     )
                                            )
                                            )
                                            )
                                            )

DECLARATION OF GREG REGAN
CASE NO. C21-cv-5190-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

I, Greg Regan, hereby declare as follows:

1.      I have been retained by Kahn, Swick & Foti, LLC ("Counsel") as counsel for Dr. Smila Kodali to calculate the market losses incurred during the Class Period (defined herein) for Brian Joe Courter and Courter and Sons LLC (collectively, "Courter"). I understand that proposed lead plaintiff Dr. Smila Kodali in the above-referenced matter contests Courter's calculation of his market losses. (ECF No. 65, Order on Motions to Consolidate Actions, Appoint Lead Plaintiff, and Approve Selection of Lead and Liaison Counsel ("Order"), at 4:16-17). Specifically, that Courter made numerous sales during the Class Period resulting in gains that reduced the losses Courter claims to have incurred.

2.      I have been licensed as a Certified Public Accountant (CPA) in California continuously since 1998. I hold the Certified in Financial Forensics (CFF) certification from the American Institute of Certified Public Accountants (AICPA), which is the national professional organization for CPAs. I obtained my undergraduate degree from Georgetown University and Master's in Business Administration with an emphasis in Corporate Finance from the University of San Francisco.

3.      I have worked on many complex litigation matters, including securities cases. In these matters, I have worked for the Securities and Exchange Commission, the Federal Trade Commission, the Consumer Financial Protection Bureau, and various state Attorneys General. My work has involved extensive analysis of accounting and financial matters, as well as economic damages, including lost business value, lost profits, and unjust enrichment.

4.      I am a member of the California Society of Certified Public Accountants (CalCPA). I was the Chair of its statewide Forensic Services Section and completed my term in May 2020.

5.      The AICPA has 650,000 members. The AICPA delegates policy-setting in areas in which CPAs are active to nineteen different executive committees. I have served as a member of the AICPA's Forensic & Valuation Services Executive Committee. This nine-member committee establishes professional standards and guidance for practitioners performing consulting services that require the application of forensic accounting or valuation-related methodologies. I was the Chair of

DECLARATION OF GREG REGAN                    1
CASE NO. C21-cv-5190-BHS

the AICPA's Economic Damages Task Force from 2010-2013 and served as a member of this task force through 2020. In 2012, I received the AICPA's Forensic Services Volunteer of the Year.

6.      I reviewed the Certification of Brian Joe Courter and related materials dated May 15, 2021 (included at ECF No. 27). Schedule A and Exhibit B identified transactions in four accounts. The earliest transaction was dated April 2, 2020, and the latest transaction was dated July 21, 2020. The data Courter initially provided in Schedule A was clearly incomplete because it reported that Courter had sold 47,192 more shares than he had purchased during the Class Period of March 27, 2020 through March 9, 2021 ("Class Period"). Further, Courter's data failed to include information to identify the timing or cost basis of the shares he acquired prior to April 2, 2020. Nevertheless, Courter's Exhibit B reported that his total losses were $489,007.

7.      I also reviewed the Declaration of Kenneth N. Kotz dated July 29, 2021 and filed at ECF No. 64 (the "Kotz Declaration") and the Supplemental Declaration of Kenneth N. Kotz dated September 7, 2021 and filed at ECF No. 70 (the "Supplemental Kotz Declaration"). Mr. Kotz was retained to calculate Mr. Courter's losses during the Class Period. (Kotz Declaration ¶ 1.) The Kotz Declaration calculated Mr. Courter's losses at a similar amount of $471,201. (Kotz Declaration ¶ 16). Notably, the Supplemental Kotz Declaration did not address the current issue before the Court – accounting for Courter's Class Period windfall gains. Instead, counsel for Courter instructed Mr. Kotz to "calculate Courter's market loss using Last-In-First-Out ("LIFO") share matching" he used in another, unrelated class action (Supplemental Kotz Declaration ¶ 2).

8.      In my opinion, Courter and Mr. Kotz have overstated Courter's losses. Specifically, Courter and Mr. Kotz ignore the fact that Courter had purchased and held a significant number of CytoDyn shares prior to the Class Period. These purchases enabled Courter to sell approximately 378,000 shares during the Class Period for a gain of approximately $275,000. Courter and Mr. Kotz ignore 100% of this gain from their analysis of Courter's losses. If plaintiffs are successful in establishing that CytoDyn's share price was inflated during the Class Period, then these represent windfall gains for Mr. Courter (*e.g.*, *see* ECF No. 67, Order Requesting Response and Renoting

DECLARATION OF GREG REGAN                    2                    BRESKIN | JOHNSON | TOWNSEND PLLC
CASE NO. C21-cv-5190-BHS                                                    1000 Second Avenue, Suite 3670
                                                                            Seattle, Washington 98104  Tel: 206-652-8660

Motion for Reconsideration, at 1:22.). When Mr. Courter's Class Period gains are accounted for, his total losses are reduced to approximately $196,000 (*i.e.*, losses of $471,000 minus gains of $275,000).[1]

9.      I also reviewed Courter's Exhibit C dated June 4, 2021 (included at ECF No. 52), which provided the data not previously included in ECF No. 27, Exhibit B. In this submission, Courter re-calculated his losses at a reduced amount of $196,450, which is consistent with my analysis of Courter's LIFO losses. Mr. Courter's losses were reduced because he accounted for the gains he had realized from sales of shares he had acquired prior to April 2, 2020.

10.      In his declaration, Mr. Kotz claimed that shares "purchased prior to the start of the class period are normally excluded from the assessment of approximate losses." (Kotz Declaration ¶ 13.) Mr. Kotz does not describe whether such purchases are "normally excluded" because those purchases may result in additional losses that exaggerate total losses. The objective of this type of analysis is to avoid exaggeration of losses (*e.g.*, Order at 8:9-12, "The main advantage of LIFO is that, unlike FIFO, it takes into account gains that might have accrued to plaintiffs during the class period due to the inflation of the stock price. FIFO . . . may exaggerate losses.").

11.      As demonstrated above, however, the method employed by Courter and Mr. Kotz fails to achieve this objective. Specifically, Courter and Mr. Kotz fail to account for Courter's gains from his substantial sales of CytoDyn common stock during the Class Period. Consequently, the method employed by Courter and Mr. Kotz exaggerates losses by excluding Courter's significant windfall gains.

12.      Altogether, in my opinion, the calculations by both Courter and Mr. Kotz insulate losses from gains from shares Courter acquired before the Class Period but sold during the Class Period. In this way, the calculations provided by Courter and Mr. Kotz seize on certain losses while excluding the benefit obtained on gains by Courter from his trading activity. When his windfall gains and economic reality are properly accounted for, Courter suffered a loss of approximately $196,000.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct.

---

[1]    The Court's determination that Dr. Kodali suffered LIFO losses of approximately $260,000 is accurate.

DECLARATION OF GREG REGAN
CASE NO. C21-cv-5190-BHS

3

Executed on September 9, 2021, in San Francisco, California.

_____
GREG REGAN, CPA/CFF, MBA

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660