1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN JOE COURTER, et al.

                          Plaintiffs,

        v.

CYTODYN, INC., et al.

                          Defendants.

CASE NO. C21-5190 BHS

ORDER DENYING MOVANT
KODALI'S MOTION FOR
RECONSIDERATION

       This matter comes before the Court on Movant Dr. Smila Kodali's motion for

reconsideration. Dkt. 66. The Court has considered the briefings filed in support of and in

opposition to the motion and the remainder of the file and hereby denies the motion for

the reasons stated herein.

## I.    FACTUAL & PROCEDURAL BACKGROUND

       This action is a putative securities class action lawsuit against Defendant

CytoDyn, Inc. and two of its executive officers, Defendants Nader Pourhassen and

Michael Mulholland. Dkt. 1. The action asserts claims on behalf of a proposed class of all

persons or entities who purchased or otherwise acquired CytoDyn common stock

between March 27, 2020 and March 9, 2021 (the "Class Period"). *Id.* ¶ 1.

Then-plaintiff Angela Lewis filed this action on March 17, 2021, alleging violations of § 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and violations of § 20(a) of the Exchange Act, 15 U.S.C. § 78t(a). Dkt. 1. On March 18, 2021, Lewis (the first-filed Plaintiff) published notice pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(1)–(3)(B)(i), over *Globe Newswire*, a widely circulated national business-oriented wire service. *See* Dkt. 24-4. Members of the purported class have 60 days after the date on which the notice is published to move the court to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

On May 17, 2021, motions to consolidate cases and to appoint lead plaintiff and approve selection of counsel were filed by seven putative lead plaintiffs. Dkts. 12, 14, 17, 19, 22, 26. Three of the movants filed notices of non-opposition, Dkts. 41, 43, 44, one movant withdrew his motion, Dkt. 42, and one movant did not respond. The remaining movants for lead plaintiff were Movant Smila Kodali and Movant Brian Joe Courter and Courter and Sons, LLC (collectively "Courter").

Kodali and Courter hotly contested who suffered the greater loss and therefore had the largest financial interest in the relief sought by the class. On August 19, 2021, the Court granted Courter's motion for appointment as lead plaintiff and approval of selection of counsel, concluding that Courter had the largest financial interest and was the most adequate plaintiff, and denied Kodali's motion. Dkt. 65.

On August 25, 2021, Kodali filed the instant motion for reconsideration, arguing that the Court committed manifest error by ignoring Courter's windfall gains during the

Class Period and that the Court should appoint her as lead plaintiff. Dkt. 66. The Court

ordered Courter to respond, Dkt. 67, and Courter did so on September 7, 2021, Dkt. 69.

On September 10, 2021, Kodali replied. Dkt. 71.

## II.   DISCUSSION

Motions for reconsideration are governed by Local Civil Rule 7(h), which

provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny
> such motions in the absence of a showing of manifest error in the prior
> ruling or a showing of new facts or legal authority which could not have
> been brought to its attention earlier with reasonable diligence.

LCR 7(h)(1).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests

of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*,

229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted,

absent highly unusual circumstances, unless the district court is presented with newly

discovered evidence, committed clear error, or if there is an intervening change in the

controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d

873, 880 (9th Cir. 2009). Neither the Local Civil Rules nor the Federal Rules of Civil

Procedure, which allow for motions for reconsideration, are intended to provide litigants

with a second bite at the apple. A motion for reconsideration should not be used to ask a

court to rethink what the court had already thought through—rightly or wrongly. *Defs. of

Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a

previous order is an insufficient basis for reconsideration, and reconsideration may not be

1    based on evidence and legal arguments that could have been presented at the time of the

2    challenged decision. *Haw. Stevedores, Inc. v. HT & T Co*., 363 F. Supp. 2d 1253, 1269

3    (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound

4    discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima*

5    *Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

6          Kodali's motion does not meet this standard. As Courter highlights, Kodali

7    reasserts many of the same arguments the Court considered in the underlying Order.

8    *Compare* Dkt. 65 at 7–12 (discussing, *inter alia*, *Cambridge Ret. Sys. v. Mednax, Inc.*,

9    No. 18-61572-CIV-Dimitrouleas/Snow, 2018 WL 8804814 (S.D. Fla. Dec. 6, 2018), and

10   *Ferreira v. Funko, Inc.*, No. 2:20-cv-02319-VAP-PJWx, 2020 WL 3246328 (C.D. Cal.

11   June 11, 2020)) *with* Dkt. 66 at 4; Dkt. 71 at 3–7 (discussing the same). While Kodali

12   disagrees with the ultimate outcome here, she has not made a showing that the Court

13   committed manifest error in its analysis of which movant had the largest financial

14   interest. The Court determined, and reaffirms here, that Courter is not a net gainer and

15   suffered the largest loss during the Class Period based on a last in, first out methodology,

16   even though he sold more shares than he purchased. *See* Dkt. 65 at 9–10.

17         Additionally, Kodali raises new arguments and submits new evidence in her reply.

18   *See* Dkts. 71, 72. These arguments and evidence could have been presented at the time of

19   the challenged decision, and thus the Court will not consider them at this juncture. *Kona*

20   *Enter.*, 229 F.3d at 890 (motion for reconsideration "may *not* be used to raise arguments

21   or present evidence for the first time when they could reasonably have been raised earlier

22   in the litigation." (emphasis in original)).

In sum, Kodali has not met her burden in establishing that reconsideration on the Court's previous order appointing Courter as lead plaintiff is warranted here.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Movant Kodali's motion for reconsideration, Dkt. 66, is **DENIED**.

Dated this 27th day of October, 2021.

BENJAMIN H. SETTLE
United States District Judge