The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN JOE COURTER, COURTER AND SONS LLC, DIANE M. HOOPER, THOMAS MCGEE, and CANDRA E. EVANS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CYTODYN INC., NADER Z. POURHASSAN, MICHAEL MULHOLLAND, and SCOTT A. KELLY,<br><br>Defendants. | No. 3:21-cv-05190-BHS<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO PARTIALLY MODIFY THE PSLRA DISCOVERY STAY**<br><br>**NOTE ON MOTION CALENDAR: FEBRUARY 11, 2022** |

# **TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................................ 1

II.     ARGUMENT ............................................................................................................. 1

        A.      Plaintiffs' Requested Discovery Is Not Sufficiently Particularized........................ 2

        B.      Plaintiffs Fail to Show Undue Prejudice................................................................. 3

                a.      Plaintiffs are not automatically entitled to documents produced in
                        government investigations ........................................................................... 3

                b.      CytoDyn's financial condition does not require lifting the discovery
                        stay .............................................................................................................. 7

        C.      Policy Considerations Do Not Support Modifying the Stay................................... 8

III.    CONCLUSION ......................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Avila v. LifeLock Inc.*, 2016 WL 7799624 (D. Ariz. Apr. 22, 2016) ............................................... 4

*Brown v. Ambow Educ. Holding Ltd.*, 2014 WL 12487666 (C.D. Cal. Feb. 6, 2014).................... 6

*Gruber v. Gilbertson*, 2017 WL 3891701 (S.D.N.Y. Sept. 5, 2017) ............................................... 5

*In re Am. Funds Sec. Litig.*, 493 F. Supp. 2d 1103 (C.D. Cal. 2007) ............................ 2, 3, 4, 6, 8

*In re AOL Time Warner, Inc. Sec.*, 2003 WL 21729842 (S.D.N.Y. July 25, 2003) ...................... 4

*In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 2009 WL 4796169 (S.D.N.Y. Nov. 16, 2009) .......................................................... 5

*In re Celera Corp. Sec. Litig.*, 2014 WL 3827570 (C.D. Cal. Feb. 25, 2014)................................ 6

*In re Delphi Corp. Securities, Derivative & "ERISA" Litigation*, 2007 WL 518626 (E.D. Mich. Feb. 15, 2007) ....................................................................................... 1, 7

*In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 2002 WL 31845114 (S.D. Tex. Aug. 16, 2002) ............................................................................................... 7

*In re Fannie Mae Sec. Litig.*, 362 F. Supp. 2d 37 (D.D.C. 2005)................................................. 3, 4

*In re Fluor Corp. Sec. Litig.*, 1999 WL 817206 (C.D. Cal. Jan. 15, 1999) ................................... 2

*In re Lantronix, Inc. Sec. Litig.*, 2003 WL 22462393 (C.D. Cal. Sept. 26, 2003) ......................... 5

*In re Metro. Sec. Litig.*, 2005 WL 940898 (E.D. Wash. Mar. 31, 2005) ....................................... 8

*In re Refco, Inc.*, 2006 WL 2337212 (S.D.N.Y. Aug. 8, 2006) ................................................... 4, 5

*In re Smith Barney Transfer Agent Litig.*, 2006 WL 1738078 (S.D.N.Y. June 26, 2006) ............................................................................................................................ 6, 7

*In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 129 (S.D.N.Y. 2003)........................... 5

*In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301 (S.D.N.Y. 2002) .................................. 7, 8

*Kuriakose v. Fed. Home Loan Mortg. Co.*, 674 F. Supp. 2d 483 (S.D.N.Y. 2009)....................... 8

*M & M Hart Living Tr. v. Glob. Eagle Ent., Inc.*, 2017 WL 5642326 (C.D. Cal. Aug. 18, 2017) ....................................................................................................................... 2

*Medhekar v. U.S. Dist. Ct. for N. Dist. of Cal.*, 99 F.3d 325 (9th Cir. 1996) ............................... 1

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049 (9th Cir. 2008)............................. 7

*Mori v. Saito*, 802 F. Supp. 2d 520 (S.D.N.Y. 2011)...............................................................5, 6, 8

*NECA-IBEW Pension Tr. Fund v. Bank of Am. Corp.*, 2011 WL 6844456
   (S.D.N.Y. Dec. 29, 2011)....................................................................................................8

*Osher v. JNI Corp.*, 2003 WL 25797624 (S.D. Cal. May 21, 2003) .............................................6

*Pension Tr. Fund for Operating Eng'rs v. Assisted Living Concepts, Inc.*, 943 F.
   Supp. 2d 913 (E.D. Wis. 2013) .......................................................................................5, 6

*Powers v. Eichen*, 961 F. Supp. 233 (S.D. Cal. 1997) ..................................................................2

*Rampersad v. Deutsche Bank Sec. Inc.*, 381 F. Supp. 2d 131 (S.D.N.Y. 2003)............................4

*SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of Cal.*, 189 F.3d 909 (9th Cir.
   1999) ....................................................................................................................................2

*Swartz v. Deutsche Bank AG*, 2008 WL 534535 (W.D. Wash. Feb. 26, 2008) .............................3

## STATUTES, RULES, AND REGULATIONS

15 U.S.C. § 78u-4(b)(3)(B) ...............................................................................................1, 2, 8

Private Securities Litigation Reform Act of 1995..................................................................*passim*

## OTHER AUTHORITIES

S.Rep. No. 104–98 (1995)...........................................................................................................2

## I.    INTRODUCTION

Plaintiffs seek to lift the statutory discovery stay that the Private Securities Litigation Reform Act of 1995 ("PSLRA") imposes to gain access to documents that Defendants "have provided or will provide to" government agencies.  Pls' Proposed Order.  According to Plaintiffs, without these documents, they will be "unfairly disadvantaged in pursuing litigation and settlement strategies."  Pls' Br. at 8 (quoting *In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, 2007 WL 518626, at \*6-8 (E.D. Mich. Feb. 15, 2007)).  But only "exceptional circumstances" permit disturbance of the PSLRA's mandatory discovery stay.  The Court should deny Plaintiffs' motion because their overbroad request is not sufficiently particularized and because they fall short of establishing they will suffer undue prejudice should discovery remain stayed until – as Congress contemplated in enacting the PSLRA – the Court decides Defendants' forthcoming motion to dismiss.  Indeed, Plaintiffs' suggestion that their motion is "consistent with the policies underlying the PSLRA" (Br. at 1) turns the law on its head.  As the Ninth Circuit has held, in enacting the PSLRA, "Congress clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed."  *Medhekar v. U.S. Dist. Ct. for N. Dist. of Cal.*, 99 F.3d 325, 328 (9th Cir. 1996).  The Court should deny Plaintiffs' motion.

## II.    ARGUMENT

A purported CytoDyn shareholder filed the initial Complaint on March 17, 2021.  ECF No. 1.  The Court appointed Lead Plaintiffs on August 19, 2021.  ECF No. 65.  Plaintiffs filed their Amended Complaint on December 21, 2021, alleging violations of federal securities laws.  ECF No. 83.  As in every case governed by the PSLRA, discovery in this matter is stayed during the pendency of any motion to dismiss.  15 U.S.C. § 78u-4(b)(3)(B).  Defendants' motion to dismiss is due on February 18, 2022.  ECF No. 77.

The PSLRA provides that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that

party." 15 U.S.C. § 78u-4(b)(3)(B). This provision of the PSLRA "clearly contemplates that 'discovery should be permitted in securities class actions *only after the court has sustained the legal sufficiency of the complaint*.'" *SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of Cal.*, 189 F.3d 909, 912–13 (9th Cir. 1999) (emphasis in original, quoting S.Rep. No. 104–98, at 14 (1995)). Lifting the statutory stay of discovery requires a showing of "exceptional circumstances," and courts have repeatedly declined to lift the stay where plaintiffs cannot make that showing. *M & M Hart Living Tr. v. Glob. Eagle Entm't., Inc.*, 2017 WL 5642326, at \*3 (C.D. Cal. Aug. 18, 2017); *In re Fluor Corp. Sec. Litig.*, 1999 WL 817206, at \*2-3 (C.D. Cal. Jan. 15, 1999) (denying motion where plaintiffs did not provide "sufficient specificity … nor evidence of exceptional circumstances which would justify a departure from the PSLRA's mandatory stay of discovery"); *Powers v. Eichen*, 961 F. Supp. 233, 236 (S.D. Cal. 1997). The PSLRA also requires that Plaintiffs "particularize discovery requests to prevent undue prejudice" to Defendants. *In re Fluor Corp. Sec. Litig.*, 1999 WL 817206, at \*3.

Plaintiffs do not contend that the Court should modify the stay to prevent loss of evidence, and they can make no such showing. *See In re Am. Funds Sec. Litig.*, 493 F. Supp. 2d 1103, 1106 (C.D. Cal. 2007) ("[O]nce the documents are in the hands of a regulatory or law enforcement agency, they are no longer subject to loss or destruction."). Thus, the only basis on which Plaintiffs seek to lift the stay here is the purported undue prejudice that they will suffer if the stay remains in place.

### A. Plaintiffs' Requested Discovery Is Not Sufficiently Particularized

Plaintiffs fail to make a "particularized" discovery request as required by the statute. *M & M Hart Living Tr.*, 2017 WL 5642326, at \*3 ("courts often deny a plaintiff's request to lift the PSLRA discovery stay if the discovery request is broad or lacks specificity."). Plaintiffs claim their request is sufficiently particularized because they seek a purportedly "closed universe of materials" (Br. at 7), namely, "a copy of the discovery Defendants have provided or will provide to the SEC and DOJ in response to the subpoenas described in CytoDyn's July 30, 2021 and January 10, 2022 SEC filings." Pls' Proposed Order. But this does not satisfy the requirement.

Broad requests for "all documents produced by Defendants to" a government entity are "not 'particularized' as required under the PSLRA." *In re Am. Funds Sec. Litig.*, 493 F. Supp. 2d at 1107. This is because such requests fail to identify "specific categories or types of documents sought or how the documents sought will be relevant to the claims Plaintiffs intend to assert in this case." *Id.*; *see also New York State Teacher's Ret. Sys. v. Fremont Gen. Corp.*, 2009 WL 10675265, at \*2 (C.D. Cal. Nov. 5, 2009) (request for documents produced in other proceedings was not sufficiently particularized because "that universe may be extremely large and is entirely undifferentiated," and "lead plaintiff has failed to indicate … how any of the documents are relevant to its claims"); *In re Fannie Mae Sec. Litig.*, 362 F. Supp. 2d 37, 39 (D.D.C. 2005) (request for documents produced in connection with governmental and regulatory investigations not sufficiently particularized because such documents "are voluminous and possibly irrelevant to the claims likely to be raised in the Consolidated Complaint").

## B.   Plaintiffs Fail to Show Undue Prejudice

Critically, Plaintiffs fail to show they will suffer undue prejudice if they are required – as the PSLRA mandates – to wait to begin discovery until after the Court decides Defendants' forthcoming motion to dismiss. Plaintiffs argue such prejudice exists because they, as private civil litigants, are entitled to be on "equal footing" with government agencies and because CytoDyn *could* become insolvent in the future. Br. at 8-10. Plaintiffs' assertions are neither tethered to reality, nor do they present the "exceptional circumstances" courts in this Circuit require to lift a PSLRA stay of discovery.

### a.   *Plaintiffs are not automatically entitled to documents produced in government investigations*

That Defendants might have produced documents in a government investigation but not to Plaintiffs does not constitute the undue prejudice the PSLRA requires. *Swartz v. Deutsche Bank AG*, 2008 WL 534535, at \*2 (W.D. Wash. Feb. 26, 2008) ("The fact that relevant information has been made available in the course of other civil and criminal actions not subject to the Act's discovery stay is by itself insufficient to show undue prejudice."); *In re Am. Funds Sec. Litig.*,

OPP. TO MOT. TO PARTIALLY MODIFY
PSLRA DISCOVERY STAY

- 3 -

CASE NO. 3:21-CV-05190-BHS

493 F. Supp. at 1106 ("Plaintiffs have not demonstrated how the PSLRA discovery stay prejudices them merely because the documents they seek have already been produced to a governmental agency."); *Rampersad v. Deutsche Bank Sec. Inc.*, 381 F. Supp. 2d 131, 133 (S.D.N.Y. 2003) (rejecting argument that stay of discovery does not apply when "the information sought has already been provided to a governmental agency" and finding "no authority for such a categorical exception to the PSLRA's discovery stay provision"). The PSLRA does not require or contemplate that civil plaintiffs be "on equal footing" with investigating government agencies (Br. at 10), and courts reject that approach because it "fails to demonstrate that the defendants will be either unfairly shielded from liability, or that the plaintiffs would be disadvantaged during possible settlement negotiations." *In re Fannie Mae Sec. Litig.*, 362 F. Supp. 2d 37, 39 (D.D.C. 2005). Indeed, Congress understood that securities class action defendants are often the target of parallel government proceedings, but did not adopt an exception to the automatic discovery stay for such circumstances. *See In re Refco, Inc. Sec. Litig.*, 2006 WL 2337212, at *2 (S.D.N.Y. Aug. 8, 2006) ("Whether PSLRA plaintiffs should be subjected to a discovery stay while other parties, who are bringing claims under other causes of action, are not subjected to a stay is a question for Congress, and one that Congress has answered.").

In those limited instances where courts have lifted a PSLRA discovery stay due to the pendency of parallel proceedings, they have found "unique circumstances, such as ongoing settlement discussions … that would have led to the plaintiffs being unduly prejudiced if the PSLRA discovery stay had not been lifted." *In re Am. Funds Sec. Litig.*, 493 F. Supp. 2d at 1106. This high bar is not met by theoretical possibilities. *See In re AOL Time Warner, Inc. Sec.*, 2003 WL 21729842, at *1 (S.D.N.Y. July 25, 2003) ("assertions of an impending settlement that could prejudice plaintiffs' possible recovery [were] premature," and distinguishing situation "where court-ordered settlement discussions had been scheduled and defendant had filed for bankruptcy"); *see also Avila v. LifeLock Inc.*, 2016 WL 7799624, at *2 (D. Ariz. Apr. 22, 2016) (denying stay where plaintiffs argued they were at a "strategic disadvantage in relation to the other parties" and "unable 'to make informed decisions about their litigation [and settlement]

strategy in this rapidly shifting landscape,'" even where related actions were settling) (alteration in original); *In re Lantronix, Inc. Sec. Litig.*, 2003 WL 22462393, at *2 (C.D. Cal. Sept. 26, 2003) (despite settlement in another action, lifting stay was not warranted because "Plaintiff here makes no showing of how the discovery materials sought are necessary at this moment to effectuate a settlement in this case or how one settlement in another case creates anything more than the routine delay contemplated by the PSLRA").

Here, Plaintiffs offer no evidence of settlement negotiations in any parallel proceedings or investigations.  Instead, Plaintiffs merely recite that "[t]he SEC and DOJ have been investigating Defendants for at least six months and recently expanded their investigations to include HIV statements and CytoDyn's use of promotional outlets."  Br. at 10.  Nor do Plaintiffs offer any reason to believe that a settlement with either agency is imminent, much less that any hypothetical settlement with the government would affect Plaintiffs' potential recovery.  There is no prejudice in such circumstances, let alone the "undue prejudice" required to lift the stay.  *See Mori v. Saito*, 802 F. Supp. 2d 520, 526 (S.D.N.Y. 2011) (denying motion to lift stay where there was "no indication that the discovery stay will hinder plaintiffs from competing … for defendants' funds.").

The cases on which Plaintiffs rely do not change the analysis, because those courts were not applying the "exceptional circumstances" test that is well established in the Ninth Circuit. For example, in *In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 2009 WL 4796169, at *3 (S.D.N.Y. Nov. 16, 2009), the court "rejected" the "exceptional circumstances" standard and instead applied a more lenient standard under which falling behind government actions alone was enough to lift a discovery stay.  *Id.*[1]  Similarly, in *Pension Tr. Fund for Operating Eng'rs v. Assisted Living Concepts, Inc.*, 943 F. Supp. 2d 913, 915 (E.D. Wis.

---

[1] Moreover, *In re Bank of Am. Corp.* is inconsistent even with the weight of authority in its jurisdiction. *See, e.g.*, *Gruber v. Gilbertson*, 2017 WL 3891701, at *2 (S.D.N.Y. Sept. 5, 2017) (plaintiffs failed "to articulate the exceptional circumstances under which they would suffer undue prejudice," denying motion except as to issuance of third-party preservation subpoenas); *In re Refco, Inc. Sec. Litig.*, 2006 WL 2337212, at *1 (recognizing that "'exceptional circumstances' must be present to lift the stay" and denying request to obtain discovery) (citation omitted); *In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 129, 130 (S.D.N.Y. 2003) (denying motion, reiterating that "[u]nless exceptional circumstances are present, discovery in securities actions is permitted only after the court has sustained the legal sufficiency of the complaint.").

OPP. TO MOT. TO PARTIALLY MODIFY PSLRA DISCOVERY STAY — - 5 - — CASE NO. 3:21-CV-05190-BHS

2013), the court based its decision on the conclusion that "the PSLRA's discovery stay provisions would presumably apply with less force" when the documents that plaintiffs are requesting are, in the court's view, "less burdensome" to produce. *Id*. But the majority rule is that "[t]he proper inquiry under the PSLRA is whether *the plaintiff* would be unduly prejudiced by the stay, not whether the defendant would be burdened by lifting the stay." *In re Smith Barney Transfer Agent Litig.*, 2006 WL 1738078, at *3 (S.D.N.Y. June 26, 2006) (emphasis added); *accord In re Am. Funds Sec. Litig.*, 493 F. Supp. 2d at 1106 (merely arguing that documents "have already been produced to a governmental agency" does not "demonstrate[] how the PSLRA discovery stay prejudices" plaintiffs); *Brown v. Ambow Educ. Holding Ltd.*, 2014 WL 12487666, at *2 (C.D. Cal. Feb. 6, 2014) ("To the extent Plaintiffs argue that lifting the discovery stay in this case 'will not frustrate the policies of the PSLRA and will not burden Defendants,' this contention is neither here nor there."); *Osher v. JNI Corp.*, 2003 WL 25797624, at *3 (S.D. Cal. May 21, 2003) ("the fact that Defendants will not be subjected to great expense in order to produce the documents is insufficient by itself to justifying lifting the discovery stay.").

Ultimately, Plaintiffs' argument reduces to the notion that they are prejudiced without immediate discovery because they might "fall behind" the government in any eventual settlement negotiations with Defendants. Br. at 10. But that is the natural consequence of the PSLRA stay that Congress adopted, not a reason to lift the stay. "Undue prejudice does not arise … from a delay in the gathering of evidence because this delay is an inherent part of every stay of discovery required by the PSLRA." *Mori v. Saito*, 802 F. Supp. 2d at 524 (quotation marks and citation omitted); *see also In re Celera Corp. Sec. Litig.*, 2014 WL 3827570, at *2 (C.D. Cal. Feb. 25, 2014) ("Prejudice caused by the delay inherent in the PSLRA's discovery stay cannot be 'undue' prejudice because it is prejudice which is neither improper nor unfair." (citation omitted)).

b.   *CytoDyn's financial condition does not require lifting the discovery stay*

Plaintiffs' speculative arguments related to CytoDyn's financial condition are equally deficient. CytoDyn has not filed for bankruptcy nor stated that it is insolvent. To the extent Plaintiffs rely on other information purporting to posit that CytoDyn may file for bankruptcy, that

is mere speculation that does nothing to satisfy their heavy burden in seeking to lift the discovery stay. In any case, a bankruptcy filing is not an insurmountable hurdle to Plaintiffs obtaining any relevant documents the Defendant have produced or will produce to the government.

For example, while Plaintiffs note that CytoDyn's most recent Form 10-Q (filed in January 2022) includes a "going concern" statement (Br. at 5 n.4), they fail to acknowledge that CytoDyn included a similar "going concern" statement in its annual and quarterly reports throughout 2021.[2] Thus, the "going concern" statement Plaintiffs cite is not a new development, nor does it indicate that bankruptcy is inevitable, much less imminent. This distinguishes Plaintiffs' cases. For example, *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 305-06 (S.D.N.Y. 2002) involved a "unique set of circumstances" because "the defendant was insolvent and settlement discussions in related … proceedings were moving forward by court order." *In re Smith Barney Transfer Agent Litig.*, 2006 WL 1738078, at *2. In contrast, where "[d]efendants are solvent," and are merely being investigated by the government, no undue prejudice exists. *Id.* at *3. Similarly, where solvency concerns are deemed sufficient to constitute undue prejudice, defendants generally are already far down the road in Chapter 11 bankruptcy proceedings, meaning assets are already subject to the process of division among various claimants. *See, e.g., In re Delphi Corp.,* 2007 WL 518626, at *7 (lifting stay nearly a year and a half after the bankruptcy proceeding was filed, where individual defendants had consented to "substantial money judgments" and other claimants in the bankruptcy action already had access to the documents in question); *In re Metro. Sec. Litig.*, 2005 WL 940898, at *1 (E.D. Wash. Mar. 31, 2005) (lifting stay after bankruptcy proceedings had been ongoing for at least a year); *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d at 306 (lifting stay four months after bankruptcy proceedings were initiated); *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 2002 WL 31845114, at *1 (S.D. Tex. Aug. 16, 2002) (lifting stay during ongoing bankruptcy proceedings).

---

[2] *See* CytoDyn 10-Q filed January 8, 2021 at 11; CytoDyn 10-Q filed April 14, 2021 at 9; CytoDyn 10-K filed July 30, 2021 at 37; CytoDyn 10-Q filed October 12, 2021 at 7-8 (excerpts attached as Exs. A-D hereto). Courts routinely take judicial notice of SEC filings. *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (judicial notice in context of motion to dismiss). In addition, because CytoDyn's 10-K filed July 30, 2021 (Ex. C) is cited in the Amended Complaint, it may be incorporated by reference. *Id.* at 1061.

OPP. TO MOT. TO PARTIALLY MODIFY PSLRA DISCOVERY STAY — - 7 - —    CASE NO. 3:21-CV-05190-BHS

Plaintiffs also speculate that, if CytoDyn were to file for bankruptcy, it would be more difficult for Plaintiffs to lift the stay at that time because they would need to seek relief from stays in two different courts.  Br. at 9.  But Plaintiffs cite to several examples of litigants obtaining documents post-bankruptcy.  *Id*.  They cite no authority for the proposition that needing to file a parallel motion for relief from a stay in bankruptcy court is sufficiently prejudicial to warrant lifting the PSLRA discovery stay.

### C.      Policy Considerations Do Not Support Modifying the Stay

Plaintiffs last argue that lifting the stay is "consistent with the policies animating the PSLRA stay."  Br. at 11.  This conclusory argument contravenes the plain text of the statute, which provides that the Court may modify the stay only "to preserve evidence or to prevent undue prejudice." 15 U.S.C. § 78u-4(b)(3)(B); *see 380544 Canada, Inc. v. Aspen Tech., Inc.*, 2007 WL 2049738, at *2 (S.D.N.Y. July 18, 2007) ("Although courts have considered the goals of the PSLRA and the burden of production on defendants in determining whether to lift stays of discovery, the mere fact that the PSLRA's goals would not be frustrated by the lifting of the stay and the documents at issue already have been provided to the SEC and USAO is not sufficient to warrant lifting the stay."); *accord NECA-IBEW Pension Tr. Fund v. Bank of Am. Corp.*, 2011 WL 6844456, at *3 (S.D.N.Y. Dec. 29, 2011) (collecting other cases); *Kuriakose v. Fed. Home Loan Mortg. Co.*, 674 F. Supp. 2d 483, 488 (S.D.N.Y. 2009); *Mori v. Saito*, 802 F. Supp. 2d at 527.  To the contrary, granting Plaintiffs' motion before the Amended Complaint has been tested by a motion to dismiss, and the inevitable "attempt to use th[at] information in addressing a motion to dismiss or amending … claims," would be "in direct contravention of one of the purposes of the PSLRA." *In re Am. Funds Sec. Litig.*, 493 F. Supp. 2d at 1106–07.  Policy considerations weigh against Plaintiffs' request to lift the discovery stay.

### III.      CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion to partially modify the PSLRA discovery stay.

Dated:   February 7, 2022

DAVIS WRIGHT TREMAINE LLP


By:   /s/ Fred B. Burnside

Fred B. Burnside, WSBA #32491
920 Fifth Ave, Ste 3300
Seattle, WA 98104-1610
Telephone: 206-622-3150
Fax: 206-757-7700
Email: fredburnside@dwt.com

WILMER CUTLER PICKERING
   HALE and DORR LLP
Michael G. Bongiorno (*Pro Hac Vice*)
Kevin P. Muck (*Pro Hac Vice*)
Peter J. Kolovos (*Pro Hac Vice*)
60 State Street
Boston, MA  02109
Telephone: (617) 526-6000
Fax: (617) 526-5000
Email:  michael.bongiorno@wilmerhale.com
           kevin.muck@wilmerhale.com
           peter.kolovos@wilmerhale.com


*Attorneys for Defendants CytoDyn, Inc., Nader Z. Pourhassan, Michael Mulholland, and Scott A. Kelly*