The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN JOE COURTER, COURTER AND SONS LLC, DIANE M. HOOPER, THOMAS MCGEE, and CANDRA E. EVANS, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

CYTODYN INC., NADER Z. POURHASSAN, MICHAEL MULHOLLAND, and SCOTT A. KELLY,

Defendants.

No. 3:21-cv-05190-BHS

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION TO PARTIALLY MODIFY THE PSLRA DISCOVERY STAY**

NOTE ON MOTION CALENDAR:
February 11, 2022

PLAINTIFFS' REPLY IN FURTHER
SUPPORT OF MOTION TO PARTIALLY
MODIFY THE PSLRA DISCOVERY STAY
No. 3:21-cv-05190-BHS

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

Plaintiffs submit this reply brief in further support of their Motion to Partially Modify the PSLRA Discovery Stay (ECF No. 90) ("Motion" or "Mot.") to allow Plaintiffs to obtain a closed universe of materials—the Regulatory Production—necessary to prevent undue prejudice and that would impose, as Defendants concede, a *de minimis* burden.[1]

## I.    PRELIMINARY STATEMENT

Plaintiffs' request meets both requirements for a limited modification of the PSLRA stay— it is particularized and without the modification Plaintiffs will be unduly prejudiced—and it is consistent with policy considerations. Mot. 7-12. In particular, Plaintiffs cite three factors that support modifying the PSLRA stay: (i) Plaintiffs are placed at an unfair disadvantage in developing litigation strategies; (ii) CytoDyn is an imminent insolvency risk; and (iii) Plaintiffs risk falling far behind ongoing matters that are proceeding apace. *Id.* 8-10. Multiple courts have found that these factors individually support the relief Plaintiffs seek. *Id.* In combination, they conclusively establish that Plaintiffs will be unduly prejudiced without their requested modification.

Defendants fail to directly contend with much of this case law, choosing instead to focus their opposition on the so-called "exceptional circumstances" test. ECF No. 91 at  2-5 ("Opposition" or "Opp'n"). To the extent that this test, which has not been adopted by or consistently applied in the Ninth Circuit, requires something more than a showing of "undue prejudice," it is not supported by the statute. 15 U.S.C. § 78u-4(b)(3)(B). In any event, in most cases, the "exceptional circumstances" test as applied is nothing more than a re-branded undue prejudice analysis: by establishing undue prejudice, Plaintiffs also have demonstrated exceptional circumstances warrant modifying the stay. The Opposition also fails because it superficially addresses Plaintiffs' factual support without addressing its combined effect. Critically, Defendants have not cited to a single case where all three factors Plaintiffs identified were present and the court refused to modify the PSLRA stay. In contrast, the Motion cites unrebutted decisions that

---

[1] Unless otherwise noted, all internal citations and quotation marks are omitted, all emphasis is added, and all capitalized terms are defined in the Motion.

PLAINTIFFS' REPLY IN FURTHER
SUPPORT OF MOTION TO PARTIALLY
MODIFY THE PSLRA DISCOVERY STAY
No. 3:21-cv-05190-BHS

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

1

have modified the PSLRA stay on the presence of just one of these factors. Mot. 8-10.

Defendants also fail to rebut and, therefore, concede the central factual tenets of the Motion: (i) Defendants have produced to the SEC and DOJ documents relevant to the subject matter of this Action; (ii) the SEC and DOJ investigations have expanded and are proceeding apace; and (iii) CytoDyn, which controls most of the documents relevant to Plaintiffs' claims, is on the brink of bankruptcy due to new, material financial complications first disclosed on January 10, 2022. *Id.* 3-4. Under well-established case law, any one of these factors independently supports modifying the PSLRA stay. As such, the Court should exercise its discretion to modify the PSLRA stay and allow Plaintiffs to receive a copy of the Regulatory Productions.

## II.    ARGUMENT

### A.    The Regulatory Productions Are Particularized Discovery

As explained in the Motion, Plaintiffs' request for a copy of the Regulatory Productions is sufficiently particularized as the PSLRA requires. Mot. 7-8. Defendants claim that Plaintiffs' request is not "particularized" because they have purportedly failed to show how the requested documents are relevant to their claims. Opp'n 2-3. In so doing, Defendants ignore the near-total overlap in subject matter between the DOJ and SEC investigations into potential violations of federal securities laws (presented by Defendants' own public disclosures in July 2021 and January 2022 about these investigations) and the federal securities fraud claims in this Action. *Compare* Mot. 1-4 *with* Opp'n 3-4; *see also* ECF No. 90-1 at 30. As both investigations specifically involve Defendants' statements to investors about leronlimab as a potential treatment for COVID-19 and HIV, as well as Defendants' use of promotional outlets and their stock sales, the direct correlation between the Regulatory Productions and the AC is plain. Plaintiffs have more than "indicate[d]" how the documents they seek are relevant; they have shown the documents are directly relevant.

In addition to being devoid of a factual basis, Defendants' argument that Plaintiffs' request is not sufficiently particularized rests on a handful of inapposite cases in which the plaintiffs failed to explain how the documents they sought were relevant to their claims. Opp'n 2-3, citing *In re*

PLAINTIFFS' REPLY IN FURTHER
SUPPORT OF MOTION TO PARTIALLY
MODIFY THE PSLRA DISCOVERY STAY
No. 3:21-cv-05190-BHS

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

2

*Am. Funds Sec. Litig.*, 493 F. Supp. 2d 1103, 1107 (C.D. Cal. 2007), *N.Y. State Tchr.'s Ret. Sys. v. Fremont Gen. Corp.*, 2009 WL 10675265, at *2 (C.D. Cal. Nov. 5, 2009), *In re Fannie Mae Sec. Litig.*, 362 F. Supp. 2d 37, 39 (D.D.C. 2005). The Motion amply demonstrates that the discovery sought is highly relevant and, therefore, the request is particularized.[2]

### B.       **Plaintiffs Establish Undue Prejudice**

Plaintiffs identify three interrelated reasons they will suffer undue prejudice if Defendants are permitted to withhold the Regulatory Productions: (i) Plaintiffs are placed at an unfair disadvantage in (or prevented altogether from) developing litigation and resolution strategies; (ii) CytoDyn is an imminent insolvency risk (as Defendants do not dispute); and (iii) Plaintiffs risk falling far behind ongoing matters that are proceeding apace (as Defendants also do not dispute). Each one of these reasons individually supports a finding of undue prejudice. Mot. 8-11. Combined, as they are here, they undisputedly create undue prejudice to Plaintiffs. *Id*; *In re Metro. Sec. Litig.*, 2005 WL 940898, at *3-4 (E.D. Wash. Mar. 31, 2005).

Defendants claim that the "exceptional circumstances" test governs this Court's analysis of the Motion and dooms Plaintiffs' request. Opp'n 2-5. But Defendants cite no Ninth Circuit opinion imposing that standard and fail to distinguish the District Court cases from within the Ninth Circuit and elsewhere cited in the Motion that do not apply that test. *See* Mot. 8-10. Moreover, the plain language of the PSLRA stay provision does not require Plaintiffs to establish "exceptional circumstances," but rather "undue prejudice," which courts define as "improper or unfair treatment rising to a level somewhat less than irreparable harm." *In re Delphi Corp. Sec., Derivative & "ERISA" Litig.,* 2007 WL 518626, at *6 (E.D. Mich. Feb. 15, 2007); *see also M & M Hart Living Tr. v. Glob. Eagle Ent., Inc.*, 2017 WL 5642326, at *2 (C.D. Cal. Aug. 18, 2017) (cited in Opp'n 2). As such, if the "exceptional circumstances" test is applied in a manner that requires a plaintiff to show more than undue prejudice, it is not consistent with the plain language

---

[2] Defendants also ignore and fail to contest the cases Plaintiffs cite for the proposition that defined sets of documents that are produced in related proceedings are particularized. *See* Mot. 7-8.

PLAINTIFFS' REPLY IN FURTHER
SUPPORT OF MOTION TO PARTIALLY
MODIFY THE PSLRA DISCOVERY STAY
No. 3:21-cv-05190-BHS

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

of the PSLRA. *See, e.g., In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.,* 2009 WL 4796169, at *2 (S.D.N.Y. Nov. 16, 2009) ("*BoA*") ("reject[ing]" the exceptional circumstances test "to the extent it implies that something more than 'undue prejudice' is required.").[3] The PSLRA controls the analysis, and under the statute, the test is undue prejudice.

In any event, Defendants' case law demonstrates that the "exceptional circumstances" test is, in fact, a rebranded undue prejudice analysis—the same analysis applied in the authority Plaintiffs cite. *See, e.g., Gruber v. Gilbertson,* 2017 WL 3891701, at *2 (S.D.N.Y. Sept. 5, 2017) ("'undue prejudice' . . . means 'improper or unfair treatment amounting to something less than irreparable harm'" and "[s]uch prejudice has been found under exceptional circumstances where plaintiffs are unable to 'make informed decisions about [their] litigation strategy in a rapidly shifting landscape'") (second alteration in original) (cited in Opp'n 2); *accord M & M,* 2017 WL 5642326, at *2 (assessing "undue prejudice" only); *Am. Funds*, 493 F. Supp. 2d at 1105-07 (same) (cited in Opp'n 4); *Brown v. Ambow Educ. Holding, Ltd.*, 2014 WL 12487666, at *2 (C.D. Cal. Feb. 6. 2014) (same) (cited in Opp'n 6); *In re Lantronix, Inc. Sec. Litig.*, 2003 WL 22462393, at *2 (C.D. Cal. Sept. 26, 2003) (same) (cited in Opp'n 5); *Osher v. JNI Corp.*, 2003 WL 25797624, at *4 (S.D. Cal. May 21, 2003) (same) (cited in Opp'n 6).[4]

Irrespective of the label employed, in assessing a motion to modify the PSLRA stay, a court "must consider *all* the facts and circumstances presented by each particular case" to determine whether it is necessary to modify the PSLRA stay to prevent undue prejudice. *In re Williams Sec. Litig.*, 2003 WL 22013464, at *2 (N.D. Okla. May 22, 2013). Defendants claim that Plaintiffs' factual bases for seeking a limited lifting of the stay are not "tethered to reality," but do nothing to

---

[3] Defendants claim that in rejecting the "exceptional circumstances" test to the extent it was inconsistent with the plain language of the PSLRA, the Court in *BoA* applied "a more lenient standard." Opp'n 5. In reality, the *BoA* court determined whether modifying the PSLRA stay was necessary to prevent undue prejudice based on the facts and circumstances of that case, precisely as intended by Congress and consistent with courts across the country.

[4] In attempting to distinguish *Pension Trust Fund for Operating Engineers v. Assisted Living Concepts, Inc.*, 943 F. Supp. 2d 913 (E.D. Wis. 2013), Defendants suggest that, like the *BoA* court, the *Pension Trust* court applied a more lenient standard in deciding to modify the PSLRA stay. This is incorrect. The *Pension Trust* court expressly analyzed plaintiffs' motion under the "exceptional circumstances" test Defendants advance, and modified the stay. *Id.* at 916.

PLAINTIFFS' REPLY IN FURTHER
SUPPORT OF MOTION TO PARTIALLY
MODIFY THE PSLRA DISCOVERY STAY
No. 3:21-cv-05190-BHS

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

4

support their rhetoric. Opp'n 3. Indeed, they fail to contest *any* of the facts Plaintiffs assert in their submission to the Court: They do not dispute that they have produced documents to the government or that the SEC and DOJ investigations have expanded and are moving along quickly, nor do they deny that CytoDyn is on the brink of bankruptcy, including for the reasons Plaintiffs comprehensively detailed in the Motion. And, while the Opposition suggests that the Company's financial status is unchanged by citing to prior "going concern" warnings, it wholly ignores the new and material financial hurdles described in the Motion that CytoDyn first disclosed on January 10, 2022: (i) CytoDyn's failure to pay $13.5 million has left it in material breach of its agreement with Samsung to which it owes an additional $135 million over the next 18 months; (ii) CytoDyn's legal fees have increased five-fold to $9.2 million; and (iii) because it is disputing $13.5 million in unpaid invoices, CytoDyn must post a $6.5 million cash bond—more than 75% of its available cash on hand as of November 30, 2021–to secure access to its trial data,[5] without which it cannot raise much needed funds from investors. *See* Mot. 5-6, 8.[6]

Defendants also do not cite to any cases where a plaintiff presented a court with the multiple factors at issue here—inability to develop litigation strategies, insolvency, concurrent government investigations proceeding apace—and the court refused to modify the PSLRA stay. Instead, Defendants analyze each of Plaintiffs' factors separately as if the other factors are not present, Opp'n 5-8, and put forth inapposite case law about, e.g., whether there is a "categorical exception" to the PSLRA stay that any information that has "been provided to a governmental agency" may be discovered, Opp'n 4. Because the Motion does not claim that Defendants' production to the government "is *by itself*" enough to show undue prejudice (Opp'n 3), or that Plaintiffs are

[5] CytoDyn received an extension to post the $6.5 million cash bond until February 4, 2022 or February 14, 2022. *CytoDyn, Inc. v. Amarex Clinical Rsch., LLC*, No. 8:21-cv-02533-PJM (D. Md.), ECF Nos. 42-43. As of February 11, 2022, it does not appear that CytoDyn has posted and filed the bond with the court.

[6] Plaintiffs included CytoDyn's latest "going concern" warning as a one sentence footnote in a two page section describing in detail CytoDyn's deteriorating financial condition. *See* Mot. 5-6 & 5 n.4. Defendants devoted more than one page and four exhibits to responding to just that footnote. Their decision to ignore the factual contentions in the remainder of that section on which the Motion actually is based speaks volumes.

PLAINTIFFS' REPLY IN FURTHER
SUPPORT OF MOTION TO PARTIALLY
MODIFY THE PSLRA DISCOVERY STAY
No. 3:21-cv-05190-BHS

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

5

prejudiced "***merely because*** the documents they seek have already been produced to a governmental agency" (*id.* 4), Defendants' claims do not change the calculus.

In fact, a case Defendants rely upon heavily, *Am. Funds*, actually supports the relief Plaintiffs seek. According to the *Am. Funds* court, undue prejudice exists where both parallel proceedings and "unique circumstances, such as ongoing settlement discussions ***or corporate bankruptcies***, that would have led to the plaintiffs being unduly prejudiced." 493 F. Supp. 2d at 1106; *see also Swartz v. Deutsche Bank AG*, 2008 WL 534535, at *2 (W.D. Wash. Feb. 26, 2008) (same). Defendants' attempt to avoid acknowledging this fact through the use of an ellipsis in their brief to omit the bolded language above. Opp'n 4. The Motion presents the unique circumstances that the *Am. Funds* and *Swartz* courts recognized justify modifying the PSLRA stay.[7]

### C.    Plaintiffs' Request Does Not Offend Policy

Defendants' PSLRA policy argument is "conclusory" and devoid of any substance. Opp'n 8. Defendants fail to articulate the policies underlying the PSLRA stay or explain how Plaintiffs' requested relief, if granted, would be inconsistent with those policies. Critically, the Opposition fails to recognize, let alone address, Plaintiffs' multiple citations to case law in which district courts have held that narrow stay modifications, such as the one requested here, do not offend the PSLRA. Mot. 11-12. Defendants also do not contest that the AC does not allege frivolous claims, another relevant point in the stay modification analysis. *Id.* 11. Finally, Defendants concede (as they must) that they will incur any burden in producing a copy of the Regulatory Production to Plaintiffs.[8]

## III.    CONCLUSION

For all the reasons set forth above, the Motion should be granted.

---

[7] Defendants' cases do not involve the same combination of circumstances at issue here. In fact, ***none*** of Defendants' cases support denying the requested modification where, as here, the request is based on uncontested facts indicating both parallel governmental investigations and impending insolvency of the corporate defendant. Nevertheless, courts have found that neither a bankruptcy nor a settlement (or even negotiations) are necessary to modify the PSLRA stay. Mot. 9 n.10 (citing *Turocy v. El Pollo Loco*, 2017 WL 2495172, at *6 (C.D. Cal. May 10, 2017)).

[8] Defendants argue that the "majority rule" dictates that courts consider only the plaintiff's burden (Opp'n 6), but again, the case law they cite undermines them. *See, e.g., 380544 Can., Inc. v. Aspen Tech, Inc.*, 2007 WL 2049738, at *2 (S.D.N.Y. July 18, 2007) (cited in Opp'n 8).

PLAINTIFFS' REPLY IN FURTHER
SUPPORT OF MOTION TO PARTIALLY
MODIFY THE PSLRA DISCOVERY STAY
No. 3:21-cv-05190-BHS

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

Dated: February 11, 2022

Respectfully submitted,

**BYRNES KELLER CROMWELL LLP**


By: /s/ Bradley S. Keller
  Bradley S. Keller, WSBA #10665
  1000 Second Avenue, 38th Floor
  Seattle, Washington 98104
  Telephone: (206) 622-2000
  Facsimile: (206), 622-2522
  Email: bkeller@byrneskeller.com

*Liaison Counsel for the Putative Class*

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Jennifer L. Joost (*Pro Hac Vice*)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001
Email: jjoost@ktmc.com

and

Joshua E. D'Ancona (*Pro Hac Vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
Email: jdancona@ktmc.com

*Attorneys for Lead Plaintiff Brian Joe Courter and Courter and Sons LLC, Named Plaintiffs Diane M. Hooper, Thomas McGee, and Candra E. Evans, and Lead Counsel for the Putative Class*

PLAINTIFFS' REPLY IN FURTHER
SUPPORT OF MOTION TO PARTIALLY
MODIFY THE PSLRA DISCOVERY STAY
No. 3:21-cv-05190-BHS

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

7

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on the 11th day of February, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel on record in the matter.

/s/ Bradley S. Keller
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA  98104
Telephone:  (206) 622-2000
Facsimile:  (206) 622-2522
bkeller@byrneskeller.com

PLAINTIFFS' REPLY IN FURTHER
SUPPORT OF MOTION TO PARTIALLY
MODIFY THE PSLRA DISCOVERY STAY
No. 3:21-cv-05190-BHS

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

8