1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN JOE COURTER, et al.,
Individually and on Behalf of All Others
Similarly Situated,

　　　　　　　　Plaintiffs,

　　v.

CYTODYN, INC., et al.,

　　　　　　　　Defendants.

CASE NO. C21-5190 BHS

ORDER GRANTING PLAINTIFFS'
MOTION TO PARTIALLY
MODIFY THE PSLRA
DISCOVERY STAY

This matter comes before the Court on Lead Plaintiff Brian Joe Courter and

Courter and Sons LLC and Named Plaintiffs Diane Hooper, Thomas McGee, and Candra

Evans's motion to partially modify the discovery stay imposed by the Private Securities

Litigation Reform Act of 1995 ("PSLRA"). Dkt. 90. The Court has considered the

briefing filed in support of and in opposition to the motion and the remainder of the file

and hereby grants the motion for the reasons stated herein.

I.　　FACTUAL & PROCEDURAL BACKGROUND

Plaintiffs filed their amended class action complaint in December 2021, alleging

violations of federal securities laws against Defendants CytoDyn, Inc., a publicly-traded

ORDER - 1

1  biotechnology company, and its officers and directors, Nader Pourhassan, Michael

2  Mulholland, and Scott Kelly. Dkt. 83. Specifically they allege that Defendants violated

3  Sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934 by: (1) making

4  materially false and misleading statements in CytoDyn's submission to the United States

5  Food and Drug Administration of a Biologics License Application for the use of

6  leronlimab to treat HIV and the use of leronlimab to treat COVID-19; (2) engaging in a

7  scheme to promote leronlimab and the likelihood of FDA approval of its use to treat

8  COVID-19; and (3) selling 7.8 million shares of CytoDyn stock at inflated prices while in

9  possession of material, non-public information. *See id.* ¶ 1.

10       Plaintiffs allege that Defendants constructed a materially false narrative that

11  leronlimab, CytoDyn's only drug prospect, was safe and effective for the treatment of

12  COVID-19 and that regulatory approval for treating COVID-19 was imminent. *Id.* ¶¶ 43,

13  137–38. They assert that Defendants engaged in a stock promotion scheme with these

14  materially false and misleading statements and sold millions of shares of CytoDyn stock.

15  *See id.* ¶¶ 407–35. Plaintiffs allege that the fraud scheme began to unravel in March 2021

16  when CytoDyn announced disappointing trial results, *id.* ¶¶ 268–70, 272, and when the

17  FDA issued a public statement on leronlimab, exposing Defendants' fraud, *id.* ¶¶ 287–91.

18       On July 30, 2021, CytoDyn disclosed that the Securities and Exchange

19  Commission and Department of Justice were investigating it and its executives. *Id.* ¶ 295.

20  Specifically, the SEC issued subpoenas "requesting documents and information," and the

21  DOJ issued subpoenas seeking "testimony and/or records" regarding CytoDyn's "public

22  statements regarding the use of leronlimab as a potential treatment for COVID-19 and

1   related communications with the FDA, investors, and others and trading in the securities

2   of CytoDyn." *Id.* Plaintiffs additionally assert that on January 10, 2022, CytoDyn

3   disclosed that the SEC and DOJ investigations had expanded to include CytoDyn's

4   statements about the use of leronlimab to treat HIV, litigation involving former

5   employees, and CytoDyn's retention of investor relations consultants. Dkt. 90 at 8 (citing

6   Dkt. 90-1 at 7).

7        Plaintiffs assert that the SEC and DOJ investigations are related to the fraud they

8   have alleged in their amended complaint. Discovery has been automatically stayed during

9   the pendency of Defendants' motion to dismiss, Dkt. 95, which will not be ripe for

10  consideration until May 26, 2022, *see* Dkt. 93. Plaintiffs now move for a partial

11  modification of the discovery stay "to obtain a copy of productions that Defendants have

12  provided or will provide to the SEC and DOJ" in response to the subpoenas described

13  herein. Dkt. 90 at 8. Defendants oppose the motion, arguing in part that there are not

14  exceptional circumstances to warrant partially lifting the stay. Dkt. 91.

15                          **II.   DISCUSSION**

16       The PSLRA provides for an automatic stay of discovery "during the pendency of

17  any motion to dismiss" in a private securities fraud action. 15 U.S.C. § 78u-4(b)(3)(B).

18  Congress enacted the discovery stay "to minimize the incentives for plaintiffs to file

19  frivolous securities class actions in the hope either that corporate defendants will settle

20  those actions rather than bear the high cost of discovery . . . or that the plaintiff will find

21  during discovery some sustainable claim not alleged in the complaint." *In re WorldCom,*

22  *Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 305 (S.D.N.Y. 2002) (internal citations omitted).

1   However, the statute expressly provides courts with discretion to allow limited discovery

2   during the stay "upon the motion of any party that particularized discovery is necessary to

3   preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-

4   4(b)(3)(B).

5   **A.      Particularized Discovery**

6          Under 15 U.S.C. § 78u-4(b)(3)(B), a discovery request is particularized if "the

7   party seeking discovery under the exception adequately specifies the target of the

8   requested discovery." *In re FirstEnergy Corp. Sec. Litig.*, No. 2:20-cv-03785, 2021 WL

9   2414763, at *3 (S.D. Ohio June 14, 2021) (internal alteration omitted). Plaintiffs seek the

10  discovery Defendants have provided or will provide to the SEC and DOJ in response to

11  the subpoenas described in CytoDyn's July 30, 2022 and January 10, 2022 SEC filings.

12  Dkt. 90 at 11–12. They argue that this discovery is particularized because it is "already

13  assembled and produced" and is a "closed universe of materials." *Id.* at 11 (quoting *In re*

14  *Delphi Corp. Sec., Derivative & "ERISA" Litig.*, MDL No. 1725, 2007 WL 518626, at

15  *4 (E.D. Mich. Feb. 15, 2007)).

16         Defendants, in response, argue that Plaintiffs' request is not sufficiently

17  particularized. Dkt. 91 at 6–7. They assert that Plaintiffs have failed to identify the

18  specific categories or types of documents sought or how the documents sought will be

19  relevant. *Id.* at 7 (quoting *In re Am. Funds Sec. Litig.*, 493 F. Supp. 2d 1103, 1107 (C.D.

20  Cal. 2007)).

21         However, Defendants fail to engage with Plaintiffs' cited case law. Courts have

22  regularly held that requests seeking documents produced to regulatory agencies or

1   produced in other proceedings were particularized. *See, e.g.*, *In re Royal Ahold N.V. Sec.*

2   *& ERISA Litig.*, 220 F.R.D. 246, 250 (D. Md. 2004) (finding particularity in a request

3   describing a "clearly defined universe of documents" produced to governmental,

4   regulatory, or self-regulatory agencies); *Pension Tr. Fund for Operating Eng'rs v.*

5   *Assisted Living Concepts, Inc.*, 943 F. Supp. 2d 913, 915 (E.D. Wis. 2013) (agreeing that

6   requested discovery was particularized because the request was "limited solely to

7   relevant materials that have already been produced in other proceedings[.]"); *In re*

8   *FirstEnergy Corp. Sec. Litig.*, No. 20-cv-03785, 2021 WL 2414763, at *3–5 (S.D. Ohio

9   June 14, 2021) (holding that the plaintiff's "specific request for already-produced

10  discovery is sufficiently particularized."). The Court agrees that Plaintiffs' requested

11  discovery is sufficiently particularized. They do not seek to engage in a "fishing

12  expedition," *In re WorldCom*, 234 F. Supp. 2d at 306, and rather have identified what

13  specific documents they seek—the documents produced by Defendants in response to the

14  ongoing SEC and DOJ investigations.

15      The Court thus concludes that Plaintiff has adequately specified the particularized

16  discovery.

17  **B.     Undue Prejudice**

18      The Court now must determine whether Plaintiffs have demonstrated undue

19  prejudice. "Courts weigh the burden to defendants against the potential prejudice to

20  plaintiffs, focusing on the production costs to defendants and plaintiffs' need for early

21  review of the documents." *In re Bank of Am. Corp. Sec., Derivative, & Emp. Income Sec.*

22  *Act (ERISA) Litig.*, No. 09 MDL 2058(DC), 2009 WL 4796169, at *2 (S.D.N.Y. Nov. 16,

1    2009) (internal citations omitted). "Courts may consider other factors, such as the

2    defendants' financial state, settlement negotiations, case management, and the effect of

3    delay in determining whether to lift the discovery stay." *Id.* (citing, *inter alia*, *In re*

4    *Worldcom*, 234 F. Supp. 2d at 306; *in re Initial Pub. Offering Sec. Litig.*, 2366 F. Supp.

5    2d 286, 287 (S.D.N.Y. 2002)).

6          Defendants advocate for the Court to apply the "exceptional circumstances" test in

7    considering undue prejudice. Dkt. 91 at 9–10. "Exceptional circumstances" appears to be

8    a phrase derived from the Joint Explanatory Statement of the Committee of Conference

9    when enacting the PSLRA. *See SG Cowen Sec. Corp. v. U.S. Dist. Court for N. Dist. of*

10   *Cal.*, 189 F.3d 909, 911–12 (9th Cir. 1999) ("The Conference Committee provides in new

11   section 27(b) of the 1933 Act and new section 21D(b)(3) of the 1934 Act that courts must

12   stay all discovery pending a ruling on a motion to dismiss, unless exceptional

13   circumstances exist where particularized discovery is necessary to preserve evidence or

14   to prevent undue prejudice to a party." (internal citation omitted)). The Court does not

15   find "exceptional circumstances" to be its own standard that Plaintiffs must meet in order

16   to modify the stay. *See In re Bank of Am. Corp.*, 2009 WL 4796169, at *2. Rather,

17   exceptional circumstances exist where a party moving to lift the stay can show

18   particularized discovery and undue prejudice.

19         With this in mind, the Court now turns to consider whether Plaintiffs would be

20   unduly prejudiced by the stay. *See In re Smith Barney Transfer Agent Litig.*, No. 05 Civ.

21   7583(WHP), 2006 WL 1738078, at *3 (S.D.N.Y. June 26, 2006) ("The proper inquiry

22   under the PSLRA is whether the plaintiff would be unduly prejudiced by the stay, not

1    whether the defendant would be burdened by lifting the stay."). Plaintiffs present three

2    arguments as to why they would suffer undue prejudice by a continued stay of discovery:

3    (1) that they are placed at an unfair disadvantage in developing litigation and resolution

4    strategies; (2) that CytoDyn is an imminent insolvency risk; and (3) that they risk falling

5    far behind ongoing matters that are proceeding apace. Dkt. 90 at 12–15.

6         The Court agrees that Plaintiffs would be unduly prejudiced by a stay. Specific to

7    the facts here, where documents have been discovered and produced (or soon will be) to

8    governmental agencies, courts have found undue prejudice because "maintaining the

9    discovery stay as to materials already provided to government entities does not further

10   the policies behind the PSLRA." *In re FirstEnergy Corp. Sec. Litig.*, 229 F.R.D. 541, 545

11   (N.D. Ohio 2004). Further, "[w]ithout discovery of documents already made available to

12   government entities, Plaintiffs would be unfairly disadvantaged in pursuing litigation and

13   settlement strategies." *Id. See also Singer v. Nicor, Inc.*, No. 02 C 5168, 2003 WL

14   22013905, at *2 (N.D. Ill. Apr. 23, 2003) ("Plaintiffs here may well be unfairly

15   disadvantaged if they do not have access to the documents that the governmental and

16   other agencies already have, during the pendency of the motion to dismiss.").

17        In addition to the concerns of the SEC and DOJ investigations and of Plaintiffs

18   being disadvantaged without the requested discovery, CytoDyn's solvency is of concern.

19   Plaintiffs assert that there is a significant risk that CytoDyn may file for bankruptcy in the

20   near future due to incurring millions of dollars in legal fees related to a proxy contest,

21   SEC and DOJ investigations, an employment dispute, and a dispute involving the

22   company that oversaw CytoDyn's clinical research on leronlimab. *See* Dkt. 90 at 8–11.

1   While Defendants argue that CytoDyn has not filed for bankruptcy nor stated that it is

2   insolvent, there is no denying that its solvency is rapidly changing. Undue prejudice can

3   exist where the plaintiffs are "prejudiced by [their] inability to make informed decisions

4   about [their] litigation strategy in a rapidly shifting landscape." *In re WorldCom*, 234 F.

5   Supp. 2d at 305. Plaintiffs face "the very real risk that [they] will be left to pursue [their]

6   action against defendants who no longer have anything or at least as much to offer." *Id.* at

7   306. Moreover, as Plaintiffs highlight, if CytoDyn files for bankruptcy while Defendants'

8   motion to dismiss is pending, Plaintiffs will be required to obtain stay modifications in

9   this Court and in the bankruptcy proceeding. *See id.* (modifying both the PSLRA stay and

10  bankruptcy stay).

11          Therefore, in considering CytoDyn's financial state, the effect of delay on and

12  disadvantage to Plaintiffs, and the minimal burden on Defendants in producing the

13  sought-after documents, the Court concludes that Plaintiffs would be unduly prejudiced

14  by a continued stay of discovery. Plaintiffs have thus met their burden in establishing that

15  particularized discovery is needed to prevent undue prejudice to warrant a modification

16  of the stay. And even if exceptional circumstances were the applicable standard, the

17  forgoing analysis would result in the same conclusion. Exceptional circumstances exist

18  warranting a modification of the stay. Plaintiffs' motion is, therefore, granted.

19  //

20  //

21  //

22  //

1

### III.  ORDER

2      Therefore, it is hereby **ORDERED** that Plaintiffs' motion to partially modify the

3   PSLRA discovery stay, Dkt. 90, is **GRANTED**.

4      The discovery stay is hereby modified to allow Plaintiffs to request and receive a

5   copy of the discovery Defendants have provided or will provide to the SEC and DOJ in

6   response to the subpoenas described in CytoDyn's July 30, 2021 and January 10, 2022

7   SEC filings.

8      Dated this 3rd day of March, 2022.

9

10

11   BENJAMIN H. SETTLE
     United States District Judge

12

13

14

15

16

17

18

19

20

21

22