The Honorable Benjamin H. Settle

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

BRIAN JOE COURTER, COURTER AND SONS LLC, DIANE M. HOOPER, THOMAS MCGEE, and CANDRA E. EVANS, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

CYTODYN INC., NADER Z. POURHASSAN, MICHAEL MULHOLLAND, and SCOTT A. KELLY,

Defendants.

No. 3:21-cv-05190-BHS

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

**NOTE ON MOTION CALENDAR: MARCH 18, 2022**

1.      PURPOSES AND LIMITATIONS

        Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential

[PROPOSED] STIPULATED PROTECTIVE ORDER
No. 3:21-cv-05190-BHS

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

1

treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.      "CONFIDENTIAL" MATERIAL

"Confidential" material shall include documents and tangible things produced by the parties or non-parties or otherwise exchanged reflecting research, technical, commercial, proprietary, personal, or financial information that the party has maintained as confidential.

3.      SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or non-parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.      ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1     Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)      the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

[PROPOSED] STIPULATED PROTECTIVE ORDER
No. 3:21-cv-05190-BHS

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

(b)     the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c)     actual or potential experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court, court personnel, and court reporters and their staff;

(e)     copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) Any mediator or settlement officer, and their supporting personnel who have completed the acknowledgement contained in Exhibit A;

(g)     Insurers and reinsurers of the parties, and counsel for such insurers or reinsurers who have completed the acknowledgement contained in Exhibit A;

(h)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and (except for those witnesses described in subsection (i) below) who have completed the acknowledgement contained in Exhibit A, unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(i)     the author, addressee, or recipient of a document containing the information, or a custodian or other person who otherwise possessed or knew the information, and their counsel.

(j)     Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

[PROPOSED] STIPULATED PROTECTIVE ORDER
No. 3:21-cv-05190-BHS

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

3

(k)     Counsel for all persons receiving confidential information in accordance with subparagraph 4.2(h) shall be responsible for obtaining the completed acknowledgement contained in Exhibit A. If a non-party witness has refused to sign the acknowledgement in Exhibit A, advising the witness on the record at the deposition that the Court has entered a Stipulated Protective Order in this Action to protect and limit disclosure of confidential information and the witness is bound by that order shall serve as a substitute for the signing of Exhibit A and shall permit examination of the witness regarding documents or other information containing confidential information.

4.3     Filing Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.  Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.  A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material,

[PROPOSED] STIPULATED PROTECTIVE ORDER
No. 3:21-cv-05190-BHS

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

4

documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.*, section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)     Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material.[1] For information in documentary form produced in its electronic native format, a designating party shall produce such information with a one-page tagged image file format (TIFF) placeholder to which the party shall affix the legend "CONFIDENTIAL" to the extent the information includes confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

---

[1] The parties agree that, with respect to documents previously produced to government entities, documents labeled with similar designations, including but not limited to "Confidential Treatment Request by CytoDyn Inc.," shall be treated as if designated "CONFIDENTIAL" pursuant to this Stipulated Protective Order.

[PROPOSED] STIPULATED PROTECTIVE ORDER
No. 3:21-cv-05190-BHS

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

(b)   Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)   Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration

[PROPOSED] STIPULATED PROTECTIVE ORDER
No. 3:21-cv-05190-BHS

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

6

or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3    Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena, a court order, or other discovery request issued in other litigation or proceedings that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)    promptly notify the designating party in writing and include a copy of the subpoena, court order, or other discovery request;

(b)    promptly notify in writing the party who caused the subpoena, order, or other request to issue in the other litigation or proceeding that some or all of the material covered by the subpoena, order, or other request is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

[PROPOSED] STIPULATED PROTECTIVE ORDER
No. 3:21-cv-05190-BHS

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

7

## 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein. The parties further agree to confer regarding the entry of a non-waiver order under Fed. R. Evid. 502(d) governing further discovery in this action following the conclusion of the discovery stay mandated by the Private Securities Litigation Reform Act of 1995.

## 10. NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

[PROPOSED] STIPULATED PROTECTIVE ORDER
No. 3:21-cv-05190-BHS

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: March 18, 2022    /s/ Bradley S. Keller
          Bradley S. Keller, WSBA #10665
         *Attorney for Lead Plaintiff Brian Joe*
         *Courter and Courter and Sons LLC, Named*
         *Plaintiffs Diane M. Hooper, Thomas*
         *McGee, and Candra E. Evans, and Lead*
         *Counsel for the Putative Class*

DATED: March 18, 2022    /s/ Fred B. Burnside
          Fred B. Burnside, WSBA #32491
         *Attorney for Defendants CytoDyn, Inc.,*
         *Nader Z. Pourhassan, Michael Mulholland,*
         *and Scott A. Kelly*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of documents previously produced to a regulatory entity in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

Dated this ___ day of _____ 2022.

        _____
        Honorable Benjamin H. Settle
        UNITED STATES DISTRICT JUDGE

[PROPOSED] STIPULATED PROTECTIVE   BYRNES KELLER CROMWELL LLP
ORDER             1000 Second Avenue, 38th Floor
No. 3:21-cv-05190-BHS       Seattle, Washington 98104
              (206) 622-2000

Presented by:

**BYRNES KELLER CROMWELL LLP**

By: Bradley S. Keller
Bradley S. Keller, WSBA #10665
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
Telephone: (206) 622-2000
Facsimile: (206), 622-2522
Email: bkeller@byrneskeller.com

*Liaison Counsel for the Putative Class*

**KESSLER TOPAZ
MELTZER & CHECK, LLP**
Jennifer L. Joost (*Pro Hac Vice*)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001
Email: jjoost@ktmc.com

and

Joshua E. D'Ancona (*Pro Hac Vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
Email: jdancona@ktmc.com

*Attorneys for Lead Plaintiff Brian Joe Courter
and Courter and Sons LLC, Named Plaintiffs
Diane M. Hooper, Thomas McGee, and Candra
E. Evans, and Lead Counsel for the Putative Class*

**DAVIS WRIGHT TREMAINE LLP**

By: Fred B. Burnside
Fred B. Burnside, WSBA #32491
Brendan T. Mangan, WSBA #17231
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Tel: 206-622-3150
Fax: 206-757-7700
Email:  fredburnside@dwt.com
        brendanmangan@dwt.com

[PROPOSED] STIPULATED PROTECTIVE ORDER
No. 3:21-cv-05190-BHS

**WILMER CUTLER PICKERING
    HALE and DORR LLP**
Michael G. Bongiorno (*Pro Hac Vice*)
Kevin P. Muck (*Pro Hac Vice*)
Peter J. Kolovos (*Pro Hac Vice*)
60 State Street Boston, MA  02109
Tel: 617-526-6000
Fax: 617-526-5000
Email:  michael.bongiorno@wilmerhale.com
          kevin.muck@wilmerhale.com
          peter.kolovos@wilmerhale.com

*Attorneys for Defendants CytoDyn, Inc., Nader
Z. Pourhassan, Michael Mulholland, and Scott A. Kelly*

[PROPOSED] STIPULATED PROTECTIVE
ORDER
No. 3:21-cv-05190-BHS

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Courter, et al. v. CytoDyn Inc., et al.*, No. 3:21-cv-05190-BHS (W.D. Wash.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

[PROPOSED] STIPULATED PROTECTIVE ORDER
No. 3:21-cv-05190-BHS

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

12

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on the 18th day of March, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel on record in the matter.

/s/ Bradley S. Keller
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA  98104
Telephone:  (206) 622-2000
Facsimile:  (206) 622-2522
bkeller@byrneskeller.com

[PROPOSED] STIPULATED PROTECTIVE ORDER
No. 3:21-cv-05190-BHS

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

13