Hon. Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN JOE COURTER, COURTER AND SONS LLC, DIANE M. HOOPER, THOMAS MCGEE, and CANDRA E. EVANS, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

CYTODYN INC., NADER Z. POURHASSAN, MICHAEL MULHOLLAND, and SCOTT A. KELLY,

Defendants.

No. 3:21-cv-05190-BHS

DEFENDANT NADER Z. POURHASSAN'S PARTIAL JOINDER IN DEFENDANTS CYTODYN INC., MICHAEL MULHOLLAND AND SCOTT A. KELLY'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

NOTE ON MOTION CALENDAR: May 1, 2023

Defendant Dr. Nader Z. Pourhassan, through undersigned counsel, hereby joins in the Motion to Dismiss (Dkt. 116) filed on January 31, 2023 by Defendants CytoDyn, Inc., Michael Mulholland and Scott Kelly (the "**Motion**") as described below. For all of the reasons set forth in the Motion, specifically, Sections II(A) (referring to Plaintiffs' failure to plead that numerous challenged statements were materially false or misleading (Count I)) and II(C) (referring to Plaintiffs' failure to state a scheme liability claim (Count II)), Plaintiffs' claims should be dismissed and the dismissal should encompass the entirety of Plaintiffs' claims against Dr. Pourhassan.

DEF. POURHASSAN'S PARTIAL JOINDER IN DEFS' MOT. TO DISMISS PLS.' 2ND AM. COMPL. (No. 3:21-cv-05190-BHS) – Page 1

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

Additionally, Plaintiffs' allegation that Dr. Pourhassan's termination supports a strong inference of scienter (SAC, ¶¶ 615-617) is baseless. Corporate reshuffling on its own is insufficient to establish scienter. S*ee In re U.S. Aggregates, Inc. Sec. Litig.*, 235 F. Supp. 2d 1063, 1073–74 (N.D. Cal. 2002) (holding that scienter is not established where plaintiff could not point to any particularized allegation refuting the reasonable assumption that defendant executive was fired simply because the errors that led to the restatement occurred on his watch); *see also Commc'ns Workers of Am. Plan for Emps.' Pensions & Death Benefits v. CSK Auto Corp.,* No. CV06 1503 PHX DGC(L), 2007 WL 951968, at *6 (D. Ariz. Mar. 28, 2007) (holding that plaintiff did not present evidence of scienter where plaintiff had not alleged any details that indicate that defendants resigned or were terminated for their active participation in fraudulent conduct). There are no allegations to support the inference that Dr. Pourhassan was terminated in January 2022 because he knowingly or with deliberate recklessness made materially false statements during the relevant period. *See In re U.S. Aggregates, Inc.*, 235 F. Supp. 2d at 1073. To the contrary, CytoDyn, Inc. announced[1] "a leadership transition plan," in January 2022 and

[1] On January 25, 2022, CytoDyn issued a corporate press release regarding Dr. Pourhassan's termination. Courts routinely take judicial notice of such things as public SEC filings, corporate press releases, and documented accounting rules. *City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1107 (E.D. Wash. 2013), *aff'd,* 691 F. App'x 393 (9th Cir. 2017). *See also, e.g., In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004); *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 821 (C.D. Cal. 1998); *In re Asyst Techs., Inc. Deriv. Litig.*, No. C–06–4669 EDL, 2008 WL 2169021, at *1 n.1 (N.D. Cal. May 23, 2008) (observing that "judicial notice is appropriate for SEC filings, press releases, and accounting rules" because such documents "are matters of public record") (internal quotation marks omitted). *See also* SAC, ¶ 615, which incorporated by reference CytoDyn's corporate press release announcing Dr. Pourhassan's termination ("On January 25, 2022, CytoDyn announced that it had terminated Pourhassan as its CEO."); *Taylor v. Cnty. of San Bernardino,* No. EDCV212088JGBKKX, 2022 WL 17101007, at *4 (C.D. Cal. Sept. 7, 2022) ("Because the SAC incorporates by reference the July 8, 2021 press release document, the Court finds that it is subject to judicial notice.").

DEF. POURHASSAN'S PARTIAL JOINDER IN DEFS' MOT. TO DISMISS PLS.' 2ND AM. COMPL. (No. 3:21-cv-05190-BHS) – Page 2

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

"thank[ed] Dr. Pourhassan for his vision and passion for developing leronlimab into a platform molecule with the potential for multiple therapeutic indications."[2]

Dr. Pourhassan further joins in the Motion's arguments under Sections II(D) (referring to Plaintiffs' failure to state a Section 20A Control Person Claim (Count III)) insofar as these arguments state that Plaintiffs fail to state a Section 20(a) Control Person Claim that Dr. Pourhassan committed "an independent violation of the securities laws."[3] *See* Motion at 19. Since Plaintiffs fail to adequately allege an independent securities law claim against Dr. Pourhassan, the dependent Section 20A claim necessarily fails. Motion at 20.

Finally, Dr. Pourhassan also adopts the Motion's arguments under Section II(E) (referring to further support to the argument that Plaintiffs fail to state a Section 20A Claim (Count IV)) insofar as these arguments state that Plaintiffs' Section 20A claim should be dismissed on the independent ground that it fails to plead the required contemporaneous trading between Plaintiffs and Dr. Pourhassan for the vast majority of the transactions on which it is premised.[4]  None of the purchases[5] made by Plaintiffs occurred on the same day as Dr. Pourhassan's sales and therefore Plaintiffs fail to satisfy the "same day" requirement for a Section 20A claim. *See In re AST Rsch. Sec. Litig.,* 887 F. Supp. 231, 234 (C.D. Cal. 1995) (insider's sales must occur on the same day, noting

---

[2] **Exhibit A** referenced herein is attached to the Declaration of Daniel Weiskopf, submitted contemporaneously herewith.  **Ex. A (**Press Release, CytoDyn Inc., CytoDyn Announces Leadership Transition Plan to Support Regulatory Approval and Commercialization of Leronlimab (Jan. 25, 2022, 6:06 PM EST), https://www.cytodyn.com/newsroom/press-releases/detail/596/cytodyn-announces-leadership-transition-plan-to-support).

[3] However, Dr. Pourhassan does not join in the Motion's arguments under lines 7-13 of Section II.D. Motion at 19, lines 7-13.

[4] Dr. Pourhassan does not join in the Motion's arguments under lines 7-11 of Section II.E. Motion at 21, lines 7-11.

[5] Plaintiff Courter purchased shares on July 29, 2020, Plaintiff Evans purchased shares on July 30, 2020 and August 3, 2020, Plaintiff McGee purchased shares on December 17, 2020 and December 22, 2020, and Plaintiff Hopper purchased shares on May 1, 2020. SAC, ¶¶ 625-628. Plaintiffs do not allege that Dr. Pourhassan sold shares on any of the listed days that Plaintiffs purchased shares.

DEF. POURHASSAN'S PARTIAL JOINDER IN DEFS' MOT. TO DISMISS PLS.' 2ND AM. COMPL. (No. 3:21-cv-05190-BHS) – Page 3

"[t]he same day standard is the only reasonable standard given the way the stock market functions"). *See also* Motion at 21-22 n.26.

For the foregoing reasons, the Court should dismiss Counts I, II, III and IV in their entirety as against Dr. Pourhassan.

* * *

I certify that this memorandum contains 929 words, in compliance with the Local Civil Rules.

DATED this 2nd day of March, 2023.

McNAUL EBEL NAWROT & HELGREN PLLC

By: s/Daniel M. Weiskopf
    Daniel M. Weiskopf, WSBA No. 44941

By: s/Charles S. Wittmann-Todd
    Charles S. Wittmann-Todd, WSBA No. 54229

600 University Street, Suite 2700
Seattle, Washington 98101
(206) 467-1816
dweiskopf@mcnaul.com
cwittmanntodd@mcnaul.com

LINKLATERS LLP
Adam S. Lurie *(Pro Hac Vice Pending)*
Doug Davison *(Pro Hac Vice Pending)*
601 Thirteenth St., Suite 400 South
Washington, DC 20005
(202) 654-9200
adam.lurie@linklaters.com
doug.davison@linklaters.com

Nicole E. Jerry *(Pro Hac Vice Pending)*
Charlene Valdez Warner *(Pro Hac Vice Pending)*
1290 Avenue of the Americas
New York, NY 10104
(212) 903-9000
nicole.jerry@linklaters.com
charlene.warner@linklaters.com

Attorneys for Defendant Dr. Nader Z. Pourhassan

DEF. POURHASSAN'S PARTIAL JOINDER IN DEFS' MOT. TO DISMISS PLS.' 2ND AM. COMPL. (No. 3:21-cv-05190-BHS) – Page 4