Hon. Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN JOE COURTER, COURTER AND SONS LLC, DIANE M. HOOPER, THOMAS MCGEE, and CANDRA E. EVANS, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

CYTODYN INC., NADER Z. POURHASSAN, MICHAEL MULHOLLAND, and SCOTT A. KELLY,

Defendants.

No. 3:21-cv-05190-BHS

DEFENDANT NADER Z. POURHASSAN'S PARTIAL JOINDER IN DEFENDANTS CYTODYN INC., MICHAEL MULHOLLAND AND SCOTT A. KELLY'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

NOTE ON MOTION CALENDAR: May 8, 2023

Defendant Dr. Nader Z. Pourhassan, through undersigned counsel, hereby partially joins in the Reply Memorandum (Dkt. 137) filed on May 1, 2023 by Defendants CytoDyn, Inc., Michael Mulholland and Scott Kelly (the "Reply") as described below. Specifically, Dr. Pourhassan adopts the following sections of the Reply: (1) Section II(A) ("The SAC Does Not Adequately Allege that Certain Challenged BLA Statements Were Materially False or Misleading"); (2) Section II(B) ("The SAC Does Not Adequately Allege that Certain Challenged COVID-19 Statements Were Materially False or Misleading"); (3) Section II(C) ("Many Other Challenged Statements Are Inactionable"); (4) Section II(D)

DEF. POURHASSAN'S PARTIAL JOINDER IN DEFS.' REPLY
ISO. MOTION TO DISMISS (No. 3:21-cv-05190-BHS) – Page 1

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

(Scientific Disagreement Fails to State a Claim"); and (5) Section II(G) ("Plaintiffs Fail to State a Scheme Liability Claim").

**A.     The Court Should Dismiss Count I in its Entirety as Against Dr. Pourhassan**

Plaintiffs' Section 10(b) and Rule 10b-5(b) claims against Dr. Pourhassan fail because the SAC premises the claims on statements that are inactionable for all of the reasons set forth in Sections (II)(A) through Sections (II)(D) of the Reply, in which Dr. Pourhassan joins, and for the reasons set forth in Dr. Pourhassan's March 2, 2023 Partial Joinder in Defendants CytoDyn Inc., Michael Mulholland and Scott A. Kelly's Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint ("Dr. Pourhassan's Joinder," Dkt. 123).

**B.     Plaintiffs Fail to State a Scheme Liability Claim**

For the reasons set forth in Section II(G) of the Reply, which Dr. Pourhassan adopts, the scheme claim against Dr. Pourhassan fails and should be dismissed.

**C.     Plaintiffs Fail to State a Section 20A Claim Against Dr. Pourhassan**

Plaintiffs incorrectly state that Dr. Pourhassan "concedes the SAC's control allegations as to him." Plaintiffs' Omnibus Opposition to Motion to Dismiss ("Opposition," Dkt. 133) at 39 n.40. Rather, Plaintiffs fail to state a Section 20A control person claim as to Dr. Pourhassan because Plaintiffs fail to plead that Dr. Pourhassan committed an independent violation of the securities laws and therefore the dependent Section 20A claim necessarily fails. *See* Dr. Pourhassan's Joinder at 3.

Contrary to Plaintiffs' assertion that a Section 20A claim may be sustained where an individual defendant possessed material non-public information when trading, Opposition at 40, Plaintiffs must in fact allege a higher standard that "the insider actually use[d] . . . the inside information in deciding to make the trade". *See In re Countrywide Fin. Corp. Sec. Litig.*, 588 F. Supp. 2d 1132, 1202-03 (C.D. Cal. 2008). Plaintiffs, however, failed to allege

DEF. POURHASSAN'S PARTIAL JOINDER IN DEFS.' REPLY
ISO. MOTION TO DISMISS (No. 3:21-cv-05190-BHS) – Page 2

that Dr. Pourhassan *used* any material non-public information in determining to sell shares, Opposition at § IX, and Plaintiffs' Section 20A claims should therefore be dismissed.

Finally, Plaintiffs' Section 20A claims should be dismissed on the independent ground that Plaintiffs failed to plead the required contemporaneous trading between Plaintiffs and Dr. Pourhassan.  Indeed, none of the purchases[1] made by Plaintiffs occurred on the same day as Dr. Pourhassan's sales and therefore Plaintiffs fail to satisfy the "same day" requirement for a Section 20A claim, which the Court should adopt as it appropriately "functions as a substitute for privity."  *See In re AST Rsch. Sec. Litig.,* 887 F. Supp. 231, 233-34 (C.D. Cal. 1995) (insider's sales must occur on the same day, noting "[t]he same day standard is the only reasonable standard given the way the stock market functions"). *See also* Motion to Dismiss Second Amended Class Action Complaint (Dkt. 116) at 21-22.

///

[1] Plaintiff Courter purchased shares on July 29, 2020, Plaintiff Evans purchased shares on July 30, 2020 and August 3, 2020, Plaintiff McGee purchased shares on December 17, 2020 and December 22, 2020, and Plaintiff Hopper purchased shares on May 1, 2020. SAC, ¶¶ 625-628. Plaintiffs do not allege that Dr. Pourhassan sold shares on any of the listed days that Plaintiffs purchased shares.

DEF. POURHASSAN'S PARTIAL JOINDER IN DEFS.' REPLY ISO. MOTION TO DISMISS (No. 3:21-cv-05190-BHS) – Page 3

LAW OFFICES OF
McNaul Ebel Nawrot & Helgren pllc
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

**CONCLUSION**

For the foregoing reasons, the Court should dismiss Counts I, II, III and IV in their entirety as against Dr. Pourhassan.

* * *

I certify that this memorandum contains 640 words, in compliance with the Local Civil Rules.

DATED this 8th day of May, 2023.

McNAUL EBEL NAWROT & HELGREN PLLC

By: s/Daniel M. Weiskopf
        Daniel M. Weiskopf, WSBA No. 44941

By: s/Charles S. Wittmann-Todd
        Charles S. Wittmann-Todd, WSBA No. 54229

600 University Street, Suite 2700
Seattle, Washington 98101
(206) 467-1816
dweiskopf@mcnaul.com
cwittmanntodd@mcnaul.com

LINKLATERS LLP
Adam S. Lurie *(Pro Hac Vice)*
Doug Davison *(Pro Hac Vice)*
601 Thirteenth St., Suite 400 South
Washington, DC 20005
(202) 654-9200
adam.lurie@linklaters.com
doug.davison@linklaters.com

Nicole E. Jerry *(Pro Hac Vice)*
Charlene Valdez Warner *(Pro Hac Vice)*
1290 Avenue of the Americas
New York, NY 10104
(212) 903-9000
nicole.jerry@linklaters.com
charlene.warner@linklaters.com

Attorneys for Defendant Dr. Nader Z. Pourhassan

DEF. POURHASSAN'S PARTIAL JOINDER IN DEFS.' REPLY ISO. MOTION TO DISMISS (No. 3:21-cv-05190-BHS) – Page 4

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816