The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN JOE COURTER, COURTER AND SONS LLC, DIANE M. HOOPER, THOMAS MCGEE, and CANDRA E. EVANS, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

CYTODYN INC., NADER Z. POURHASSAN, MICHAEL MULHOLLAND, and SCOTT A. KELLY,

Defendants.

No. 3:21-cv-05190-BHS

**ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, a securities class action is pending in this Court entitled *Brian Joe Courter, et al. v. CytoDyn Inc., et al.*, Case No. 3:21-cv-05190-BHS ("Action");

WHEREAS, (a) Court-appointed Lead Plaintiff Brian Joe Courter and Courter and Sons LLC ("Lead Plaintiff"), on behalf of itself and the Settlement Class (as defined below); and (b) Defendants CytoDyn Inc. ("CytoDyn"), Nader Z. Pourhassan, Michael Mulholland, and Scott A. Kelly (collectively, "Defendants") have determined to settle and dismiss with prejudice all claims asserted in the Action on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated March 18, 2026 ("Stipulation"), subject to approval of this Court ("Settlement");

ORDER
(No. 3:21-cv-05190-BHS) - 1

WHEREAS, Lead Plaintiff has made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and directing notice of the Settlement to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement and authorization to retain the Claims Administrator to provide notice of the Settlement to the Settlement Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.    **Proposed Class Certification for Settlement Purposes** – The Parties have proposed certification of the following Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and solely for purposes of effectuating the Settlement: all persons and entities that purchased or otherwise acquired the common stock of CytoDyn between March 27, 2020 and March 30, 2022, and were damaged thereby. Excluded from the Settlement Class are Defendants, members of Defendants' immediate families (as defined in 17 C.F.R. § 229.404, Instructions (1)(a)(iii) and (1)(b)(ii)), any person, firm, trust, corporation, officer, director, or other individual or entity in which any Defendant has a controlling interest, or which is related to or affiliated with any of the Defendants, and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party. Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.

2.    **Class Findings** – The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class for purposes of the Settlement. Specifically, and solely for purposes of the proposed Settlement of this Action, the

ORDER
(No. 3:21-cv-05190-BHS) - 2

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.     The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, and solely for purposes of the proposed Settlement of this Action, that it will likely be able to appoint Lead Plaintiff as Class Representative for the Settlement Class and to appoint Lead Counsel Kessler Topaz Meltzer & Check, LLP as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.     **<u>Preliminary Approval of the Settlement</u>** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.     **<u>Settlement Hearing</u>** – The Court will hold a settlement hearing ("Settlement Hearing") on November 2, 2026 at 1:30 p.m. at the United States Courthouse, 1717 Pacific Avenue, Tacoma, Washington 98402, for the following purposes: (a) to determine whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiff should be appointed as Class Representative for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (b) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved

ORDER
(No. 3:21-cv-05190-BHS) - 3

by the Court; (c) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for attorneys' fees and Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.    The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class. The Court may decide to hold the Settlement Hearing by telephone or video conference without further mailed notice to the Settlement Class. If the Court orders that the Settlement Hearing be conducted telephonically or by video conference, that decision will be posted on the website to be developed for the Settlement. Any Settlement Class Member (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the Settlement Website for any change(s) in date, time, or format of the hearing.

7.    **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – Lead Counsel is hereby authorized to retain Strategic Claims Services ("Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be provided as follows:

(a)    not later than five (5) business days after the entry of this Order, CytoDyn shall provide to the Claims Administrator in electronic format (such as Excel) (at no cost to the Settlement Fund, Lead Plaintiff, the Settlement Class, Plaintiffs' Counsel or the Claims

ORDER
(No. 3:21-cv-05190-BHS) - 4

Administrator) list(s), consisting of names, addresses, and e-mail addresses (if available), of CytoDyn's purchasers of record during the Class Period;

(b)     not later than twenty (20) calendar days after the entry of this Order (such date that is twenty (20) calendar days after the date of entry of this Order, the "Notice Date"), the Claims Administrator shall cause the Postcard Notice, substantially in the form attached hereto as Exhibit 1, to be mailed by first-class mail and/or emailed to potential Settlement Class Members at the addresses set forth in the records provided by Cytodyn, or who otherwise may be identified through further reasonable effort and shall cause a copy of the Notice and Claim Form, substantially in the forms attached hereto as Exhibits 2 and 4, respectively (together, the "Notice Packet"), to be mailed to the brokers and other nominees ("Nominees") contained in the Claims Administrator's broker database;

(c)     contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on the Settlement Website, www.CytoDynSecuritiesSettlement.com. In addition, the Claims Administrator will mail a copy of the Notice Packet to any person who makes such a request;

(d)     not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *The Wall Street Journal* and to be transmitted once over *PR Newswire*; and

(e)     not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing, posting, and publication.

8.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Postcard Notice, Notice, Summary Notice, and Claim Form, attached hereto as Exhibits 1, 2, 3, and 4, respectively, and (b) finds that the mailing and distribution of the Postcard Notice and Notice Packet, the posting of the Notice and Claim Form on the Settlement Website,

ORDER
(No. 3:21-cv-05190-BHS) - 5

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Postcard Notice, Notice, and Summary Notice before they are mailed, posted, and published, respectively.

9.    **Nominee Procedures** – Nominees who purchased or otherwise acquired CytoDyn common stock during the Class Period for the benefit of another person or entity shall: (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names, mailing addresses, and, if available, e-mail addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Postcard Notice to such beneficial owners. Upon full compliance with this Order, such Nominees may seek payment of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Reasonable expenses shall not exceed $0.03 plus postage at the current

ORDER
(No. 3:21-cv-05190-BHS) - 6

pre-sort rate used by the Claims Administrator for each Postcard Notice actually mailed; $0.03 per Postcard Notice sent via email or link to the electronic Notice and Claim Form emailed; or $0.03 per name, address, and e-mail address (to the extent available) provided to the Claims Administrator, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

10.    **CAFA Notice** – As provided in the Stipulation, CytoDyn shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. CytoDyn is solely responsible for the costs of CAFA notice and administering the CAFA notice on behalf of all Defendants. No later than seven (7) calendar days before the Settlement Hearing, CytoDyn shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

11.    **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form, attached hereto as Exhibit 4, in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than seventy-five (75) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement and shall (subject to effectuation of the Settlement) release all Released Plaintiffs' Claims as against the Defendants' Releasees as provided in the Stipulation.

12.    Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions

ORDER
(No. 3:21-cv-05190-BHS) - 7

of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13. Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, a late Claim may be accepted for processing as set forth in paragraph 11 above.

14. **Exclusion From the Settlement Class** – Settlement Class Members shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable, unless such persons or entities request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the

ORDER
(No. 3:21-cv-05190-BHS) - 8

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *CytoDyn Securities Litigation Settlement*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Brian Joe Courter, et al. v. CytoDyn Inc., et al.*, Case No. 3:21-cv-05190-BHS (W.D. Wash.)"; (iii) state the number of shares of CytoDyn common stock that the person or entity requesting exclusion (A) held as of the opening of trading on March 27, 2020 and as of the close of trading on June 28, 2022, and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above or is otherwise accepted by the Court. Lead Counsel is authorized to request from any person or entity requesting exclusion documentation sufficient to prove the information called for above.

15.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any distribution out of the Net Settlement Fund.

16.     Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order:  (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings,

ORDER
(No. 3:21-cv-05190-BHS) - 9

determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

17. **<u>Appearance and Objections at Settlement Hearing</u>** – Any Settlement Class Member who or which does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 18 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who or which does not enter an appearance will be represented by Lead Counsel.

Any Settlement Class Member who or which does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, the Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Lead Counsel and Defendants' Counsel shall promptly furnish each other with copies of any and all objections they receive.

ORDER
(No. 3:21-cv-05190-BHS) - 10

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Kessler Topaz Meltzer & Check, LLP | Wilmer Cutler Pickering Hale and Dorr LLP |
| Joshua E. D'Ancona, Esq. | Peter J. Kolovos, Esq. |
| 280 King of Prussia Road | 60 State Street |
| Radnor, PA 19087 | Boston, MA 02109 |
| | |
| | Linklaters LLP |
| | Adam S. Lurie, Esq. |
| | 601 Thirteenth St. North |
| | Suite 400 |
| | Washington, DC 20005 |

19.     Any objections, filings, and other submissions by the objecting Settlement Class Member must include: (1) the name of this proceeding, *Brian Joe Courter, et al. v. CytoDyn Inc., et al.*, Case No. 3:21-cv-05190-BHS (W.D. Wash.); (2) the objector's full name, current address, and telephone number; (3) the objector's signature; (4) a statement providing the specific reasons for the objection, including a detailed statement of the specific legal and factual basis for each and every objection and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (5) documents sufficient to prove membership in the Settlement Class, including documents showing the number of shares of CytoDyn common stock that the objecting Settlement Class Member (A) held as of the opening of trading on March 27, 2020 and the close of trading on June 28, 2022, and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale. The documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

20.     Any Settlement Class Member who wishes to be heard orally at the Settlement Hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses must also file a notice of appearance with the

ORDER
(No. 3:21-cv-05190-BHS) - 11

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Court and serve it on Lead Counsel and on Defendants' Counsel at the addresses set forth in paragraph 18 above so that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

21.     Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

22.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

23.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

ORDER
(No. 3:21-cv-05190-BHS) - 12

24.     **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

25.     **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

26.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members, and Defendants, and Lead Plaintiff and Defendants shall revert to their respective positions in the Action immediately prior to the execution of the Term Sheet, as provided in the Stipulation.

27.     **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Parties' mediation and subsequent Settlement, the communications and/or discussions leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or

ORDER
(No. 3:21-cv-05190-BHS) - 13

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

the validity or infirmity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees, or that any alleged act, statement, omission or conduct by any of the Defendants' Releasees caused injury or damage to Lead Plaintiff or members of the Settlement Class, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

28.     **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of final approval of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

ORDER
(No. 3:21-cv-05190-BHS) - 14

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

29.   **Further Applications and Extensions** – The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Order or the Stipulation.

IT IS SO ORDERED.

Dated this 18th day of June, 2026.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER
(No. 3:21-cv-05190-BHS) - 15

# EXHIBIT A-1

*THIS POSTCARD NOTICE PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.CYTODYNSECURITIESSETTLEMENT.COM FOR MORE INFORMATION.*

The parties in the securities class action *Brian Joe Courter, et al. v. CytoDyn Inc., et al.*, Case No. 3:21-cv-05190-BHS (W.D. Wash.) ("Action") have reached a proposed settlement ("Settlement") of claims asserted in the Action pursuant to Sections 10(b), 20(a) and 20A of the Securities Exchange Act of 1934 ("Exchange Act") against CytoDyn Inc. ("CtyoDyn"), Nader Z. Pourhassan, Michael Mulholland, and Scott A. Kelly (collectively, "Defendants"). If approved, the Settlement will resolve the Action in which Court-appointed Lead Plaintiff alleged that Defendants' public disclosures during the relevant time period misrepresented or omitted material facts regarding CytoDyn's drug leronlimab and its prospects for approval by the U.S. Food and Drug Administration for various applications. Lead Plaintiff further alleged that the price of CytoDyn common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the alleged corrective disclosures were made. Defendants deny any liability or wrongdoing. You received this notice because you, or an investment account for which you serve as a custodian, may be a member of the following Settlement Class: <u>All persons and entities that purchased or otherwise acquired the common stock of CytoDyn between March 27, 2020 and March 30, 2022, and were damaged thereby</u>.

Pursuant to the Settlement, CytoDyn, on behalf of all Defendants, has agreed to provide to the Settlement Class total consideration of: (i) 49 million shares of CytoDyn common stock and (ii) $500,000 in cash, which, after deducting Court-awarded fees and expenses, notice and administration costs, and taxes, will be allocated among Settlement Class Members who submit valid claims, in exchange for the Settlement and the release of all claims asserted in the Action and related claims. **For additional information, please review the full Notice ("Notice") available at www.CytoDynSecuritiesSettlement.com. If you are Settlement Class Member,** your *pro rata* share of the Settlement will depend on the number of valid claims submitted, and the number, size, and timing of your transactions in CytoDyn common stock during the Class Period. If all Settlement Class Members elect to participate in the Settlement, the estimated average recovery will be approximately $0.04 per eligible share of CytoDyn common stock (based on the closing price of the stock on March 16, 2026) *before* deducting any fees and expenses. Your actual share of the Settlement will be determined pursuant to the proposed Plan of Allocation set forth in the Notice, or other plan ordered by the Court.

**To qualify for a distribution from the Settlement, you must submit a valid Claim.** The Claim Form can be found and submitted on the website, or you can request that one be mailed to you. **Claims must be postmarked (if mailed), or submitted online, by _____ __, 2026.** If you do not want to be legally bound by any releases, judgments, or orders in the Action, **you must exclude yourself** from the Settlement Class by _____ __, 2026. If you exclude yourself from the Settlement Class, you may be able to sue Defendants about the claims being resolved in the Action, but you cannot get money from the Settlement. If you want to object to any aspect of the Settlement, you must file and serve an objection by **_____ __, 2026**. The Notice provides instructions on how to submit a Claim, exclude yourself, or object, and you must comply with all of the instructions in the Notice.

The Court will hold a hearing on **_____ __, 2026 at __:___ _.m.**, to consider, among other things, whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 25% of the Settlement Fund in attorneys' fees, plus litigation expenses of no more than $300,000 (which equals a cost of approximately $0.01 per eligible share of CytoDyn common stock). You may attend the hearing and ask to be heard by the Court, but you do not have to. **For more information, call 1-866-274-4004, send an email to info@strategicclaims.net or visit www.CytoDynSecuritiesSettlement.com.**

*CytoDyn Securities Litigation Settlement*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

**COURT-ORDERED LEGAL NOTICE**

*Brian Joe Courter, et al. v. CytoDyn Inc., et al.*
Case No. 3:21-cv-05190-BHS (W.D. Wash.)

**Your legal rights may be affected by this
securities class action. You may be eligible for
a distribution from the Settlement. Please
read this Postcard Notice carefully.**

**For more information, please visit
<u>www.CytoDynSecuritiesSettlement.com</u>,
call toll free 1-866-274-4004,
or send an email to info@strategicclaims.net**

[ADD QR CODE LINKING
TO WEBSITE HERE]

# EXHIBIT A-2

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| BRIAN JOE COURTER, COURTER AND SONS LLC, DIANE M. HOOPER, THOMAS MCGEE, and CANDRA E. EVANS, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> CYTODYN INC., NADER Z. POURHASSAN, MICHAEL MULHOLLAND, and SCOTT A. KELLY, <br><br> Defendants. | Case No. 3:21-cv-05190-BHS |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights will be affected by the above-captioned securities class action ("Action") if, between March 27, 2020 and March 30, 2022 ("Class Period"), you purchased or otherwise acquired the common stock of CytoDyn Inc. ("CytoDyn"), and were damaged thereby ("Class").[1]

NOTICE OF PROPOSED SETTLEMENT:  Please also be advised that the Court-appointed Lead Plaintiff Brian Joe Courter and Courter and Sons LLC ("Lead Plaintiff") has reached a proposed settlement of the Action for consideration of (i) 49 million shares of CytoDyn common stock and (ii) $500,000 in cash ("Settlement") with defendants CytoDyn, Nader Z. Pourhassan, Michael Mulholland, and Scott A. Kelly (collectively, "Defendants"). If approved by the Court, the Settlement will resolve the Action, including Lead Plaintiff's allegations that Defendants' public disclosures during the Class Period misrepresented or omitted material facts regarding CytoDyn's drug leronlimab and its prospects for approval by the U.S. Food and Drug Administration for various applications, in violation of federal securities laws, and injured CytoDyn investors. The history of the Action and the claims being released by the Settlement are detailed in ¶¶ 4-18 and ¶¶ 28-34 herein.

---

[1]     All capitalized terms not defined in this Notice have the meanings provided in the Stipulation and Agreement of Settlement dated March 18, 2026 ("Stipulation"). The Stipulation can be viewed at www.CytoDynSecuritiesSettlement.com.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Clerk's Office, Defendants, or Defendants' Counsel. All questions should be directed to the Claims Administrator or Lead Counsel (*see* ¶ 64 below).**

**Additional information about the Settlement is available on the website for the Settlement, www.CytoDynSecuritiesSettlement.com.**

- **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiff, on behalf of itself and the Settlement Class, has agreed to settle the Action in exchange for consideration of (i) 49 million shares of CytoDyn common stock ("Settlement Shares")[2] and (ii) $500,000 in cash ("Cash Settlement Amount") (together, the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon ("Settlement Fund") less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation ("Plan of Allocation") is attached hereto as Appendix A.

- **Estimate of Average Amount of Recovery Per Share:** Lead Plaintiff's damages expert estimates that approximately 390,386,110 shares of CytoDyn common stock purchased during the Class Period may have been affected by the alleged conduct at issue in the Action and eligible to participate in the Settlement. If all eligible Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before deduction of any Court-approved fees, expenses, and costs as described herein) will be approximately $0.04 per eligible share of CytoDyn common stock.[3] **Settlement Class Members should note, however, that this is only an estimate based on the overall number of potentially eligible shares.** Some Settlement Class Members may recover more or less than this estimated amount depending on: (i) when and the price at which they purchased/acquired/sold their CytoDyn common stock; (ii) the total number and value of valid Claims submitted; (iii) the amount of Notice and Administration Costs; and (iv) the amount of attorneys' fees and Litigation Expenses awarded by the Court. Distributions to Settlement Class Members will be made based on the Plan of Allocation attached hereto as Appendix A or such other plan of allocation ordered by the Court.

---

[2]    Following the Effective Date of the Settlement, Lead Counsel shall distribute the Settlement Shares to eligible Settlement Class Members in accordance with the terms of the Stipulation and the Plan of Allocation set forth in Exhibit A hereto, or another plan of allocation approved by the Court.

[3]    The estimated average recovery per share is based on the closing price of CytoDyn common stock on March 16, 2026.

- **Statement of Potential Outcome of the Case:** The Parties do not agree on whether Lead Plaintiff would have prevailed on its claims against Defendants. Nor do they agree on whether and to what extent the Settlement Class suffered any damages, including the average amount of damages per share that would be recoverable if Lead Plaintiff were to prevail in the Action. Lead Plaintiff agreed to the Settlement because it believes that the Settlement confers a substantial benefit upon the Settlement Class. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct. Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiff and the Settlement Class have suffered any loss attributable to Defendants' actions or omissions.

- **Attorneys' Fees and Expenses Sought:** Court-appointed Lead Counsel, Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz"), and Court-appointed Liaison Counsel, Byrnes Keller Cromwell LLP ("Byrnes Keller"), have prosecuted this Action on a wholly contingent basis and have not received any attorneys' fees (or payment of expenses) for their representation of the Settlement Class. For their efforts, Lead Counsel, on behalf of Plaintiffs' Counsel, will apply to the Court for attorneys' fees in an amount not to exceed 25% of the Settlement Fund. Lead Counsel will also apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action, in an amount not to exceed $300,000, which amount may include a request for reimbursement of the reasonable costs incurred by Lead Plaintiff directly related to its representation of the Settlement Class in accordance with 15 U.S.C. § 78u-4(a)(4). Any fees and expenses awarded to Plaintiffs' Counsel will be paid from the Settlement Fund along with any interest earned at the same rate as earned by the Settlement Class on the Settlement Fund. If the Court approves the maximum amount of the foregoing fees and expenses, the estimated average cost will be approximately $0.01 per eligible share of CytoDyn common stock. **Please note that this is only an estimate**.

- **Identification of Attorneys' Representatives:** Lead Plaintiff and the Settlement Class are represented by Joshua E. D'Ancona, Esq. of Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA 19087, 1-610-667-7706, info@ktmc.com, www.ktmc.com. Other representatives from Lead Counsel are listed in ¶ 64 below. Further information regarding the Action, the Settlement, and this Notice also may be obtained by contacting the Claims Administrator at: *CytoDyn Securities Litigation Settlement*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063; 1-866-274-4004; info@strategicclaims.net; or by visiting the website for the Action, www.CytoDynSecuritiesSettlement.com.

- **Reasons for the Settlement:** Lead Plaintiff's principal reason for entering into the Settlement is the near-term cash benefit for the Settlement Class without the substantial risk or the delays and costs inherent in further litigation. The benefit of the Settlement must be considered against the risk that a smaller recovery—or no recovery at all—might be achieved after full discovery, a motion for class certification, summary judgment, a trial of the Action, and the likely appeals that would follow a trial. In addition, in light of CytoDyn's financial situation, Lead Plaintiff determined that obtaining a recovery for the Settlement Class sooner would serve to protect the Settlement Class's interest in obtaining some recovery rather than risking obtaining

none later due to CytoDyn's financial circumstances, e.g., the risk of bankruptcy. Throughout this litigation, Defendants have denied, and continue to deny, any and all allegations of fault, liability, wrongdoing or damages whatsoever. Defendants, who believe that Lead Plaintiff would not be able to prove its claims or overcome Defendants' defenses, and who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, distraction, and expense of further protracted litigation, and to fully, finally and forever settle, resolve, and dismiss with prejudice the Action and settle and release all Released Claims.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN _____ __, 2026.** | This is the only way to be eligible to receive a distribution from the Settlement. If you are a Settlement Class Member, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 29 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 30 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____ __, 2026.** | Get no distribution from the Settlement. This is the *only* option that may allow you to ever bring or be part of any *other* lawsuit against Defendants or the other Defendants' Releasees about the claims being released by the Settlement. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____ __, 2026.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's request for attorneys' fees and Litigation Expenses, you may object by writing to the Court (as described in ¶¶ 56-59 below). In order to object, you must be a member of the Settlement Class. |
| **GO TO A HEARING ON _____ __, 2026 AT __:__ _.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____ __, 2026.** | Ask to speak in Court at the Settlement Hearing, at the discretion of the Court, about the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's request for attorneys' fees and Litigation Expenses. |
| **DO NOTHING.** | Get no distribution from the Settlement. You will, however, remain a member of the Settlement Class, which means that you give up any right you may have to sue about the claims that are being resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options – and the deadlines to exercise them – are further explained in this Notice. <u>Please Note</u>: The date and time of the Settlement Hearing – currently scheduled for _____ __, 2026 at __:__ _.m. – is subject to change without further written notice to the Settlement Class. It is also within the Court's discretion to hold the hearing in person**

**or by telephone or video conference. If you plan to attend the Settlement Hearing, you should check the website www.CytoDynSecuritiesSettlement.com or with Lead Counsel to confirm that no change to the date and/or time of the hearing has been made.**

| WHAT THIS NOTICE CONTAINS |
|---|

What Is The Purpose Of This Notice? ...................................................................................Page _

What Is This Case About?  ..................................................................................................Page _

Why Is This Case A Class Action?.......................................................................................Page _

How Do I Know If I Am Affected By The Settlement?
    Who Is Included In The Settlement Class?......................................................................Page _

What Are Lead Plaintiff's Reasons For The Settlement?......................................................Page _

What Might Happen If There Were No Settlement? ..............................................................Page _

How Are Settlement Class Members Affected By The Action
    And The Settlement?......................................................................................................Page _

How Do I Participate In The Settlement? What Do I Need To Do?.......................................Page _

How Much Will My Distribution Be? ...................................................................................Page _

What Payment Are The Attorneys For The Settlement Class Seeking?
    How Will The Lawyers Be Paid? ...................................................................................Page _

What If I Do Not Want To Be A Member Of The Settlement Class?
    How Do I Exclude Myself? ............................................................................................Page _

When And Where Will The Court Decide Whether To Approve The
    Settlement? Do I Have To Come To The Hearing? May I Speak
    At The Hearing If I Don't Like The Settlement?.............................................................Page _

What If I Bought Shares On Someone Else's Behalf? ..........................................................Page _

Can I See The Court File? Whom Should I Contact If I Have Questions? ............................Page _

Proposed Plan of Allocation of the Net Settlement Fund ..............................................Appendix A

| WHAT IS THE PURPOSE OF THIS NOTICE? |
|---|

1.    The Court has directed the issuance of this Notice to inform potential Settlement Class Members about the Action and the proposed Settlement and their options in connection therewith before the Court rules on the Settlement. Additionally, Settlement Class Members have the right to understand how this class action lawsuit may generally affect their legal rights.

2.    This Notice explains the Action, the Settlement, Settlement Class Members' legal rights, what benefits are available under the Settlement, who is eligible for the benefits, and how to get them.

3.   The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator will make distributions to eligible Settlement Class Members pursuant to the Settlement after any objections and appeals are resolved.

## WHAT IS THIS CASE ABOUT?

4.   This is a securities class action against Defendants for alleged violations of the federal securities laws. Lead Plaintiff alleges that Defendants made materially false or misleading statements during the Class Period regarding the drug leronlimab, and CytoDyn's purported progress in identifying possible applications for it with respect to treating HIV and, alternatively, COVID-19. Lead Plaintiff further alleges that the price of CytoDyn's common stock declined when the truth was revealed through a series of partial corrective disclosures. Defendants deny all of the allegations of wrongdoing asserted in the Action and deny any liability whatsoever to the Settlement Class.

5.   The Action commenced on March 17, 2021, with the filing of the initial complaint in the Court, asserting violations of the federal securities laws against CytoDyn and certain of its then-current executives.

6.   Thereafter, in accordance with the Private Securities Litigation Reform Act of 1995 ("PSLRA"), notice to the public was issued stating the deadline by which putative class members could move the Court for lead plaintiff appointment. On May 17, 2021, several movants moved for appointment as lead plaintiff, including Brian Joe Courter and Courter and Sons LLC ("Courter"). On August 19, 2021, the Court appointed Courter as Lead Plaintiff, and granted Courter's motion to appoint Kessler Topaz as Lead Counsel and Byrnes Keller as Liaison Counsel. On October 27, 2021, the Court denied a motion for reconsideration of its August 19, 2021 order.

7.   On December 21, 2021, Courter, along with additional plaintiffs Diane M. Hooper, Candra E. Evans and Thomas McGee (collectively with Courter, "Plaintiffs"), filed the Amended Class Action Complaint for Violations of the Federal Securities Laws against Defendants CytoDyn, Nader Z. Pourhassan, Michael Mulholland, and Scott A. Kelly ("First Amended Complaint"). The First Amended Complaint asserted claims on behalf of Plaintiffs and all others who purchased or otherwise acquired the common stock of CytoDyn between March 27, 2020 and May 17, 2021 and were damaged thereby, under (i) Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 (a, b, and c) promulgated thereunder, 17 C.F.R. § 240.10b-5; (ii) Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a); and (iii) Section 20A of the Exchange Act, 15 U.S.C. § 78t-1(a) (the Section 20A claim asserted solely on behalf of investors who purchased shares of CytoDyn common stock contemporaneously with certain sales of CytoDyn common stock by Pourhassan, Kelly and Mulholland during the class period).

8.   Defendants moved to dismiss the First Amended Complaint on February 25, 2022.

9.   Also in early 2022, Plaintiffs, on January 26, 2022, filed a motion to partially modify the discovery stay in effect in the Action pursuant to the PSLRA. On March 3, 2022, the Court granted Plaintiffs' motion and directed Defendants to provide to Plaintiffs a copy of the discovery Defendants

had provided or would be providing to the U.S. Department of Justice or U.S. Securities and Exchange Commission, pursuant to certain subpoenas Defendants had received from those entities.

10. Thereafter, on April 20, 2022, the Court vacated the existing deadlines for Defendants' then-pending motion to dismiss and imposed a deadline by which Plaintiffs could file a further amended complaint—and for briefing on any motion to dismiss Defendants may file related to a further amended complaint.

11. On June 24, 2022, Plaintiffs filed the Second Amended Class Action Complaint for Violations of the Federal Securities Laws against Defendants ("Second Amended Complaint"). The pleading was based in substantial part on documents that Defendants had produced to Plaintiffs further to the Court's order partially lifting the PSLRA stay. The Second Amended Complaint asserted claims on behalf of Plaintiffs and all others who purchased or otherwise acquired the common stock of CytoDyn between March 27, 2020 and March 30, 2022 and were damaged thereby, under (i) Section 10(b) of the Exchange Act and Rule 10b-5 (a, b, and c) promulgated thereunder; (ii) Section 20(a) of the Exchange Act; and (iii) Section 20A of the Exchange Act (the Section 20A claim asserted solely on behalf of investors who purchased shares of CytoDyn common stock contemporaneously with certain sales of CytoDyn common stock by Pourhassan, Kelly and Mulholland during the class period).

12. On August 19, 2022, the Court granted a stipulated motion by the Parties that vacated the existing deadlines for Defendants to respond to the Second Amended Complaint, in order to allow the Parties to explore mediation with a private mediator. Efforts to mediate were not successful and the Court imposed deadlines for Defendants to file any motions to dismiss and for all related briefing.

13. On January 31, 2023, Defendants other than Dr. Pourhassan filed a motion to dismiss the Second Amended Complaint. Dr. Pourhassan partially joined that motion on March 2, 2023. Plaintiffs opposed Defendants' motions to dismiss on March 31, 2023. Defendants other than Dr. Pourhassan filed a reply brief on May 1, 2023. Dr. Pourhassan partially joined that reply on May 8, 2023.

14. On June 25, 2025, the Court issued an opinion and order denying in full Defendants' motions to dismiss the Second Amended Complaint.

15. Thereafter, the Parties engaged with each other and the private mediator once again, to explore the possibility of settlement. As they undertook efforts to mediate in July through November 2025, the Parties sought several extensions of time for Defendants' Answer to the Second Amended Complaint, which the Court granted. After reaching an agreement to settle the Action in principle, the Parties filed a stipulated motion to stay all proceedings to permit them to finalize and submit settlement documentation to the Court, which the Court granted on November 24, 2025.

16. The Parties agreed to settle the Action in exchange for (i) 49 million shares of CytoDyn common stock and (ii) $500,000 in cash. The Parties spent several months negotiating the terms of their agreement and executed a Term Sheet dated March 16, 2026.

17. Thereafter, the Parties entered into the Stipulation on March 18, 2026. The Stipulation, which sets forth the full terms and conditions of the Settlement, can be viewed at www.CytoDynSecuritiesSettlement.com.

18. On _____ __, 2026, the Court preliminarily approved the Settlement, authorized notice of the Settlement to be provided to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

## WHY IS THIS CASE A CLASS ACTION?

19. In a class action, one or more persons or entities (in this case, Lead Plaintiff) sue on behalf of persons and entities that have similar claims. Together, these persons and entities are a "class," and each is a "class member." Bringing a case, such as this one, as a class action allows the adjudication of many individuals' similar claims that might be too small to bring economically as separate actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt out," from the class.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

20. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

**All persons and entities that purchased or otherwise acquired the common stock of CytoDyn between March 27, 2020 and March 30, 2022, and were damaged thereby.**

Excluded from the Settlement Class are: Defendants, members of Defendants' immediate families (as defined in 17 C.F.R. § 229.404, Instructions (1)(a)(iii) and (1)(b)(ii)), any person, firm, trust, corporation, officer, director, or other individual or entity in which any Defendant has a controlling interest, or which is related to or affiliated with any of the Defendants, and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party. Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.

**PLEASE NOTE: Receipt of this Notice or the Postcard Notice does not mean that you are a Settlement Class Member or that you will be entitled to a distribution from the Settlement. If you are a Settlement Class Member and you wish to be eligible to receive a distribution from the Settlement, you are required to submit a Claim Form and the required supporting documentation as set forth in the Claim Form postmarked (if mailed), or online at www.CytoDynSecuritiesSettlement.com, no later than _____ __, 2026.**

## WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?

21. The Settlement is the result of over four years of litigation and arm's-length negotiations by the Parties. Lead Plaintiff and Lead Counsel believe that their claims against Defendants have merit; however, they also recognize the expense and length of continued proceedings necessary to pursue Lead Plaintiff's claims - i.e., full merits discovery (including depositions), expert discovery, a motion for class certification, summary judgment, and trial, as well as the challenges Lead Plaintiff would

face in establishing liability and the Settlement Class's full amount of damages. In addition, in light of CytoDyn's operation on a going concern basis and the reasons therefor, Lead Plaintiff determined that obtaining a recovery for the Settlement Class sooner rather than risking one later would serve to protect the Settlement Class's interest in obtaining some immediate recovery rather than risking obtaining none later due to financial circumstances, e.g., the risk of bankruptcy

22. In light of these risks, the amount of the Settlement, and the certain, near-term recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Lead Plaintiff and Lead Counsel believe that the Settlement provides a favorable result for the Settlement Class, namely 49 million shares of CytoDyn common stock and $500,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after trial, and appeals, possibly years in the future.

23. Defendants have denied, and continue to deny, all claims asserted against them in the Action, have denied and continue to deny having engaged in any wrongdoing or violation of law of any kind whatsoever in connection with claims that were alleged, or could have been alleged, in the Action, have denied and continued to deny that their alleged acts or conduct caused damage to anyone, and have maintained and continue to maintain that Defendants' acts and conduct were at all times proper and in compliance with applicable provisions of law. Defendants have agreed to the Settlement solely to eliminate the burdens, uncertainty, distraction and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants or as a concession as to the merits of any claims or allegations in the Action.

### WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

24. If there were no Settlement and Lead Plaintiff failed to establish any essential element of its claims against Defendants at trial, neither Lead Plaintiff nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

### HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

25. As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

26. If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section below entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?" on page __

27. If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's request for attorneys' fees and Litigation Expenses, you may present

your objections by following the instructions in the section below entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" on page __.

28.   If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court in the Action. If the Settlement is approved, the Court will enter a judgment ("Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined below in ¶ 29) against Defendants and the other Defendants' Releasees (as defined below in ¶ 30), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims directly or indirectly against any of the Defendants' Releasees, regardless of whether such Settlement Class Members execute and deliver a Proof of Claim Form or share in the Settlement Fund. This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

29.   "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known or unknown (including waiving the protections of California Civil Code § 1542), whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether direct, derivative, representative, class or individual in nature, whether accrued or unaccrued, whether fixed or contingent, whether liquidated or unliquidated, whether matured or unmatured, concerning, based on, arising out of, relating to, or in connection with all claims and causes of action that Lead Plaintiff or any other member of the Settlement Class: (i) asserted in the Action or (ii) did or could have asserted in any court or forum that arise out of or are based upon the same, similar or related allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the Action and that relate to the purchase or other acquisition of CytoDyn common stock during the Class Period. For the avoidance of doubt, Lead Plaintiff and the other Settlement Class Members will release all claims for damages by Settlement Class Members provided for under Sections 10(b), 20(a), and 20A of the Exchange Act which arise out of or are based upon the same, similar or related allegations in the Action and that relate to the purchase or other acquisition of CytoDyn common stock during the Class Period. Released Plaintiffs' Claims shall not include: (i) any claims relating to the enforcement of the Settlement; (ii) any derivative or ERISA claims pending as of the date of the Stipulation; and (iii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

30.   "Defendants' Releasees" means Defendants, and all of Defendants' past and present officers, directors, employees, insurers, subsidiaries, affiliates, successors, representatives, auditors, attorneys, underwriters and agents and the heirs, predecessors, successors, and assigns of the foregoing.

31.   "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know

or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

32. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined below in ¶ 33) against Lead Plaintiff and the other Plaintiffs' Releasees (as defined below in ¶ 34), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims directly or indirectly against any of the Plaintiffs' Releasees.

33. "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or unknown (including waiving the protections of California Civil Code § 1542), whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether direct, derivative, representative, class or individual in nature, whether accrued or unaccrued, whether fixed or contingent, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or relate in any way to the institution, prosecution, or settlement of Plaintiffs' claims against Defendants. Released Defendants' Claims shall not include any claims relating to the enforcement of the Settlement. For the avoidance of doubt, Released Defendants' Claims shall not release any claim by Defendants for insurance coverage.

34. "Plaintiffs' Releasees" means Lead Plaintiff, all members of the Settlement Class, and all of their past and present officers, directors, employees, insurers, subsidiaries, affiliates, successors, representatives, auditors, attorneys (including Lead Counsel and its agents working on this matter under its direction), underwriters and agents and the heirs, predecessors, successors, and assigns of the foregoing.

| **HOW DO I PARTICIPATE IN THE SETTLEMENT?** |
| :---: |
| **WHAT DO I NEED TO DO?** |

35.   To be eligible for a distribution from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation ***postmarked (if mailed), or submitted online at www.CytoDynSecuritiesSettlement.com, no later than _____ __, 2026***. You can obtain a copy of the Claim Form on the website, www.CytoDynSecuritiesSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-866-274-4004, or by emailing the Claims Administrator at info@strategicclaims.net. **Please retain all records of your ownership of and transactions in CytoDyn common stock as they may be needed to document your Claim.** If you request exclusion from the Settlement Class or do not submit a timely and valid Claim, you will not be eligible to share in the Net Settlement Fund.

| **HOW MUCH WILL MY DISTRIBUTION BE?** |
| :---: |

36.   At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

37.   Pursuant to the Settlement, CytoDyn, on behalf of all Defendants, shall pay or cause to be paid a total of 49 million shares of CytoDyn common stock[4] and $500,000 in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Settlement Class Members who submit valid Claims, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

38.   Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to the Plan of Allocation set forth in Appendix A, or another plan of allocation, will not affect the Settlement, if approved.

39.   Once the Court's order or judgment approving the Settlement becomes Final and the Effective Date has occurred, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount on Defendants' behalf is entitled to get back any portion of the Settlement Fund. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

---

[4]   Following the Effective Date of the Settlement, Lead Counsel will distribute the Settlement Shares to eligible Settlement Class Members.

40. Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim postmarked or received on or before ____ ____ __, 2026 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given.

41. Participants in and beneficiaries of any employee retirement and/or benefit plan covered by the Employee Retirement Income Security Act of 1974 ("Employee Plan") should NOT include any information relating to CytoDyn common stock purchased/acquired/sold through an Employee Plan in any Claim they submit in the Action. They should include ONLY those eligible CytoDyn common stock purchased/acquired/sold during the Class Period outside of an Employee Plan. Claims based on any Employee Plan(s)' purchases/acquisitions/sales of eligible CytoDyn common stock during the Class Period may be made by the Employee Plan(s)' trustees.

42. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

43. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim.

44. Only Settlement Class Members, i.e., persons and entities that purchased or otherwise acquired the common stock of CytoDyn between March 27, 2020 and March 30, 2022, and were damaged thereby as a result of such purchases and acquisitions, will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claims.

45. **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiff and Lead Counsel. At the Settlement Hearing, Lead Counsel will request the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.**

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID?

46. Lead Counsel has not received any payment for its services in pursuing claims against Defendants on behalf of the Settlement Class, nor has Lead Counsel been reimbursed for its out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply, on behalf of Plaintiffs' Counsel, to the Court for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for payment of Plaintiffs' Counsel's Litigation Expenses in an amount not to exceed $300,000, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Settlement Class in accordance with 15 U.S.C. § 78u-4(a)(4) in an amount not to exceed $10,000.

47. Lead Counsel's motion for attorneys' fees and Litigation Expenses will be filed by _____ __, 2026. A copy of Lead Counsel's motion for attorneys' fees and Litigation Expenses will be available for review at www.CytoDynSecuritiesSettlement.com once it is filed. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. ***Settlement Class Members are not personally liable for any such fees or expenses.***

> ## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

48. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a letter requesting exclusion addressed to: *CytoDyn Securities Litigation Settlement*, EXCLUSIONS, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063. The request for exclusion must be ***received* no later than** _____ __**, 2026**. You will not be able to exclude yourself from the Settlement Class after that date. Each letter requesting exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *CytoDyn Securities Litigation Settlement*, Case No. 3:21-cv-05190-BHS (W.D. Wash.)"; (iii) state the number of shares of CytoDyn common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on March 27, 2020 and as of the closing on June 28, 2022, and (B) purchased/acquired and/or sold during the Class Period (i.e., between March 27, 2020 and March 30, 2022), as well as the dates, number of shares, and prices of each such purchase/acquisition and/or sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A letter requesting exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

49. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees. Excluding yourself from the Settlement Class is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other Defendants' Releasees concerning the Released Plaintiffs' Claims. Please note, however, if you decide to exclude yourself from the Settlement Class, Defendants and the other Defendants' Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

50. If you ask to be excluded from the Settlement Class, you will not be eligible to receive any distribution from the Net Settlement Fund.

51. CytoDyn shall have the right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in the Parties' confidential agreement in accordance with the terms of that agreement.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

52.   **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

53.   **Please Note**: The date and time of the Settlement Hearing may change without further written notice to the Settlement Class. In addition, the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by video or phone, without further written notice to the Settlement Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you check the Court's docket and the website, www.CytoDynSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to www.CytoDynSecuritiesSettlement.com. If the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to www.CytoDynSecuritiesSettlement.com.**

54.   The Settlement Hearing will be held on _____ __, 2026 at __:__ _.m, before the Honorable Benjamin H. Settle, United States District Judge for the Western District of Washington, either in person at the United States Courthouse, 1717 Pacific Avenue, Tacoma, WA 98402, or by telephone or videoconference (in the discretion of the Court). The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's request for attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

55.   Any Settlement Class Member may object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Western District of Washington at the address set forth below, as well as serve copies on Lead Counsel and Defendants' Counsel at the addresses set forth below *on or before* _____ __, *2026*.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| U.S. District Court Western District of Washington United States Courthouse 1717 Pacific Avenue Room 3100 Tacoma, WA 98402 | Joshua E. D'Ancona, Esq. Kessler Topaz Meltzer & Check, LLP 280 King of Prussia Road Radnor, PA 19087 | Peter J. Kolovos, Esq. Wilmer Cutler Pickering Hale and Dorr LLP 60 State Street Boston, MA 02109  Adam S. Lurie, Esq. |

Linklaters LLP
601 Thirteenth St., Suite 400
Washington, DC 20005

56. Any objection, filings, and other submissions by the objecting Settlement Class Member must include: (1) the name of this proceeding, *CytoDyn Securities Litigation Settlement*, Case No. 3:21-cv-05190-BHS (W.D. Wash.); (2) the objector's full name, current address, and telephone number; (3) the objector's signature; (4) a statement providing the specific reasons for the objection, including a detailed statement of the specific legal and factual basis for each and every objection and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (5) documents sufficient to prove membership in the Settlement Class, including documents showing the number of shares of CytoDyn common stock that the objecting Settlement Class Member (A) held as of the opening of trading on March 27, 2020 and as the close of trading on June 28, 2022, and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale. The objecting Settlement Class Member shall provide documentation establishing membership in the Settlement Class through copies of brokerage confirmation slips or brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a brokerage confirmation slip or account statement.

57. **You may not object to the Settlement, Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class.**

58. You may submit an objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first (1) submit a written objection in accordance with the procedures described above, and (2) submit your notice of appearance in accordance with the procedures described below, or the Court orders otherwise.

59. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, and if you timely submit a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Class Counsel and Defendants' Counsel at the addresses set forth in ¶ 55 above so that it is *received* **on or before** _____ \_\_**, 2026**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

60. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 55 above so that the notice is *received* **on or before** _____ \_\_**, 2026**.

61. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of**

**Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

62.  If you purchased or otherwise acquired shares of CytoDyn common stock between March 27, 2020 and March 30, 2022 for the beneficial interest of persons or entities other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; (ii) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator the electronic Postcard Notice or the link to the electronic Notice and Claim Form to forward to all beneficial owners with valid email addresses and, within seven (7) calendar days of receipt, email them to all such beneficial owners; or (iii) within seven (7) calendar days of receipt of this Notice, provide a list of the names, addresses, and e-mail addresses, if available, of all such beneficial owners to *CytoDyn Securities Litigation Settlement*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063. If you choose the first or second options, you must send an email to the Claims Administrator confirming that the mailing or emailing was done as directed. If you choose the third option, the Claims Administrator will send a copy of the Postcard Notice by mail or email to the beneficial owners you have identified on your list. Upon full compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these directions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Reasonable expenses shall not exceed $0.03 plus postage at the current pre-sort rate used by the Claims Administrator for each Postcard Notice actually mailed; $0.03 per Postcard Notice sent via email or link to the electronic Notice and Claim Form emailed; or $0.03 per name, address, and e-mail address (to the extent available) provided to the Claims Administrator, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

63.  Copies of the Notice and the Claim Form may be obtained from the website for the Settlement, www.CytoDynSecuritiesSettlement.com, by calling the Claims Administrator toll-free at 1-866-274-4004, or by emailing the Claims Administrator at info@strategicclaims.net.

## CAN I SEE THE COURT FILE?
## WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

64.  This Notice contains only a summary of the terms of the Settlement. For the terms and conditions of the Settlement, please see the Stipulation available at www.CytoDynSecuritiesSettlement.com. More detailed information about the matters involved in this Action can be obtained by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at *https://ecf.wawd.uscourts.gov*, or by visiting, during regular office hours, the Office of the Clerk, United States District Court for the Western District of Washington, United States Courthouse, 1717 Pacific Avenue, Room 3100, Tacoma, WA

98402. Additionally, copies of any related orders entered by the Court and certain other filings in this Action will be posted on the website www.CytoDynSecuritiesSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*CytoDyn Securities Litigation Settlement*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

1-866-274-4004

info@strategicclaims.net
www.CytoDynSecuritiesSettlement.com

and/or

Kessler Topaz Meltzer & Check, LLP

Joshua D'Ancona, Esq.
280 King of Prussia Road
Radnor, PA 19087
1-610-667-7706

Jennifer L. Joost, Esq.
One Sansome Street
Suite 1850
San Francisco, CA 94104
1-415-400-3000

info@ktmc.com

**PLEASE DO NOT CALL OR WRITE THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**


Dated: _____ __, 2026                    By Order of the Court
                                               United States District Court
                                               Western District of Washington

## APPENDIX A

## PROPOSED PLAN OF ALLOCATION OF THE
## NET SETTLEMENT FUND

The Plan of Allocation set forth herein is the plan that is being proposed to the Court for approval by Plaintiffs, after consultation with their damages expert. The Court may approve the Plan of Allocation with or without modification, or approve another plan of allocation, without further notice to the Settlement Class. Any Orders regarding a modification of the Plan of Allocation will be posted on the website www.CytoDynSecuritiesSettlement.com. Defendants have had, and will have, no involvement in or responsibility for the terms or application of the Plan of Allocation.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws set forth in the Second Amended Complaint. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method of weighing the claims of Authorized Claimants against each other for the purpose of making *pro rata* allocations of the Net Settlement Fund. The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their losses. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be: the Authorized Claimant's Recognized Claim (calculated pursuant to this Plan of Allocation) divided by the total Recognized Claims (calculated pursuant to this Plan of Allocation) of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than 80 shares of CytoDyn common stock, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.[5]

The Action asserts claims under Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") relating to purchases or acquisitions of CytoDyn common stock during the Class Period (i.e., between March 27, 2020 and March 30, 2022, inclusive).[6] The Action also asserts claims under Section 20A of the Exchange Act relating to shares of CytoDyn common stock purchased contemporaneously with Defendants' sales of CytoDyn common stock during the Class Period. For purposes of this Plan of Allocation, purchases of CytoDyn common stock during any

---

[5]     Based on the closing price of CytoDyn common stock on March 16, 2026, 80 shares of CytoDyn common stock have an aggregate value of roughly $23.12. Lead Counsel may propose a different de minimis distribution amount (i.e., minimum number of shares) at the time of distribution based on the then-current trading value of CytoDyn common stock; however, the aggregate value of the de minimis number of shares to be distributed per eligible Settlement Class Member will not be less than $23.12.

[6]     CytoDyn's common stock was quoted on the OTCQB tier of the OTC Markets during the Class Period under the ticker symbol "CYDY."

of the following periods will be deemed eligible for a recovery under Section 20A: (i) April 28, 2020 through May 6, 2020, inclusive; (ii) July 29, 2020 through August 4, 2020, inclusive; and (iii) December 15, 2020 through December 24, 2020, inclusive.

Recognized Loss Amounts under Section 10(b) will be calculated as described below in "Calculation of Recognized Loss Amounts Under Section 10(b)." Recognized Loss Amounts under Section 20A will be calculated as described below in "Calculation of Recognized Loss Amounts Under Section 20A." For shares of CytoDyn common stock eligible for a recovery under both Section 10(b) and Section 20A, the Recognized Loss Amount for such shares will be *the greater of*: (i) the Recognized Loss Amount under Section 10(b); or (ii) the Recognized Loss Amount under Section 20A.

In developing the Plan of Allocation, Plaintiffs' damages expert calculated the estimated amount of alleged artificial inflation in the per-share price of CytoDyn common stock that allegedly was proximately caused by Defendants' alleged materially false and misleading statements and omissions during the Class Period. In calculating the estimated alleged artificial inflation caused by those alleged misrepresentations and omissions, Plaintiffs' damages expert considered price changes in CytoDyn common stock in reaction to certain public disclosures allegedly revealing the truth concerning Defendants' alleged misrepresentations and omissions, adjusting for price changes on those days that were attributable to market and/or industry forces. The estimated alleged artificial inflation in the price of CytoDyn common stock for each day of the Class Period is provided in **Table 1** below.

In order to have recoverable damages under Section 10(b) of the Exchange Act, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the security. Accordingly, to have a Recognized Loss Amount pursuant to the Plan of Allocation under Section 10(b), CytoDyn common stock must have been *held through at least one* of the dates when the disclosure of alleged corrective information partially removed the alleged artificial inflation from the price of CytoDyn common stock. Plaintiffs allege artificial inflation was removed from the price of CytoDyn common stock on the following dates: May 4, 2020; July 13, 2020; September 17, 2020; March 8, 2021; March 9, 2021; May 17, 2021; and March 31, 2022.

If the calculation of a Recognized Loss Amount results in a negative number, that amount shall be set to $0. The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

In the calculations below, all purchase, acquisition, and sale prices shall exclude any fees, taxes, or commissions. Any transactions in CytoDyn common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

For each share of CytoDyn common stock purchased or otherwise acquired during the Class Period (i.e., between March 27, 2020 and March 30, 2022, inclusive), and sold on or before June 28, 2022, an "Out-of-Pocket Loss" will be calculated.[7] Out-of-Pocket Loss is defined as the

---

[7] June 28, 2022 represents the last day of the 90-day period beginning on March 31, 2022, which was the first trading day after the end of the Class Period ("90-Day Look-Back Period").

per-share purchase/acquisition price *minus* the per-share sale price. As set forth below, the Recognized Loss Amount under the Exchange Act shall not exceed the Out-of-Pocket Loss for such share(s).

## CALCULATION OF RECOGNIZED LOSS AMOUNTS UNDER SECTION 10(b)

Under Section 10(b), a Claimant's Recognized Loss Amount per share of CytoDyn common stock purchased or otherwise acquired during the period March 27, 2020 through March 30, 2022, inclusive, will be calculated as follows:

    i.    For each share sold before the opening of trading on May 4, 2020, the Recognized Loss Amount is $0.00.

    ii.    For each share sold from after the opening of trading on May 4, 2020, through the close of trading on March 30, 2022, the Recognized Loss Amount shall be ***the lesser of***:

        a.    the amount of artificial inflation applicable to that share on the date of purchase/acquisition *minus* the amount of artificial inflation applicable to that share on the date of sale, as set forth in **Table 1** below; or

        b.    the Out-of-Pocket Loss.

    iii.    For each share sold from after the opening of trading on March 31, 2022, through the close of trading on June 28, 2022 (*i.e.*, during the 90-Day Look-Back Period), the Recognized Loss Amount shall be ***the least of***:

        a.    the amount of artificial inflation applicable to that share on the date of purchase/acquisition, as set forth in **Table 1** below;

        b.    the actual purchase/acquisition price per share *minus* the 90-Day Look-Back Value on the date of sale as set forth in **Table 2** below; or

        c.    the Out-of-Pocket Loss.

---

The PSLRA imposes a statutory limitation on recoverable damages using the 90-Day Look-Back Period. This limitation is incorporated into the calculation of a Settlement Class Member's Recognized Loss Amount under Section 10(b). Specifically, a Settlement Class Member's Recognized Loss Amount cannot exceed the difference between the purchase price paid for the CytoDyn common stock and the average price of CytoDyn common stock during the 90-Day Look-Back Period if the share was held through June 28, 2022, the end of this period. A Settlement Class Member's Recognized Loss Amount on CytoDyn common stock sold during the 90-Day Look-Back Period cannot exceed the difference between the purchase price paid for the CytoDyn common stock and the average price of CytoDyn common stock during the portion of the 90-Day Look-Back Period that had elapsed as of the date of sale ("90-Day Look-Back Value"), as set forth in **Table 2** below.

iv.      For each share held as of the close of trading on June 28, 2022, the Recognized Loss Amount shall be *the lesser of*:

        a.    the amount of artificial inflation applicable to that share on the date of purchase/acquisition, as set forth in **Table 1** below; or

        b.    the actual purchase/acquisition price per share *minus* $0.35, which represents the average closing price of CytoDyn common stock during the 90-Day Look-Back Period (as shown on the last line of **Table 2** below).

## CALCULATION OF RECOGNIZED LOSS AMOUNTS UNDER SECTION 20A

Under Section 20A, a Claimant's Recognized Loss Amount per share of CytoDyn common stock will be calculated as follows:[8]

i.      For each share that was purchased during the period April 28, 2020 through May 6, 2020, inclusive, the Recognized Loss Amount shall be $19,403,999 divided by the total number of shares eligible for a Section 20A claim during that period.

ii.     For each share that was purchased during the period July 29, 2020 through August 4, 2020, inclusive, the Recognized Loss Amount shall be $520,891 divided by the total number of shares eligible for a Section 20A claim during that period.

iii.    For each share that was purchased during the period December 15, 2020 through December 24, 2020, inclusive, the Recognized Loss Amount shall be $4,788,364 divided by the total number of shares eligible for a Section 20A claim during that period.

## ADDITIONAL PROVISIONS

1.      The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (as defined in ¶ 6 below) is 80 shares of CytoDyn common stock (with an approximate value of $23.12) or greater.

2.      **FIFO Matching:** If a Settlement Class Member has more than one purchase/acquisition or sale of CytoDyn common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a first in first out ("FIFO") basis. Class Period sales will be matched first against any holdings of CytoDyn common stock at the beginning of the Class Period, and then against purchases/acquisitions of CytoDyn common stock in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

---

[8]     The dollar amounts in the Recognized Loss Amount formulas for Section 20A claims represent the amounts Plaintiffs allege Defendants improperly gained from the transactions at issue.

3.      **Purchase/Acquisition and Sale Dates:** Purchases/acquisitions and sales of CytoDyn common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of CytoDyn common stock during the Class Period shall not be deemed a purchase, acquisition, or sale of the shares of CytoDyn common stock for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of CytoDyn common stock unless: (i) the donor or decedent purchased or otherwise acquired such shares of CytoDyn common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of CytoDyn common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

4.      **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the CytoDyn common stock. The date of a "short sale" is deemed to be the date of sale of the CytoDyn common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is $0.00. In the event that a Claimant has a short position in CytoDyn common stock, the earliest subsequent purchases or acquisitions during the Class Period shall be matched against such short position and not be entitled to a recovery until that short position is fully covered.

5.      **Common Stock Purchased/Sold Through the Exercise of Options:** CytoDyn common stock is the only security eligible for recovery under the Plan of Allocation. Option contracts to purchase or sell CytoDyn common stock are not securities eligible to participate in the Settlement. With respect to CytoDyn common stock purchased or sold through the exercise of an option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price shall be the exercise price of the option. Any Recognized Loss Amount arising from CytoDyn common stock acquired during the Class Period through the exercise of an option on CytoDyn common stock[9] shall be computed as provided for other purchases of CytoDyn common stock in the Plan of Allocation.

6.      **Distribution of Settlement Fund:  <u>Please Note</u>: Given the amount of the Cash Settlement Amount and the anticipated costs of the administration, Lead Counsel expects that the cash portion of the Settlement Fund will be used to pay for notice to the Settlement Class and the administration of the Settlement (i.e., claims processing and distribution) and distributions to eligible Settlement Class Members will be made entirely in Settlement Shares. Lead Counsel and the Claims Administrator will distribute the Settlement Shares in an efficient and cost-effective manner to Authorized Claimants.**

7.      **Determination of Distribution Amount:** The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their losses. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be: the Authorized Claimant's Recognized Claim (calculated pursuant to this Plan of Allocation) divided by the total Recognized Claims (calculated pursuant to this Plan of Allocation) of all

---

[9]      This includes (1) purchases of CytoDyn common stock as the result of the exercise of a call option, and (2) purchases of CytoDyn common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than 80 shares of CytoDyn common stock, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.[10]

8.    **Re-Distributions:** In the event any proceeds (cash or stock) remain in the Net Settlement Fund following distribution, no less than six (6) months after the distribution, the Claims Administrator will conduct a re-distribution of the proceeds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants. Additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to a non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

9.    Distributions pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Plaintiffs' damages expert, Defendants, Defendants' Counsel, any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation, or other plan of allocation approved by the Court, or further orders of the Court. Plaintiffs, Defendants and their respective counsel, and all other Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or distribution to any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes owed by the Settlement Fund; or any losses incurred in connection therewith.

| TABLE 1 - Section 10(b) Claims Estimated Alleged Artificial Inflation in CytoDyn Common Stock* | | |
|---|---|---|
| **From** | **To** | **Inflation Per Share** |
| March 27, 2020 | May 3, 2020 | $4.92 |
| May 4, 2020 | July 12, 2020 | $4.40 |
| July 13, 2020 | September 16, 2020 | $3.33 |

---

[10]    Based on the closing price of CytoDyn common stock on March 16, 2026, 80 shares of CytoDyn common stock have an aggregate value of roughly $23.12. As noted above, Lead Counsel may propose a different de minimis distribution amount (i.e., minimum number of shares) at the time of distribution based on the then-current trading value of CytoDyn common stock; however, the aggregate value of the de minimis number of shares to be distributed per eligible Settlement Class Member will not be less than $23.12.

| September 17, 2020 | March 7, 2021 | $2.64 |
| March 8, 2021 | March 8, 2021 | $1.53 |
| March 9, 2021 | May 16, 2021 | $0.86 |
| May 17, 2021 | March 30, 2022 | $0.11 |
| March 31, 2022 | Thereafter | $0.00 |

* For each day during the Class Period, the per-share artificial inflation shall be limited to no more than that day's closing price of CytoDyn common stock.

| TABLE 2 - Section 10(b) Claims<br>CytoDyn Common Stock 90-Day Look-Back Value by Sale/Disposition Date ||
|---|---|
| **Sale Date** | **90-Day Look-Back Value** |
| 3/31/2022 | $0.37 |
| 4/1/2022 | $0.36 |
| 4/4/2022 | $0.36 |
| 4/5/2022 | $0.36 |
| 4/6/2022 | $0.36 |
| 4/7/2022 | $0.35 |
| 4/8/2022 | $0.35 |
| 4/11/2022 | $0.34 |
| 4/12/2022 | $0.33 |
| 4/13/2022 | $0.33 |
| 4/14/2022 | $0.32 |
| 4/18/2022 | $0.31 |
| 4/19/2022 | $0.31 |
| 4/20/2022 | $0.31 |
| 4/21/2022 | $0.30 |
| 4/22/2022 | $0.30 |
| 4/25/2022 | $0.30 |
| 4/26/2022 | $0.31 |
| 4/27/2022 | $0.31 |
| 4/28/2022 | $0.31 |
| 4/29/2022 | $0.31 |

| 5/2/2022 | $0.31 |
|---|---|
| 5/3/2022 | $0.31 |
| 5/4/2022 | $0.32 |
| 5/5/2022 | $0.32 |
| 5/6/2022 | $0.32 |
| 5/9/2022 | $0.32 |
| 5/10/2022 | $0.32 |
| 5/11/2022 | $0.32 |
| 5/12/2022 | $0.32 |
| 5/13/2022 | $0.32 |
| 5/16/2022 | $0.32 |
| 5/17/2022 | $0.33 |
| 5/18/2022 | $0.33 |
| 5/19/2022 | $0.33 |
| 5/20/2022 | $0.33 |
| 5/23/2022 | $0.33 |
| 5/24/2022 | $0.33 |
| 5/25/2022 | $0.33 |
| 5/26/2022 | $0.33 |
| 5/27/2022 | $0.33 |
| 5/31/2022 | $0.33 |
| 6/1/2022 | $0.33 |
| 6/2/2022 | $0.33 |
| 6/3/2022 | $0.33 |
| 6/6/2022 | $0.33 |
| 6/7/2022 | $0.33 |
| 6/8/2022 | $0.33 |
| 6/9/2022 | $0.34 |
| 6/10/2022 | $0.34 |
| 6/13/2022 | $0.34 |
| 6/14/2022 | $0.34 |

| 6/15/2022 | $0.34 |
|---|---|
| 6/16/2022 | $0.34 |
| 6/17/2022 | $0.34 |
| 6/21/2022 | $0.34 |
| 6/22/2022 | $0.34 |
| 6/23/2022 | $0.34 |
| 6/24/2022 | $0.34 |
| 6/27/2022 | $0.35 |
| 6/28/2022 | $0.35 |

# EXHIBIT A-3

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| BRIAN JOE COURTER, COURTER AND SONS LLC, DIANE M. HOOPER, THOMAS MCGEE, and CANDRA E. EVANS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CYTODYN INC., NADER Z. POURHASSAN, MICHAEL MULHOLLAND, and SCOTT A. KELLY,<br><br>Defendants. | Case No. 3:21-cv-05190-BHS |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO:**   **All persons and entities that purchased or otherwise acquired the common stock of CytoDyn Inc. ("CytoDyn") between March 27, 2020 and March 30, 2022, and were damaged thereby:**

**PLEASE READ THIS NOTICE CAREFULLY;**
**YOUR RIGHTS WILL BE AFFECTED BY A**
**CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Western District of Washington ("Court"), that the above-captioned action ("Action") has been provisionally certified as a class action on behalf of the following class: all persons and entities that purchased or otherwise acquired the common stock of CytoDyn between March 27, 2020 and March 30, 2022, and were damaged thereby ("Settlement Class"). Certain persons and entities are excluded from the Settlement Class by definition as set forth in the Stipulation and Agreement of Settlement dated March 18, 2026 ("Stipulation") and the detailed notice for the settlement ("Notice"). The Stipulation and Notice can be viewed on the website www.CytoDynSecuritiesSettlement.com.

**YOU ARE ALSO HEREBY NOTIFIED** that Court-appointed Lead Plaintiff Brian Joe Courter and Courter and Sons LLC ("Lead Plaintiff"), on behalf of itself and the Settlement Class, have reached a proposed settlement of the Action with defendants CytoDyn, Nader Z. Pourhassan, Michael Mulholland, and Scott A. Kelly (collectively, "Defendants") for 49 million shares of

CytoDyn common stock and $500,000 in cash ("Settlement"). If approved by the Court, the Settlement will resolve all claims in the Action.

A hearing ("Settlement Hearing") will be held on _____ __, 2026 at __:__ _.m., before the Honorable Benjamin H. Settle, United States District Judge for the Western District of Washington, either in person at the United States Courthouse, 1717 Pacific Avenue, Tacoma, WA 98402, or by telephone or videoconference (at the discretion of the Court), to determine, among other things, whether: (i) for purposes of settlement, the Action should be certified as a class action on behalf of the Settlement Class and Lead Plaintiff Brian Joe Courter and Courter and Sons LLC and Lead Counsel Kessler Topaz Meltzer & Check, LLP should be appointed as class representative and class counsel, respectively, for the Settlement Class; (ii) the Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (iii) the Action should be dismissed with prejudice against Defendants and the releases specified and described in the Stipulation (and in the Notice) should be granted; and (iv) Lead Counsel's motion for attorneys' fees in an amount not to exceed 25% of the Settlement Fund and payment of expenses in an amount not to exceed $300,000 (which amount may include a request for reimbursement of the reasonable costs incurred by Lead Plaintiff directly related to its representation of the Settlement Class) should be approved. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the website www.CytoDynSecuritiesSettlement.com.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement proceeds**. This notice provides only a summary of the information contained in the detailed Notice. You may obtain a copy of the Notice, along with the Claim Form, on the website for the Settlement, www.CytoDynSecuritiesSettlement.com. You may also obtain a copy of the Notice and Claim Form by contacting the Claims Administrator by mail at *CytoDyn Securities Litigation Settlement*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063; by calling toll free 1-866-274-4004; or by sending an email to info@strategicclaims.net.  Copies of the Notice and Claim Form can also be found on Lead Counsel's website www.ktmc.com.

If you are a Settlement Class Member, in order to be eligible to receive a distribution from the proposed Settlement, you must submit a Claim Form *postmarked (if mailed), or online via www.CytoDynSecuritiesSettlement.com, no later than* _____ __, *2026*, in accordance with the instructions set forth in the Claim Form. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any releases, judgments, or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received no later than* _____ __, *2026*, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any releases, judgments, or orders entered by the Court in the Action and you will not receive any benefits from the Settlement.

2

Excluding yourself from the Settlement Class is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other released parties concerning the claims being resolved by the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are ***received no later than _____ __, 2026***, in accordance with the instructions set forth in the Notice.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.** All questions about this notice, the Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.

Requests for the Notice and Claim Form should be made to the Claims Administrator:

*CytoDyn Securities Litigation Settlement*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
1-866-274-4004

info@strategicclaims.net
www.CytoDynSecuritiesSettlement.com

All other inquiries should be made to Lead Counsel:

Kessler Topaz Meltzer & Check, LLP

Andrew L. Zivitz, Esq.
Joshua D'Ancona, Esq.
280 King of Prussia Road
Radnor, PA 19087
1-610-667-7706

or

Jennifer L. Joost, Esq.
One Sansome Street, Suite 1850
San Francisco, CA 94104
1-415-400-3001

info@ktmc.com

DATED: _____ __, 2026

BY ORDER OF THE COURT
United States District Court
Western District of Washington

3

# EXHIBIT A-4

*CytoDyn Securities Litigation Settlement*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

**Toll-Free Number:  1-866-274-4004**
**Email:  info@strategicclaims.net**
**Website:  www.CytoDynSecuritiesSettlement.com**

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund from the proposed Settlement of the action captioned *Brian Joe Courter, et al. v. CytoDyn Inc., et al.*, Case No. 3:21-cv-05190-BHS (W.D. Wash.) ("Action"), you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address, or submit it online at www.CytoDynSecuritiesSettlement.com, **postmarked (or received) no later than _____ __, 2026**.

**You will bear all risks of delay or non-delivery of your Claim Form.** Failure to submit your Claim Form by the date specified will subject your Claim to rejection and may preclude you from being eligible to recover any money in connection with the proposed Settlement.

**Do not mail or deliver your Claim Form to the Court, the Parties to the Action, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above, or online at www.CytoDynSecuritiesSettlement.com.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – GENERAL INSTRUCTIONS** | __ |
| **PART II – CLAIMANT IDENTIFICATION** | __ |
| **PART III – SCHEDULE OF TRANSACTIONS IN CYTODYN INC. COMMON STOCK** | __ |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | __ |

## PART I – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice"), including the proposed Plan of Allocation set forth in the Notice ("Plan of Allocation"). The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the Releases described therein and provided for herein.

2.      This Claim Form is directed to members of the Settlement Class: **all persons and entities that purchased or otherwise acquired the common stock of CytoDyn Inc. ("CytoDyn") between March 27, 2020 and March 30, 2022, and were damaged thereby**. Certain persons and entities are excluded from the Settlement Class by definition as set forth in ¶ 20 of the Notice. If you are a member of the Settlement Class and you do not timely request exclusion from the Settlement Class in accordance with the instructions provided in the Notice, you will be bound by the terms of any order of dismissal or judgment entered in the Action, including the Releases provided for herein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

3.      By submitting this Claim Form, you are making a request to share in the proceeds of the Settlement described in the Notice. IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (*see* definition of "Settlement Class" contained in ¶ 20 of the Notice), OR IF YOU SUBMIT A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM AS **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT.** THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

4.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

5.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of CytoDyn common stock. On the Schedule, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of CytoDyn common stock, whether such transactions resulted in a profit or a loss. If you need more space or additional schedules, please attach separate sheets giving all of the required information in substantially the same form. Sign and print your name and Social Security or Taxpayer Identification number on each additional sheet. **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.**

6.      **Please Note**: Only CytoDyn common stock purchased/acquired during the Class Period (i.e., between March 27, 2020 and March 30, 2022) is eligible under the Settlement. However, because the PSLRA provides for a "90-day Look Back Period" (described in the Plan of Allocation set forth in the Notice), you must provide documentation related to your purchases, acquisitions and sales of CytoDyn common stock during the period from March 31, 2022 through June 28, 2022 (i.e., the 90-day Look Back Period) in order for the Claims Administrator to calculate your Recognized Loss Amount under the Plan of Allocation and process your Claim. **Failure to report all transaction and holding information during the requested time periods may result in**

Page 2

**the rejection of your Claim.**

7.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of the eligible CytoDyn common stock set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a brokerage confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in CytoDyn common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.      **One Claim Form should be submitted for each separate legal entity or separately managed account.** Separate Claim Forms should be submitted for each separate legal entity (e.g., a Claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account. The Claims Administrator reserves the right to request information on all the holdings and transactions in CytoDyn common stock made on behalf of a single beneficial owner.

9.      All joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part II of this Claim Form. The complete name(s) of the beneficial owner(s) must be entered. If you purchased or otherwise acquired CytoDyn common stock during the Class Period and held the shares in your name, you are the beneficial owner as well as the record owner. If you purchased or otherwise acquired CytoDyn common stock during the Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

10.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)      expressly state the capacity in which they are acting;

(b)      identify the name, account number, last four digits of the Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner (or other person or entity on whose behalf they are acting with respect to) of the CytoDyn common stock; and

(c)      furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.      By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of

the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

12.    If the Court approves the Settlement, distributions to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

13.    **PLEASE NOTE**: As set forth in the Plan of Allocation, each Authorized Claimant shall receive their *pro rata* share of the Net Settlement Fund. If the prorated distribution to any Authorized Claimant calculates to less than 80 shares of CytoDyn common stock, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or a copy of the Notice, you may contact the Claims Administrator, Strategic Claims Services, at the above address, by email at info@strategicclaims.net, or by toll-free phone at 1-866-274-4004, or you can visit the website maintained by the Claims Administrator, www.CytoDynSecuritiesSettlement.com, where copies of the Claim Form and Notice are available for downloading.

15.    **NOTICE REGARDING INSTITUTIONAL FILERS**: Representatives with authority to file on behalf of (a) accounts of multiple Settlement Class Members and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their transactions in an electronic spreadsheet format. To obtain the *mandatory* electronic filing requirements and file layout, you may visit the website www.CytoDynSecuritiesSettlement.com, or you may email the Claims Administrator's electronic filing department at efile@strategicclaims.net. All Representative Filers MUST also submit a manually signed Claim Form, as well as proof of authority to file (see ¶ 10 of the General Instructions), along with the electronic spreadsheet format. **Any file that is not in accordance with the required electronic filing format will be subject to rejection.** No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to you to that effect. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at efile@strategicclaims.net to inquire about your file and confirm it was received.**

16.    **NOTICE REGARDING ONLINE FILING**: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.CytoDynSecuritiesSettlement.com. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Claim Form has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

**IMPORTANT PLEASE NOTE:**

**YOUR CLAIM IS NOT DEEMED SUBMITTED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD OR EMAIL CONFIRMING YOUR SUBMISSION. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM BY MAIL OR EMAIL WITHIN 60 DAYS. IF**

**YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD OR CONFIRMATION EMAIL WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-866-274-4004.**

## PART II – CLAIMANT IDENTIFICATION

**Please complete this PART II in its entirety. The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.**

Beneficial Owner's First Name                Beneficial Owner's Last Name

Co-Beneficial Owner's First Name    Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                                                State    Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                          Telephone Number (work)

Email address (Email address is not required, but if you provide it, you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

Account Number (where securities were traded)[1]

---

[1] If the account number is unknown, you may leave blank. If filing for more than one account for the same legal

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Claimant Account Type (check appropriate box)

☐   Individual (includes joint owner accounts)     ☐  Pension Plan     ☐  Trust

☐   Corporation     ☐  Estate

☐   IRA/401K     ☐  Other _____ (please specify)

---

entity you may write "multiple." Please see ¶ 8 of the General Instructions above for more information on when to file separate Claim Forms for multiple accounts.

## PART III – SCHEDULE OF TRANSACTIONS IN CYTODYN INC. COMMON STOCK

Complete this Part III if and only if you purchased or otherwise acquired CytoDyn common stock during the period between March 27, 2020 and March 30, 2022, inclusive. Please be sure to include proper documentation with your Claim Form as described in detail in Part I – General Instructions, ¶ 7, above. Do not include information in this section regarding securities other than CytoDyn common stock.

| | |
|---|---|
| **1. HOLDINGS AS OF MARCH 27, 2020** – State the total number of shares of CytoDyn common stock held as of the opening of trading on March 27, 2020. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Holding Position Enclosed ○ |

**2. PURCHASES/ACQUISITIONS BETWEEN MARCH 27, 2020 AND MARCH 30, 2022** – Separately list each and every purchase/acquisition (including free receipts) of CytoDyn common stock from after the opening of trading on March 27, 2020 through and including the close of trading on March 30, 2022. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

**3. PURCHASES/ACQUISITIONS BETWEEN MARCH 31, 2022 AND JUNE 28, 2022** – State the total number of shares of CytoDyn common stock purchased/acquired (including free receipts) from after the opening of trading on March 31, 2022 through and including the close of trading on June 28, 2022. (Must be documented.) If none, write "zero" or "0."[2] _____

| | |
|---|---|
| **4. SALES BETWEEN MARCH 27, 2020 AND JUNE 28, 2022** – Separately list each and every sale/disposition (including free deliveries) of CytoDyn common stock from after the opening of trading on March 27, 2020 through and including the close of trading on June 28, 2022. (Must be documented.) | **IF NONE, CHECK HERE** ○ |

---

[2] **Please note**: Information requested with respect to your purchases/acquisitions of CytoDyn common stock from after the opening of trading on March 31, 2022 through and including the close of trading on June 28, 2022 is needed in order to perform the necessary calculations for your Claim; purchases/acquisitions during this period, however, are not eligible transactions and will not be used for purposes of calculating Recognized Loss Amounts pursuant to the Plan of Allocation.

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /    / |  | $ | $ | ○ |
| /    / |  | $ | $ | ○ |
| /    / |  | $ | $ | ○ |
| /    / |  | $ | $ | ○ |
| /    / |  | $ | $ | ○ |

| | |
|---|---|
| **5. HOLDINGS AS OF JUNE 28, 2022** – State the total number of shares of CytoDyn common stock held as of the close of trading on June 28, 2022. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Holding Position Enclosed ○ |

| | |
|---|---|
| ☐ | **IF YOU REQUIRE ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX. IF YOU DO NOT CHECK THIS BOX, THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED.** |

Page 9

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation and Agreement of Settlement dated March 18, 2026, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, and anyone claiming through or on behalf of me (us), in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims directly or indirectly against any of the Defendants' Releasees.

### CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) agree(s) to the release above and certifies (certify) as follows:

1. that I (we) have read and understand the contents of the Notice and this Claim Form, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

2. that the Claimant(s) is a (are) member(s) of the Settlement Class, as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3. that the Claimant(s) did **not** submit a request for exclusion from the Settlement Class;

4. that I (we) own(ed) the CytoDyn common stock identified in the Claim Form and have not assigned the claim against Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5. that the Claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions/sales of CytoDyn common stock and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

6. that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') claim and for purposes of enforcing the Releases set forth herein;

7. that I (we) have included information about all my (our) transactions in CytoDyn common stock during the Class Period;

8. that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

9. that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim, and waives any right of appeal or review with respect to such determination;

10. that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any

judgment(s) that may be entered in the Action; and

11.    that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that they are subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that they are no longer subject to backup withholding. **If the IRS has notified the Claimant(s) that they are subject to backup withholding, please strike out the language in the preceding sentence indicating that the Claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of Claimant                                                                                  Date

_____
Print Claimant name

_____
Signature of joint Claimant, if any                                                               Date

_____
Print joint Claimant name

*If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____
Signature of person signing on behalf of Claimant                                      Date

_____
Print name of person signing on behalf of Claimant

_____
Capacity of person signing on behalf of Claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of Claimant – *see* ¶ 10 on page __ of this Claim Form.)

Page 11

## REMINDER CHECKLIST

1. Sign the above release and certification. If this Claim Form is being made on behalf of joint Claimants, then both must sign.

2. Attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and any supporting documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail or email, within 60 days. Your Claim is not deemed submitted until you receive an acknowledgement postcard or email confirmation of submission. **If you do not receive an acknowledgement postcard or email confirmation within 60 days, please call the Claims Administrator toll-free at 1-866-274-4004.**

6. If your address changes in the future, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your Claim, please contact the Claims Administrator at the address below, by email at info@strategicclaims.net, or by toll-free phone at 1-866-274-4004 or you may visit wwwCytoDynSecuritiesSettlement.com. DO NOT call the Court, Defendants, or Defendants' Counsel with questions regarding your Claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, OR SUBMITTED ONLINE AT WWW.CYTODYNSECURITIESSETTLEMENT.COM, **POSTMARKED (OR RECEIVED) NO LATER THAN             , 2026.** IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*CytoDyn Securities Litigation Settlement*
**c/o Strategic Claims Services**
**P.O. Box 230**
**600 Jackson Street, Suite 205**
**Media, PA 19063**

If mailed, a Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before             , 2026 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.