The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN JOE COURTER, COURTER AND SONS LLC, DIANE M. HOOPER, THOMAS MCGEE, and CANDRA E. EVANS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CYTODYN INC., NADER Z. POURHASSAN, MICHAEL MULHOLLAND, and SCOTT A. KELLY,<br><br>Defendants. | Case No. 3:21-cv-05190-BHS<br><br>**ORDER AWARDING ATTORNEYS' FEES AND LITIGATION EXPENSES** |

This matter is before the Court on Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses in connection with the settlement of the above-captioned securities class action ("Action"). The Court having considered all matters submitted to it; and it appearing that notice substantially in the form approved by the Court, which advised of Lead Counsel's request for an award of attorneys' fees and Litigation Expenses, was mailed and/or emailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice substantially in the form approved by the Court was published in *The Wall Street Journal* and transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated March 18, 2026 (Dkt. 168) ("Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

3. Notice of Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses was given to all Settlement Class Members who or which could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and Litigation Expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Lead Counsel is hereby awarded attorneys' fees in the amount of 25% of the Settlement Shares ("Fee Shares"). The Court also awards $232,699.19 in payment of Plaintiffs' Counsel's Litigation Expenses (which amount is to be paid in Settlement Shares). The foregoing fees and expenses, which sums the Court finds to be fair and reasonable, shall be paid from the Settlement Fund in accordance with the Stipulation. Lead Counsel shall allocate any Fee Shares awarded between Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action. Fee Shares shall be sold in accordance with the terms set forth in the Addendum to Stipulation and Agreement of Settlement dated June 12, 2026. Dkt. 177 at 59-62.

5. In making this award of attorneys' fees and expenses from the Settlement Fund, the Court has considered and found that:

A. The Settlement has created a fund comprised of 49 million shares of CytoDyn Inc. common stock and $500,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit acceptable Claims will benefit from the Settlement that occurred because of the efforts of

Plaintiffs' Counsel;

B. The fee sought has been reviewed and approved as reasonable by Lead Plaintiff, who actively supervised the Action;

C. Over 141,600 notices were mailed and/or emailed to potential Settlement Class Members stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 25% of the Settlement Fund and for payment of Litigation Expenses in an amount not to exceed $300,000, and no objections to these amounts have been received;

D. Plaintiffs' Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

E. The Action raised a number of complex issues;

F. Had Plaintiffs' Counsel not achieved the Settlement, there would remain a significant risk that Lead Plaintiff and the other members of the Settlement Class may have recovered less or nothing from Defendants;

G. Plaintiffs' Counsel devoted over 8,100 hours, with a lodestar value of $5,785,872.00, to achieve the Settlement;

H. The amount of attorneys' fees awarded and expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases;

I. The Stipulation advised that CytoDyn intends to rely on the Section 3(a)(10) registration exemption to the Securities Act of 1933 ("Securities Act") when transferring the Settlement Shares to the Settlement Class and Lead Counsel; and

J. The Court finds that the Settlement Shares are freely tradable and exempt from the registration requirements of the Securities Act pursuant to Section 3(a)(10). Based upon the Court's findings that the terms and conditions of the Settlement are fair both procedurally and substantively, CytoDyn may issue the Settlement Shares without registration or compliance with the prospectus delivery requirements of the U.S. federal

securities laws.

6. Lead Plaintiff Brian Joe Courter and Courter and Sons LLC is hereby awarded $5,000 (which amount is to be paid in Settlement Shares) as reimbursement for its reasonable costs directly related to its representation of the Settlement Class in the Action.

7. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

8. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

9. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

Dated this 2nd day of November, 2026

BENJAMIN H. SETTLE
United States District Judge

Presented by:

**BYRNES KELLER CROMWELL LLP**

By /s/ Bradley S. Keller
Bradley S. Keller, WSBA #10665

By: /s/ Ryan J.P. Dyer
Ryan J.P. Dyer, WSBA #48016
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
Telephone: (206) 622-2000
Facsimile: (206), 622-2522
Email: bkeller@byrneskeller.com
rdyer@byrneskeller.com

*Liaison Counsel for the Class*

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**

Jennifer L. Joost *(Pro Hac Vice)*
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001
Email: jjoost@ktmc.com
Joshua E. D'Ancona *(Pro Hac Vice)*
Jennifer L. Enck *(Pro Hac Vice)*
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
Email: jdancona@ktmc.com
jenck@ktmc.com

*Attorneys for Lead Plaintiff Brian Joe Courter and Courter and Sons LLC, Named Plaintiffs Diane M. Hooper, Thomas McGee and Candara E. Evans and Lead Counsel for the Putative Class*