The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN JOE COURTER, COURTER AND SONS LLC, DIANE M. HOOPER, THOMAS MCGEE, and CANDRA E. EVANS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CYTODYN INC., NADER Z. POURHASSAN, MICHAEL MULHOLLAND, and SCOTT A. KELLY,<br><br>Defendants. | Case No. 3:21-cv-05190-BHS<br><br>**JUDGMENT APPROVING CLASS ACTION SETTLEMENT** |

WHEREAS, a securities class action is pending in this Court entitled *Brian Joe Courter, et al. v. CytoDyn Inc., et al.*, Case No. 3:21-cv-05190-BHS (W.D. Wash.) ("Action");

WHEREAS, Court-appointed Lead Plaintiff Brian Joe Courter and Courter and Sons LLC ("Lead Plaintiff"), on behalf of itself and the Settlement Class (defined below), and defendants CytoDyn Inc. ("CytoDyn"), Nader Z. Pourhassan, Michael Mulholland, and Scott A. Kelly (collectively, "Defendants") have entered into a Stipulation and Agreement of Settlement dated March 18, 2026 ("Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action, as well as claims against Defendants' Releasees, on the terms and conditions set forth in the Stipulation, subject to the approval of this Court ("Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Orders dated June 18, 2026 ("Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it: (i) would likely be able to certify the Settlement Class for purposes of the Settlement and (ii) would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the Action and proposed Settlement be provided to potential Settlement Class Members; (c) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on November 2, 2026 ("Settlement Hearing") to consider, among other things, whether: (a) the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; (b) for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class; (c) a judgment should be entered dismissing the Action with prejudice as against the Defendants and whether the Releases specified and described in the Stipulation should be granted; and (d) the terms and conditions of the issuance of the Settlement Shares pursuant to the exemption from the registration requirements of the Securities Act of 1933 ("Securities Act") provided by Section 3(a)(10) are fair to all persons and entities to who the shares will be issued; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on March 18, 2026; and (b) the Postcard Notice, Notice, and Summary Notice, all of which were filed with the Court on September 28, 2026.

3. **Class Certification for Settlement Purposes** – The Court hereby certifies for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities that purchased or otherwise acquired the common stock of CytoDyn between March 27, 2020 and March 30, 2022, and were damaged thereby. Excluded from the Settlement Class are Defendants, members of Defendants' immediate families (as defined in 17 C.F.R. § 229.404, Instructions (1)(a)(iii) and (1)(b)(ii)), any person, firm, trust, corporation, officer, director, or other individual or entity in which any Defendant has a controlling interest, or which is related to or affiliated with any of the Defendants, and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party. Also excluded from the Settlement Class are the persons listed on Exhibit 1 hereto who submitted a request for exclusion from the Settlement Class that was accepted by the Court.

4. For purposes of the Settlement only, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

5. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby appoints Lead Plaintiff as Class Representative for the Settlement Class and appoints Lead Counsel Kessler Topaz Meltzer & Check, LLP as Class Counsel for the Settlement Class. Lead Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into

and implementing the Settlement, and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6. **Notice** – The Court finds that the dissemination and posting of the Postcard Notice and Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

7. **CAFA Notice** - The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied. Defendants timely mailed notice of the Settlement pursuant to 28 U.S.C. § 1715(b), including notices to the Attorney General of the United States of America, and the Attorneys General of all States in which Settlement Class Members reside. The notice contained the documents and information required by 28 U.S.C. § 1715(b)(1)-(8).

8. **Objections** - The Court has considered the objection to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and concludes that the objection is without merit, and it is hereby overruled.

9. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the Settlement Amount; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against

Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the Settlement Class. Specifically, the Court finds that: (a) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal; the proposed means of distributing the Settlement Fund to the Settlement Class; and the proposed attorneys' fee award; (d) the terms and conditions of the Settlement are fair to the members of the Settlement Class; and (e) the Settlement treats members of the Settlement Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

10. The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Settlement Class Members are hereby dismissed in their entirety with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

11. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

12. **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 13 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved,

relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting, commencing, or instituting any or all of the Released Plaintiffs' Claims directly or indirectly against any of the Defendants' Releasees. This release shall not apply to any person listed on Exhibit 1.

(b) Without further action by anyone, and subject to paragraph 13 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiff and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims directly or indirectly against any of the Plaintiffs' Releasees.

13. Notwithstanding paragraphs 12(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment, or any claim by any Defendants for insurance coverage.

14. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

15. **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Parties' mediation and subsequent Settlement, the communications and/or discussions leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity or infirmity of any claim that was or could have been asserted or the deficiency of any defense that has been

or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees, or that any alleged act, statement, omission or conduct by any of the Defendants' Releasees caused injury or damage to Lead Plaintiff or members of the Settlement Class, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that the Parties and the Releasees and their respective counsel may refer to the Stipulation to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

16. **<u>Settlement Fund</u>** – The Court finds that Defendants have satisfied their financial obligations under the Stipulation by CytoDyn paying or causing to be paid the Settlement Amount (i.e., 49 million shares of CytoDyn common stock and $500,000 in cash) into the Escrow Account.

17. **<u>Settlement Shares</u>** – The Court finds that: (i) all persons and entities to whom the Settlement Shares will be issued had the right to appear at the Settlement Hearing; (ii) adequate notice of the Settlement and the Settlement Hearing was provided to all persons and entities to whom the Settlement Shares will be issued and there were no improper impediments to the appearance of such persons and

entities at the Settlement Hearing; (iii) the terms and conditions of the issuance of the Settlement Shares to the Settlement Class in exchange for the Settlement and release of the Released Plaintiffs' Claims by the Plaintiffs' Releasees are both procedurally and substantively fair, reasonable, and adequate to all persons and entities entitled to receive the Settlement Shares; and (iv) the Settlement Shares are freely tradable and exempt from the registration requirements of the Securities Act pursuant to Section 3(a)(10).

18. Based upon the Court's findings, following the Settlement Hearing and entry of this Judgment, the Settlement Shares will be freely tradeable, and exempt from registration under Section 3(a)(10) of the Securities Act, and CytoDyn may issue the Settlement Shares without registration or compliance with the prospectus delivery requirements of the U.S. federal securities laws based on this Court's findings.

19. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

20. Separate orders shall be entered regarding approval of a plan of allocation and Lead Counsel's motion for attorneys' fees and Litigation Expenses. Neither such orders, nor any appeal or challenge affecting the approval of the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, shall in any way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

21. **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

22. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members, and Defendants, and Lead Plaintiff and Defendants shall revert to their respective positions in the Action immediately prior to the execution of the Term Sheet, as provided in the Stipulation.

23. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

IT IS SO ORDERED.

Dated this 2nd day of November, 2026

BENJAMIN H. SETTLE
United States District Judge

Presented by:

**BYRNES KELLER CROMWELL LLP**

By /s/ Bradley S. Keller
Bradley S. Keller, WSBA #10665

By: /s/ Ryan J.P. Dyer
Ryan J.P. Dyer, WSBA #48016
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
Telephone: (206) 622-2000
Facsimile: (206), 622-2522
Email: bkeller@byrneskeller.com
rdyer@byrneskeller.com

*Liaison Counsel for the Class*

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**

Jennifer L. Joost *(Pro Hac Vice)*
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001
Email: jjoost@ktmc.com
Joshua E. D'Ancona *(Pro Hac Vice)*
Jennifer L. Enck *(Pro Hac Vice)*
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
Email: jdancona@ktmc.com
jenck@ktmc.com

*Attorneys for Lead Plaintiff Brian Joe Courter and Courter and Sons LLC, Named Plaintiffs Diane M. Hooper, Thomas McGee and Candara E. Evans and Lead Counsel for the Putative Class*

**Exhibit 1**

List of Persons Excluded from the Settlement Class
Pursuant to Request

1. David I. Lyon
   Irvine, CA

2. Raquel R. Lyon
   (formerly Raquel Reyna Albert)
   Irvine, CA

3. Anthony Appello
   Lisle, IL

4. Charles W. Whitlock
   Richmond, VA